Nico Banks, Esq.
nico@bankslawoffice.com
Filing on behalf of all Plaintiffs
CA Bar No. 344705
Banks Law Office
712 H St NE,
Unit #8571,
Washington, DC 20002
Tel.: 971-678-0036

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH; *et al.*<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>RYAN CARROLL; *et al*.<br><br>　　　　　　　Defendants. | Case No.: 2:24-cv-02886-WLH<br><br>**REPLY SUPPORTING APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

**REPLY SUPPORTING APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

Plaintiffs submit this Reply supporting their Application for a Temporary Restraining Order and Order to Show Cause.

**A. Plaintiffs Have Brought No Previous Actions Against Defendants**

Defendants state that

> Plaintiffs' counsel initially brought an identical action against Defendants in California state court in January of 2024. When the state

court summarily rejected Plaintiffs' counsel's arguments and denied his requests for a temporary restraining order ("TRO") and later a preliminary injunction, Plaintiffs' counsel voluntarily dismissed that action, stating he would refile the action in another forum.

(Opposition ("Opp.") at ¶ 2). Plaintiffs respectfully disagree with Defendants' assertion that the referenced state-court action was an "identical action." The state-court complaint and motions for injunctive relief were brought by different Plaintiffs and contained significantly less evidence than the present motion. Moreover, every individual victim of Wealth Assistants is entitled to their day in court. The fact that some individual victims failed to obtain injunctive relief against Wealth Assistants does not preclude other victims from attempting to obtain that same relief in any forum that has jurisdiction to adjudicate their claims.

It is worth noting, however, that Defendants have had ample opportunity to compile any exonerating evidence, including evidence in preparation for the evidentiary hearing on the preliminary injunction in the state-court action they cite. Yet Defendants have presented no evidence because there is no exonerating evidence. The uncontradicted evidence cited in Plaintiffs' Motion demonstrates that Plaintiffs will succeed on the merits, and Defendants will continue to launder the proceeds of their fraudulent scheme if they are not ordered to stop.

**B. The Arbitrability Issue Is Not Ripe**

Defendants next argue that the case should be compelled to binding arbitration. (Opp at ¶ 3). The Court need not resolve that argument at this stage for many reasons,

including (1) no motion to compel arbitration is properly before the Court, and (2) courts may provide injunctive relief before sending a case to arbitration. *See, e.g.*, *Convergys Corporation v. Freedom Wireless, Inc.*, 02:06-CV-0644-LRH (GWF), at *5 (D. Nev. Oct. 11, 2006) ("injunctive relief is available from district courts in arbitrable matters").

### C. Defendants Misrepresent Applicable Law Regarding Asset Freezes

Defendants then argue that Plaintiffs are seeking a mandatory injunction by seeking an asset freeze. To the contrary, an asset freeze is not a mandatory injunction because it does not require any affirmative action. *Sec. & Exch. Comm'n v. Longfin Corp.*, 316 F. Supp. 3d 743, 756 (S.D.N.Y. 2018) ("an asset freeze will preserve the status quo and is less burdensome than the issuance of an order restraining future conduct").

Defendants then argue that an asset freeze is "an improper attempt at attachment" (Opp. at ¶ 13) and that Plaintiffs have provided no authority in support of their position that individuals can obtain an asset freeze as injunctive relief (Opp. at ¶ 19). To the contrary, Plaintiffs cited authority in their moving papers that allows individual plaintiffs to obtain an asset freeze when there is a high risk that defendants will dissipate assets in the absence of injunctive relief. (Motion at 20, citing *Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009)).

Moreover, Defendants assert that courts have extra authority to issue an asset freeze when the Federal Trade Commission, as opposed to private plaintiffs, is

requesting the relief pursuant to Section 19 of the FTC Act. That is not true. In *FTC v. Automators*, the court noted that Rule 65(b) of the Federal Rules of Civil Procedure governed its issuance of a temporary restraining order, just as Rule 65(b) governs this Court's issuance of a temporary restraining order when it is requested by private plaintiffs. 23-cv-1444, ECF 8 at 3 (S. D. Cal. 2023). Just as the court in *Automators* issued the requested asset freeze, in a case with an eerily similar fact pattern (*see* Motion at 20-24), so should this Court.

**D. Plaintiffs Have Shown A Likelihood Of Success On The Merits**

Defendants also argue that Plaintiffs have not shown a likelihood of success on their fraud claims or unfair competition claims because they "fail to identify a single misrepresentation of material fact." (Opp. at ¶ 23, 42). That is clearly not true. Ample evidence demonstrates that Defendants operated a fraudulent scheme by telling their clients (including Plaintiffs) that an investment in an online Amazon store managed by Wealth Assistants would likely generate passive income of thousands of dollars per month, when they knew that was not true. (Motion at 10-11); *see In re 3Com Securities Litigation*, 761 F. Supp. 1411, 1416 (N.D. Cal. 1990) ("Statements relating to predictions or forecasts of future activity may be material misrepresentations if the prediction did not have a reasonable factual basis."). Moreover, the Motion shows that Wealth Assistants sent invoices its clients, including at least one Plaintiff, for inventory that was never uploaded into the clients' stores. (Motion at note 5).

Moreover, as noted above, Defendants cite no exonerating evidence despite having had months to gather such evidence, which further demonstrates Plaintiffs' likelihood of success on the merits.[1]

**E. The Court Has Specific Personal Jurisdiction Over Defendants**

Defendants then argue that the Court lacks personal jurisdiction over the claims. The Wealth Assistants Defendants argue that the Court does not have personal jurisdiction over Yax Ecommerce LLC (one of the entities formerly known as Wealth Assistants) because it is not a resident of California, and a non-California party's contract with a California resident does not automatically establish the non-California party's purposeful availment of California law. (Opp. at ¶ 54). While it may be true that a single California contract is not always sufficient, "under California case law, making a substantial number of sales of goods or services to California residents via one's own website constitutes purposeful availment" sufficient to establish personal jurisdiction. *Thurston v. Fairfield Collectibles of Ga., LLC*, 53 Cal.App.5th 1231, 1240 (Cal. Ct. App. 2020). Online sales in California totaling $325,000 a year easily surpass the "substantial number of sales" standard. *Id.*

---

[1] Defendants also argue that Plaintiffs' evidence is inadmissible because it is "parol evidence." However, "[a]s set forth in the Restatement (Second) of Contracts (Restatement), the rule against parol evidence applies only to the use of 'prior or contemporaneous agreements or negotiations' to 'contradict a term of the writing.'" U.S. v. Floyd, 1 F.3d 867, 872 (9th Cir. 1993). Here, Plaintiffs have not sought to admit evidence for the purpose of contradicting the terms of their contract—nor have Plaintiffs even brought breach-of-contract claims—so Defendants' "parol evidence" argument can be rejected out of hand.

Here, Wealth Assistants made well over $325,000 in sales per year to its California clients, including Plaintiffs. It is therefore subject to the Court's personal jurisdiction.

For the reasons discussed above, the Court has personal jurisdiction over Defendant Yax Ecommerce LLC. The Court also has clear personal jurisdiction over all the other Defendants because they all participated in the conspiracy to defraud the California-resident Plaintiffs. In determining whether a court has personal jurisdiction over co-conspirators that injure California residents:

> The applicable test is whether plaintiff has offered substantial evidence that persuades the trial court that there is reason to believe that each of the named nonresident defendants might be linked to the alleged conspiracy .... This evidence need not be strong or conclusive, nor need plaintiffs prove each element of their causes of action. However, ... they must provide some evidence allowing the trial court—as finder of fact on jurisdictional issues—to conclude that these particular named defendants were involved in the alleged conspiracy.

*SK Trading Int'l Co. v. The Superior Court*, 77 Cal.App.5th 378, 390 (Cal. Ct. App. 2022). Here, Plaintiffs allege, and the uncontradicted evidence demonstrates, that each of the Defendants were involved in the conspiracy that defrauded Plaintiffs. Therefore, the Court has specific jurisdiction over all Defendants.

Defendants note that "'Allegations of conspiracy . . . do not establish as a matter of law that if one conspirator comes within the personal jurisdiction of our courts, then California may exercise jurisdiction over other nonresident defendants who are alleged to be part of that same conspiracy.'" (Opp. at ¶ 63, quoting *In re*

*Automobile Antitrust Cases I & II*, 135 Cal. App. 4th 100, 113 (2005)). The case they cite held that mere *allegations* that the nonresidents participated in a conspiracy (as opposed to evidence of participation in that conspiracy) are not enough to overcome a motion to dismiss for lack of personal jurisdiction once the plaintiff has had the opportunity to conduct jurisdictional discovery. In that case, after finishing jurisdictional discovery, the plaintiffs did not have any evidence that the nonresident defendants at issue participated in the conspiracy. 135 Cal. App. 4th at 113. The plaintiffs solely had evidence against certain other defendants, and they asked the court to "infer" that the nonresident defendants had entered the conspiracy based on allegations alone. *Id.* Quite understandably, the court rejected that invitation, but the court also noted that "[w]e only require that [Plaintiffs] offer some evidence that persuades the trial court that there is reason to believe that each of the named nonresident defendants might be linked to the alleged conspiracy" *Id.* at 118.

Here, by contrast, Plaintiffs have not even had the opportunity to conduct any jurisdictional discovery, and yet they've still submitted evidence that all Defendants participated in the conspiracy at issue.

**F. Resubmission Of Hough Declaration**

It has come to the undersigned's attention that I inadvertently filed David Hough's declaration without a signature. I apologize for the mistake. I am filing a corrected version accompanying this brief, which the Court may consider in its discretion. *See Morisky v. MMAS Research LLC*, 2:21-CV-1301-RSM-DWC, at *3

(W.D. Wash. Jan. 10, 2022) (allowing a technical correction to a filed complaint "as a matter of course").

Dated: April 12, 2024

/s/Nico Banks
Nico Banks, Esq.
Banks Law Office
Bar No. 344705
Tel.: 971-678-0036
nico@bankslawoffice.com
712 H St NE,
Unit #8571,
Washington, DC 20002

- 8 -
REPLY SUPPORTING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

## WORD COUNT COMPLIANCE CERTIFICATION

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains fewer than 7,000 words, which complies with the word limit of L.R. 11-6.1

/s/Nico Banks
Nico Banks
Dated: April 12, 2024

## CERTIFICATE OF SERVICE

On April 12, 2024, I served this brief, and the accompanying exhibit, via email to Lema Mousilli (lema@lloydmousilli.com) and Rachel Crockett (rachel@lloydmousilli.com). One or both of those attorneys represent all Defendants in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing statements in this Certificate of Service are true and correct.

/s/Nico Banks
Nico Banks
Dated: April 12, 2024

REPLY SUPPORTING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION