**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID HOUGH; MOULOUD HOCINE; JENNIFER LEHMKUHL HILL; AMUND THOMPSON; PAUL PANICO,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; WA DISTRIBUTION LLC; PROVIDENCE OAK PROPERTIES, LLC; WA AMAZON SELLER LLC; MKD INVESTMENT ADVISOR, LLC; MKD FAMILY BENEFICIARY, LLC; MKD FAMILY PRIVATE MANAGEMENT COMPANY, LLC; MAX DAY CONSULTING, LLC; HOUTEX FARM EQUITY PARTNERS LLC; BUSINESS FINANCIAL SOLUTIONS ADVISORY LLC; EVO MAXX LLC; YAX IP AND MANAGEMENT INC. (D.B.A. "FULFILLABLE"); WWKB LLC; DREAMS TO REALITY LLC,<br><br>Defendants. | Case No.: 2:24-cv-02886-WLH-SKx<br><br>**ORDER RE PLAINTIFFS' *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [9]** |

ORDER

Plaintiffs David Hough, Mouloud Hocine, Jennifer Lemkuhl Hill, Amund Thompson, and Paul Panico (collectively, "Plaintiffs") separately purchased business opportunities from Defendant Yax Ecommerce LLC ("Yax Ecommerce"), formerly known as "Wealth Assistants," in 2022 and 2023. (Compl., Docket No. 1 ¶¶ 58–78). Plaintiffs now believe they were scammed. On April 9, 2024, Plaintiffs brought this action against Yax Ecommerce as well as Defendants Ryan Carroll; Max K. Day; Max O. Day; Michael Day; Precision Trading Group, LLC; WA Distribution LLC; Providence Oak Properties, LLC; WA Amazon Seller LLC; MKD Investment Advisor, LLC; MKD Family Beneficiary, LLC; MKD Family Private Management Company, LLC; Max Day Consulting, LLC; Houtex Farm Equity Partners, LLC; Business Financial Solutions Advisory LLC; Evo Maxx LLC; Yax IP and Management Inc. (D.B.A. "Fulfillable"); WWKB LLC; and Dreams to Reality LLC (collectively with Yax Ecommerce LLC, "Defendants").[1] (*Id.*). The same day, Plaintiffs filed the instant *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (the "Motion"). (Docket No. 9). Plaintiffs request the Court to (1) temporarily order Defendants not to transfer, liquidate, or otherwise dispose of any assets owned by or held for the benefit of Defendants, except what is necessary for personal living expenses, which expenditures may not exceed $9,000 per month without leave of the Court; (2) order Defendants to provide a list of their financial accounts within five days of receiving the order; and (3) order Defendants to show cause, if they have any, why a preliminary injunction should not issue. (*Id.*).

The Court has considered Defendants' Opposition to the Motion, filed April 11, 2024 (Docket No. 13), and Plaintiffs' Reply in Support of the Motion, filed April 12, 2024 (Docket No. 15). For the purposes of this Order only, the Court finds from the evidence available to it that it has personal jurisdiction over some, but not all, of the

---

[1] Defendants Ryan Carroll, Max K. Day, Max O. Day, and Michael Day are collectively referred to as the "Individual Defendants." The other defendants are collectively referred to as the "Entity Defendants."

Defendants. As to the Defendants over which the Court finds it does have personal jurisdiction, the factors for a temporary restraining order weigh in Plaintiffs' favor, and the Court **GRANTS** the Motion.

**I. BACKGROUND**

Plaintiffs are all California residents who purchased business opportunities from Wealth Assistants. (Compl. ¶¶ 15–19)[2]. Wealth Assistants[3] is owned by Individual Defendants Ryan Carroll, Max K. Day, and Michael Day. (*Id.* ¶ 24). Wealth Assistants promised potential customers that for an initial investment of up to $125,000, Wealth Assistants would set up and manage Amazon stores that would eventually make profits of approximately $10,000 per month, which Wealth Assistants would split with the customer. (*Id.* ¶¶ 5–6). Customers' contracts with Wealth Assistants contained a buyback clause stating that if the customer did not earn back their initial investment within a set period, Wealth Assistants would buy the customer's Amazon store in the amount the customer invested, minus profits. (*See, e.g.*, Mot., Exh. K, Decl. of Philip Stoops ("Stoops Decl."), Docket No. 9-11 at 240).

Plaintiffs allege that Wealth Assistants failed to deliver on these promises. For some customers, Wealth Assistants failed to ever set up an Amazon store. (Compl. ¶ 9). For others, Wealth Assistants did set up a store, but never stocked it—even if the customer had made payments to Wealth Assistants for inventory. (*Id.*). Plaintiffs assert that many customers never received any profit Wealth Assistants, and the "vast majority" received less than $10,000 in profits. (*Id.* ¶ 10).

---

[2] To the extent the Court recites facts from Plaintiffs' Complaint, the Court has deduced that they are not disputed. Moreover, citations to Plaintiffs' declarations do not indicate a finding regarding the truthfulness of the declarations. Nevertheless, and contrary to Defendants' assertions, "[d]istrict courts have discretion to consider otherwise inadmissible evidence in ruling on an application for temporary restraining order or preliminary injunction." *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 966 (C.D. Cal. 2002).

[3] Wealth Assistants changed its name to Yax Ecommerce LLC in July of 2023. (Declaration of Nico Banks in Support of Mot. ("Banks Decl."), Docket No. 1, Exh. A:3 at 53).

Plaintiffs' evidence shows that each of the Individual Defendants made intentional misrepresentations in connection with Wealth Assistants' services. (Mot. at 11–15; Exhs. B–M). Plaintiffs' evidence also shows that Entity Defendants Yax Ecommerce LLC, WA Distribution LLC, and Precision Trading Group, LLC accepted payments from Plaintiffs. (*Id.* at 18; Exhs. F, K). Plaintiffs allege that the other Entity Defendants were involved in the conspiracy to defraud Plaintiffs because they are, allegedly, alter egos of the Individual Defendants; but Plaintiffs do not provide evidence showing any actions by those Defendants in furtherance of the alleged conspiracy. (*Id.* at 13–15). Finally, Plaintiffs' evidence shows that Defendants Max K. Day, Max O. Day, and Michael Day have a history of attempting to hide fraudulently obtained assets from their creditors. (*Id.* at 16–17; Exhs. A ¶ 19–21, I ¶ 4).

## II. DISCUSSION

To obtain a temporary restraining order, "a plaintiff 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *City & Cnty. of San Francisco v. United States Citizenship & Immigr. Servs.*, 944 F.3d 773, 788–89 (9th Cir. 2019)). "Likelihood of success on the merits is the most important factor." *Id.* (quoting *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018)).

### FINDINGS OF FACT

The Court makes the following findings for the purpose of this Order only:

A. Defendants received adequate notice of Plaintiffs' *ex parte* motion for a temporary restraining order and order to show cause regarding a preliminary injunction.

B. The Court has personal jurisdiction over Individual Defendants Ryan Carroll; Max K. Day; Max O. Day; and Michael Day, and over Entity Defendants Yax Ecommerce LLC (formerly known as Wealth Assistants);

WA Distribution LLC; and Precision Trading Group, LLC (collectively, the "Jurisdictional Defendants") because they have purposefully directed their activities at residents of the forum state. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1112 (9th Cir. 2002) (finding purposeful availment where defendants intentionally made misrepresentations aimed at California).

C. Based on the evidence available to it, the Court may not exercise personal jurisdiction over the remaining Entity Defendants at this time. *See In re Auto. Antitrust Cases I & II*, 135 Cal. App. 4th 100, 118 (2005) (finding no personal jurisdiction over nonresident parent companies alleged to have conspired with resident defendants, where plaintiffs were "unable to show any evidence of an act furthering the alleged conspiracy committed by any of [the] parent manufacturers").

D. As to the Jurisdictional Defendants, Plaintiffs' declarations, Plaintiffs' attorney's declaration, and declarations by other individuals who are former clients of Wealth Assistants have demonstrated a likelihood of success on the merits.

E. There is good cause to believe that immediate and irreparable harm to the Court's ability to grant effective final relief for Plaintiffs will occur from the dispersion by Defendants of their assets unless Defendants are immediately enjoined by order of this Court from disposing of their assets and ordered to produce to Plaintiffs information sufficient to identify their assets. *See Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (affirming district court order freezing assets where defendant had history of fraudulent transfers).

F. The balance of equities tip in Plaintiffs' favor. *Cf. Jacobo v. Doe*, No. 1:22-cv-00672, 2022 WL 2052637, at *6 (E.D. Cal. June 7, 2022) ("A delay in defendant's ability to transfer the assets only minimally prejudices defendant, whereas withholding injunctive relief would severely prejudice

      plaintiff by providing defendant time to transfer the allegedly purloined assets into other accounts beyond the reach of this court.").

G. Granting a temporary restraining order is in the public interest. *Id.* (quotation omitted) ("the public interest is properly served by … providing assurance to the public that courts will take action to promote protection of assets and recovery of stolen assets").

H. There is no reason to believe that Defendants will sustain any costs or damages by reason of being wrongfully enjoined or restrained. Accordingly, Plaintiffs are not required to post any security by reason of Federal Rule of Civil Procedure 65(c).

**IT IS THEREFORE ORDERED** that Jurisdictional Defendants Ryan Carroll; Max O. Day; Max K. Day; Michael Day; Yax Ecommerce LLC; WA Distribution LLC; and Precision Trading Group, LLC are each ordered to appear before this court on Friday, April, 19, 2024, at 11:00 a.m., in Courtroom 9B of at this Court located at 350 W. First Street, Los Angeles, CA 90012.[4] Jurisdictional Defendants are ordered to show cause, if they have any, why each of them should not be preliminarily enjoined from withdrawing, transferring, spending, or otherwise disposing of any assets held by or for the benefit of Jurisdictional Defendants until the close of this proceeding, except that each human Defendant would be allowed to spend what is necessary for ordinary personal or household expenditures, which expenditures would not be allowed to exceed $9,000 per month without leave of the Court.

**IT IS FURTHER ORDERED** that Jurisdictional Defendants are hereby temporarily restrained from withdrawing, transferring, spending, or otherwise disposing of any assets held by or for the benefit of Jurisdictional Defendants

---

[4] A party needing a continuance of the hearing may request one from the Court, so long as the continued hearing occurs no later than the expiration date of this Order.

without leave of the Court, except that each human Defendant may spend what is necessary for ordinary personal or household expenditures, which expenditures may not exceed $9,000 per month without leave of the Court. Furthermore, Jurisdictional Defendants are ordered to produce to Plaintiffs, within five days following the service of this Order: (1) identifying information for all accounts that contain assets held by or for the benefit of Jurisdictional Defendants, including the name of the financial institution, the account number, and the name of the account holder; and (2) for each identified account, the value of the assets held in the account.

This temporary restraining order expires on April 29, 2024.

**IT IS SO ORDERED.**

Date: April 15, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE