Nico Banks, Esq.
nico@bankslawoffice.com
Filing on behalf of all Plaintiffs
CA Bar No. 344705
Banks Law Office
712 H St NE,
Unit #8571,
Washington, DC 20002
Tel.: 971-678-0036

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID HOUGH; et al.<br><br>    Plaintiffs,<br><br> vs.<br><br>RYAN CARROLL; et al.<br><br>    Defendants. | Case No.: 2:24-CV-02886-WLH<br><br>**MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY** |

**MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26(d), and for the reasons discussed in the accompanying memorandum of law, Plaintiffs respectfully request leave to issue an expedited document request to the Jurisdictional Defendants, which would require them to produce their federal tax returns for the years 2021-2023 within ten days of receiving the Order.

Plaintiffs are also requesting leaving to issue an interrogatory, which would require Jurisdictional Defendants to identify and describe any assets that, since May of 2021, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant. The interrogatory would require the description for each asset to include an estimate of the asset's value and, if the asset is a financial account, the peak value of that account since May of 2021. However, the interrogatory would not require the disclosure of assets owned by an entity in which Jurisdictional Defendants' only ownership interest has been securities traded on a public exchange, and they would not require the disclosure of assets with a value of less than $1,000. Plaintiffs respectfully request that the Jurisdictional Defendants be required to answer the proposed interrogatory within ten days of the Court's Order.

Finally, Plaintiffs are also requesting leave to issue subpoenas to third-party financial institutions requiring those institutions to disclose account statements dating back to May of 2021 for any accounts that are required to be identified in the proposed interrogatory.

# MEMORANDUM OF LAW SUPPORTING MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiffs respectfully request leave to conduct the following expedited discovery relating to the Jurisdictional Defendants[1]: (1) issuing an expedited document request requiring the Jurisdictional Defendants to disclose their federal tax returns for the years 2021-2023; (2) issuing an expedited interrogatory to the Jurisdictional Defendants requiring them to disclose identifying information for all significant assets that they have owned since May of 2021; and (3) issuing subpoenas requiring third-party financial institutions to disclose the Jurisdictional Defendants' account statements dating back to May of 2021. The requested relief is appropriate because the existing injunctive relief and expedited discovery have proven insufficient to halt the Defendants' concealment of their assets.

## BACKGROUND

Plaintiffs' complaint alleges that Defendants carried out a fraudulent scheme that defrauded Plaintiffs and many other individuals, and that Defendants are in the

---

[1] The Court has previously found that it has personal jurisdiction over Individual Defendants Ryan Carroll; Max K. Day; Max O. Day; and Michael Day, and over Entity Defendants Yax Ecommerce LLC (formerly known as Wealth Assistants); WA Distribution LLC; and Precision Trading Group, LLC (collectively, the "Jurisdictional Defendants"). *See* ECF 17.

process of concealing and fraudulently transferring assets for the purpose of preventing Plaintiffs and others from collecting on a judgment against Defendants.

On April 15, 2024, the Court issued a temporary restraining order (ECF 17, hereinafter, the "Order") that (1) froze all assets held "by or for the benefit of" the entities and individuals that the Court referred to as the "Jurisdictional Defendants" (with certain allowances for the humans' necessary personal expenses), and (2) ordered the Jurisdictional Defendants to disclose, within five days of receiving the order, certain identifying information about accounts holding assets "for the benefit of" the Jurisdictional Defendants.

On April 22, 2024, The Jurisdictional Defendants made disclosures in response to the Order that were clearly incomplete, at least with respect to the human Defendants. Defendant Max K. Day disclosed no assets at all; Defendants Ryan Carroll and Michael Day each disclosed less than $1,100 worth of assets; and Defendant Max O. Day disclosed less than $10,000 worth of assets. (Decl. of Nico Banks). Notably, on the previous Friday, the same individuals told the Court that they required $13,000 per month for their necessary and personal expenses.

The entity Jurisdictional Defendants did make significant disclosures of accounts held in those entities' names, including an account that holds more than $100,000 and an account that holds more than $200,000. (*Id.*) However, the total disclosures of all assets disclosed by any Defendants total less than $500,000. (*Id.*)

On April 23, 2024, Plaintiffs told Defendants that Plaintiffs believed the Jurisdictional Defendants' disclosures were incomplete. (*Id.* at Exhibit 1). Plaintiffs stated that Jurisdictional Defendants were required to disclose not only assets that were expressly held in the Jurisdictional Defendants' names, but also assets held for the benefit of the Jurisdictional Defendants, including accounts held by the Jurisdictional Defendants' alter-ego entities. (*Id.*). The Jurisdictional Defendants disagreed; their position is that they are not required to disclose the assets held by the Jurisdictional Defendants' alter egos because Plaintiffs have not yet alleged and proven which entities are the Jurisdictional Defendants' alter egos. (*Id.*).

## PROPOSED DISCOVERY

Plaintiffs are now requesting leave to issue an expedited document request to the Jurisdictional Defendants, which would require them to produce their federal tax returns for the years 2021-2023 within ten days of receiving the Order.

Plaintiffs are also requesting leaving to issue an interrogatory, which would require Jurisdictional Defendants to identify and describe any assets that, since May of 2021, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant. The interrogatory would require the description for each asset to include an estimate of the asset's value and, if

the asset is a financial account, the peak value of that account since May of 2021. However, the interrogatory would not require the disclosure of assets owned by an entity in which Jurisdictional Defendants' only ownership interest has been securities traded on a public exchange, and they would not require the disclosure of assets with a value of less than $1,000. Plaintiffs respectfully request that the Jurisdictional Defendants be required to answer the proposed interrogatory within ten days of the Court's Order.

Plaintiffs are also requesting leave to issue subpoenas to third-party financial institutions requiring those institutions to disclose account statements dating back to May of 2021 for any accounts that are required to be identified in the proposed interrogatory.

## LEGAL STANDARD

Although "[t]here is scant authority on the standards governing the availability of expedited discovery before the Rule 26(f) scheduling conference in civil cases," district courts in the Ninth Circuit have noted that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Yokohama Tire Corporation v. Dealers Tire Supply*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (internal citations and quotation marks omitted).

Moreover, courts weigh the following factors when deciding whether to allow expedited discovery: "(1) irreparable injury, (2) some probability of success on the

merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Id.* at 613-14.

## ARGUMENT

### I. Four Factors Weigh In Favor Of Expedited Discovery

Here, all four factors heavily weigh in favor of allowing expedited discovery. Indeed, with respect to the first three factors, the Court already determined that: (1) Plaintiffs would likely be irreparable injured absent relief from the Court because the Jurisdictional Defendants' concealment of assets would likely render final relief impossible; (2) Plaintiffs have a likelihood of success on the merits; and (3) requiring the Jurisdictional Defendants to make certain disclosures about their assets would help avoid the irreparable injury. (ECF 18).

The fourth factor also weighs heavily in favor of allowing the expedited discovery because the relief that Plaintiffs initially requested—and that the Court ordered—has proven inadequate to stop the concealment of assets. More specifically, as discussed above, the initial Order required the Jurisdictional Defendants to disclose accounts holding assets "for the benefit of" Jurisdictional Defendants. Yet, the Jurisdictional Defendants interpreted that Order to *not* require them to disclose (or, presumably, to refrain from transferring and further concealing) assets held by the Jurisdictional Defendants' alter-ego entities.

As a result, in total, the four human Jurisdictional Defendants have disclosed less than $15,000. That is clearly not a complete disclosure of the assets held for their benefit because (1) the Jurisdictional Defendants represented to the Court just last week that they required $13,000 per month for necessary personal expenses, (2) the Jurisdictional Defendants were the perpetrators and beneficiaries of a fraudulent scheme that likely raised around $45 million, and (3) the Jurisdictional Defendants have set up numerous alter-ego entities that are almost certainly holding assets for the benefit of Jurisdictional Defendants.

Because it is clear that the Jurisdictional Defendants' disclosures are grossly incomplete, meaning that the Jurisdictional Defendants are continuing to conceal (and, presumably, dissipate) assets held for their benefit, Plaintiffs will likely suffer injury absent expedited discovery; the concealment of assets will likely render final relief to Plaintiffs impossible. *See Yokohama*, 202 F.R.D. at 613 (noting that courts deciding whether to allow expedited discovery should consider whether there is "some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."). Moreover, the injury that Plaintiffs will suffer without the requested relief is much greater than any injury the Jurisdictional Defendants will suffer as a result of the limited expedited discovery requested. The Jurisdictional Defendants are only being asked to provide basic information about the financial assets they own or control, which should not be a difficult process. *See id.*

## II. Courts In Nearly Identical Cases Have Allowed Broader Expedited Discovery

Notably, at the outset of two very similar cases, district courts in the Ninth Circuit have required the defendants to make all of the disclosures that Plaintiffs have requested in this case. *Federal Trade Commission v. Automators*, 23-cv-1444 (S. D. Cal. 2023), ECF 8; *FTC v. AWS*, 18-cv-00442 (D. Nev. 2018), ECF 29. Indeed, the courts in those two cases allowed the plaintiff—the Federal Trade Commission ("FTC")—to conduct substantially more expedited discovery, such as taking expedited depositions on 48-hour notice. *Automators*, 23-cv-1444, ECF 8, at 31.

Defendants have previously argued that the FTC Act gives the FTC broader authority than private plaintiffs have to request emergency relief from a court, but that is not true. Whether the plaintiff is the FTC or a private party, the same federal rules of civil procedure govern the issuance of preliminary injunctive relief as well as expedited discovery. *See id.* at 3 (noting that, even when the FTC is the plaintiff, "Rule 65(b) governs the issuance of a temporary restraining order," and finding that Rule 65(b) allowed the court to order the expedited discovery that the FTC had requested).

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court allow Plaintiffs leave to issue the requested expedited discovery.

DATED: April 25, 2024

|   |   |
|---|---|
| 1 | |
| 2 | /s/Nico Banks |
| | Nico Banks, Esq. |
| 3 | Banks Law Office |
| | Bar No. 344705 |
| 4 | Tel.: 971-678-0036 |
| | nico@bankslawoffice.com |
| 5 | 712 H St NE, |
| 6 | Unit #8571, |
| | Washington, DC 20002 |

# WORD COUNT COMPLIANCE CERTIFICATION

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains fewer than 7,000 words, which complies with the word limit of L.R. 11-6.1

/s/Nico Banks
Nico Banks
Dated: April 25, 2024

# AFFIRMATION OF SERVICE

On April 25, 2024, I caused this document to be emailed to Lema Mousilli (lema@lloydmousilli.com) and Rachel Crockett (rachel@lloydmousilli.com), who are the attorneys for Respondents in this action.

/s/Nico Banks
Nico Banks
Dated: April 25, 2024

# CERTIFICATE CONFIRMING MEET AND CONFER DISCUSSIONS

Between April 23, 2024 and April 24, 2024, the Parties conferred in good faith, via email and telephone conversations, to attempt to resolve the disputes discussed herein. The Parties were unable to reach a resolution. *See* Exhibit A, at Exhibit 1.

/s/Nico Banks
Nico Banks
Dated: April 25, 2024