Nico Banks, Esq.
nico@bankslawoffice.com
Filing on behalf of all Plaintiffs
CA Bar No. 344705
Banks Law Office
712 H St NE,
Unit #8571,
Washington, DC 20002
Tel.: 971-678-0036

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH; et al.<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>RYAN CARROLL; et al.<br><br>　　　　　　Defendants. | Case No.: 2:24-CV-02886-WLH<br><br>**ATTORNEY DECLARATION SUPPORTING MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY** |

## ATTORNEY DECLARATION SUPPORTING MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

1. My name is Nico Banks, and I am an attorney representing Plaintiffs in this matter.

2. Defendant Max K. Day has disclosed no assets to Plaintiffs in this matter.

3. Defendants Ryan Carroll and Michael Day have each disclosed less than $1,100 worth of assets to Plaintiffs in this matter.

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR EXPEDITED SCHEDULING REGARDING EXPEDITED DISCOVERY

4. Defendant Max O. Day disclosed less than $10,000 worth of assets to Plaintiffs in this matter.

5. The entity Jurisdictional Defendants made disclosures to Plaintiffs of accounts held in the entities' names, including an account that holds more than $100,000 and an account that holds more than $200,000.

6. The total of all assets disclosed to Plaintiffs totals less than $500,000.

7. Exhibit 1 is a true and correct copy of emails that I exchanged with counsel for Defendants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 25, 2024

/s/Nico Banks
Nico Banks, Esq.
Banks Law Office
Bar No. 344705
Tel.: 971-678-0036
nico@bankslawoffice.com
712 H St NE,
Unit #8571,
Washington, DC 20002

## AFFIRMATION OF SERVICE

On April 25, 2024, I caused this document to be emailed to Lema Mousilli (lema@lloydmousilli.com) and Rachel Crockett (rachel@lloydmousilli.com), who are the attorneys for Respondents in this action.

/s/Nico Banks
Nico Banks
Dated: April 25, 2024

# EXHIBIT 1



Nico Banks <nico@bankslawoffice.com>

## Re: Hough, et al v. Carroll, et al - Account Information
1 message

**Lema Mousilli** <lema@lloydmousilli.com>   Wed, Apr 24, 2024 at 6:47 PM
To: Nico Banks <nico@bankslawoffice.com>
Cc: Rachel Crockett <rachel@lloydmousilli.com>, Allauna Gluski <allauna@lloydmousilli.com>, Josh Stein <josh.stein.esq@gmail.com>, Litigation <litigation@lloydmousilli.com>, richard@nerviglaw.com

Nico,

Your ridiculous and juvenile rhetoric about money laundering needs to stop immediately.

You are advised that your continued unprofessionalism will be reported to the court.

Thank you,

**Lema Mousilli**, Litigation Partner
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 713.306.4650
www.lloydmousilli.com


On Wed, Apr 24, 2024 at 4:42 PM Nico Banks <nico@bankslawoffice.com> wrote:
> Rachel,
>
> I understand your concerns, and I acknowledge that the discovery I proposed is broader than the language in the OSC. We may have had a miscommunication about what I would be proposing.
>
> Accordingly, please consider this Plaintiffs' meet-and-confer regarding (1) a motion for additional immediate discovery (to include requests for more detailed financial disclosures and expedited third-party discovery) and other injunctive relief (including broadening the asset freeze), and (2) a request for an expedited briefing schedule on that motion so that we can argue it at the hearing on Monday.
>
> I assume that Defendants oppose the motion.
>
> I'm willing to discuss how we can agree on what discovery and injunctive relief is appropriate so that we can avoid further motion practice and make this process as efficient as possible. I think we can tailor the discovery requests and injunctions effectively with cooperation from Defendants. But, the disclosures that the Jurisdictional Defendants have made thus far are grossly incomplete and clearly fall far short of providing the information we need to stop the money-laundering process. Absent more information, the only way we can get enough information to effectively stop the money-laundering process is with a much broader order.
>
> If you'd like to have a discussion before we draft and file the order, please contact me as soon as possible.
>
> Regards,
>
> Nico Banks, Esq.
>
> Banks Law Office, P.C.
>
> Pronouns: he/him
>
> Tel.: 971-678-0036
>
> 712 H St NE,
>
> Unit #8571,

Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Wed, Apr 24, 2024 at 4:40 PM Rachel Crockett <rachel@lloydmousilli.com> wrote:
> Nico,
>
> Thank you for your email. Your proposed language for financial disclosure for the PI, not only exceeds the current TRO issued by the Court (which only applies to the Jurisdictional Defendants), but also greatly exceeds the relief requested in your current Application and the OSC. As such, we will, of course, be objecting to any such proposal as adequate notice was not provided, an OSC on such an injunction was not granted by the Court, etc. Setting aside the legal issues with such an injunction, there are due process issues implicated by this last-minute change of your proposed PI as well. I expected language clarifying the terminology of "for the benefit of the Jurisdictional Defendants," not an attempt to unilaterally broaden the requested PI to include entities that were already expressly rejected by the Court. The Court was clear that it has no jurisdiction over the other named Defendants, let alone any other entities that may be affected by this new proposed language. Nor have Plaintiffs established any evidence of wrongdoing or any causal nexus between other entities that may have one or more common owners or managers with the Jurisdictional Defendants. To that end, we will not rehash our jurisdictional arguments in our upcoming brief as that has already been well briefed and determined by the Court.
>
> Best,
>
> On Wed, Apr 24, 2024 at 2:52 PM Allauna Gluski <allauna@lloydmousilli.com> wrote:
>> Counsel,
>>
>> Please see the attached letter regarding the IOLTA Account Information for Jurisdictional Defendants.
>>
>> Best Regards,
>> **Allauna Gluski**, Litigation Paralegal
>> Lloyd & Mousilli - Attorneys & Counselors at Law
>> Main: 512.609.0059 Direct: 281.832.0674
>> www.lloydmousilli.com
>>
>> **Attention:** For efficient case management, please include case names in the email subject line and carbon copy *litigation@lloydmousilli.com* as well as the lead attorney on all emails.
>>
>>
>> On Wed, Apr 24, 2024 at 1:06 PM Nico Banks <nico@bankslawoffice.com> wrote:
>>> Rachel,
>>>
>>> Thank you for the phone call this morning. We agreed that you would provide us with the IOLTA information that I requested in my previous email (and that we believe is required by the Order), provided that (1) the IOLTA information would not include the total balance of the IOLTA account but instead would only include the balance of the accounts held for the benefit of the Jurisdictional Defendants (although we disagree on what constitutes an account held "for the benefit of" the Jurisdictional Defendants, as discussed below), and (2) the IOLTA information will be for Plaintiffs' attorneys' eyes only and will not be publicly filed, unless the Court decides otherwise at a later date.
>>>
>>> We also discussed that we seem to disagree on what constitutes an account held "for the benefit of" the Jurisdictional Defendants. I shared my concern that Plaintiffs do not believe it is plausible that the list you sent us constitutes all the assets held for the benefit of the Jurisdictional Defendants, and I explained that, in our view, accounts held "for the benefit of" the Jurisdictional Defendants encompasses accounts held by the Jurisdictional

Defendants' alter-ego entities, the Jurisdictional Defendants' shell companies, and other entities that did business as Wealth Assistants. You responded that Plaintiffs must allege and prove that any such entities are truly alter-ego entities or shell companies, so any such entities/accounts are not currently within the scope of the Order. We disagree on that point.

We then agreed that I would share with you Plaintiffs' proposal for immediate financial-disclosure requirements so that you could discuss it in your brief. Here is our proposal:

> Jurisdictional Defendants must disclose identifying information for any accounts it knows of that, since April of 2023, have held assets that are (1) owned or controlled, directly or indirectly, by any Jurisdictional Defendant or held, in part or in whole, for the benefit of any Jurisdictional Defendant; (2) in the actual or constructive possession of any Jurisdictional Defendant; or (3) owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant. Provided, however, that this Order shall not require disclosure of assets owned by an entity in which Jurisdictional Defendants' only ownership interest is securities traded on a public exchange.
>
> The disclosed information must include the name of the financial institution custodying the account, the account number, the name of the account holder, the Jurisdictional Defendant(s) who has ownership or control over the account in question, the value of the assets held in the account as of the close of business on April 8, 2024 (the day before this case was filed), and the value of the assets currently held in the account.

The language suggested above is very similar to the language used in the *FTC v. Automators* TRO as well as the *FTC v. AWS LLC* TRO, but the Order I propose still requires significantly less disclosure than those orders. However, if you would like to discuss the proposal or have suggestions on how to narrow it, I am willing to discuss it.

Thanks,

Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002


Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Tue, Apr 23, 2024 at 8:08 PM Rachel Crockett <rachel@lloydmousilli.com> wrote:
> Nico,

The Jurisdictional Defendants do not believe that the TRO applies to the law firm's IOLTA account, as that account is held by the law firm and contains funds related to all of its clients (in hundreds if not thousands) of other matters. It contains funds held for the benefit of the law firm itself (retainer fees to secure the availability and provision of future services) as well as funds held for the benefit of other clients, unrelated to this matter. It is not an account held for the benefit of the Jurisdictional Defendants. I think there are very real privacy concerns of third-parties regarding turning over all account information for the law firm's IOLTA account, which contains numerous funds unrelated to this matter.

Per the Minute Order issued by the Court today, the Court set an additional briefing schedule "as to the asset freeze *and the disclosure of financials.*" I am happy to brief this issue further per the Court's Minute Order and let the Court weigh in here. As the Court already permitted Defendants to pay their attorney's fees in the interim, I do not think any irreparable harm will be suffered by the Plaintiffs by waiting for the Court to determine this matter at the April 29 hearing.

Regards,

On Tue, Apr 23, 2024 at 2:23 PM Nico Banks <nico@bankslawoffice.com> wrote:

> Hello,
>
> The letter does not comply with the Court's Order. The Court ordered that the Jurisdictional Defendants must show all accounts held by *or for the benefit of* the Jurisdictional Defendants. Accordingly, you must provide information for the IOLTA account, as well as any other accounts held for the benefit of the Jurisdictional Defendants, regardless of whether the accounts are held in the name of the Jurisdictional Defendants. Please immediately confirm that you will re-submit information to include accounts held *for the benefit of* the Jurisdictional Defendants.
>
> Regards,
>
>
> Nico Banks, Esq.
> Banks Law Office, P.C.
> Pronouns: he/him
> Tel.: 971-678-0036
> 712 H St NE,
> Unit #8571,
> Washington, DC 20002
>
> Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.
>
>
> On Mon, Apr 22, 2024 at 5:36 PM Allauna Gluski <allauna@lloydmousilli.com> wrote:
>> Counsel,
>>
>> Please see the attached letter regarding Defendants' Account Information.
>>
>> Best Regards,
>> **Allauna Gluski**, Litigation Paralegal
>> Lloyd & Mousilli - Attorneys & Counselors at Law
>> Main: 512.609.0059 Direct: 281.832.0674
>> www.lloydmousilli.com

> **Attention:** For efficient case management, please include case names in the email subject line and carbon copy *litigation@lloydmousilli.com* as well as the lead attorney on all emails.

--
**Rachel Crockett**, Associate Attorney

Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 214.930.9249
www.lloydmousilli.com

--
**Rachel Crockett**, Associate Attorney
Lloyd & Mousilli - Attorneys & Counselors at Law
Main: 512.609.0059 Direct: 214.930.9249
www.lloydmousilli.com