Nico Banks, Esq.
nico@bankslawoffice.com
Filing on behalf of all Plaintiffs
CA Bar No. 344705
Banks Law Office
712 H St NE,
Unit #8571,
Washington, DC 20002
Tel.: 971-678-0036

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAVID HOUGH; et al.

            Plaintiffs,

  vs.

RYAN CARROLL; et al.

           Defendants.

Case No.: 2:24-CV-02886-WLH

**[PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO CONDUCT EXPEDITED DISCOVERY**

## [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO CONDUCT EXPEDITED DISCOVERY

Pursuant Federal Rule of Civil Procedure Rule 26(d), Plaintiffs requested leave to conduct expedited discovery relating to their claims against Ryan Carroll; Max K. Day; Max O. Day; and Michael Day, and against Entity Defendants Yax Ecommerce LLC (formerly known as Wealth Assistants); WA Distribution LLC; and Precision Trading Group, LLC (collectively, the "Jurisdictional Defendants").

Specifically, Plaintiffs requested leave to serve an expedited document request that would require the Jurisdictional Defendants to produce their federal tax returns for the years 2021-2023 within ten days of receiving the Order.

Plaintiffs also requested leave to serve an expedited interrogatory that would require Jurisdictional Defendants to identify and describe any assets that, since May of 2021, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant.. The interrogatory would require the description for each asset to include an estimate of the asset's value and, if the asset is a financial account, the peak value of that account since May of 2021. However, the interrogatory would not require the disclosure of assets owned by an entity in which Jurisdictional Defendants' only ownership interest has been securities traded on a public exchange, and the interrogatory would not require the disclosure of non-financial assets (such as furniture and personal belongings) with a value of less than $1,000. Plaintiffs requested that the Jurisdictional Defendants be required to answer the proposed interrogatory within ten days of the Court's Order.

Plaintiffs also requested leave to issue subpoenas to third-party financial institutions that would require those institutions to produce account statements dating

back to May of 2021 for any accounts that are required to be identified in the proposed interrogatory discussed in the paragraph above.

The Court **GRANTS** Plaintiffs' motion for good cause shown.

Courts weigh the following factors when deciding whether to allow expedited discovery: (1) the possibility that the requesting party will suffer irreparable injury without the requested relief, (2) the possibility that the requesting party will succeed on the merits, (3) the connection between expedited discovery and the avoidance of the irreparable injury, and (4) the evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Yokohama Tire Corporation v. Dealers Tire Supply*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (noting that courts consider those four factors when deciding whether to allow expedited discovery).

In this case, the four factors favor granting Plaintiffs' request. With respect to the first three factors, the Court already determined: (1) Plaintiffs may be irreparable injured absent relief from the Court because the Jurisdictional Defendants' concealment of assets may render final relief impossible; (2) Plaintiffs have a likelihood of success on the merits; and (3) requiring the Jurisdictional Defendants to make certain disclosures about their assets would help avoid the irreparable injury to the Plaintiffs. ECF 17. With respect to the fourth factor, the Court finds that requiring the Jurisdictional Defendants to make the disclosures required by this Order will

impose only a small burden on the Jurisdictional Defendants relative to the potential irreparable injury to Plaintiffs.

**IT IS SO ORDERED.**

Date: _____     _____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

DATED: April 25, 2024

/s/Nico Banks
Nico Banks, Esq.
Banks Law Office
Bar No. 344705
Tel.: 971-678-0036
nico@bankslawoffice.com
712 H St NE,
Unit #8571,
Washington, DC 20002

**AFFIRMATION OF SERVICE**

On April 25, 2024, I caused this document to be emailed to Lema Mousilli (lema@lloydmousilli.com) and Rachel Crockett (rachel@lloydmousilli.com), who are the attorneys for Respondents in this action.

/s/Nico Banks
Nico Banks
Dated: April 25, 2024

[PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO CONDUCT EXPEDITED DISCOVERY