UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH; et al.<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>RYAN CARROLL; et al.<br><br>　　　　Defendants. | Case No.: 2:24-CV-02886-WLH<br><br>**ORDER RE PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY [25] [26]** |

　　　　Before the Court is the Motion for Leave to Conduct Expedited Discovery filed by Plaintiffs David Hough, Mouloud Hocine, Jennifer Lemkuhl Hill, Amund Thompson, and Paul Panico ("Plaintiffs"). ("Mot.", Docket Nos. 25 & 26). On April 29, 2024, the Court heard oral argument regarding the instant Motion and the Order to Show Cause re Preliminary Injunction. (*See* Minutes of April 29, 2024, Docket No. 38). The Court granted the Motion. (*Id.*). The Court now sets forth (1) its reasoning for allowing expedited discovery and (2) the permitted scope of the expedited discovery.

## I. BACKGROUND

This is a securities fraud action. (*See* Compl., Docket No. 1). The Court recently summarized the facts known to it in its Temporary Restraining Order of April 15, 2024, so it does not repeat them all here. ("TRO," Docket No. 17). The Court entered the TRO against Individual Defendants Ryan Carroll; Max K. Day; Max O. Day; and Michael Day, and over Entity Defendants Yax Ecommerce LLC (formerly known as Wealth Assistants); WA Distribution LLC; and Precision Trading Group, LLC (collectively, the "Jurisdictional Defendants"). (*Id.*). In the TRO, the Court ordered Jurisdictional Defendants to produce to Plaintiffs, within five days,

> (1) identifying information for all accounts that contain assets held by or for the benefit of Jurisdictional Defendants, including the name of the financial institution, the account number, and the name of the account holder; and (2) for each identified account, the value of the assets held in the account.

(*Id.* at 7). In addition, the Court temporarily restrained Jurisdictional Defendants from "withdrawing, transferring, spending, or otherwise disposing of any assets held by or for the benefit of Jurisdictional Defendants without leave of the Court," except that each human Defendant was allowed to spend up to $9,000 per month in personal or household expenditures. (*Id.* at 6–7). The Court set the TRO to expire on April 29, 2024. (*Id.* at 7). Finally, the Court set an order to show cause why a preliminary injunction should not issue against the Jurisdictional Defendants (the "OSC"). (*Id.* at 6).

On April 19, 2024, the Court held a hearing on the TRO and the OSC. The Court temporarily increased the cap on expenditures to $13,000 per month pursuant to Jurisdictional Defendants' request; ordered further briefing from the parties; continued the OSC hearing to April 29, 2024; and extended the TRO until close of business on the same day. (Minutes of April 19, 2024, Docket No. 21).

On April 22, 2024, Defendants sent Plaintiffs' counsel a letter regarding Defendants' account information. (Decl. of Nico Banks in Support of Mot. ("Banks

Decl."), Docket No. 25-1, Ex. 1). Individual Defendant Max K. Day disclosed no assets; Individual Defendants Ryan Carroll and Michael Day each disclosed less than $1,100 worth of assets; and Individual Defendant Max O. Day disclosed less than $10,000 worth of assets. (*Id.*). The Entity Defendants disclosed "an account that holds more than $100,000 and an account that holds more than $200,000." (*Id.* ¶ 5). In all, the total of all assets disclosed to Plaintiffs came out to less than $500,000. (*Id.* ¶ 6).

In response, on April 25, 2024, Plaintiffs' counsel filed the instant Motion, along with an *ex parte* application for expedited briefing and consideration of the Motion. (*Ex Parte* Application, Docket No. 27). The Court granted the *ex parte* so the Motion could be heard at the same time as the OSC. (Order re *Ex Parte* Application, Docket No. 29). In the Motion, Plaintiffs make three requests. First, they request leave to serve an expedited document request requiring Jurisdictional Defendants to produce their federal tax returns for the years 2021–2023. (Mot. at 5). Second, Plaintiffs request leave to serve an expedited interrogatory requiring Jurisdictional Defendants to identify and describe any assets that, since May of 2021, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant. (*Id.*). Third, and finally, Plaintiffs request leave to issue subpoenas to third-party financial institutions, requiring those institutions to produce account statements dating back to May of 2021 for any accounts that are required to be identified in the proposed interrogatory.

On April 29, 2024, Defendants filed an opposition to the Motion. (Opp'n, Docket No. 36). Later that day, the Court heard oral argument regarding the OSC and the Motion. (*See* Minutes of April 29, 2024). At the hearing, the Court extended the TRO until May 13, 2024; decreased the cap on expenditures to $9,000; and clarified that "assets owned by or held for the benefit of Defendants" means "any assets over

which Jurisdictional Defendants have control and dominion." (*Id.*). The Court also set an Order to Show Cause why sanctions should not be imposed for failure to disclose all "assets owned by or held for the benefit of Defendants" by the April 20, 2024, deadline imposed in the original TRO. (*Id.*). Finally, the Court granted the instant Motion on terms to be delineated by the Court.

## II.   ANALYSIS

In general, formal discovery does not begin until the parties have met and conferred, as required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d). Nevertheless, "courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (citation omitted). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

The Court finds there is good cause to permit expedited discovery. As discussed above, Jurisdictional Defendants have disclosed troublingly few assets. It defies belief that each of the Individual Defendants have less than $10,000 in assets, especially considering that those same Individual Defendants requested that the Court increase their limit on expenditures to $13,000 a month. It is clear to the Court that the Jurisdictional Defendants have not disclosed "information for all accounts that contain assets held by or for the benefit of Jurisdictional Defendants," in contravention of the TRO. Defendants' bad faith efforts to comply with the TRO demonstrate a clear need to expedite discovery to determine what, if any, assets are recoverable should the Jurisdictional Defendants be found liable for fraud, and to prevent those assets from being shuffled to avoid paying a potential judgment. For their part, the Jurisdictional Defendants do not point to any prejudice whatsoever that would result from complying with the discovery request. (*See generally* Opp'n).

The Court finds that the requested discovery is overbroad, however, in terms of the time period it spans. The first contract between Wealth Assistants and any Plaintiff appears to have been executed on August 2, 2022. (*See* Decl. of Max O. Day, Ex. E, Docket No. 36-6). Seeing no explanation in Plaintiffs' papers for the proposed discovery dating to May of 2021, the Court narrows the discovery request to include the three months immediately prior to August of 2022—when the first Plaintiff signed a contract with Wealth Assistants—to the present.

The Court therefore **GRANTS** the Motion and gives Plaintiffs leave to conduct expedited discovery as follows:

1) Plaintiffs are given leave to serve an expedited document request requiring Jurisdictional Defendants to produce their federal tax returns for the years 2021–2023. The Jurisdictional Defendants must respond to this request within seven days of this Order's issuance.

2) Plaintiffs are given leave to serve an expedited interrogatory requiring Jurisdictional Defendants to identify and describe any assets that, since May of 2022, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant. The interrogatory may require the description for each asset to include an estimate of the asset's value and, if the asset is a financial account, the peak value of that account since May of 2022. However, the interrogatory may not require the disclosure of assets owned by an entity in which Jurisdictional Defendants' only ownership interest has been securities traded on a public exchange, and the interrogatory may not require the disclosure of non-financial assets (such as furniture and personal belongings) with a value

of less than $5,000. The Jurisdictional Defendants must respond to this request within ten days of this Order's issuance.

3) Plaintiffs are given leave to issue subpoenas to third-party financial institutions, requiring those institutions to produce account statements dating back to May of 2022, for any accounts that are required to be identified in the interrogatory discussed immediately above.

Any dispute regarding discovery shall be addressed to Magistrate Judge Kim.

**IT IS SO ORDERED.**

Date: May 1, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE