# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH, et al., | Case No.: 2:24-cv-02886-WLH-SKx |
| Plaintiffs, | **ORDER RE PLAINTIFFS'** *EX PARTE* **MOTION FOR CONTINUANCE [52]** |
| v. | |
| RYAN CARROLL, et al., | |
| Defendants. | |

On May 15, 2024, Plaintiffs filed an unopposed *Ex Parte* Motion for Continuance Regarding Defendants' Motion to Dismiss and Motion to Compel Arbitration. (Mot., Docket No. 52). Defendants' Motion to Dismiss and Motion to Compel Arbitration are scheduled to be heard on June 7, 2024. Based on that hearing date, Plaintiffs' oppositions to Defendants' Motions are due May 17, 2024. Plaintiffs state, however, that they plan to file an amended complaint by May 20, 2024, in which they will propose a putative class to include representative plaintiffs whose claims are not arbitrable. (*Id.* at 1–2). Plaintiffs informed the Court of their intention to amend the complaint at the last hearing before the Court on May 13, 2024.

First, the Court notes that *ex parte* applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). A continuance of hearing dates is rarely an

emergency; this Motion could and should have been brought sooner. Nevertheless, the Court recognizes that while Defendants did not file an opposition to this motion, they also would not agree to stipulate to the continuance. (Mot. at 4). Any neglect by Plaintiffs' counsel is excusable, then, because Plaintiffs' counsel relied on professional norms of courtesy, from which Defendants' counsel departed by refusing to stipulate to the continuance.

Further, the Court finds good cause to grant the requested continuance. The amended class complaint may moot Defendants' Motion to Dismiss. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020). Moreover, Defendants may wish to respond to Plaintiffs' new allegations regarding ineffectual arbitration clauses in an amended motion to compel arbitration. A continuance will allow Defendants time to determine whether they would like to respond to the new allegations, or whether they wish to proceed with their currently-filed Motion to Compel Arbitration.

The Court therefore **GRANTS** the Motion and **ORDERS** as follows:

1. The hearing on Defendants' Motion to Compel Arbitration [39] and Motion to Dismiss [40] is continued from June 7, 2024, to June 28, 2024; and
2. **If Defendants wish to file a new motion to compel and/or motion to dismiss, they must follow the schedule set forth in the Local Rules. That is, so long as the new motions are filed and served on or before May 31, 2024, the hearing will remain scheduled for June 28, 2024. If the new motions are filed after that, Defendants must pick a new hearing date no earlier than 28 days after the filing date, and the June 28, 2024, hearing date will be vacated.

**IT IS SO ORDERED.**

Date: May 17, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE