WILLIAM H. SHIBLEY
California State Bar No. 56093
**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road
Suite 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (281) 783-8565
litigation@lloydmousilli.com

**ATTORNEYS FOR DEFENDANTS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISTRICT

| | |
|---|---|
| DAVID HOUGH; et al<br><br>*Plaintiffs*,<br><br>v.<br><br><br><br><br><br><br><br><br><br><br><br><br><br>RYAN CARROLL; et al<br><br>*Defendants*. | Case No.: 2:24-cv-02886<br><br>Assigned for all purposes to:<br>JUDGE WESLEY L. HSU<br><br>**DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; WA DISTRIBUTION LLC; PROVIDENCE OAK PROPERTIES, LLC; WA AMAZON SELLER LLC; MKD INVESTMENT ADVISOR, LLC; MKD FAMILY BENEFICIARY, LLC; MKD FAMILY PRIVATE MANAGEMENT COMPANY, LLC; MAX DAY CONSULTING, LLC; HOUTEX FARM EQUITY PARTNERS LLC; BUSINESS FINANCIAL  SOLUTIONS ADVISORY LLC; EVO MAXX LLC; YAX IP AND MANAGEMENT INC. (D.B.A. "FULFILLABLE"); WWKB LLC;** |

AND DREAMS TO REALITY LLC'S RESPONSE TO PLAINTIFFS' EX PARTE MOTION FOR CONTINUANCE

Action Filed: April 9, 2024
Trial Date: N/A

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................... - 4 -
   I.   FACTUAL AND PROCEDURAL BACKGROUND ............................. - 4 -
   II.  ARGUMENT AND AUTHORITIES ................................................. - 8 -
   III. CONCLUSION ............................................................................ - 14 -
CERTIFICATE OF COMPLIANCE .............................................................. - 16 -
CERTIFICATE OF SERVICE ....................................................................... - 16 -

# TABLE OF AUTHORITIES

**Cases**

*Accord Chamber of Com. of the United States of Am. v. Bonta*, 62 F.4th 473 (9th Cir. 2023) ............................................................................................................ - 12 -
*Apostol v. Gallion*, 870 F.2d 1335 (C.A.7 1989) ........................................... - 11 -
*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000) ........ - 10 -
*Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) ........................................ - 11 -, - 13 -
*Forest Oil Corp. v. McAllen*, 268 S.W.3d 51 (Tex. 2008) ................................. - 10 -
*Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522 (5th Cir. 2019) ............................................................................................................ - 10 -
*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) ............... - 12 -
*Prudential Sec. Inc., v. Marshall*, 909 S.W.2d 896 (Tex. 1995) ........................ - 11 -
*Royal Pro. Builders, Inc. v. Roggin*, 853 So. 2d 520 (Fla. Dist. Ct. App. 2003) ... - 11 -
*Sarah Car Care, Inc. v. LogistiCare Sols., LLC* ............................................... - 13 -
*Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999) ................................. - 10 -
*Sonic-Calabassas A, Inc. v. Moreno* (2013) 57 Cal. 4th 1109 ........................ - 12 -
*Wisconsin Public Intervenor v. Mortier*, 501 US 597 (1991) .......................... - 12 -
*Zamudio v. Aerotek, Inc, No.* 121CV01673JLTCDB, 2024 WL 863715 (E.D. Cal. Feb. 28, 2024) ............................................................................................ - 12 -

**Statutes**

9 U.S.C. § 3 ................................................................................................................. - 11 -
9 U.S.C. §§2, 4 (FAA) ............................................................................................... - 10 -
TEX. CIV. PRAC. & REM. CODE §§171.001, 171.002, 171.021 (TAA) ................... - 10 -

DEFENDANTS' RESPONSE TO EX PARTE MOTION FOR CONTINUANCE


COME NOW **SPECIALLY APPEARING DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; WA DISTRIBUTION LLC; PROVIDENCE OAK PROPERTIES, LLC; WA AMAZON SELLER LLC; MKD INVESTMENT ADVISOR, LLC; MKD FAMILY BENEFICIARY, LLC; MKD FAMILY PRIVATE MANAGEMENT COMPANY, LLC; MAX DAY CONSULTING, LLC; HOUTEX FARM EQUITY PARTNERS LLC; BUSINESS FINANCIAL SOLUTIONS ADVISORY LLC; EVO MAXX LLC; YAX IP AND MANAGEMENT INC. (D.B.A. "FULFILLABLE"); WWKB LLC; and DREAMS TO REALITY LLC** ("**Defendants**"), and hereby files *Defendants' Response to Plaintiffs' Ex Parte Motion for Continuance* ("**Response**") and respectfully shows the Court as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1. On April 9, 2024, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause regarding a Preliminary Injunction ("**Application**"), seeking the extraordinary remedy of a freeze of all of the Defendants' assets pre-judgment as well as a disclosure of all their financial information pre-judgment. *See* Dkt. 9.

2. On April 11, 2024, Defendants filed an Opposition to Plaintiffs' Application (**"Opposition"**) on the grounds that (a) this Court lacked personal jurisdiction over the Defendants; (b) the case should be compelled to binding arbitration pursuant to the Plaintiffs' written contracts; (c) Plaintiffs lacked a legal basis to freeze all of the Defendants' assets; (c) Plaintiffs failed to establish a likelihood of success on the merits on any of their claims; (d) Plaintiffs' evidence of alleged representations outside the written contracts constituted inadmissible parol evidence; (e) Plaintiffs had not established irreparable harm sufficient to grant a mandatory injunction that went beyond maintaining the status quo; and (f) the balance of the equities did not tip in Plaintiffs' favor. *See* Dkt. 13.

3. On April 12, 2024, Plaintiffs filed a Reply to Defendants' Opposition to Plaintiffs' Application. *See* Dkt. 15.

4. On April 15, 2024, this Court issued a Temporary Restraining Order (**"TRO"**), holding that (a) the Court did not have personal jurisdiction over any of the Defendants apart from the Defendants Ryan Carroll; Max O. Day; Max K. Day; Michael Day; Yax Ecommerce LLC; WA Distribution LLC; and Precision Trading Group, LLC (the **"Jurisdictional Defendants"**) based upon the facts available to the Court at the present time; (b) that the Jurisdictional Defendants were ordered to appear at an OSC on April 19, 2024 regarding why a preliminary injunction (**"PI"**) should not issue prohibiting them from withdrawing, transferring, spending, or otherwise disposing of any assets held by or for the benefit of Jurisdictional

Defendants until the close of this proceeding, except that each human Defendant would be allowed to spend $9,000 per month and have the ability to seek leave of Court for additional expenditures; and (c) ordering the Jurisdictional Defendants to identify account information for all accounts that contain assets held by or for the benefit of the Jurisdictional Defendants. *See* Dkt. 17.

5.   At the hearing on April 19, 2024, the Jurisdictional Defendants' counsel requested that this court (a) continue the hearing on the Application to allow for supplemental briefing on the issues of the asset freeze and the financial disclosures; (b) increase the monthly spending limit in the TRO for the individual Defendants to $13,000 per month; (c) include a provision in the TRO allowing the Jurisdictional Defendants to pay their attorney's fees. The Court agreed with the Jurisdictional Defendants' arguments in this regard and (a) set a continued hearing for April 29, 2024; (b) set a supplemental briefing schedule for that hearing; and (c) issued a Minute Order reflecting the changes to the TRO. *See* Dkt. 21.

6.   On April 25, 2024, Plaintiffs filed their *Ex Parte* Motion for Expedited Briefing and Motion for Leave to Conduct Expedited Discovery (**"Discovery Motion"**). *See* Dkt. 25.

7.   On April 26, 2024, the Jurisdictional Defendants filed a Supplemental Brief in Opposition to Plaintiffs' Application (**"Supplemental Brief"**) in accordance with the Court's Minute Order, addressing the harm that would be suffered by the

1  Jurisdictional Defendants if the TRO becomes a preliminary injunction and other
2  matters. *See* Dkt. 31.

3
4  8.  On April 29, 2024, the Jurisdictional Defendants filed their Opposition to the
5  Plaintiffs' Discovery Motion. *See* Dkt. 36.

6
7  9.  On April 30, 2024, the Jurisdictional Defendants filed a Motion to Compel
8  Arbitration and a Motion to Stay based upon the fact that all Plaintiffs' contracts
9  with Wealth Assistants contained broad arbitration clauses by which Plaintiffs
10 agreed to arbitrate all of their claims herein. *See* Dkt. 39. This matter is set for
11
12 hearing on June 7, 2024. *Id.*

13 10.  On April 30, 2024, Defendants also filed a Motion to Dismiss Plaintiffs'
14 claims based upon Rule 12(b)(2) and Rule 12(b)(6). *See* Dkt. 40. This matter is also
15
16 set for hearing on June 7, 2024. *Id.*

17 11.  On April 30, 2024, following a hearing on this matter, the Court issued a
18 Minute Order Extending and Amending the TRO (**"Amended TRO"**) and granting
19
20 Plaintiffs' Motion for Leave to Conduct Expedited Discovery. *See* Dkt. 38. In its
21 April 30 Minute Order, the Court held that "'assets owned by or held for the benefit
22 of Defendants' is confirmed to mean 'any assets over with the Jurisdictional
23
24 Defendants have dominion and control'"; and set a continued hearing for May 13,
25 2024. *Id.*

26
27 12.  On May 13, 2024, the Court issued an Order Discharging the Order to Show
28 Cause and Granting a Preliminary Injunction Freezing Assets. *See* Dkt. 49.

- 7 -
DEFENDANTS' RESPONSE TO EX PARTE MOTION FOR CONTINUANCE

13. On May 15, 2024, Plaintiffs filed their third *ex parte* motion, this time an *Ex Parte* Motion to Continue the hearing on Defendants' Motion to Compel Arbitration and Motion to Dismiss (**"Motion"**). *See* Dkt. 52. Plaintiffs' Motion is completely without merit and is merely a transparent stall tactic to avoid the clear arbitration clauses in their contracts with Wealth Assistants. There is no valid basis to continue these hearings, thus the Motion should be denied.

## II.   ARGUMENT AND AUTHORITIES

14. As a preliminary matter, Plaintiffs counsel has now filed a third *ex parte* hearing and is currently threatening Defendants with a fourth. *Ex parte* hearings are meant to address true emergencies not to needlessly burden the Court, Defendants, and their counsel on a weekly basis with new complaints. Defendants consider the continual threats of a numerosity of *ex parte* hearings to be an abuse of the *ex parte* process.

15. Nevertheless, Plaintiffs' Motion is meritless. Shortly before filing the Motion, Plaintiffs' counsel informed Defendants' counsel that he wished to turn this litigation into a class action. This is unsurprising as Plaintiffs' counsel has now found a favorable forum after thorough forum shopping in state court and various arbitration forums. However, it is not a valid reason to continue the current hearing dates. Defendants set their hearings more than twenty-eight (28) days out, even though they will suffer great harm by waiting for these hearing dates due to the

numerous *ex parte* filings of Plaintiffs' counsel and the associated emergency orders therewith. Defendants will be substantially prejudiced if these hearings are continued out even further.

16.  Even if Plaintiffs are ultimately successful in certifying a class, it would not change the merits of the Motion to Compel Arbitration or Motion to Dismiss. Every single one of Wealth Assistants' clients, including the ones that Plaintiffs' counsel has mentioned he intends to bring into this litigation signed arbitration agreements. All of Wealth Assistants' clients also signed one of two standard contracts, which are already both represented by the Plaintiffs in this case. Thus, the analysis of the issues on the Motion to Compel Arbitration and the Motion to Dismiss would remain identical. Even if Plaintiffs amend their pleading, Defendants would urge the Court to apply the prior Motion to Dismiss to the amended pleading in accordance with federal law.

17.  Plaintiffs' counsel, Nico Banks (**"Mr. Banks"**) is well aware of these facts as he represents plaintiffs with identical claims against Wealth Assistants in nearly a dozen different forums, including a mass arbitration (*Individual Claimants vs. Yax Ecommerce* (hereinafter **"Mass Arbitration"**). The same day this Motion was filed, Mr. Banks did advise the American Arbitration Association (**"AAA"**) that he was withdrawing his claims with respect to four California claimants in the Mass Arbitration, presumably so he could bring them into this more favorable forum. However, Mr. Banks has no valid basis to do so and Respondent has objected to

such withdrawal. Mr. Banks alleges that this is being done pursuant to California Code of Civil Procedure § 1281.97, which permits withdrawal from arbitration in favor of litigation if a respondent has not paid the arbitration fees. However, Wealth Assistants has timely paid all fees requested by AAA in the Mass Arbitration and all other arbitrations instituted by Mr. Banks.

18. Per the correspondence sent by AAA, Wealth Assistants' fees were due on May 9, 2024.[1] Wealth Assistants' counsel began requesting a payment link for a credit card/wire transfer on May 5, 2024 and followed up many times without response from AAA.[2] After calling on May 9, 2024 and leaving a voicemail because an out of town response was received from the case manager to the May 9, 2024 email, Wealth Assistants' counsel subsequently spoke to the AAA Mass Arbitration Intake Team three separate times before finally receiving the correct link for wire transfers payment of the $8,125 fee. *Id.* Due to the delay in receiving proper payment instructions from AAA, Wealth Assistants paid the $8,125 timely via wire transfer the morning of May 10, 2024, which AAA accepted.[3] The delay of less than 9 hours was de minimis and was not due to any fault of Wealth Assistants. Claimants have suffered no prejudice from this minor delay and claimants are continuing to pursue the Mass Arbitration for non-California residents. Thus, there

---

[1] *See* **Exhibit A**, Letter from AAA dated April 26, 2024.
[2] *See* **Exhibit B**, Correspondence with AAA from May 5, 2024 to May 9, 2024.
[3] *See* **Exhibit C**, Email correspondence from AAA dated May 10, 2024.

is no valid basis for the claimants in the Mass Arbitration nor any other claimant or plaintiff to avoid their mandatory arbitration clauses with Wealth Assistants.

19. Here, as set forth in the Jurisdictional Defendants' Motion to Compel Arbitration, the FAA applies. *See* Dkt. 39 at pp. 8-9. The FAA reflects a strong federal policy toward resolving disputed arbitrable issues through arbitration; indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the language itself or an allegation of waiver, delay, or a likely defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

20. Under the FAA, Texas and Florida law, once a party seeking to compel arbitration establishes that (1) there is a valid agreement to arbitrate and (2) that the claims raised are within the agreement's scope, then the trial court must compel arbitration. *See* 9 U.S.C. §§2, 4 (FAA); Tex. Civ. Prac. & Rem. Code §§171.001, 171.002, 171.021 (TAA); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (the court's role is limited to determining whether a valid arbitration agreement covering the claims exists); *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019); *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008); *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).

21. The policy in favor of enforcing arbitration agreements is so compelling that a court should not deny arbitration "unless it can be said with positive assurance that

an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Prudential Sec. Inc., v. Marshall*, 909 S.W.2d 896, 898-99 (Tex. 1995); *Accord Downs*, 248 Cal. App. at 185; *Royal Pro. Builders, Inc. v. Roggin*, 853 So. 2d 520, 523 (Fla. Dist. Ct. App. 2003).

22. A stay of litigation pending the conclusion of arbitration is mandatory in any case raising a dispute referable to arbitration under the FAA. 9 U.S.C. § 3; *See also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22.

23. In *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023), the Supreme Court in holding that the FAA requires district courts to stay proceedings even during the interlocutory appeal of an order denying a motion to compel arbitration, stated that the right to the interlocutory appeal "would be largely nullified" absent a stay. (*Coinbase, Inc.*, 599 U.S. at 743.) The Supreme Court held that if the parties were forced to continue to litigate in the lower court, "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Id.* In other words, the value of arbitration is totally undercut if court litigation proceeds and a higher court ultimately determines that the motion to compel arbitration was improperly denied. (*See Apostol v. Gallion*, 870 F.2d 1335, 1338 (C.A.7 1989) ["[i]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one."].)

- 12 -

DEFENDANTS' RESPONSE TO EX PARTE MOTION FOR CONTINUANCE

24. If Plaintiffs are permitted to unlawfully continue the hearing on the Motion to Compel Arbitration while Plaintiffs' counsel seeks to certify a class and undoubtedly conduct yet more expedited discovery in the process, the value of arbitration in reducing the expense of discovery and quickly resolving claims would be totally undercut and much of the benefits of arbitration would be lost in violation of *Coinbase* and California law.

25. As federal substantive law, the FAA preempts contrary state law. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). The FAA preempts any state law that restricts the right to arbitrate. *See Sonic-Calabassas A, Inc. v. Moreno* (2013) 57 Cal. 4th 1109, 1144 ("a state-law rule is preempted [by the FAA] when its impact is such that it interferes with fundamental attributes of arbitration"); *Accord Chamber of Com. of the United States of Am. v. Bonta*, 62 F.4th 473, 486 (9th Cir. 2023).

26. In the context of stays pending resolution of a motion to compel arbitration, courts find that the prejudice of delay "is outweighed by the potential prejudice that would result from further litigation of claims which may ultimately be subject to arbitration." *Zamudio v. Aerotek, Inc, No.* 121CV01673JLTCDB, 2024 WL 863715, at *3 (E.D. Cal. Feb. 28, 2024) (collecting cases). This continuance "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (*Wisconsin Public Intervenor v. Mortier*, 501 US 597, 605 (1991)).

27. In *Sarah Car Care, Inc. v. LogistiCare Sols., LLC*, the 3rd Circuit held that allowing discovery to proceed would "erase the 'benefits of arbitration' such as 'efficiency, less expense, less intrusive discovery, and the like'." No. 21-3108, 2023 WL 5378845, at *1 (3d Cir. Aug. 22, 2023) (*Citing Coinbase*, 599 U.S. at 743). The continuance of these hearings, which would allow Plaintiffs to file numerous additional *ex parte* motions seeking further orders from the Court in the interim and conducting class-discovery and other discovery law and motion practice would certainly erase the majority, if not all, of the benefits of arbitration.

28. Defendants, unlike Plaintiffs, have tried to avoid unnecessary *ex parte* filings and have set their motions for regularly noticed dates, but if this Motion is granted, Defendants will be forced to file for an *ex parte* stay of these proceedings until the Motion to Compel Arbitration is resolved.

29. Thus, the Defendants respectfully request that the Court deny Plaintiffs' Motion for a Continuance.

### III.  CONCLUSION

30. Based on the foregoing and for good cause shown, Defendants respectfully requests that this Court deny Plaintiffs' *Ex Parte* Motion for Continuance and for such other and further relief to which the Defendants may show themselves to be justly entitled.

Dated: May 17, 2024.                                   Respectfully submitted,

1
2
By: */s/ William H. Shibley*
William H. Shibley

- 15 -

DEFENDANTS' RESPONSE TO EX PARTE MOTION FOR CONTINUANCE

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this Motion contains 2,606 words, which complies with the word limit of L.R. 11-6.1

*/s/ William H. Shibley*
William H. Shibley

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service in this court on this ***May 17, 2024***, via email as follows:

*/s/ William H. Shibley*
William H. Shibley