**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID HOUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYAN CARROLL, et al., <br><br> Defendants. | Case No.: 2:24-cv-02886-WLH-SKx <br><br> **AMENDED ORDER RE PLAINTIFFS'** *EX PARTE* **MOTION FOR CONTINUANCE [52]** |

On May 15, 2024, Plaintiffs filed an *Ex Parte* Motion for Continuance Regarding Defendants' Motion to Dismiss and Motion to Compel Arbitration. (Mot., Docket No. 52). On May 17, 2024, the Court issued an Order Granting Plaintiffs' *Ex Parte* Motion as unopposed and continuing the hearings to the next available hearing date of June 28, 2024, or a later date to be chosen by Defendants. (Order, Docket No. 53). Later that day, Defendants filed their Opposition to Plaintiffs' *Ex Parte* Motion.[1] (Opp'n, Docket No. 54). The Court now amends the Order to discuss Defendants' arguments in opposition to the Motion.

//

---

[1] While Defendants opposed the *Ex Parte* Motion within forty-eight hours, as required by this Court's rules, they did not inform the Court's Courtroom Deputy that they would be opposing. *See* Standing Order for Newly Assigned Civil Cases at 17 ("The opposing party should advise the CRD as soon as possible whether it intends to oppose the ex parte application.").

ORDER

Defendants' Motion to Dismiss and Motion to Compel Arbitration were originally scheduled to be heard on June 7, 2024. Based on that hearing date, Plaintiffs' oppositions to Defendants' Motions were due May 17, 2024. In their Motion, however, Plaintiffs stated that they planned to file an amended complaint by May 20, 2024, in which they would propose a putative class to include representative plaintiffs whose claims are not arbitrable. (*Id.* at 1–2). Plaintiffs informed the Court of their intention to amend the complaint at the last hearing before the Court on May 13, 2024.

At the outset, the Court agrees with Defendants that *ex parte* applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995); (Opp'n at 8). A continuance of hearing dates is rarely an emergency; this Motion could and should have been brought sooner. Nevertheless, the Court recognizes that Defendants would not agree to stipulate to the continuance, requiring Plaintiffs to file this Motion on an *ex parte* basis. (Mot. at 4). Moreover, while Defendants correctly point out that this is Plaintiffs' third *ex parte* motion, (Opp'n at 8), the Court found that the previous two *ex parte* motions—which sought to freeze Defendants' assets and to conduct expedited discovery—were true emergencies that warranted *ex parte* relief. (*See* Temporary Restraining Order, Docket No. 17; Order re *Ex Parte* Mot. for Expedited Discovery, Docket No. 42). The Court therefore does not find that Plaintiffs' *ex parte* filings are "an abuse of the *ex parte* process," as Defendants contend. (Opp'n at 8).

Defendants also state that a continuance "would allow Plaintiffs to file numerous additional *ex parte* motions seeking further orders from the Court in the interim and conduct[] class-discovery[,] and other discovery law and motion practice would certainly erase the majority, if not all, of the benefits of arbitration." (*Id.* at 14). Should any further *ex parte* motions be filed in the future, the Court will decide them on their merits at that time. The instant Motion, however, seeks only limited relief. The Court does not find that a three-week continuance to its next available hearing date would

"erase" the benefits of arbitration, should the Court grant Defendants' Motion to Compel.

Finally, granting the Motion will promote efficiency in this matter. In its previous Order, the Court found good cause to grant the requested continuance because "[t]he amended class complaint may moot Defendants' Motion to Dismiss" and "Defendants may wish to respond to Plaintiffs' new allegations regarding ineffectual arbitration clauses in an amended motion to compel arbitration." (Order at 2). Defendants now state that a class complaint "would not change the merits of the Motion to Compel Arbitration or Motion to Dismiss." (Opp'n at 9). Nevertheless, because the Court is granting the continuance, Defendants may still amend their motions should they change their minds. Moreover, allowing the parties to address the new class claims in further briefing on Defendants' motions will permit the Court to holistically consider the motions in light of the new allegations instead of making piecemeal rulings.

The Court therefore **GRANTS** the Motion and **ORDERS** as follows:

1. The hearing on Defendants' Motion to Compel Arbitration [39] and Motion to Dismiss [40] is continued from June 7, 2024, to June 28, 2024; and

2. If Defendants wish to file a new motion to compel and/or motion to dismiss, they must follow the schedule set forth in the Local Rules. That is, so long as the new motions are filed and served on or before May 31, 2024, the hearing will remain scheduled for June 28, 2024. If the new motions are filed after that, Defendants must pick a new hearing date no earlier than 28 days after the filing date, and the June 28, 2024, hearing date will be vacated.

**IT IS SO ORDERED.**

Date: May 17, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE