WILLIAM H. SHIBLEY
California State Bar No. 56093
**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road
Suite 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (281) 783-8565
*litigation@lloydmousilli.com*

**ATTORNEYS FOR DEFENDANTS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DISTRICT

| | |
|---|---|
| **DAVID HOUGH, ET AL** | Case No.: 2:24-cv-02886-WLH |
| *Plaintiffs*, | Assigned for all purposes to: JUDGE WESLEY L. HSU |
| v. | **DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; WA DISTRIBUTION LLC; PROVIDENCE OAK PROPERTIES, LLC; WA AMAZON SELLER LLC; MKD INVESTMENT ADVISOR, LLC; MKD FAMILY BENEFICIARY, LLC; MKD FAMILY PRIVATE MANAGEMENT COMPANY, LLC; MAX DAY CONSULTING, LLC; HOUTEX FARM EQUITY PARTNERS LLC; BUSINESS FINANCIAL  SOLUTIONS ADVISORY LLC; EVO MAXX LLC; YAX IP AND MANAGEMENT INC. (D.B.A.** |
| **RYAN CARROLL, ET AL** | |
| *Defendants*. | |

- 1 -

**"FULFILLABLE"); WWKB LLC; AND DREAMS TO REALITY LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS**

Motion Hearing: 6/28/24, 1:30 p.m. PT

Action Filed: April 9, 2024
Hearing: June 7, 2024, 1:30 p.m. PT
Trial Date: N/A

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .......................................- 4 -
  I.    SUMMARY.................................................................................... - 4 -
  II.   FACTUAL AND PROCEDURAL BACKGROUND................................. - 6 -
  III.  ARGUMENT AND AUTHORITIES........................................... - 12 -
    A.  Sanctions Under the Court's Inherent Power are Inappropriate Because the Defendants Substantially Complied with The Court's Order and Did Not Willfully Disobey the Court's Order ................................................. - 13 -
    B.  Sanctions Under Federal Rules of Civil Procedure 37(B)(2)(C) are Inappropriate Because Any Short Coming of the Defendants' Discovery Responses was Justifiable Given the Complexity of the Case and Expedited Nature of the Court's Order ............................................................. - 16 -
    C.  Sanctions Under Federal Rules of Civil Procedure 37(B)(2)(C) Would be Unjust Because a Total Failure to Respond is Required Before Imposing Sanctions. This Is a Complex Case with Twenty (20) Defendants with Multiple Accounts, and Defendants Substantially Complied with the Court's Order... - 18 -
    D.  Sanctions Against Defense Counsel are Inappropriate Because No Evidence Exists That Defense Counsel is at Fault for Any Perceived Shortcomings in Defendants' Discovery Responses.................................................... - 18 -
    E.  Any Sanctions Imposed Should be Lenient Because Courts Use Less Stringent Sanctions When They Would be Reasonably Suited to Deter the Acts in Question ............................................................................................ - 19 -
  IV.   CONCLUSION........................................................................... - 21 -
CERTIFICATE OF COMPLIANCE ................................................................- 22 -
CERTIFICATE OF SERVICE.......................................................................- 22 -

# TABLE OF AUTHORITIES

**Cases**

*America Unites for Kids v. Rousseau*, 985 F.3d 1075 (9th Cir.2021)................... - 13 -

*Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir.1995) ..................................... - 19 -

*Brewer v. Leprino Foods Co., Inc.*, 2019 WL 356657 (E.D. Cal. Jan. 29, 2019).. - 16 -

*CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314 (5th Cir. 2023)......................... - 17 -

*CEATS, Inc.*, 71 F.4th .............................................................. - 20 -

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ........................... - 13 -, - 14 -

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir. 1979) ..................................................................... - 18 -

*FDIC v. Conner*, 20 F.3d 1376 & n.3 (5th Cir.1994).............................. - 19 -

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) ........................................ - 14 -

*Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1339–40 (9th Cir.1985) - 17 -

*Founding Ch. of Scientology v. Webster*, 802 F.2d 1448 (D.C. Cir. 1986)........... - 20 -

*Holgate v. Baldwin*, 425 F.3d 671 Fed. R. Serv. 3d 1077 (9th Cir. 2005)............ - 13 -

*In re First City Bancorporation*, 282 F.3d 864, 867 (5th Cir.2002) .................... - 13 -

*In re Williams*, Bkrtcy.D.R.I.1995 B.R. 721 ......................................... - 19 -

*Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) ..................................................................... - 17 -

*Leprino Foods Co., Inc.*, 2019 WL 356657................................................ - 17 -

*S.E.C. v. Smith*, 798 F. Supp. 2d 412 (N.D. N.Y. 2011) ......................... - 13 -

*Satcorp Intern. Group v. China Nat. Import & Export Corp.*, 917 F.Supp. 271 (S.D.N.Y.1996)................................................................. - 19 -

*Sik Gaek, Inc. v. Harris*, 789 F.3d 797 (7th Cir.2015).............................. - 16 -

*The Procter & Gamble Co. v. Haugen*, 427 F.3d 727 (10th Cir. 2005)............... - 20 -

*Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306 (11th Cir. 2002) ................... - 13 -

*U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365 (9th Cir. 1980) ... - 18 -

*Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953 (6th Cir. 2013) .......... - 20 -

*Wilson v. Volkswagen*, 561 F.2d 494 (4th Cir. 1977)................................... - 19 -

**Statutes**

Federal Rule of Civil Procedure 37 ....................................................... - 16 -

Federal Rules of Civil Procedure 37........................................................ - 12 -

**Other Authorities**

2011 WL 13136031 (N.D. N.Y. 2011) .................................................... - 13 -

710 F.3d 87 (2d Cir. 2013) ................................................................. - 14 -

COME NOW **SPECIALLY APPEARING DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; WA DISTRIBUTION LLC; PROVIDENCE OAK PROPERTIES, LLC; WA AMAZON SELLER LLC; MKD INVESTMENT ADVISOR, LLC; MKD FAMILY BENEFICIARY, LLC; MKD FAMILY PRIVATE MANAGEMENT COMPANY, LLC; MAX DAY CONSULTING, LLC; HOUTEX FARM EQUITY PARTNERS LLC; BUSINESS FINANCIAL SOLUTIONS ADVISORY LLC; EVO MAXX LLC; YAX IP AND MANAGEMENT INC. (D.B.A. "FULFILLABLE"); WWKB LLC; DREAMS TO REALITY LLC** (**"Defendants"**), and hereby files *Defendants' Motion for Sanctions Against Jurisdictional Defendants* (**"Motion"**) and respectfully shows the Court as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY

1.    Plaintiffs have filed a lawsuit asserting four claims against twenty (20) different defendants related to the unfortunate, but ultimately common-place, failure of Defendants' business, and by extension the failure of Plaintiffs' own individual businesses.

2.    Plaintiffs are understandably upset at their losses. It is the same frustration that eighty percent (80%) of new business owners feel, and the same frustration Defendants themselves feel.

3.     Plaintiffs have asked for a voluminous number of financial records, something quite foreseeable in a situation with twenty (20) different Defendants, some with multiple financial accounts.

4.     Defendants have used their best efforts to gather this information and produce it. The sheer volume of what needs to be tracked down and the expedited nature of the process make omissions and disagreements foreseeable. The discovery process foresees these problems and expects the parties to work them out in an interactive process, without the need to court intervention.

5.     To date, Defendants have responded to every discovery request made by Plaintiffs and have consistently attempted to engage Plaintiffs' Counsel to understand what he thinks exists and still needs to be produced.

6.     Plaintiff Counsel seems oblivious to the volume of his requests, the number of defendants involved, the time it takes to marshal responsive documents, and the expedited nature of his demands. He also quickly forgets any effort by Defense Counsel to comply with the original demands or his subsequent objections.

7.     Defense Counsel automatically assumes that any inability to meet his expectations or provide the proof that he assumes exists amounts to an intentional exercise in bad faith. The same for any inconsistency in documents provided.

8.     Plaintiff Counsel's zealous advocacy for his clients is understandable, even laudable, but he seems oblivious that there are no jewel movements in life, and

inconsistency and non-existence of documents are the absence of proof, not proof itself.

9.      All of this culminates in Plaintiffs Counsel's repeated baseless motions for sanctions against opponents and Plaintiff Counsel. It is abusive and unprofessional, particularly where no evidence exists that Defense Counsel has caused any of the discovery issues at hand.

10.     Plaintiff Counsel has made two prior requests for sanctions in other related cases based on the same assumptions of bad faith in discovery when he does not get what he wants and assumes what he wants exists. *Benjamin David v. Wealth Assistants LLC* and *Individual Claimants v. Wealth Assistants LLC*. He has been denied each time. This time should be no different. *See* **Exhibit 1**, ***Benjamin David v. Wealth Assistants LLC*, Correspondence with Case Manager and Plaintiffs' Counsel.**

## II.    FACTUAL AND PROCEDURAL BACKGROUND

11.     On April 9, 2024, Plaintiffs David Hough, Mouloud Hocine, Jennifer Lehmkuhl Hill, Amund Thompson, and Paul Panico filed a Complaint against twenty (20) separate Defendants. *See* Dkt. 1.

12.     Plaintiffs asserted causes of action for conspiracy to commit fraud, fraudulent transfers, conspiracy to violate California Business and Professions Code §17200, and violations of securities laws, despite the fact that they each have valid written contracts that prohibit such claims. *See* Dkt. 40.

13.    On April 9, 2024, Plaintiffs also filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause regarding a Preliminary Injunction (**"Application"**), seeking the extraordinary remedy of a freeze on all of the Defendants' assets pre-judgment as well as a disclosure of all their financial information pre-judgment. *See* Dkt. 9.

14.    On April 11, 2024, Defendants filed an Opposition to Plaintiffs' Application (**"Opposition"**) on the grounds that (a) this Court lacked personal jurisdiction over the Defendants; (b) the case should be compelled to binding arbitration pursuant to the Plaintiffs' written contracts; (c) Plaintiffs failed to establish a likelihood of success on the merits on any of their claims; (d) Plaintiffs' evidence of alleged representations outside the written contracts constituted inadmissible parol evidence; and other factors. *See* Dkt. 13.

15.    On April 12, 2024, Plaintiffs filed a Reply to Defendants' Opposition to Plaintiffs' Application. *See* Dkt. 15.

16.    On April 15, 2024, this Court issued a Temporary Restraining Order (**"TRO"**), which held that the Court did not have personal jurisdiction over any of the Defendants apart from the Defendants Ryan Carroll; Max O. Day; Max K. Day; Michael Day; Yax Ecommerce LLC; WA Distribution LLC; and Precision Trading Group, LLC (the **"Original Jurisdictional Defendants"**) based upon the facts available to the Court at the present time. *See* Dkt. 17.

17.     On April 26, 2024, the Original Jurisdictional Defendants submitted their Supplemental Brief in Opposition to Plaintiffs' Application (**"Supplemental Brief"**) in accordance with the Court's Minute Order. *See* Dkt. 31.

18.     On April 28, 2024, the Original Jurisdictional Defendants filed a Motion to Compel Arbitration and a Motion to Stay. *See* Dkt. 34. For purposes of judicial efficiency, Defendants hereby incorporate by reference the arguments previously made in their previously filed Opposition (Dkt. 13), their Supplemental Brief (Dkt. 31), and their Motion to Compel Arbitration (Dkt. 34) and will not be restating all of the arguments in their Opposition and Supplemental Brief here.

19.     On April 30, 2024, Defendants filed their original Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. *See* Dkt. 40. As set forth in Defendants' Opposition and the Jurisdictional Defendants' Motion to Compel Arbitration, this Court lacks personal jurisdiction over the Defendants and Plaintiffs have failed to state a claim upon which relief may be granted on any of their causes of action.

20.     On May 13, 2024, this Court issued an Order granting a Preliminary Injunction Freezing Assets. *See* Dkt. 49. In that Order, the Court found "there is not enough evidence to establish personal jurisdiction over Entity Defendants Precision Trading Group, LLC and WA Distribution LLC." *Id.* at p. 5.

21.     On May 20, 2024, Plaintiffs filed their First Amended Complaint (**"Amended Complaint"**), alleging identical causes of action, but swapping out three of the plaintiffs and adding numerous additional defendants. *See* Dkt. 56.

22.     On May 31, 2024, Defendants filed their Amended Motion to Dismiss and Plaintiffs also filed a Motion for Sanctions Against Jurisdictional Defendants on the same day.

23.     On April 15, 2024, Defense Counsel was Ordered to disclose financial accounts to Plaintiffs' Counsel. Dkt. 17.

24.     On April 24 2024, Defense Counsel served financial account disclosures Ordered by the Court to Plaintiffs' Counsel.

25.     On May 1· 2024, Plaintiffs' Counsel served their First Request for Production of Documents and Information to Jurisdictional Defendants.

26.     On May 11, 2024, Defense Counsel served their Response to Plaintiffs' First Request for Documents and Informational to Jurisdictional Defendants.

27.     On May 12, 2024, Plaintiffs' Counsel complained about the tax returns provided, despite the production of all tax returns except for Michael Day's 2022 tax return, which was subsequently supplemented on May 17, 2024. *See* Declaration of William Shibley in Support of Response to Motion for Sanctions (**"Declaration of Shibley"**).

28.   On May 14, 2024, Plaintiffs' Counsel threatened sanction, yet again, and continued to complain about the tax returns produced. *See* Declaration of Shibley; Exhibit C.

29.   On May 15, 2024, Defense Counsel requested a list of deficiencies from Plaintiffs' Counsel, but Plaintiffs' Counsel refused to outline the specific deficiencies. Instead, Plaintiffs' Counsel referred to "email threads that list discovery deficiencies." After Defense Counsel review email correspondence, Defense Counsel again asked for clarification to which Plaintiffs' Counsel responded, "We're at an impasse. I've shown plenty of patience regarding these urgent discovery matters, and I plan to move for sanctions now." *See* Declaration of Shibley; Exhibit A; Exhibit B.

30.   On May 17, 2024, Plaintiffs' Counsel and Defense Counsel held discussions regarding discovery, during which both parties appeared to have resolved the pertinent discovery issues. However, later that same day, Plaintiffs' Counsel changed their position and insisted on further discovery. *See* Declaration of Shibley; Exhibit A; Exhibit B.

31.   Also on May 17, 2024, Defense Counsel served Supplemental Responses to Plaintiffs' First Request for Documents and Informational and Michael Day's 2022 Tax Return. *See* Declaration of Shibley; Exhibit A; Exhibit B.

32.   Following numerous productions, Plaintiffs' Counsel persists in requesting that Jurisdictional Defendants furnish written confirmation that the tax returns

provided correspond accurately to those filed with the IRS, excluding signatures, and affirm that no additional tax returns have been submitted to the IRS for 2021 or later. Furthermore, Plaintiffs' Counsel insists on the complete removal of all redactions from tax returns, barring those permissible under federal regulations or protective orders. Plaintiffs' Counsel is also seeking sanctions against Jurisdictional Defendants and Defense Counsel, proposing that the court mandate Defendants' attorneys to pay two thousand dollars ($2,000) per day for each violation of the orders since the compliance deadline. Additionally, Plaintiffs' Counsel requests reimbursement of Plaintiffs' attorneys' fees incurred in ensuring Defendants' compliance with the orders. Lastly, Plaintiffs' Counsel advocates for the incarceration of Jurisdictional Defendants until substantial compliance with the court's directives is achieved. *See* **Exhibit 2, May 17, 2024 Correspondence from Plaintiffs' Counsel to Defense Counsel.**

33.     On May 17, 2024, Plaintiffs' Counsel served their first set of twenty-nine (29) Subpoenas Duces Tecum.

34.     On May 29, 2024, Plaintiffs' Counsel modified these Subpoenas.

35.     On May 30, 2024, Plaintiffs Counsel served another set of twenty-eight (28) Subpoenas and on June 7, 2024, Plaintiffs' Counsel filed an additional two (2) Subpoenas.

36.     In addition to the persistent and unwarranted *ex parte* filings and superfluous motions, Plaintiffs' Counsel has engaged in venue shopping and has sought

sanctions in numerous other cases, including *Benjamin David v. Wealth Assistants LLC* and *Individual Claimants v. Wealth Assistants LLC*, both of which are currently in arbitration, the appropriate forum for this case as well. *See* Declaration of Shibley; Exhibit C.

## III.   ARGUMENT AND AUTHORITIES

37.   Plaintiff has moved for sanctions under the court's inherent power and under Federal Rules of Civil Procedure 37(b)(2)(C). Sanctions against the Defendants under the Court's inherent power are inappropriate because:

a.      Defendants substantially complied with the Court's order and did not willfully disobey;

b.      Any shortcoming of the Defendants' discovery responses was justifiable given the complexity of the case and expedited nature of the Court's order; and

c.      A total failure to respond is required before imposing sanctions. This is a complex case with twenty (20) defendants with multiple accounts, and Defendants substantially complied with the Court's order.

38.   Sanctions against Defense Counsel are inappropriate because no evidence exists that Defense Counsel is at fault for any perceived shortcomings in Defendants' discovery responses.

**A.** **Sanctions Under the Court's Inherent Power are Inappropriate Because the Defendants Substantially Complied with The Court's Order and Did Not Willfully Disobey the Court's Order**

39.    The court must exercise its inherent power to sanction "with restraint and discretion" because of its "very potency." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ; *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002); *In re First City Bancorporation*, 282 F.3d 864, 867 (5th Cir.2002).

40.    The court can only sanction under its inherent power for bad faith, willful disobedience of a court order, or fraud on the court. *Chambers*, 501 U.S. at 45–46; *See Holgate v. Baldwin*, 425 F.3d 671, 62 Fed. R. Serv. 3d 1077 (9th Cir. 2005); *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir.2021).

41.    The subjective bad faith required to warrant sanctions pursuant to the court's inherent power requires proof of deliberate fraud or wrongdoing. *S.E.C. v. Smith*, 798 F. Supp. 2d 412 (N.D. N.Y. 2011), stay pending appeal denied, 2011 WL 13136031 (N.D. N.Y. 2011) and aff'd in part, dismissed in part, 710 F.3d 87 (2d Cir. 2013). For example, in the Ninth Circuit, even recklessness is an insufficient basis for sanctions under the courts' inherent power. *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).

42.    While the court can usually authorize sanctions under its inherent power even when there are procedural rules or statutes that sanction the same conduct, the court should not rely on its inherent power if the conduct can be adequately sanctioned

under an FRCP or a statute. *See Chambers*, 501 U.S. at 49–50; *Schlafly v. Eagle Forum*, 970 F.3d 924, 936 (8th Cir.2020).

43.   TURNING TO THE PRESENT CASE, there is no evidence before the Court of bad faith, only unreasonable expectations given the complexity of the case and the expedited nature of the discovery process thus far. Defendants of substantially complied with every discovery request by Plaintiff's Counsel and have made numerous efforts to consult with Plaintiff's Counsel when he asked for additional discovery. These are not the acts of party acting in bad faith. *See* Declaration of Shibley; Exhibit A; Exhibit B.

44.   Discovery issues come up in simple cases with fewer parties and more time to do a thorough search for documents. Parties are supposed to work out those issues in an interactive process. That is what has happened here, as much as possible, and it falls far short of bad faith, willful disobedience, deliberate fraud, wrongdoing, or recklessness, as required by the Ninth Circuit. *See* Declaration of Shibley; Exhibit A; Exhibit B.

45.   Plaintiff's Counsel automatically assumes that the absence of responsive documents is proof of non-compliance, and that any discrepancy with previous discovery is proof of a conspiracy that includes opposing counsel. There are no jewel movements in life; instead, it is full of inconsistencies and mistakes. Discovery is supposed to be a process where parties sift through evidence to get to the right

information. Unfortunately, Plaintiff's Counsel abandoned that approach long ago. *See* Declaration of Shibley; Exhibit A; Exhibit B.

46.     Plaintiffs' Counsel's working assumptions have resulted in inappropriate requests for sanctions twice before. *See* Exhibit 1. This is abusive and unprofessional, particularly where there is no affirmative evidence showing any wrongful act by anyone, including Plaintiff Counsel.

47.     Plaintiffs' Counsels' efforts to obtain sanctions against Defendants have failed every time. This time should be no different. *See* Exhibit 1.

48.     Two other matters are worthy of note. First, Defendants accounts have been frozen. That means that whatever money is there will be there while this lawsuit proceeds. Moreover, records will be kept of any transactions made related to any funds in these accounts.

49.     Second, tracking down money is a familiar process. Plaintiff's Counsel has sent requests to Defendants, Defendants have responded as best they can, and will continue to supplement. The next step for Plaintiff's Counsel is to subpoena all the financial institutions named in Defendant's production, which he has done. The next step is to review the records produced by the financial institutions and track the movements of funds to and from those accounts and compare those to the production from Defendants. Those transaction records will confirm or disprove Defendants' position.

50.     The advantage of this process is that it is independent of the production by Defendants. No amount of foot stomping or indignation can force more production from either fully compliant parties, like Defendants, or parties committed to misleading the opposing party. Instead, the production that is received from Defendants is compared to the records maintained by third parties.

**B.      Sanctions Under Federal Rules of Civil Procedure 37(B)(2)(C) are Inappropriate Because Any Short Coming of the Defendants' Discovery Responses was Justifiable Given the Complexity of the Case and Expedited Nature of the Court's Order**

51.     Sanctions are inappropriate under Federal Rule of Civil Procedure 37(b)(2)(C) when the opposing party's nondisclosure, response, or objection was substantially justified. FRCP 37(b)(2)(C); *See*, for example, *Sik Gaek, Inc. v. Harris*, 789 F.3d 797, 800 (7th Cir.2015) (court did not award expenses where party from whom discovery was sought made significant efforts to satisfy opposing party's discovery requests); *Brewer v. Leprino Foods Co., Inc.*, 2019 WL 356657, at *5-7 (E.D. Cal. Jan. 29, 2019).

52.     TURNING TO THE FACTS AT HAND, Defendants' discovery responses were entirely justifiable given the number of Defendants involved (20), and the expedited nature of the Court's order. In short, Defendants did the best they could, and have shown themselves willing to supplement and meet Plaintiffs' Counsel's additional requests. Defendants are aware they have a continuing obligation to

1  supplement, and fully intend to fulfill that duty. *See* Declaration of Shibley; Exhibit

2  A; Exhibit B.

**C.    Sanctions Under Federal Rules of Civil Procedure 37(B)(2)(C) Would be Unjust Because a Total Failure to Respond is Required Before Imposing Sanctions. This Is a Complex Case with Twenty (20) Defendants with Multiple Accounts, and Defendants Substantially Complied with the Court's Order.**

53.    Sanctions are also inappropriate when other circumstances make sanctions unjust. FRCP 37(b)(2)(C); *See*, *Leprino Foods Co., Inc.*, 2019 WL 356657, at *5-7; *Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982); *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 324 (5th Cir. 2023). The Ninth Circuit *requires a total failure to respond* before sanctions can be awarded under Rule 37(b). *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1339–40 (9th Cir.1985).

54.    Defendants' substantial compliance with the Court's order and Plaintiffs' discovery requests forecloses sanctions as a matter of Ninth Circuit law. *See* Declaration of Shibley; Exhibit A; Exhibit B. Because Defendants have substantially complied, they have not totally failed to respond. Plaintiffs' Counsel may be dissatisfied with the production so far, even very dissatisfied, but the Ninth Circuit holds that only total failure is sufficient.

**D.    Sanctions Against Defense Counsel are Inappropriate Because No Evidence Exists That Defense Counsel is at Fault for Any Perceived Shortcomings in Defendants' Discovery Responses**

55.    TURNING TO THE FACTS AT HAND, the party against whom the sanctions are applied must be at fault before any sanction can be applied. *U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980) (citing

- 18 -

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)).

56.     There is no evidence before the court that Defense Counsel has done anything wrongful or that would make them at fault. *See* Declaration of Shibley; Exhibit A; Exhibit B. The absence of evidence should never be used as evidence in matters as serious as the imposition of sanctions.

57.     TURNING TO THE FACTS AT HAND, even if Plaintiffs' Counsel finds inconsistencies between documents and information produced by Defendants, that does not mean that Defense counsel did not follow proper procedures for gathering those documents and information.

58.     The more likely reason that Plaintiffs' Counsel is asking the Court to let him make Plaintiffs' Counsel pay is he knows that the Defendants likely have no assets to satisfy daily penalties (which are not warranted in this case; see below). The Defendants' lack of assets is not a fact suggesting fault on the part of Defense Counsel and cannot justify sanctions against Defense Counsel.

**E.     Any Sanctions Imposed Should be Lenient Because Courts Use Less Stringent Sanctions When They Would be Reasonably Suited to Deter the Acts in Question**

59.     In imposing discovery sanctions, courts consider both sufficiency of less stringent sanctions and need for deterrence. *Satcorp Intern. Group v. China Nat. Import & Export Corp.*, 917 F.Supp. 271 (S.D.N.Y.1996), vacated in part 101 F.3d 3.

60.     Discovery sanctions may serve dual purposes of deterrence and compensation, but punishment should be reasonably suited to crime whether deterrence or compensation is the goal. *In re Williams*, Bkrtcy.D.R.I.1995, 188 B.R. 721, affirmed in part, vacated in part 215 B.R. 289, appeal dismissed 156 F.3d 86, rehearing and suggestion for rehearing en banc denied 158 F.3d 50, certiorari denied 119 S.Ct. 905, 525 U.S. 1123, 142 L.Ed.2d 904.

61.     A court may impose a severe sanction only when the party's conduct has substantially prejudiced the opposing party. E.g., *FDIC v. Conner*, 20 F.3d 1376, 1380–81 & n.3 (5th Cir.1994) (violation of order compelling answers to interrogatories did not prejudice opposing party enough to justify dismissal of claims); *See* e.g., *Bass v. Jostens, Inc.*, 71 F.3d 237, 241–42 (6th Cir.1995) (complete refusal to answer interrogatories for over a year hindered other party's ability to conduct discovery); *See* also *Wilson v. Volkswagen*, 561 F.2d 494, 504–05 (4th Cir. 1977) (amount of prejudice necessarily includes inquiry into materiality of evidence not produced).

62.     A court should not impose a severe sanction if a lesser sanction would provide adequate deterrence. *CEATS, Inc.*, 71 F.4th at 324–25; *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005); *Founding Ch. of Scientology v. Webster*, 802 F.2d 1448, 1459 (D.C. Cir. 1986); *Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013).

63.    TURNING TO THE FACTS AT HAND, given the complexity of the case, the expedited nature of the discovery process so far, Defendants' substantial performance with the Court's order, and Defendants' efforts to confer with Plaintiffs' Counsel to satisfy his requests, only the most lenient sanction is appropriate here. **Declaration of Shibley; Exhibit A; Exhibit B.** Even payment of Plaintiffs' attorney fees seems heavy handed given that Plaintiffs' Counsel has a pattern of filing motions for sanctions that are inappropriate, as is the case here.

## IV.    CONCLUSION

64.    Based on the foregoing and for good cause shown, Defendants respectfully request that this Court deny Plaintiffs' Motion for Sanctions Against Jurisdictional Defendants and for such other and further relief to which the Defendants may show themselves to be justly entitled.

 Dated:        June 7, 2024.                    Respectfully submitted,

                                  By: */s/ William H. Shibley*
                                  William H. Shibley

1
2
3
4
5

**CERTIFICATE OF COMPLIANCE**

6
7

The undersigned, counsel of record for Defendants, certifies that this Motion contains 3,603 words, which complies with the word limit of L.R. 11-6.1

8

By: */s/ William H. Shibley*

9

William H. Shibley

10
11
12

**CERTIFICATE OF SERVICE**

13
14
15
16

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service in this court on this ***June 7, 2024***, via email as follows:

17
18

By: */s/ William H. Shibley*

19

William H. Shibley

20
21
22
23
24
25
26
27
28

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS