WILLIAM H. SHIBLEY
California State Bar No. 56093
**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road
Suite 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (281) 783-8565
*litigation@lloydmousilli.com*

**ATTORNEYS FOR DEFENDANTS**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISTRICT**

| | |
|---|---|
| **DAVID HOUGH, et al.** *Plaintiffs,* <br><br> v. <br><br> **RYAN CARROLL, et al.** *Defendants.* | Case No.: 2:24-cv-02886 <br><br> Assigned for all purposes to: JUDGE WESLEY L. HSU <br><br> **WILLIAM SHIBLEY'S AFFIDAVIT IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS AGAINST JURISDICTIONAL DEFENDANTS** <br><br> Hearing: 6/28/24, 1:30 p.m. PT <br><br> Action Filed: April 9, 2024 <br> Trial Date: N/A <br> Trial Date: N/A |

BEFORE ME, the undersigned authority, on this day personally appeared **William Shibley**, and being duly sworn upon his oath by me, deposed and stated as follows:

- 1 -

WILLIAM SHIBLEY'S AFFIDAVIT IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS AGAINST JURISDICTIONAL DEFENDANTS

1. "My name is **William Shibley**. I am an attorney licensed to practice before this court and have been an attorney since June of 1973. I am of sound mind and fully capable to make this Affidavit. The facts set forth herein are based on my personal knowledge and are true and correct.

2. I had no prior knowledge of the parties involved or opposing counsel before April 26, 2024.

3. On April 26, 2024, I entered as Counsel for Jurisdictional Defendants. *See* Dkt. 32.

4. I familiarized myself with the case by reviewing Plaintiffs *Ex Parte* Application for a Temporary Restraining Order (**"TRO"**), Jurisdictional Defendants' Opposition to the TRO (**"Opposition"**), and Plaintiffs' Reply Supporting TRO. *See* Dkt. 9, 13, and 15 (**"Reply"**). Based upon my review, Texas Counsel, Lloyd & Mousilli, PLLC (**"L&M"**) would provide all information required of the Orders set forth.

5. On April 29, 2024, I attended the Hearing on Temporary Injunction, where I met Plaintiffs' counsel, Nico Banks (**"Mr. Banks"**) for the first time.

6. On May 1, 2024, I reviewed the court's Order Regarding Plaintiffs' Motion for Leave to Conduct Expedited Discovery and later reviewed the discovery propounded by Plaintiffs' counsel. *See* Dkt. 42.

7. L&M obtained and produced the copies of the Jurisdictional Defendants' tax returns on April 24, 2024. Michael Day's 2022 Tax Return was missing, in the original production but was later supplemented, on May 17, 2024.

8. Additionally, attached as Exbibit C is a true and correct copy of a letter Defense Counsel received from Gary McHenry, the accountant who prepared Max K. Day's personal and company returns.

9. As to the issue of the tax returns, the client's produced everything the Plaintiffs requested. If Plaintiffs believe that the returns are not true and correct copies, Mr. Banks has submitted no evidence to support that contention.

10. On May 11, 2024, Jurisdictional Defendants responded to Plaintiffs' Interrogatory. *See* **Exhibit A, Email Correspondence between Allauna Gluski and Mr. Banks.**

11. On May 12, 2024, Mr. Banks complained that the tax returns provided were not sufficient, even though all tax returns were produced with the exception of Michael Day's 2022 tax return (later produced on May 17, 2024).

12. On May 14, 2024, Mr. Banks sent an email stating:

> "Also, please consider this our final meet-and-confer regarding the discovery deficiencies we discussed last week. If those are not resolved within the next 48 hours, I plan to file a motion for sanctions or contempt (unless you provide an explanation for why something is not feasible to resolve in the next 48 hours, and you resolve everything that is feasible)."

> If you confirm that the tax returns you produced are the same as the ones that were filed with the IRS, then I'm willing to drop the signatures issue. But, the other tax return deficiencies remain outstanding, along with the interrogatory response deficiencies.

13. On May 15, 2024, I responded to him:

> "I have reviewed your request email and I am somewhat concerned. I was not a party to your prior discussions. I am uncertain as to the nature of your request for further response. Please set forth "the discovery deficiencies we discussed last week." We will attempt to resolve all discovery issues, but I must ask you to specify exactly what those deficiencies are. In this regard, I consider your letter at best ambiguous. As to the tax returns, it is my understanding that those are true and correct copies of the returns which have been filed.

> I am again uncertain what you mean by "the other tax return deficiencies remain outstanding." Please specify exactly what you mean, and we will do our best to resolve those issues.

> As you are aware, the clients are in Texas as are the balance of the staff and attorneys. If you would set forth each deficiencies which you believe exist, we will address them."

14. Rather than providing a simple response, he referred to "email threads that list discovery deficiencies."

15. On May 15, 2024, Mr. Banks stated that he wanted more information by the next day.

- 3 -

WILLIAM SHIBLEY'S AFFIDAVIT IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS AGAINST JURISDICTIONAL DEFENDANTS

16. On May 15, 2024, I responded asking for further information. When I still had questions about what was needed, his response was, "We're at an impasse. I've shown plenty of patience regarding these urgent discovery matters, and I plan to move for sanctions now."

17. It would take minimal effort to provide that information, but he was not interested in resolving his claim of discovery inadequacies. We even arranged an online video conference to try to iron out our differences, but Mr. Banks wants his motion for sanctions. *See* **Exhibit B, Email Correspondence between William Shibley and Mr. Banks.**

18. On May 17, 2024, Mr. Banks and I conferred regarding discovery via email. It was my impression that the discovery issues at hand had been resolved. Later that day, I received another email concerning more alleged deficiencies.

19. On May 17, 2024, Jurisdictional Defendants sent supplemental responses to Plaintiffs' discovery.

20. On May 17, 2024, Plaintiffs prepared thirty-two (32) subpoenas duces tecum as a result of the discovery he obtained

21. On May 29, 2024, Mr. Banks served a set of revised subpoenas.

22. On June 7, 2024 Mr. Banks served yet another two (2) subpoenas.

23. Neither anyone at L&M nor I have ever refused to cooperate with Mr. Banks regarding discovery. We have made repeated efforts to meet his requests.

24. I firmly believe that discovery disputes can and should be resolved between the parties without court intervention. By adhering to established procedures and clearly outlining the specific requests, the issue should have been resolved without the need for court intervention.

I declare under the laws of the State of California that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
**WILLIAM SHIBLEY**

- 4 -

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service in this court on this **June 7, 2024**, via email as follows:

*/s/ William Shibley*
William Shibley

- 5 -

WILLIAM SHIBLEY'S AFFIDAVIT IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS AGAINST JURISDICTIONAL DEFENDANTS