Nico Banks (CA SBN:344705)
**BANKS LAW OFFICE**
712 H St NE, Unit #8571
Washington, DC 20002
Tel.: 971-678-0036
Email: nico@bankslawoffice.com

Richard A. Nervig (CA SBN:226449)
**RICHARD A. NERVIG, P.C.**
501 West Broadway, Suite 800
San Diego, CA 92101
Phone: 760-451-2300
Email: richard@nerviglaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH; *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> RYAN CARROLL; *et al.* <br><br> Defendants. | Case No.: 2:24-cv-02886-WLH <br><br> **PLAINTIFFS' REPLY SUPPORTING MOTION FOR SANCTIONS** <br><br> Hearing: June 28, 2024, 1:30 pm <br> Assigned Judge: Hon. Wesley L. Hsu <br> Trial Date: N/A |

**PLAINTIFFS' REPLY SUPPORTING MOTION FOR SANCTIONS**

- 1 -

Defendants[1] *still* have not disclosed the required information for the specific assets—worth millions of dollars—that appeared in Defendants' tax returns but were missing from Defendants' disclosures. (*See* Plaintiffs' Motion for Sanctions—referred to herein as the "Motion"—at 13-14). Defendants' Opposition to Plaintiffs' Motion for Sanctions ("Opposition" or "Opp.") implicitly acknowledges the "inconsistencies" in Defendants' disclosures, (Opp. at ¶ 7, 57), but Defendants have provided no explanation for them or made any attempt to correct them. Defendants also acknowledge that they are refusing to remove the critical improper redactions—such as full redactions of employer identification numbers—from the tax returns they produced. (Opp. at ¶ 32).

Yet, Defendants assert that they have "responded as best they can" to the Court's discovery orders. (Opp. at ¶ 49). That assertion would be laughable if Defendants' bad faith did not have severe consequences for their 600+ victims, many of whom are desperate to recover their stolen life savings.

The remainder of this brief addresses seven specific arguments and assertions in the Opposition.

First, Defendants assert that "Plaintiffs have asked for a voluminous number of financial records, something quite foreseeable in a situation with twenty (20) different Defendants, some with multiple financial accounts." (Opp. at ¶ 3; *see also* Opp. at ¶

---

[1] "Defendants" refers to the Original Jurisdictional Defendants: Ryan Carroll, Max K. Day, Max O. Day, Michael Day, Yax Ecommerce LLC, Precision Trading Group, LLC, and WA Distribution, LLC. As noted in Plaintiffs' Motion for Sanctions, those are the only targets of the Motion.

52 ("Defendants' discovery responses were entirely justifiable given the number of Defendants involved (20)")). Plaintiffs, however, have not asked for a "voluminous number of financial records" from Defendants, and none of Plaintiffs' requests are directed to "twenty (20) different Defendants." Plaintiffs only requested—and the Court subsequently ordered—that four individual defendants and three entity defendants (all of whom are controlled by the four individual defendants) urgently identify the assets they have held since 2022 and produce their tax returns. If Defendants attempted to substantially comply with those tasks in good faith, it would likely take only a few hours. There is no excuse for failing to substantially comply with the Court's emergency discovery order many weeks after the deadline.

Second, Defendants assert:

> Plaintiff Counsel has made two prior requests for sanctions in other related cases based on the same assumptions of bad faith in discovery when he does not get what he wants and assumes what he wants exists. *Benjamin David v. Wealth Assistants LLC* and *Individual Claimants v. Wealth Assistants LLC*. He has been denied each time.

(Opp. at ¶ 10). That is not true. To be sure, Plaintiffs did request sanctions in *Benjamin David v. Wealth Assistants*, but in that pending case, the arbitrator deferred ruling on Plaintiffs' request for sanctions until later in the proceeding. (Banks Dec. ¶ 1). He has never suggested that he would deny the request. (Banks Dec. ¶ 2). To the contrary, at the last pre-hearing conference, he told Defendants that he did not like issuing sanctions, but that Defendants' counsel needed to warn their clients that it was vital for them to comply with their discovery obligations. (Banks Dec. ¶ 3).

Moreover, Plaintiffs never requested sanctions in *Individual Claimants v. Wealth Assistants LLC*, which is a now-dismissed mass-arbitration that was filed with the American Arbitration Association but never assigned to an arbitrator. (Banks Dec. ¶ 4).

Third, in paragraph 30 of their Opposition, Defendants assert that:

> On May 17, 2024, Plaintiffs' Counsel and Defense Counsel held discussions regarding discovery, during which both parties appeared to have resolved the pertinent discovery issues. However, later that same day, Plaintiffs' Counsel changed their position and insisted on further discovery. *See Declaration of Shibley; Exhibit A; Exhibit B*.

(Opp. at ¶ 30). Neither the declaration nor the exhibits that Defendants cite in paragraph 30 support the assertions in that paragraph, and those assertions are untrue. Specifically, it is not true that the parties "appeared to have resolved the pertinent discovery issues" at the May 17, 2024 videoconference. (Motion at 10-11). As described in Plaintiffs' Motion for Sanctions, that videoconference largely consisted of Plaintiffs' counsel reviewing Defendants' re-production (which Defendants sent Plaintiffs only a few minutes before the videoconference began) and pointing out to Defendants the numerous obvious and critical deficiencies in that re-production. (*Id.*) It is also not true that "later that same day, Plaintiffs' Counsel changed their position and insisted on further discovery." Plaintiffs pointed out Defendants' discovery deficiencies during or prior to the videoconference and had no correspondence with Defendants later that day. (Banks Dec. ¶ 6).

Fourth, Defendants argue that "Defendants accounts have been frozen. That means that whatever money is there will be there while this lawsuit proceeds." (Opp. at ¶ 15). The reality, however, is that Defendants may disobey the asset-freeze order, just as they have disobeyed the Court's asset-disclosure orders. That is why the Courd-ordered asset disclosures have been, and remain, urgent.

Fifth, Defendants seem to argue that Plaintiffs can obtain any necessary additional information about Defendants' assets via the subpoenas that Plaintiffs issued to Defendants' financial institutions. But as Plaintiffs have previously told Defendants, obtaining information from the financial institutions often requires the information that Defendants have illegally withheld, such as the last four digits of employer identification numbers, which Defendants redacted from their production of tax returns.

Sixth, Defendants argue that "The Ninth Circuit requires a total failure to respond before sanctions can be awarded under Rule 37(b)." (Opp. at ¶ 53, citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1339–40 (9th Cir.1985)). But the case Defendants cite in support of that assertion, *Fjelstad*, actually contradicts Defendants' assertion by holding that the district court was entitled to impose sanctions pursuant to Rule 37(b) against a corporation that had responded partially— but incompletely—to interrogatories that the Court ordered the corporation to answer (although the district court erred by entering a judgment of liability against the

disobedient party because that sanction was too harsh under the circumstances). *Fjelstad*, 762 F.2d at 1339, 1342-43.

Seventh, Defendants assert that "there is no evidence before the court that Defense Counsel has done anything wrongful or that would make them at fault." (Opp. at ¶ 56). Plaintiffs, however, have in fact provided evidence of Defense Counsel's wrongdoing. For example, Defendants' counsel has inappropriately redacted tax returns to hide information that would have helped third-party financial institutions identify Defendants' accounts (such as employer-identification numbers).

More generally, "[t]he Federal Rules impose an affirmative duty upon lawyers to engage in discovery in a responsible manner and to conduct a 'reasonable inquiry' to determine whether discovery responses are sufficient and proper." *Qualcomm Incorporated v. Broadcom Corporation*, No. 05cv1958-B (BLM), [DOC. NOS. 489, 540, 599, 614], at *27 (S.D. Cal. Jan. 7, 2008) (citing Fed. R. Civ. P. 26(g)). Defendants' counsel clearly has not complied with that duty.

## CONCLUSION

For the reasons discussed in this Reply and in Plaintiffs' Motion for Sanctions, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Sanctions.

Dated: June 14, 2024

/S/ Nico Banks
Nico Banks (CA SBN:344705)
**BANKS LAW OFFICE**
712 H St NE, Unit #8571
Washington, DC 20002
Tel.: 971-678-0036
Email: nico@bankslawoffice.com

Richard A. Nervig (CA SBN:226449)
**RICHARD A. NERVIG, P.C.**
501 West Broadway, Suite 800
San Diego, CA 92101
Phone: 760-451-2300
Email: richard@nerviglaw.com

*Attorneys for Plaintiffs*

# WORD COUNT COMPLIANCE CERTIFICATION

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains fewer than 7,000 words, which complies with the word limit of L.R. 11-6.1

/s/Nico Banks
Nico Banks
Dated: June 14, 2024

# CERTIFICATE OF SERVICE

On June 14, 2024, I served this motion and accompanying papers via first-class mail to the parties listed below with addresses below their names, and via email to the parties with email addresses below their names:

JARED DAY;
19710 Chara Ct,
Cypress, TX 77433

MATTHEW CROUCH;
9566 Greiner Rd,
Clarence, NY 14031

CHRISTINE CARROLL;
11298 Snow View Ct,
Yucaipa, CA 92399

TRAVIS MARKER; THE LAW OFFICE OF TRAVIS R. MARKER, A PROFESSIONAL CORPORATION (D.B.A. "MARKER LAW AND MEDIATION"); & PARLAY LAW GROUP A PROFESSIONAL CORPORATION
333 2nd St.
Suite 16,
Ogden, UT, 84404

REYHAN PASINLI
26800 Aliso Viejo Pkwy
Ste 130,
Aliso Viejo, Ca 92656

TOTAL-APPS, INC.
Via email to its attorney Geoffrey Brethen at gbrethen@wattslawyers.com

TROY MARCHAND & QUANTUM ECOMMERCE
Via email to their attorney Marc Reich at mgr@reichradcliffe.com

BONNIE NICHOLS & WHOLESALE UNIVERSE;
Via email to their attorney Brad Geyer at bradford.geyer@formerfedsgroup.com

WELLS FARGO N.A.
Via email to its attorney Dave Gettings at Dave.Gettings@troutman.com

I declare under penalty of perjury under the laws of the State of California that the foregoing statements in this Certificate of Service are true and correct.

/s/Nico Banks
Nico Banks
Dated: June 14, 2024