1  WILLIAM H. SHIBLEY
2  California State Bar No. 56093
   **LLOYD & MOUSILLI, PLLC**
3  11807 Westheimer Road
4  Suite 550 PMB 944
   Houston, TX 77077
5  Tel: (512) 609-0059
6  Fax: (281) 783-8565
   *litigation@lloydmousilli.com*
7
   **ATTORNEYS FOR DEFENDANTS**
8
9                    **UNITED STATES DISTRICT COURT**
                      **CENTRAL DISTRICT OF CALIFORNIA**
10                              **WESTERN DISTRICT**

11
12  DAVID HOUGH; ET AL                  | Case No.: 2:24-cv-02886-WLH
13           *Plaintiffs*,              | Assigned for all purposes to:
14                                      | JUDGE WESLEY L. HSU
15  v.                                  | **JURISDICTIONAL DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; AND WA DISTRIBUTION LLC'S OMNIBUS OBJECTIONS TO PLAINTIFFS' SUBPOENAS AND MOTION TO QUASH OR MODIFY PLAINTIFFS' SUBPOENAS**
16
17
18  RYAN CARROLL; ET AL
19           *Defendants*.
20
21
22
23                                      | Hearing: 7/12/24, 1:30 PM PT
24                                      | Action Filed: April 9, 2024
25                                      | Trial Date: N/A
26
27
28
- 1 -

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 12, 2024, at 1:30 p.m. or as soon thereafter as this matter may be heard before Judge Wesley L. Hsu in the above-entitled Court, located at 350 W. 1ST Street, Los Angeles, CA 90012. Jurisdictional Defendants Ryan Carroll; Max K. Day; Max O. Day; Michael Day; Yax Ecommerce LLC; Precision Trading Group, LLC; and WA Distribution LLC (the **"Original Jurisdictional Defendants"**) will and hereby do move this Court for (1) An Order quashing Plaintiffs David Hough, Amund Thompson, Isabel Ramos, Anthony Ramos, and Michael Nibarger (**"Plaintiffs"**) Subpoenas, or in the alternative, ordering Plaintiffs to modify said Subpoenas to comply with the terms of the Discovery Order.

This Motion is made pursuant to FED. R. CIV. P. 45(d)(3) and on the grounds that Plaintiffs have no authority to issue subpoenas outside of the Court's Express Order.

Dated: June 14, 2024.
       Long Beach, CA

Respectfully submitted,

By: */s/ William H. Shibley*
William H. Shibley
Attorney-in-Charge

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... - 3 -
MEMORANDUM OF POINTS AND AUTHORITIES ...................................... - 4 -
   I.   FACTUAL AND PROCEDURAL BACKGROUND .................................. - 4 -
   II.  ARGUMENT AND AUTHORITIES ............................................................ - 9 -
     A.  Plaintiffs Have No Authority to Issue Subpoenas Outside of the Court's Express Order ................................................................................................. - 9 -
     B.  Plaintiffs' Subpoenas Exceeded the Scope of the Discovery Order ......... - 11 -
     C.  The Court Has Authority to Modify or Quash the Subpoenas ................. - 12 -
   III.  CONCLUSION ........................................................................................... - 14 -
CERTIFICATE OF COMPLIANCE .................................................................. - 15 -
CERTIFICATE OF CONFERENCE .................................................................. - 15 -
CERTIFICATE OF SERVICE ............................................................................ - 15 -

# TABLE OF AUTHORITIES

**Cases**
*Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063 (C.D. Cal. 2009) ....................... - 9 -
*Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010) ........... - 13 -
*Dimension Data N. Am. v. NetStar–1, Inc.*, 226 F.R.D. 528 (E.D.N.C.2005) ........ - 10 -
*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4 (D.D.C.2006) ................................................................................ - 10 -
*Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618 (N.D.Ill.2000) .. - 9 -
*Packaging Corp. of Am. v. Bonert's, Inc.;* No. 816CV00818JVSKSX, 2019 WL 1123165 (C.D. Cal Mar. 11, 2019) ................................................................. - 13 -
*Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418 (D.Colo.2003) ................................................................................................... - 9 -
*Schmulovich v. 1161 Rt. 9 LLC*, Civil Action No. 07–597(FLW), 2007 WL 2362598 (D.N.J. Aug. 15, 2007) .................................................................... - 13 -
*Transcore, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588 (D. Kan. 2003) ............ - 13 -

**Statutes**
Fed. R. Civ. P. Rule 26(d) ................................................................... - 9 -, - 10 -
Fed. R. Civ. P. 45(d)(3) ........................................................................... - 12 -

JURISDICTIONAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SUBPOENAS AND MOTION TO QUASH OR MODIFY PLAINTIFFS' SUBPOENAS

COME NOW **SPECIALLY APPEARING ORIGINAL JURISDICTIONAL DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; WA DISTRIBUTION LLC**, and hereby files *Jurisdictional Defendants' Objections to Plaintiffs' Subpoenas and Motion to Quash or Modify Plaintiffs' Subpoenas* (**"Objections"**) and respectfully shows the Court as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1. On April 9, 2024, Plaintiffs filed a Complaint against twenty (20) separate Defendants. *See* Dkt. 1.

2. Plaintiffs asserted causes of action for conspiracy to commit fraud, fraudulent transfers, conspiracy to violate California Business and Professions Code §17200, and violations of securities laws, despite the fact that they each have valid written contracts that prohibit such claims. *See* Dkt. 40.

3. On April 9, 2024, Plaintiffs also filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause regarding a Preliminary Injunction (**"Application"**), seeking the extraordinary remedy of a freeze on all of the Defendants' assets pre-judgment as well as a disclosure of all their financial information pre-judgment. *See* Dkt. 9.

4. On April 11, 2024, Defendants filed an Opposition to Plaintiffs' Application (**"Opposition"**) on the grounds that (a) this Court lacked personal jurisdiction over the Defendants; (b) the case should be compelled to binding arbitration pursuant to the Plaintiffs' written contracts; (c) Plaintiffs failed to establish a likelihood of success on the merits on any of their claims; (d) Plaintiffs' evidence of alleged representations outside the written contracts constituted inadmissible parol evidence; and other factors. *See* Dkt. 13.

5. On April 15, 2024, this Court issued a Temporary Restraining Order (**"TRO"**), which held that the Court did not have personal jurisdiction over any of the Defendants apart from the Defendants Ryan Carroll; Max O. Day; Max K. Day; Michael Day; Yax Ecommerce LLC; WA Distribution LLC; and Precision Trading Group, LLC based upon the facts available to the Court at the present time. *See* Dkt. 17.

6. On April 25, 2024, Plaintiffs filed their *Ex Parte* Motion for Leave to Conduct Expedited Discovery (**"Discovery Motion"**). *See* Dkt. 25.

7. On April 26, 2024, the Original Jurisdictional Defendants submitted their Supplemental Brief in Opposition to Plaintiffs' Application (**"Supplemental Brief"**) in accordance with the Court's Minute Order. *See* Dkt. 31.

8. On April 28, 2024, the Original Jurisdictional Defendants filed a Motion to Compel Arbitration and a Motion to Stay. *See* Dkt. 34. For purposes of judicial

efficiency, Defendants hereby incorporate by reference the arguments previously made in their previously filed Opposition (Dkt. 13), their Supplemental Brief (Dkt. 31), and their Motion to Compel Arbitration (Dkt. 34) and will not be restating all of the arguments in their Opposition and Supplemental Brief here.

9.  On April 30, 2024, Defendants filed their original Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. *See* Dkt. 40. As set forth in Defendants' Opposition and the Jurisdictional Defendants' Motion to Compel Arbitration, this Court lacks personal jurisdiction over the Defendants and Plaintiffs have failed to state a claim upon which relief may be granted on any of their causes of action.

10. On May 1, 2024, the Court granted Plaintiffs' Discovery Motion, in part, and ordered that Plaintiffs were permitted to serve an interrogatory "requiring Jurisdictional Defendants to identify and describe any assets that, since May of 2022, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant." *See* Dkt. 42 (**"Discovery Order"**). The Court also ordered that "Plaintiffs are given leave to issue subpoenas to third-party financial institutions, requiring those institutions to produce account

statements dating back to May of 2022, for any accounts that are required to be identified in the interrogatory discussed immediately above." *Id.*

11. On May 1, 2024, Plaintiffs' Counsel served their Interrogatory and First Request for Production of Documents and Information to Original Jurisdictional Defendants.

12. On May 11, 2024, Defense Counsel served the Original Jurisdictional Defendants' Response to Plaintiffs' Interrogatory and First Request for Documents and Informational to Plaintiffs.

13. On May 17, 2024, Plaintiffs served their first set of twenty-nine (29) Subpoenas Duces Tecum (the **"Original 29 Subpoenas"**). Plaintiffs served subpoenas to the following entities: (1) Amazon.com, Inc., (2) Arrowhead Credit Union; (3) Bank of America Corporation; (4) BitGo Holdings, Inc. (5) Bluevine Inc.; (6) Capital One Financial Corporation; (7) Choice Financial Holdings, Inc.; (8) Citigroup Inc.; (9) Coinbase Global, Inc.; (10) Credit Carma Savings/MVB Bank; (11) Edward D. Jones & Co., L.P.; (12) Evolve Bancorp, Inc.; (13) Fidelity Investments; (14) First Citizens Bank; (15) HSBC Bank USA; (16) JP Morgan Chase & Co.; (17) Live Oak Bank; (18) Middlsesex Federal Savings, F.A.; (19) Northwestern Mutual Wealth Management Company; (20) Priority Union Trust; (21) Prosperity Bancshares; (22) Quility Holdings LLC; (23) TD Bank; (24) Thread Bank Corp.; (25) Transamerica Life Insurance Company; (26) Truist Financial

Corporation; (27) U.S. Bancorp; (28) Wells Fargo Bank N.A.; and (29) Zions Bancorporation.[1]

14.   As the Original 29 Subpoenas vastly exceeded the limited scope permitted by the Court in the Discovery Order, Defense Counsel wrote Plaintiffs' Counsel and requested that Plaintiffs agree to modify their subpoenas in accordance with the terms of the Court's Discovery Order, but he refused.

15.   On May 29, 2024, Plaintiffs served twenty-eight (28) modified Subpoenas for the original twenty-nine (29) subpoenaed entities.[2] However, the terms of the modified Subpoenas were nearly identical and still exceeded the scope of the Discovery Order. Thus, Defense Counsel again attempted to meet and confer with Plaintiffs' Counsel later on May 29, 2024, and requested that he modify the subpoenas to comply with the Discovery Order, but he once again refused. On June 7, 2024, Plaintiffs' Counsel filed two (2) additional modified subpoenas to Capital One and Citi Bank, which also still exceed the terms of the Discovery Order.[3] The two modified subpoenas served on June 7, 2024 and the 29 modified subpoenas served on May 29, 2024 are hereinafter collectively referred to as the **"Subpoenas"**.

---

[1] The Original 29 Subpoenas are attached hereto as **Exhibit A**.
[2] The twenty-eight (28) modified subpoenas served by Plaintiffs on May 29, 2024 are attached hereto as **Exhibit B**.
[3] The two (2) modified subpoenas served by Plaintiffs on June 7, 2024 are attached hereto as **Exhibit C**.

16. The Original Jurisdictional Defendants thus hereby file their Objections to Plaintiffs' Subpoenas and Motion to Quash or Modify Plaintiffs' Subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3).

## II. ARGUMENT AND AUTHORITIES

**A.    Plaintiffs Have No Authority to Issue Subpoenas Outside of the Court's Express Order**

17. "Rule 26(d) of the Federal Rules of Civil Procedure generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f)." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (citations omitted). However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of "good cause." *Id.*; (Citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003) [The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."]; *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D.Ill.2000) ["Expedited discovery is not the norm.  Plaintiff must make some *prima facie* showing of the need for the expedited discovery."]).

18. "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

- 9 -

JURISDICTIONAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SUBPOENAS AND MOTION TO QUASH OR MODIFY PLAINTIFFS' SUBPOENAS

19. "[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Id.* at 1066-1067. (*Citing Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C.2006) ["Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo. They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it."]; *Dimension Data N. Am. v. NetStar–1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C.2005) (denying request for expedited discovery in part because "the discovery requested is not narrowly tailored to obtain information relevant to a preliminary injunction determination" and because "plaintiff has not made an adequate showing that it will be irreparably harmed by delaying the broad-based discovery requested until after the initial conference between the parties pursuant to Rule 26").

20. It is clear from Rule 26, the well-established case law, and this Court's Order that Plaintiffs had no authority to serve subpoenas or any other written discovery prior to the Rule 26(f) conference, absent the limited Discovery Order issued by the Court. Yet, Plaintiffs issued broad-sweeping subpoenas to 29 entities that far exceed the scope of the Court's Discovery Order.

B.   **Plaintiffs' Subpoenas Exceeded the Scope of the Discovery Order**

21.   The attachment for all of Plaintiffs' Subpoenas, which states the scope of said Subpoenas is identical. *See* Attachment A to Exhibit B. The Subpoenas request that the subpoenaed entities produce "[a]ll documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A … "Documents" includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents." *Id*. The Discovery Order unambiguously limited this discovery to account statements for assets identified in response to Plaintiffs' Interrogatory from May of 2022 to the present. Yet, in direct contradiction to the terms of the Discovery Order, Plaintiffs are insisting upon seeking discovery of all documents reflecting "action upon assets or accounts," including "wire transfer records, checks, correspondence, and account opening documents." *Id*.

22.   The list of individuals and entities for which Plaintiffs are seeking financial records from the subpoenaed entities also includes all Defendants in this litigation and numerous individuals and entities who are not even a party to this litigation, not just the Original Jurisdictional Defendants, as permitted by the Court. The Subpoenas also seek records from numerous entities, who not only were not identified in response to the Interrogatory, but who are not even banks or financial institutions. For example, Plaintiffs seek to subpoena records from Stripe, Inc. and

Total-Apps, Inc., who are payment processors who process credit cards and other payment methods for businesses, not financial institutions that hold funds. *See* Ex. B. Plaintiffs also seek records from Quickbooks, which is an accounting software application, and HubSpot, which is a marketing and sales software application. The terms of the Discovery Order were clear, yet Plaintiffs refuse to abide by it and have cast a much wider net than the one permitted by the Court.

23. Further, Plaintiffs improperly include a plethora of personal information about each of the Defendants, including confidential financial information in their Subpoenas. There is no legitimate reason for the inclusion of this information in a subpoena, which should be a simple and straightforward request for account statements for previously identified financial accounts.

**C.   The Court Has Authority to Modify or Quash the Subpoenas**

24. Pursuant to Federal Rule of Civil Procedure 45(d)(3), a Court may quash or modify a subpoena that "requires disclosure of privileged or other protected matter … or (iv) subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3). The subpoenaed records involve the Defendants' personal and confidential financial information and is far beyond the limited expedited discovery permitted by this Court. Thus, the Original Jurisdictional Defendants request that the Court quash the Subpoenas or order that Plaintiff modify them to comply with the express terms of the Discovery Order.

Jurisdictional Defendants' Objections to Plaintiffs' Subpoenas And Motion to Quash or Modify Plaintiffs' Subpoenas

25. In meeting and conferring with Plaintiffs' Counsel, he claims that the Original Jurisdictional Defendants lack standing to challenge these subpoenas, however this is flatly incorrect. While "[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action," a party does have standing if "the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (collecting cases). In *Crispin*, this District specifically cited to a case from another district wherein the court held that "[p]ersonal rights claimed with respect to bank account records give a party sufficient standing to challenge a third-party subpoena served upon financial institutions holding such information." *Schmulovich v. 1161 Rt. 9 LLC*, Civil Action No. 07–597(FLW), 2007 WL 2362598, *2 (D.N.J. Aug. 15, 2007). Numerous other district courts have also held that parties have standing to quash or modify subpoenas which seek their financial information, including bank records. *See, e.g., Transcore, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (finding that the defendant has a "personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas"). Further, this District, in *Packaging Corp. of Am. v. Bonert's, Inc.*, held that a party did have standing to quash a subpoena directed to a non-party which sought their personal financial information, including bank records. No. 816CV00818JVSKSX, 2019 WL

1123165, at *4 (C.D. Cal. Mar. 11, 2019). Therefore, the Original Jurisdictional Defendants have standing to object to these Subpoenas and thus seek an order from the Court quashing or modifying said Subpoenas to comply with the Court's Discovery Order in this case.

### III. CONCLUSION

26. Based on the foregoing and for good cause shown, Original Jurisdictional Defendants respectfully requests that this Court grant Original Jurisdictional Defendants' Objections to Plaintiffs' Subpoenas and Motion to Quash or Modify Plaintiffs' Subpoenas, and enter an Order quashing Plaintiffs' Subpoenas, or in the alternative ordering Plaintiffs to modify said Subpoenas to comply with the terms of the Discovery Order, and for such other and further relief to which the Original Jurisdictional Defendants may show themselves to be justly entitled.

Dated: June 14, 2024.   Respectfully submitted,

By: */s/ William H. Shibley*
William H. Shibley

JURISDICTIONAL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SUBPOENAS AND MOTION TO QUASH OR MODIFY PLAINTIFFS' SUBPOENAS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Original Jurisdictional Defendants, certifies that this Motion contains 2,339 words, which complies with the word limit of L.R. 11-6.1

*/s/ William H. Shibley*
William H. Shibley

# CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Plaintiffs via email and letter on May 29, 2024, regarding the substance of the foregoing motion.

*/s/ William H. Shibley*
William H. Shibley

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service in this court on this ***June 14, 2024***, via email as follows:

*/s/ William H. Shibley*
William H. Shibley