# EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| David Hough et al. *Plaintiff* v. Ryan Carroll et al. *Defendant* | Civil Action No. 2:24-cv-02886 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Capital One, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A. "Documents" includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents.

| Place: 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565 | Date and Time: 06/17/2024 6:43 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/7/2024

*CLERK OF COURT*

OR

_____          /s/Nico Banks
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Nico Banks--Phone number: 971-678-0036; e-mail address: nico@bankslawoffice.com; address listed on Attachment A.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| David Hough et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )  Civil Action No. 2:24-cv-02886 |
| Ryan Carroll et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Citibank, N.A.     c/o Legal Services Intake Unit (Civil Action No. 2:24-cv-02886)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A. "Documents" includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents.

| Place: 350 W 1st Street, Suite 4311<br>Los Angeles, CA 90012-4565 | Date and Time:<br>06/17/2024 6:43 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/7/2024

*CLERK OF COURT*

                                                OR                /s/Nico Banks
_____                        _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs**, who issues or requests this subpoena, are:

Nico Banks--Phone number: 971-678-0036; e-mail address: nico@bankslawoffice.com; address listed on Attachment A.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:24-cv-02886-WLH-SK   Document 66-3   Filed 06/14/24   Page 5 of 17   Page ID #:1426

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Nico Banks, Esq.
Banks Law Office
Tel.: 971-678-0036
E-mail: nico@bankslawoffice.com
712 H St NE,
Unit #8571,
Washington, DC 20002
*Attorney for Plaintiffs*

## ATTACHMENT A TO SUBPOENA:

**DOCUMENT REQUEST (AS STATED IN SUBPOENA COVER):** All documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A. "Documents" includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents.

**INSTRUCTIONS:** This subpoena supersedes the prior subpoena issued to you or your affiliate in this matter. It is identical in substance.

All documents should be produced electronically to nico@bankslawoffice.com. Any questions should be directed to the same email address.

If the requested documents or transactional data are available in Excel format, please produce them in Excel format.

We encourage you to contact Nico Banks at nico@bankslawoffice.com to discuss how we can tailor the request at issue. The aim of this subpoena is to allow Plaintiffs to identify the current location of assets that have been in Defendants' control since May of 2022, and Plaintiffs are willing to tailor the request to achieve that goal in the least burdensome manner possible. For example, producing correspondence is likely not necessary if you produce other records that show action upon the assets at issue. Likewise, if you produce account statements that show the originating account and destination account for wire transfers and checks at issue, then Plaintiffs will likely tell you that you do not need to also produce wire confirmations or copies of the checks.

**TIME LIMITATION:** This request is limited to May of 2022 to the present.

**LIST OF INDIVIDUALS AND ENTITIES OF INTEREST, AND IDENTIFYING INFORMATION:**

    a. **Ryan Carroll**
        i. Ryan Carroll's middle name is ▬▬▬▬▬

b. **Max K. Day**
    i. He has resided at ███

c. **Max O. Day**
    i. He has resided at ███

d. **Michael Day**
    i. He has resided at the following address:
        a. ███



   e. **Yax Ecommerce LLC (f.k.a. "Wealth Assistants LLC" and "Carroll Enterprises LLC") (note – we believe there are several similarly named entities that have no real distinction. Accordingly, if there is another enterprise called "Carroll Enterprise," for example, that has similar ownership but does not have the same EIN, that is an entity controlled by the defendants)**
      i. It has an address of 1001 Brickell Bay Dr S, Miami, FL 33131
      ii. Other addresses for this company: 5830 E. 2d St., Suite 7000 #4224, Casper, WY 82609.
      iii. Last four digits of EIN: ▮
      iv. Wyoming company number: ▮
      v. Texas branch: 1601 Elm Street Ste 4360, Dallas, TX, 75201, USA
      vi. Texas Company number: ▮
      vii. Owners: Ryan Carroll, Max K. Day, and/or Michael Day
   f. **Precision Trading Group, LLC (note the alternate names below)**
      i. It has an address of 18210 Farnsfield Dr., Houston, TX 77084.
      ii. Its former addresses are:
         1. 21223 Manor Brook Ln, Spring, TX, 77379
         2. 9550 Spring Green Blvd Ste 408-336, Katy, TX, 77494
      iii. Texas company number: ▮
      iv. Owner: Max K. Day

    v. Precision Trading Group does business as:
      a. Mayan LLC
      b. Proficient Supply LLC
      c. Quantum Ecomm
      d. WA Amazon Seller LLC
      e. WA Band Management LLC
      f. WA Distribution LLC
      g. Wealth Assistants LLC
   vi. A partner of Precision Trading Group LLC is Business Financial Solutions Advisory LLC.
   vii. Another partner is Max K. Day of 18210 Farnsfield Drive, Houston, TX 77084
   viii. 2022 tax return lists as "current assets" the following companies:
     2. Business Financial Solutions
     3. Dask LLC
     4. HouTex Farm
     5. Max Pro Marketing
     6. Wealth Assistants
   ix. 2022 tax return lists "brokerage investments" as "other investments"

**g. WA Distribution LLC**
  i. It has an address of 1912 Capitol Avenue, Suite 500, Cheyenne, WY 82001.
  ii. Wyoming company number: ▮▮▮▮▮
  iii. North Carolina branch address: 4030 Wake Forest Road, Ste 349, Raleigh, NC 27609
  iv. North Carolina company number: ▮▮▮▮
  v. It is owned by Ryan Carroll

**h. Providence Oak Properties, LLC**
  i. Its agent's address is: Nevada Corporate Headquarters, Inc., 4730 S. Fort Apache Rd, Suite 300, Las Vegas, NV 89174.
  ii. Its Nevada Corporate Number is: ▮▮▮▮▮▮
  iii. It is managed by Max K. Day

**i. WA Amazon Seller LLC**
    1. Attorney of record: Mac Leckrone.
    2. Address: 11807 Westheimer Rd Ste. 550 Houston, TX 77077
    3. Wyoming Company Number: ▮▮▮▮▮

**j. MKD Investment Advisor**;
    1. It is clear that MKD Investment Advisor is Max K. Day's alter ego not only because of its name but also because MKD Investment Advisor is the registered owner of Max K. Day's home.
    2. Address: 1712 Pioneer Ave., Ste 2207, Cheyenne, WY 82001

      3. Wyoming company number: ▆▆▆▆▆▆▆

k. **MKD Family Beneficiary**;
  1. It is clear that MKD Family Beneficiary is Max K. Day's alter ego not just because of the initials at the beginning of the corporate name, but also because it has the same registered address as MKD Investment Adviser.
  2. Address: 1712 Pioneer Ave., Ste 2207, Cheyenne, WY 82001
  3. Wyoming Company Number: ▆▆▆▆▆▆▆

l. **MKD Family Private Management Company;**
  1. It is clear that MKD Family Beneficiary is Max K. Day's alter ego not just because of the initials at the beginning of the corporate name, but also because it has the same registered address as MKD Investment Adviser.
  2. Address: 1712 Pioneer Ave., Ste 2207, Cheyenne, WY 82001
  3. Wyoming company number: ▆▆▆▆▆▆▆

m. **Max Day Consulting**
  1. Address: 18210 Farnsfield Dr., Houston, TX 77084
  2. Wyoming company number: ▆▆▆▆▆▆▆

n. **"Yax IP and Management Inc.," a.k.a. "Pithy Productions" d.b.a. "Fulfillable"**
  1. It is clear that Yax IP/Fulfillable is Wealth Assistants' alter ego for the following reasons: (1) it has the same attorney of record (Mac Leckrone) as many of the Defendant entities; (2) it also has the same registered agent ("Cogency Global Inc.") as many of the defendant entities; (3) its name's prefix ("Yax") matches the prefix of the current name of Wealth Assistants LLC (which changed its corporate name to "Yax Ecommerce"); (4) a press release indicates that "Max Day" is the "CEO of Fulfillable."
  2. Address: PO Box 1505 Austin, TX 78767
  3. Texas Company number: ▆▆▆▆▆▆▆
  4. Attorney of record: Mac Leckrone

o. **HouTex Farm Equity Partners LLC (a.k.a. Houtex Crickett Farm)**
  1. While HouTex is purportedly a cricket farm, according to its corporate registration, it is managed by Max K. Day and has the same registered address as Defendant Precision Trading Group, LLC (18210 Farnsfield Dr., Houston, TX 77084).
  2. HouTex Farm has the following website: https://www.houtexfarm.com/. The website recently began listing "**Todd Bradley**" as the owner. But in reality, HouTex Farm Equity Partners appears to be a shell company owned by Max K. Day.

3. The business's website recently began stating that the cricket farm is located at a shed beside 28344 Rose Ln., Katy, TX 77494.
4. Texas Company number: ▮

p. **Business Financial Solutions Advisory LLC**
  1. Defendant Max K. Day is the manager of this corporation. It has the same address as the defendant entities managed by Max K. Day (18210 Farnsfield Dr., Houston, TX 77084).
  2. Its former addresses are:
      a. 2510 Las Posas Rd Ste G, Camarillo, CA 93010
      b. 1860 Fm 359 Rd # 122, Richmond, TX, 77406
  3. Company number: ▮

q. **Evo Maxx LLC**
  1. Max Day (either Defendant Max K. Day or Defendant Max O. Day) is the manager of this corporation. The attorney of record is **Feras Mousilli**, who is the principal of the law firm that is the attorney of record on many of the entity defendants' corporate registrations. The agent is Cogency Global Inc., which is the same agent as many of the entity defendants' corporate registrations.
  2. Address: 11807 Westheimer Rd Ste. 550 Houston, TX 77077

r. **Daddy Jules LLC, f.k.a. RNJ Enterprise LLC, California Entity Number** ▮
  1. The corporation lists Ryan Carroll—residing at his address of 11298 Snow View Ct, Yucaipa, CA 92399—as a manager and member of the corporation. The only other manager is "Julia Mata" who was another employee of Wealth Assistants. The organizer is "Lovette Dobson" who is the same individual who organized other Wealth Assistants entities.
  2. Address: 3400 Cottage Way, Ste G2 #4996, Sacramento, CA 95825
  3. Texas company number: ▮

s. **Dreams To Reality**
  1. EIN ends in ▮
  2. The members are Ryan Carroll and Julia Matta – both Wealth Assistants employees

t. **WWKB, LLC**
  1. Defendant Michael Day owns this corporation.
  2. **Address:** 25010 Ginger Ranch Dr, Katy, TX, 77494
  3. **Agent address:** 2823 Weldons Forest Dr, Katy, TX, 77494, USA (agent is Michael Day)
  4. **Texas Company number:** ▮

u. **Profit Zone LLC**
   1. **Directors:** Max K. Day and Michael Day
   2. **Address:** 1860 Fm 359 Rd # 122, Richmond, TX 77406
   3. Texas company number: ▮▮▮▮▮▮

v. **Fidelis Trading, LLC**
   1. Similarly named corporations under common ownership: "Fidelis Trading, Intl."
   2. Owners: Max K. Day and Michael Day
   3. Address: 18210 Farnsfield Dr, Houston, TX, 77084
   4. Alternate address: 1450 W Grand Pkwy S Ste G-448, Katy, TX, 77494
   5. Texas company number: ▮▮▮▮▮▮

w. **Fidelis Capital Investments Limited Liability Company**
   1. Address: Cinco Village Center Blvd # 200, Katy, TX 77494 (same as ProFusion Marketing)
   2. **Agent:** Christopher Lopez
   3. **Manager:** Jayson Lopez (both Christopher and Jayson listed their address as 3085 Sunset Ln, Cocoa, FL, 32922-6658)
   4. **Principal:** Michael Day
   5. **Florida company number:** ▮▮▮▮▮▮

x. **ProFusion Marketing LLC**
   1. Address: 18210 Farnsfield Dr, Houston, TX, 77084
   2. Alternate address: Cinco Village Center Blvd # 200, Katy, TX, 77494
   3. Manager: Max O. Day
   4. Officer: Terry Vanderpool
   5. Texas company number: ▮▮▮▮▮▮

y. **Maxpro Marketing**
   1. Address: 18210 Farnsfield Dr, Houston, TX, 77084
   2. Alternate address: 2510 Las Posas Rd Ste G, Camarillo, CA, 93010
   3. Texas company number: ▮▮▮▮▮▮

z. **Global Market Investment Club**
   1. Address: 955 Dairy Ashford St Ste 207, Houston, TX, 77079
   2. Treasurer and secretary: Michael Day
   3. Company number: ▮▮▮▮▮▮

aa. **Max Family Ltd.**
   1. 19219 Cypress Cliff Dr, Katy, TX, 77449
   2. Alternate Address: 1555 Hoveden Dr, Katy, TX, 77450
   3. Texas corporate number: ▮▮▮▮▮▮
   4. Directors/Officers: Max K. Day and Mike Day

bb. **Southwestern Media Group, Inc.**

1. Owner: Michael Day
2. Address: 955 Dairy Ashford Rd Ste 106, Houston, TX, 77079
3. Texas corporate number:

cc. **Teamwork 2 Wealth, LLC**
1. Owner: Max K. Day
2. Agent: Michael Day
3. Address: 1450 W Grand Pkwy S Ste G-448, Katy, TX, 77494
4. Texas company number:

dd. **Today's Destiny, Inc. (D.B.A. TNG Systems)**
1. Address: C/O Joseph M Hill, Trustee 5851 San Felipe Houston, TX, 77057
2. Trustee: Joseph M. Hill
3. President: Michael Day
4. Agent: Terry Vanderpool
5. Alternate spellings: "Today S Destiny Inc"

ee. **Today's Construction & Remodeling, Inc.**
1. Address: 955 Dairy Ashford St Ste 207, Houston, TX, 77079
    a. Owned by "Keilers Co." or something similar since 2008
2. Texas company number:
3. Director: Michael Day

ff. **Teamwork Investments, L.L.C. (a.k.a. Merchant Services International, L.L.C.)**
1. Address: 955 Dairy Ashford Rd Ste 106, Houston, TX, 77079
2. President and Secretary: Michael Day
3. Agent: Terry Vanderpool

gg. **Today's Investment Strategies, LLC (a.k.a. Today's Investment Strategies)**
1. Address: 955 Dairy Ashford Rd Ste 207, Houston, TX, 77079
2. Texas company number:
3. President: Michael Day
4. Agent: Terry Vanderpool
5. Alternate spelling "Today S Investment Strategies LLC"

hh. **Today's Network Group, Inc. (a.k.a. "TNG" or "T&G")**
1. Address: 955 Dairy Ashford St Ste 207, Houston, TX, 77079
2. Directors: Max Day and Michael Day
3. Texas company number:

ii. **Today's Construction & Remodeling, Inc.**
1. Address: 955 Dairy Ashford Rd Ste 207, Houston, TX, 77079
2. Texas company number:
3. Director: Michael Day

jj. **E-Universe Marketing, Inc.**
1. Address: 955 Dairy Ashford Rd Ste 207, Houston, TX, 77079

      2. Directors: Michael Day, Terry Vanderpool
      3. Texas company number: ▮▮▮▮▮▮

**kk. Michael Family Ltd.**
      1. Address: 1555 Hoveden Dr, Katy, TX, 77450
      2. Texas corporation number: 0006081110

**ll. Cattlemen Casualty Corp.**
      1. This is a captive insurance company that lists Max K. Day, Michael Day, and Ryan Carroll as its board of directors (the same individuals who own Wealth Assistants). Its contact information includes emails with "@wealthassistants.com" email addresses.
      2. The address is: 2401 12th Ave. NW, 117-207, Ardmore, OK 73401

**mm. Diamondsil Llc**
      1. Texas corporation number: ▮▮▮▮▮▮
      2. Address: 955 Dairy Ashford St Ste 207, Houston, TX 77079
      3. President: Mike Day
      4. Treasurer: Max Day

**nn. DASK**
      1. According to Max K. Day's tax return, he derives income from this business.
      2. Address: 18210 Farnsfield Drive, Houston, TX 77084

**oo. "Proficient Company"**
      1. Wealth Assistants' 2022 tax return indicates it made an investment of $2.5 million in "Proficient Company" (see JD 348)

**pp. "USA Movements LLC"**
      1. Last four digits of EIN: ▮▮▮▮
      2. Owner: Ryan Carroll

**qq. Smart Heart Skin LLC**
      1. Owner: Ryan Carroll
      2. Address: 27068 LA PAZ RD # 541, ALISO VIEJO, CA, 92656

**rr. Thumbnail Designs Inc.**
      1. Owner: Lori Day (wife of Max K. Day)
      2. Address: 20548 VENTURA BLVD APT 312, WOODLAND HILLS, CA, 91364

**ss. Carroll Private Management Company**
      1. Owner: Ryan Carroll

**tt. Start Scale Exit LLC**
      1. Owner: Ryan Carroll

**uu. WA Brand Ventures LLC**
      1. DBA: Wealth Assistants

**vv. Day Co Interest, LLC**
      1. Owner: Michael Day

You may also be able to identify Defendants' bank accounts by searching for transfers from their known bank accounts. We know that Defendants used the following bank accounts because Defendants' victims made payments to Defendants to these bank accounts:

| Bank Name | Last Four Digits of Account Number | Name of Account Holder |
|---|---|---|
| Wells Fargo | | Wealth Assistants LLC |
| Bank of America | | Wealth Assistants LLC |
| Thread Bank | | Wealth Assistants LLC |
| Thread Bank | | Wealth Assistants LLC |
| Thread Bank | | Wealth Assistants LLC |
| Thread Bank | | Wealth Assistants LLC |
| Thread Bank | | WA Distribution LLC |
| Evolve Bank & Trust (now known as Thread Bank) | | WA Amazon Seller LLC |
| Thread Bank | | WA Amazon Seller LLC |
| JP Morgan Chase Bank NA | | Wholesale Universe Inc. |
| Bank of America | | Michael Day |
| Bank of America | | Dolores Laree Lochbaum-Day |
| Bank of America | | Michael Day |
| Credit Carma | unknown | Michael Day |
| Coinbase | unknown | Michael Day |
| AMEGY BANK | unknown | Michael Day |
| LIVE OAK BANK | | DayCo Interest LLC |
| LIVE OAK BANK | | MLD Family Private Management Company |
| TRUIST BANK | | EVO MAXX LLC |
| Wells Fargo | | Business Financial Solutions Advisory |
| Prosperity Bank | | Myan LLC |
| Prosperity Bank | | Cattleman Casualty Corporation LLC |

| Bank | | Account Holder |
|---|---|---|
| TD Bank | ■ | Houtex Crickett Farms |
| Bank of America | ■ | Dask LLC |
| Choice Financial Group | ■ | MKD Family Private Management Company, LLC |
| Digital Federal Credit Union | ■ | Max K. Day |
| Wells Fargo | ■ | Lori Day |
| Wells Fargo | ■ | Lori Day |
| Priority Union Trust | ■ | Lori Day |
| JP Morgan Chase Bank NA | ■ | Max O. Day |
| JP Morgan Chase Bank NA | ■ | Max O. Day DBA Teamwork Strategies |
| Mercury Bank | ■ | Teamwork Strategies LLC |
| Lili Bank | ■ | Teamwork Strategies LLC |
| Wells Fargo | ■ | Pithy Productions Inc (D.B.A. Fulfillable) |
| Wells Fargo | ■ | Precision Trading Group |
| First Citizens Bank | ■ | Providence Oak Properties |
| Wells Fargo | ■ | Precision Trading Group |
| Wells Fargo | ■ | Precision Trading Group |
| Wells Fargo | ■ | Precision Trading Group |
| Wells Fargo | ■ | Precision Trading Group |
| Wells Fargo | ■ | Precision Trading Group |
| Wells Fargo | ■ | Precision Trading Group |
| Mercury Bank | ■ | Start Scale Exit LLC |
| Thread Bank | ■ | WA Distribution LLC |
| Thread Bank | ■ | WA Distribution LLC |
| Bank of America | ■ | Yax Ecommerce LLC |
| Bank of America | ■ | Yax Ecommerce LLC |
| Bank of America | ■ | Yax Ecommerce LLC |
| Bank of America | ■ | WA Brand Management LLC |
| Thread Bank | ■ | WA Amazon Seller LLC |
| Thread Bank | ■ | WA Amazon Seller LLC |
| Thread Bank | ■ | WA Amazon Seller LLC |
| Thread Bank | ■ | WA Brand Ventures LLC |
| Thread Bank | ■ | WA Brand Ventures LLC |
| Thread Bank | ■ | WA Brand Ventures LLC |
| Coinbase | Unknown | Ryan Carroll |
| Bank of America | ■ | Dreams to Reality |
| Bank of America | ■ | Dreams to Reality |

| | |
|---|---|
| Bank of America | Dreams to Reality |
| Bank of America | Dreams to Reality |
| Coinbase | Michael Day |
| Bank of America | WWKB, LLC |
| Day Co Interest, LLC | "Ameritrade" |

(Unknown for Michael Day, WWKB, LLC, and "Ameritrade" rows)