# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYAN CARROLL, et al., <br><br> Defendants | Case No. 2:24-cv-2886-WLH (SKx) <br><br> **ORDER CONDITIONALLY GRANTING IN PART AND CONDITIONALLY DENYING IN PART THE JURISDICTIONAL DEFENDANTS' MOTION TO QUASH PLAINTIFFS' NONPARTY SUBPOENAS [ECF 66]** |

Under the district court's May 1, 2024 written order authorizing expedited discovery, the Jurisdictional Defendants had to provide verified interrogatory responses "identify[ing] and describ[ing] any assets that, since May of 2022, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant." (ECF 42 at 5). Plaintiffs, in turn, were "given leave to issue subpoenas to third-party financial institutions, requiring those institutions to produce account statements dating back to May of 2022, for any accounts that [were] required to be identified" in the ordered interrogatories. (*Id.* at 6). Afterward, on May 11 and May 17, 2024, the Jurisdictional Defendants served (presumably verified) interrogatory responses in accordance with the district court's May 1 order. (ECF 62-1 at 32-39, 51-54). And based in part on those responses, Plaintiffs served more than 30 nonparty document subpoenas for expedited discovery.[1]

While most of Plaintiffs' nonparty subpoenas were directed at financial institutions identified directly through the Jurisdictional Defendants' interrogatory responses, some were also served on financial institutions not so identified as well as on nonfinancial institutions (including computer and accounting software companies). For the subpoenas served on nonfinancial institutions, Plaintiffs maintain that they were orally authorized to issue those subpoenas by the district court at a later hearing (on a related but different matter) held on May 13, 2024. (ECF

---

[1] Since then, Plaintiffs have evidently withdrawn subpoenas they previously served on five entities, leaving a total of 28 subpoenas at issue. (ECF 69 at 4 n.1).

74). Disputing the validity and scope of that oral authorization, as well as Plaintiffs' interpretation of the scope of the district court's written May 1 order, the Jurisdictional Defendants now move to quash (or modify) all outstanding challenged subpoenas on the ground that they exceed the scope of expedited discovery authorized by the district court.[2] (ECF 66).

The Jurisdictional Defendants challenge Plaintiffs' nonparty subpoenas on four grounds. They seek to quash the challenged subpoenas to the extent that they (1) are directed at financial institutions not identified in their interrogatory responses to date; (2) are directed at nonfinancial institutions; (3) are directed at institutions other than the Jurisdictional Defendants themselves or at ones allegedly related to other named defendants; and (4) seek purely nonfinancial or personal information having nothing to do with financial assets. (ECF 66 at 11-12). But the Jurisdictional Defendants have—unhelpfully—lodged these objections across the board to all Plaintiffs' subpoenas at issue, not bothering to differentiate between the various subpoenaed entities and the applicable objections. To be fair, Plaintiffs have also (for the most part) tried to defend all the challenged subpoenas at a high categorical level too, rather than distinguish between those possibly affected by the Jurisdictional Defendants' particular arguments. So having had to do most of that detailed work itself (based on the parties' nonwaived arguments), the court now CONDITIONALLY GRANTS IN PART and CONDITIONALLY DENIES IN PART the motion to quash.

At the outset, the motion is DENIED to the extent that the challenged subpoenas are directed at the following 16 subpoenaed institutions, since

---

[2] After Plaintiffs opposed their motion, the Jurisdictional Defendants filed no timely optional reply by the court-ordered deadline. (ECF 69, 75).

these are financial entities identified directly through the Jurisdictional Defendants' interrogatory responses. The Jurisdictional Defendants do not (with any specificity) argue otherwise in their motion.

| Subpoenaed Institution | Financial Institution | Identified in Jurisdictional Defendants' Rog Responses |
|---|---|---|
| Bank of America Corp. | Yes | Yes |
| Choice Financial Holdings, Inc. | Yes | Yes |
| Credit Karma Savings / MVB Bank, Inc. | Yes | Yes |
| Evolve Bancorp., Inc. | Yes | Yes (as Mercury) |
| First Citizens Bank | Yes | Yes |
| HSBC Bank USA | Yes | Yes |
| JP Morgan Chase & Co. | Yes | Yes |
| Live Oak Bank | Yes | Yes |
| Priority Union Trust | Yes | Yes |
| Prosperity Bancshares | Yes | Yes |
| TD Bank | Yes | Yes |
| Thread Bancorp. | Yes | Yes (as Relay) |
| Truist Financial Corp. | Yes | Yes (as Trust Bank) |
| Wells Fargo Bank N.A | Yes | Yes |
| Zions Bancorp. | Yes | Yes (as Amegy Bank) |
| Coinbase Global, Inc. | Yes | Yes |

For the nonwaived arguments that the Jurisdictional Defendants did raise (with specificity) in their motion, they are addressed as follows:

1. Their motion is GRANTED to the extent that the subpoenas could be read as requiring the disclosure of irrelevant nonfinancial or personal information—unless incidental disclosure of such information would be

4

contextually necessary for or unavoidably entwined with the identification of relevant financial assets. For avoidance of doubt, the scope of the permitted nonparty subpoenas encompasses documents that would identify or locate (or that would lead to the identification or location of) assets that have been under the Jurisdictional Defendants' control (in whole or in part, directly or indirectly) since May 2022, consistent with the district court's orders—both its May 1 written order and its May 13 oral instructions.

2. Their motion is DENIED insofar as the basis for an objection is that a subpoenaed entity is not itself one of the Jurisdictional Defendants or that a subpoenaed entity just so also happens to be (or is somehow affiliated with) one of the other named defendants in this action. Nothing in the district court's orders or instructions suggested such limits. Nor would such limits have made any sense given the purpose of expedited discovery here: to uncover not only "assets that, since May of 2022, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant" itself, but also such assets that, since May 2022, "have been (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of *any corporation, partnership, asset protection trust, or other entity* directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant." (ECF 42 at 5) (emphasis added).

3. Their motion is GRANTED to the extent that it seeks to quash or modify the subpoenas directed at nonfinancial institutions—but for reasons other than what the Jurisdictional Defendants or Plaintiffs argue. The following four subpoenaed institutions are nonfinancial entities not identified directly through the Jurisdictional Defendants' interrogatory

responses.

| Subpoenaed Institution | Financial Institution | Identified in Jurisdictional Defendants' Rog Responses |
|---|---|---|
| HubSpot, Inc. | No | No |
| Intuit Inc. | No | No |
| Stripe, Inc. | No | No |
| Total Apps, Inc. | No | No |

While Plaintiffs are correct that the district court orally permitted nonparty subpoenas to be served on nonfinancial institutions generally, nothing in the district court's order abrogated the separate overriding requirement that any discovery sought must always be relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Those default limits are especially important when, as here, the expedited discovery is intended for an important but still narrow purpose: to uncover "assets that, since May of 2022, have been (1) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant; or (2) owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant."

Plaintiffs never explain, though, how HubSpot, Intuit, Stripe, and Total Apps might hold relevant and proportional financial information meeting those two conditions. (They did, on their own, withdraw an

identical fifth subpoena initially served on Amazon). The document requests to these nonfinancial institutions, moreover, are identical to those served on financial institutions, even though it's unclear and unexplained how these nonfinancial entities could even have some of the requested financial documents. Of course, if Plaintiffs can make a relevance and proportionality showing, nothing in this order is intended to preclude them from issuing revised subpoenas based on such showing (and conferring with the Jurisdictional Defendants if there are any disputes about that showing, in which case the parties must follow the required procedures for resolving discovery disputes, informally and formally).

    4.  Finally, their motion is DENIED to the extent that the challenged subpoenas are directed at the following eight subpoenaed institutions that are financial entities presumably identified by Plaintiffs through other means (even if not identified through the Jurisdictional Defendants' verified interrogatory responses).

| Subpoenaed Institution | Financial Institution | Identified in Jurisdictional Defendants' Rog Responses |
|---|---|---|
| Arrowhead Credit Union | Yes | No |
| Capital One Financial Corp. | Yes | No |
| Citigroup, Inc. | Yes | No |
| Fidelity Investments | Yes | No |
| Middlesex Federal Savings, F.A. | Yes | No |
| Quility Insurance Holdings LLC | Yes | No |
| U.S. Bancorp | Yes | No |
| Bluevine Inc. | Yes | No |

But if, within two business days of this order, the Jurisdictional Defendants can establish through verified interrogatory responses (or other sworn methods subject to penalty of perjury) that the entities hold assets *neither* "owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any Jurisdictional Defendant" *nor* "owned or controlled, in whole or in part, directly or indirectly, by or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Jurisdictional Defendant," the parties must meet and confer to revisit the propriety of the subpoenas on these eight financial institutions. Disputes about such supplemental verified or sworn responses, if any, must be addressed by following the required procedures for resolving discovery disputes, informally and formally.

\* \* \*

The Jurisdictional Defendants' motion to quash is CONDITIONALLY GRANTED IN PART and CONDITIONALLY DENIED IN PART as set forth above. Plaintiffs must serve a copy of this order on all nonparties that they have been permitted to subpoena consistent with this order. Nothing in this order precludes a subpoenaed nonparty—on its own behalf—from lodging timely objections or timely moving to quash a subpoena on permissible grounds other than those addressed in this order. Meanwhile, the hearing on the motion scheduled for July 3, 2024 is VACATED.

IT IS SO ORDERED.

Dated: July 1, 2024

_____
STEVE KIM
United States Magistrate Judge