# EXHIBIT A

RACHEL M. CROCKETT
California State Bar No. 266447
**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road
Suite 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (281) 783-8565
*litigation@lloydmousilli.com*

**ATTORNEYS FOR DEFENDANTS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISTRICT

| | |
|---|---|
| DAVID HOUGH;<br>MOULOUD HOCINE;<br>JENNIFER LEHMKUHL HILL;<br>AMUND THOMPSON;<br>PAUL PANICO<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN CARROLL; MAX K. DAY;<br>MAX O. DAY; MICHAEL DAY;<br>YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC;<br>WA DISTRIBUTION LLC;<br>PROVIDENCE OAK PROPERTIES, LLC;<br>WA AMAZON SELLER LLC;<br>MKD INVESTMENT ADVISOR, LLC;<br>MKD FAMILY BENEFICIARY, LLC;<br>MKD FAMILY PRIVATE MANAGEMENT COMPANY, LLC;<br>MAX DAY CONSULTING, LLC;<br>HOUTEX FARM EQUITY PARTNERS LLC; BUSINESS FINANCIAL SOLUTIONS ADVISORY LLC; EVO MAXX LLC;<br>YAX IP AND MANAGEMENT INC. (D.B.A. "FULFILLABLE"); WWKB LLC;<br>DREAMS TO REALITY LLC;<br><br>*Defendants*. | Case No.: 2:24-cv-02886<br><br>Assigned for all purposes to:<br>JUDGE WESLEY L. HSU<br><br>**DEFENDANT MAX O. DAY'S AFFIDAVIT IN SUPPORT OF THE JURISDICTIONAL DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PRELIMINARY INJUNCTION**<br><br>Action Filed: April 9, 2024<br>Hearing: April 29, 2024<br>Trial Date: N/A |

- 1 -

BEFORE ME, the undersigned authority, on this day personally appeared **Max O. Day**, and being duly sworn upon his oath by me, deposed and stated as follows:

1. "My name is **Max O. Day** I am over eighteen (18) years of age. I am of sound mind and fully capable to make this Business Record Affidavit. The facts set forth herein are based on my personal knowledge and are true and correct. I am competent to testify to the facts herein.

2. "I was the Chief Growth & Technology Consultant of Yax Ecommerce, LLC, formerly known as Wealth Assistants, LLC (**"Wealth Assistants"**).

3. "I am familiar with the matters in controversy in the litigation against Defendants Ryan Carroll; Max K. Day; Michael Day, Wealth Assistants; WA Distribution LLC; Precision Trading Group, LLC, and myself (collectively, the **"Jurisdictional Defendants"**) and others in the United States District Court for the Central District of California (**"CDCA"**) (herein referred to as the **"Hough Litigation"**).

4. "I submit this affidavit in support of the Jurisdictional Defendants' Supplemental Brief in Opposition to the Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction (**"Plaintiffs' Application"**) filed in the CDCA in the Hough Litigation.

5. "I began my consulting, assuming the role of Growth Consultant for Wealth Assistants, back in August 2022. Drawing from my background, I focused on providing comprehensive strategies, solutions, and systems to help navigate and alleviate organizational constraints, with the aim of fostering a smoother trajectory for growth. Despite my title, I was only an independent contractor for Wealth Assistants, not an employee, owner, manager or stakeholder.

6. I have never had any access to the company's funds, financial records, bank accounts, or other assets, beyond the occasional performance report provided by Ryan Carroll, Max K. Day, and other individuals who were running the company. Any assumption to the contrary is wholly inaccurate.

7. It's important to clarify that, despite sharing a name with one of the defendants (Max K. Day), I have never had any ownership stake, equity, or decision-making authority within the company. Any assumption to the contrary is wholly inaccurate.

8. In fact, I am currently owed a substantial sum—exceeding $50,000—for services rendered to Wealth Assistants as an independent contractor.

9. The financial strain resulting from the Hough litigation and the resulting Temporary Restraining Order (**"TRO"**) issued by the CDCA has taken a toll on both my family and my business. False and defamatory information circulating online, largely due to mistaken identity (due to the shared name with Defendant Max K. Day), has further exacerbated our challenges. My consulting business has suffered, as prospective clients have been deterred by these baseless allegations.

- 2 -

DEFENDANT MAX O. DAY'S AFFIDAVIT IN SUPPORT OF THE JURISDICTIONAL DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PRELIMINARY INJUNCTION

10. On a personal level, my family and I face significant financial obligations, including supporting our eldest child's education at the University of Texas - McCombs Business School. With monthly expenses, educational costs, and other financial commitments looming large, the $9,000 that I would be permitted to spend pursuant to Plaintiffs' Application and proposed preliminary injunction would barely scratch the surface of our needs, which amount closer to $13,000 monthly.

11. I've dedicated myself to assisting Wealth Assistants and its clients in resolving their challenges, and I urge for a resolution to this matter. I am prepared to provide full transparency regarding my financial affairs to demonstrate that I have received no assets beyond what was agreed upon in our consulting contract and should be released from this proceeding.

FURTHER AFFIANT SAYETH NOT.

**MAX O. DAY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service in this court on this *April 25, 2024*, via email as follows:

/s/ Rachel Crockett
Rachel Crockett

- 3 -

DEFENDANT MAX O. DAY'S AFFIDAVIT IN SUPPORT OF THE JURISDICTIONAL DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PRELIMINARY INJUNCTION