Nico Banks (CA SBN:344705)
**BANKS LAW OFFICE**
712 H St NE, Unit #8571
Washington, DC 20002
Tel.: 971-678-0036
Email: nico@bankslawoffice.com

Richard A. Nervig (CA SBN:226449)
**RICHARD A. NERVIG, P.C.**
501 West Broadway, Suite 800
San Diego, CA 92101
Phone: 760-451-2300
Email: richard@nerviglaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DAVID HOUGH; *et al.*

                Plaintiffs,

   vs.

RYAN CARROLL; *et al.*

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:24-cv-02886-WLH

**ATTORNEY AFFIDAVIT OF NICO BANKS SUPPORTING PLAINTIFFS' MOTION TO COMPEL**

Hearing: August 28, 2024
Presiding Judge: Hon. Wesley L. Hsu
Action Filed: April 9, 2024
Trial Date: N/A

## ATTORNEY AFFIDAVIT OF NICO BANKS SUPPORTING PLAINTIFFS' MOTION TO COMPEL

I, Nico Banks, have personal knowledge of the facts set forth below and if called to testify, I would do so competently.

1. I am an attorney for Plaintiffs in this matter.

2. On May 16, 2024, Plaintiffs issued subpoenas to Wells Fargo Bank, N.A.; HSBC Bank USA; and J.P. Morgan Chase & Co. requesting: "All documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A . . . 'Documents' includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents."

3. Exhibit A is a true and correct copy of the subpoena Plaintiffs served on Wells Fargo Bank, N.A, excluding Attachment A.

4. Exhibit B is a true and correct copy of the subpoena Plaintiffs served on HSBC Bank USA, excluding Attachment A, along with proof of service.

5. Exhibit C is a true and correct copy of the subpoena Plaintiffs served on JP Morgan Chase & Co., excluding attachment A, along with proof of service.

6. Exhibit D is a true and correct copy of Attachment A, which was identical for the subpoenas shown in Exhibits A-C.

7. Exhibit E is a true and correct copy of objections that I received from counsel for Wells Fargo via email on May 29, 2024.

8. Exhibit F is a true and correct copy of an email I sent to counsel for Wells Fargo on June 12, 2024.

BANKS AFFIDAVIT SUPPORTING PLAINTIFFS' MOTION TO COMPEL

9.  On June 13, 2024, Wells Fargo informed me that it had disengaged its previous attorneys and engaged new attorneys to represent it in connection with this lawsuit.

10. Exhibit G is a true and correct copy of emails that I exchanged with counsel for Wells Fargo.

11. On June 17, 2024, I conferred with Wells Fargo's new counsel about the subpoena at issue in this motion. At that conference, Wells Fargo's new counsel reiterated Wells Fargo's position that the subpoenas were invalid because subpoenas cannot be directed to parties to a case. However, Wells Fargo's new counsel stated that they would nonetheless be willing to consider producing documents that Plaintiffs needed to trace the Jurisdictional Defendants' assets. I informed Wells Fargo's new counsel that the necessary documents would likely include account statements, wire transfer statements, and checks, and Wells Fargo's new counsel agreed to consider producing those documents. I asked Wells Fargo's new counsel to finalize its position by June 15, and they said they would do their best to meet that deadline.

12. On June 25, 2024, I had a call with Wells Fargo's counsel in which they confirmed that they could produce account statements, but Wells Fargo had not yet decided whether it would produce other documents. Plaintiffs requested that Wells Fargo finalize its position prior to June 28, 2024. Wells Fargo's counsel stated that they would probably do so.

BANKS AFFIDAVIT SUPPORTING PLAINTIFFS' MOTION TO COMPEL

13. On June 28, 2024, Wells Fargo's counsel informed Plaintiffs that they were still working with Wells Fargo's subpoena department to determine whether they could produce wire confirmations.

14. On June 29, 2024, Plaintiffs informed Wells Fargo via email that Plaintiffs would also need Wells Fargo to produce relevant transaction data for third-party agents over which Wells Fargo had supervisory responsibility.

15. Exhibit H is a true and correct copy of emails that I exchanged with counsel for Wells Fargo between July 2, 2024 and July 3, 2024. Wells Fargo did not respond to the most recent email on this email thread.

16. Exhibit I is a true and correct copy of emails that I exchanged with the "Corporation Trust Company," the process agent for HSBC USA, between June 4 and June 5, 2024.

17. On July 3, 2024, I sent the Corporation Trust Company's Washington, DC office a copy of the HSBC subpoena and a letter warning HSBC that I would shortly file a motion to compel if HSBC did not respond to the subpoena. I still have not heard from HSBC.

18. On or around June 5, 2024, JP Morgan Chase & Co. left me a voicemail stating that it would not comply with the subpoena I had served on it unless I addressed the subpoena to JP Morgan Chanse Bank, N.A. or JP Morgan Securities, LLC.

BANKS AFFIDAVIT SUPPORTING PLAINTIFFS' MOTION TO COMPEL

19. On or around June 6, 2024, I left JP Morgan Chase & Co. a voicemail explaining that I could not agree to re-issue the subpoena to one of the entities it suggested.

20. On or around June 6, 2024, JP Morgan Chase & Co. sent me a letter stating that it would close the case file unless I re-issued the subpoena to one of the two entities it had suggested.

21. On July 3, 2024, I sent JP Morgan Chase & Co. a letter noting that it still had not complied with the subpoena and requesting that it contact me. In response, JP Morgan sent me another letter again noting that it would not comply with the subpoena unless I re-issued it to one of the two entities it had suggested.

22. I do not know which of JP Morgan Chase & Co.'s subsidiaries custodies the documents requested in the subpoena.

23. On June 27, 2024, I sent Wells Fargo's counsel an email stating, in part, "We'd be willing to stipulate to having Wells Fargo appear at this hearing and argue its objections — and submit a brief in support of the motion to quash by the reply deadline set by the court — if you're okay with that. I don't think it makes sense to have two separate hearings regarding the breadth of this subpoena, and we want to resolve this issue as soon as possible." I called Wells Fargo the next day and made the same request.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 16, 2024

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      /S/ Nico Banks

Nico Banks (CA SBN:344705)

**BANKS LAW OFFICE**

712 H St NE, Unit #8571

Washington, DC 20002

Tel.: 971-678-0036

Email: nico@bankslawoffice.com


Richard A. Nervig (CA SBN:226449)

**RICHARD A. NERVIG, P.C.**

501 West Broadway, Suite 800

San Diego, CA 92101

Phone: 760-451-2300

Email: richard@nerviglaw.com


***Attorneys for Plaintiffs***

BANKS AFFIDAVIT SUPPORTING PLAINTIFFS' MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BANKS AFFIDAVIT SUPPORTING PLAINTIFFS' MOTION TO COMPEL