# EXHIBIT E

**MCGUIREWOODS LLP**
Anthony Q. Le (SBN 300660)
Alexandra L. Hider (SBN 340660)
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
ale@mcguirewoods.com
ahider@mcguirewoods.com

Jarrod D. Shaw (*pro hac vice forthcoming*)
Tower Two-Sixty, Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412.667.6000
Facsimile: 412.667.6050
jshaw@mcguirewoods.com

Attorneys for Defendant Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH, et al.,<br><br>   Plaintiffs,<br><br>  vs.<br><br>RYAN CARROLL, et al.,<br><br>   Defendants. | CASE NO. 2:24-cv-02886-WLH-SK<br><br>Hon. Wesley L. Hsu<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS TO PLAINTIFFS' MAY 29, 2024 SUBPOENA** |

Pursuant to Federal Rule of Civil Procedure 45, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") serves its responses to Plaintiffs David Hough, Amund Thompson, Isabel Ramos, Anthony Ramos, and Michael Nibarger's ("Plaintiffs") Subpoena for Production of Documents dated May 29, 2024 (the "Modified Subpoena")[1], as follows:

---

[1] On or about May 18, 2024, Plaintiffs purportedly served a subpoena dated May 16, 2024 (the "Original Subpoena") on Wells Fargo via U.S. mail. On May 24, 2024, Wells Fargo received the Original Subpoena, and on May 29, 2024 Wells Fargo served objections to the Original Subpoena.

# OBJECTIONS AND RESPONSES TO DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

All documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A. "Documents" includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents.

**RESPONSE:**

Wells Fargo objects to this Request on the basis that it is a named defendant and party to this action; thus, Plaintiffs' Modified Subpoena under Fed. R. Civ. P. 45 is invalid and premature for failure to adhere to the procedures set forth in Fed. R. Civ. P. 34 and Fed. R. Civ. P. 26(d). *U.S. Bank Nat. Ass'n v. Friedrichs*, No. 12cv2373–GPC(KSC), 2013 WL 371987, at *4 n.2 (S.D. Cal. Jan. 17, 2013) ("When a party to the action is simply seeking production of documents from another party, the requesting party should proceed under Rule 34, not with a subpoena pursuant to Rule 45"); *Warren v. las Vegas Metropolitan Police Dep't.*, No. 2:23-cv-00065-GMN-DJA, 2023 WL 6785815, at *8 (D. Nev. Oct. 12, 2023) (holding that plaintiff's subpoena duces tectum was improperly issued under Rule 45 because Defendant is a party to this action); *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) (emphasizing that "it is apparent . . . that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45." (internal citations and quotation omitted)). Plaintiffs' Rule 45 Modified Subpoena is defective and void for at least three reasons.

First, Plaintiffs' Modified Subpoena under Rule 45, including their request for documents, is improper because Rule 34 governs discovery requests to named parties. *Infra* at 2 (citing several cases for the proposition that a subpoena issued under Rule 45 to a party in an action is improper). On May 20, 2024, Plaintiffs filed a First Amended Complaint ("FAC")

---

On May 29, 2024, counsel for Wells Fargo accepted electronic service of the Modified Subpoena. On May 31, 2024, Plaintiffs' counsel agreed and confirmed that the Original Subpoena is not active and moot with the Modified Subpoena being the only active subpoena to Wells Fargo.

identifying Wells Fargo as a named defendant. ECF No. 56. On May 29, 2024, after Plaintiffs' filing of the FAC, counsel for Wells Fargo accepted electronic service of the Modified Subpoena. As a named defendant, Plaintiffs must adhere to Rule 34 if they seek to serve requests for documents from a named party.

Second, Plaintiffs cannot use a subpoena to avoid the discovery rules for parties, including for example, Wells Fargo's right to respond to the Modified Subpoena within 30 days. *Walters v. City of San Diego*, No.: 12-CV-589-CAB-DHB, 2016 WL 8458373, at *1 n.1 (S.D. Cal. Oct. 25, 2016) ("Rule 45 subpoenas should not be used as an end-run around the Federal Rules' requirements for discovery from parties."). Plaintiffs served the Modified Subpoena on May 29, 2024 and seeks production of documents less than 30 days later on June 17, 2024.

Third, any request for documents under Rule 34 is premature based on Rule 26(d)'s requirements. Fed. R. Civ. P 26(d)(2) (requiring that early Rule 34 requests may only be served more than 21 days after the summons and complaint are served on a party); *U.S. Bank Nat. Ass'n*, 2013 WL 371987, at *2. On May 23, 2024, Wells Fargo executed a waiver of service of the Summons and FAC. ECF No. 60. Plaintiffs failed to allow 21 days to elapse (June 13, 2024) from the date Wells Fargo waived service of the Summons and FAC before serving any discovery. Moreover, the Court permitted Plaintiffs to conduct limited discovery of the jurisdictional defendants and to issue "subpoenas to ***third-party*** financial institutions"—Wells Fargo is neither. ECF No. 42. As Wells Fargo is now a party to this litigation, the Modified Subpoena is improper.

Wells Fargo objects to the Request on the basis that the phrase, "all documents reflecting action upon assets or accounts," is vague, ambiguous, and not described with reasonable particularity. Wells Fargo cannot determine the scope of documents potentially responsive to "action upon assets or accounts." *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 616 (C.D. Cal. 2013) (finding that a request must describe the items to be produced with "reasonable particularity," such that a party is on "reasonable notice of what is called for and what is not."); *Fisher v. Felker*, No. 2:07–cv–02271–PMP–GWF, 2011 WL 39124, at *5 (E.D. Cal. Jan. 5, 2011) (upholding a vagueness objection where it is unclear what documents are being requested

1  due to the use of ambiguous phrases in the request).

2  Wells Fargo objects to the Request on the basis that it is an overbroad, unduly
3  burdensome, and not narrowly tailored or proportional to the needs of the case. The Request
4  seeks "All documents" reflecting action upon assets or accounts "held for the benefit of or
5  controlled by, in whole or in part," *48* different individuals and entities. Notably, not all of these
6  individuals and entities are parties to this action, or are even owned by parties to this action, and
7  it is unclear how documents related to these entities are relevant in this action. Attachment A to
8  Plaintiffs' Modified Subpoena provides a list of specific bank accounts showing that only 4
9  entities (and no individuals) banked at Wells Fargo—Wealth Assistants LLCs, Business
10 Financial Solutions Advisory, Pithy Productions Inc dba Fulfillable, and Precision Trading
11 Group. It is unduly burdensome and disproportionate to require Wells Fargo to search for, and
12 produce, responsive documents to an ambiguous request, over a two-year time period, for at least
13 for 48 different individuals and entities, within 2.5 weeks.

14 Wells Fargo further objects to this Request to the extent it requests information,
15 communications, or material that is protected by the attorney work-product doctrine or attorney-
16 client privilege, Bank Examiner Privilege or by agency regulation, including the prohibition by
17 the Federal Reserve Bank of the disclosure of confidential supervisory information set forth at
18 12 C.F.R. § 261.20, the prohibition by the OCC of the disclosure of non-public OCC information
19 set forth at 12 C.F.R. §§ 4.31 *et seq.*, and the prohibition of the CFPB of the disclosure of
20 confidential information set forth at 12 C.F.R. §§ 1070.40 *et seq.* This concern is further
21 heightened as Attachment A to the Modified Subpoena references, and appears to seek,
22 information and documents belonging to non-party individuals.

23 Wells Fargo further objects to the extent that this Request seeks production of
24 confidential, business proprietary, or other non-public protected information of third parties and,
25 thus, creates confidentiality concerns under federal and state statutes, including the Gramm-
26 Leach-Bliley Act, 15 U.S.C. § 6801-6809 and the regulations promulgated thereunder, 16 C.F.R.
27 Part 313 and California's Financial Information Privacy Act of 2005.

28 Wells Fargo further objects to the extent Plaintiffs are seeking discovery to investigate

Wells Fargo or otherwise build a case against it as an improper use of discovery. *Rivera v. NIBCO, Inc*, 364 F.3d 1057, 1072 (9th Cir. 2004) (finding that district courts "need not condone the use of discovery to engage in fishing expeditions.") (internal quotations and citation omitted); *Price v. County of Orange*, No. SACV 20-00832JVS(KESx), 2020 WL 5092915, at *5 (C.D. Cal. June 25, 2020) (denying motion to compel plaintiff's request for production of documents during the pleading phase) (citing to *Riley v. Modesto Irrigation Dist.*, No. 1:10-CV-02281-AWI-GS, 2011 WL 5828195, at *3 (E.D. Cal. Nov. 18, 2011) ("[L]itigants are not permitted to 'unlock the doors of discovery . . . armed with nothing more than conclusions.").

Wells Fargo will not produce the materials requested on the basis of its objections, but will consider a narrowed, and clarified request by Plaintiffs at the appropriate time and as permitted under the Federal Rules of Civil Procedure.

DATED: June 12, 2024                    MCGUIREWOODS LLP

By: /e/ *Anthony Q. Le*
Anthony Q. Le (SBN 300660)
Alexandra L. Hider (SBN 340660)
1800 Century Park East
8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
ale@mcguirewoods.com
ahider@mcguirewoods.com

Jarrod D. Shaw (*pro hac vice forthcoming*)
Tower Two-Sixty, Suite 1800
Pittsburgh, PA 15222-3142
Telephone: 412.667.6000
Facsimile: 412.667.6050
jshaw@mcguirewoods.com

Attorneys for Defendant Wells Fargo Bank, N.A.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is McGuireWoods, LLC, Wells Fargo Center, South Tower, 355 S. Grand Ave., Suite 4200, Los Angeles, CA 90071-3103.

On June 12, 2024, I served the following document(s) described as **DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS TO PLAINTIFFS' MAY 29, 2024 SUBPOENA** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Nico Banks, Esq.<br>Banks Law Office<br>712 H. St. NE, Unit #8571<br>Washington, DC  20002<br>971-678-0036<br>Email: Nico@bankslawoffice.com<br>*Attorneys for Plaintiffs* | Richard A. Nervig, Esq.<br>Richard Nervig Law Offices, PC<br>501 West Broadway, Suite 800<br>San Diego, CA 92101<br>760-390-2181<br>Email: richard@nerviglaw.com<br>*Attorneys for Plaintiffs* |

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒ **BY E-MAIL:** By electronic mail transmission pursuant to an agreement between parties, from csulkerhall@mcguirewoods.com, by transmitting a PDF format copy of such document(s) to the email address listed above.

☐ **BY EXPRESS MAIL:** I deposited such document(s) in a box or other facility regularly maintained by the United States Postal Service, in an envelope or package designated by the United States Postal Service with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 12, 2024, at Los Angeles, CA.

*Connie Sulker-Hall*
Connie Sulker-Hall