# EXHIBIT F



Nico Banks <nico@bankslawoffice.com>

## Re: E-Served - David Hough v. Ryan Carroll, et al.
1 message

**Nico Banks** <nico@bankslawoffice.com>  Wed, Jun 12, 2024 at 8:08 PM
To: "Hider, Alexandra L." <AHider@mcguirewoods.com>, "Le, Anthony Q." <ALe@mcguirewoods.com>, "Shaw, Jarrod D." <JShaw@mcguirewoods.com>, "Sulker-Hall, Connie" <csulkerhall@mcguirewoods.com>
Cc: "richard@nerviglaw.com" <richard@nerviglaw.com>

Dear Counsel,

Thank you. I intend to file a motion to compel with three main points.

First, the original subpoena was issued before Wells Fargo became a party and was intended to track the assets of other parties, not to prosecute the case against Wells Fargo. In any case, there is no hard-and-fast rule barring subpoenas directed to parties.

Second, the subpoena would impose very little burden because the modified subpoena's instructions—and my subsequent correspondence—noted that all we need from Wells Fargo is transactional information necessary to trace the subjects' assets. I'm also aware that Wells Fargo complied with an account-statements subpoena to the NY AG's Office regarding this case, so I believe many or all of the requested documents have already been prepared for production.

Third, the information we've requested from Wells Fargo is very time sensitive. We have evidence—from other financial institutions that have complied with the subpoenas—that the subjects of the subpoena are actively laundering assets in violation of the court's asset-freeze order. We've been able to stop some of the movement of assets, but we'd likely be able to stop much more of it if Wells Fargo provided the information we requested, and it will be too late by the time formal discovery commences. Therefore, the value of producing the information we've requested immediately far outweighs the minimal burden on Wells Fargo.

If you'd like to confer further, please let me know.

Regards,

Nico Banks, Esq.
Banks Law Office, P.C.
Pronouns: he/him
Tel.: 971-678-0036
712 H St NE,
Unit #8571,
Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Wed, Jun 12, 2024 at 6:03 PM Sulker-Hall, Connie <csulkerhall@mcguirewoods.com> wrote:

> Dear Counsel,
>
> Attached is the service copy of Defendant Wells Fargo Bank N.A.'s Objections to Plaintiffs' May 29, 2024 Subpoena.

Best,

**Connie Sulker-Hall**

Practice Assistant

McGuireWoods LLP

Wells Fargo Center

South Tower

355 S. Grand Ave., Suite 4200

Los Angeles, CA 90071-3103

T:   +1 213 457 9847

F:   +1 213 627 2579

csulkerhall@mcguirewoods.com

VCard | www.mcguirewoods.com

**McGuireWoods**

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*