# EXHIBIT H



Nico Banks <nico@bankslawoffice.com>

# Re: Fwd:
1 message

**Nico Banks** <nico@bankslawoffice.com>  Wed, Jul 3, 2024 at 9:16 AM
To: "Gettings, Dave" <Dave.Gettings@troutman.com>
Cc: "Lowe, Michael S." <Michael.Lowe@troutman.com>, "Lynch, John C." <john.lynch@troutman.com>, "richard nerviglaw.com" <richard@nerviglaw.com>

We'd also talked about records for checks (those are also records that other banks seems to be able to produce easily as part of a streamlined account-documents-production process). Please let me know Wells Fargo's position on the checks too.

Thanks,

Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002


Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.


On Wed, Jul 3, 2024 at 9:13 AM Nico Banks <nico@bankslawoffice.com> wrote:
> Thanks.
>
> This is the first I've heard that gathering and producing account statements or wire transfers could be a burdensome process for Wells Fargo. Other banks have been able to produce those documents quickly and easily, even for many accounts; it seems like banks have streamlined that process because account statements and wire transfer documents are requested so frequently. Can you help me understand why the subpoena is (or could be) burdensome for Wells Fargo?
>
> Also, please let me know your position on producing relevant transaction information for the third-party agents (such as payment processors, like Stripe) that Wells Fargo supervises.
>
> So long as Wells Fargo can provide a reasonable explanation for why producing account statements and wire transfer documents is burdensome in this case and could therefore require a rolling production -- and so long as Wells Fargo is willing to produce the third-party-agent documents -- we don't need to file a motion to compel.

Thanks,

Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Tue, Jul 2, 2024 at 7:26 PM Gettings, Dave <Dave.Gettings@troutman.com> wrote:

> Nico,
>
> I spoke with my client this week. My client is willing to provide the wire documentation you requested in our meet and confers. The only caveat is that they are still gathering the statements and do not know the full volume yet. If the volume is reasonable, then we will not have any issues producing the statements and the wire documentation. If the volume turns out to be very large, then you and I will have to discuss whether there is a reasonable limitation we can reach. But we are willing to provide both the statements and the wire information in concept. I think the agreement should obviate the need for a motion, but please advise.
>
> We are starting to receive the statements, so I expect we can start a rolling production soon. The holiday week may slow it down slightly on the client's end.
>
> Thanks,
> Dave
>
> **Dave Gettings**
> **Partner**
> **troutman pepper**
> Direct: 757.687.7747 | Mobile: 845.893.0182 | Internal: 17-7747
> dave.gettings@troutman.com

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Tuesday, July 2, 2024 10:27 AM
**To:** Gettings, Dave <Dave.Gettings@troutman.com>; Lowe, Michael S. <Michael.Lowe@troutman.com>; Lynch, John C. <john.lynch@troutman.com>
**Cc:** richard nerviglaw.com <richard@nerviglaw.com>
**Subject:** Fwd:

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

This email constitutes service of the attached Order denying the motion to quash as it relates to Wells Fargo.

I understand your position that you are still consulting with your client about the subpoena, but respectfully, it is not reasonable for Wells Fargo to take a month and a half to decide what account documents it can produce in response to this urgent subpoena for routinely produced account documents. Accordingly, I intend to file a motion to compel by the end of the day tomorrow. I know I've said that a couple of times before, and each time, I've postponed filing the motion when Wells Fargo has reassured me that it is still working on making a reasonable proposal for producing documents. I can't put it off again; we always want to resolve discovery disputes without motion practice if we can, but Wells Fargo's delay is unreasonable and highly prejudicial to my clients.

Best,

Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.


---------- Forwarded message ---------
From: **Nico Banks** <nico@bankslawoffice.com>
Date: Mon, Jul 1, 2024 at 10:48 PM
Subject:
To: Nico Banks <nico@bankslawoffice.com>


https://ecf.cacd.uscourts.gov/doc1/031142743551

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.