# EXHIBIT 3



Nico Banks <nico@bankslawoffice.com>

## RE: Friendly Reminder: Payment Past Due -- Benjamin M. David v. Yax Ecommerce LLC, DBA Wealth Assistants LLC -- 01-23-0004-9691

1 message

**AAA Lucia Olais-Macias** <LuciaMacias@adr.org>　　　　　　　　　　　　　　　Wed, Jul 31, 2024 at 1:09 PM
To: Nico Banks <nico@bankslawoffice.com>, Josh Stein <josh.stein.esq@gmail.com>, "richard nerviglaw.com" <richard@nerviglaw.com>, Lema Mousilli <lema@lloydmousilli.com>
Cc: AAA Lucia Olais-Macias <LuciaMacias@adr.org>

Dear Parties:

This will acknowledge receipt of the July 30th email below from Claimant counsel.

The information from the AAA Case Administrator in the July 22nd email, which included the attached documents, is accurate. According to the AAA case file, payment for the arbitrator compensation must be paid by August 2, 2024 or the arbitrator may suspend this case.

Sincerely,

Ryan Dion on behalf of

Lucia Olais-Macias



**AAA Lucia Olais-Macias**
**Manager of ADR Services**

American Arbitration Association
International Centre for Dispute Resolution
T: 559 490 1873  E: LuciaMacias@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Tuesday, July 30, 2024 12:56 PM
**To:** AAA Lucia Olais-Macias <LuciaMacias@adr.org>
**Cc:** Lema Mousilli <lema@lloydmousilli.com>; Josh Stein <josh.stein.esq@gmail.com>; richard nerviglaw.com <richard@nerviglaw.com>
**Subject:** Re: Friendly Reminder: Payment Past Due -- Benjamin M. David v. Yax Ecommerce LLC, DBA Wealth Assistants LLC -- 01-23-0004-9691

*** External E-Mail – Use Caution ***

The notices state that the change to the compensation arrangement occured as of April 25, 2024. AAA has fraudulently applied that compensation arrangement to work that the arbitrator performed before April 25, 2024.

Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Mon, Jul 22, 2024 at 4:03 PM AAA Lucia Olais-Macias <LuciaMacias@adr.org> wrote:

Dear Parties:

In response to Claimant's July 11, 2024 bolded section of his below email, the arbitrator's compensation rate is applied for his time serving as the arbitrator for this matter. Procedure Order No. 2 reflects the change from the expedited procedures to the regular Commercial Rules. Due to this change, the flat rate does not apply.

The invoice line for the time incurred beyond the deposits billed for preliminary matters, is accurate. The AAA provides the attached notice of the arbitrator's compensation rate on their Notice of Compensation Arrangements document for reference.

If there are any further questions, please let me know.

Regards,



**AAA Lucia Olais-Macias**
**Manager of ADR Services**

American Arbitration Association
International Centre for Dispute Resolution
T: 559 490 1873  E: LuciaMacias@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Thursday, July 11, 2024 5:52 PM
**To:** Consumer/Self-Represented Finance Team <consumerfinances@adr.org>
**Cc:** AAA Lucia Olais-Macias <LuciaMacias@adr.org>; Josh Stein <josh.stein.esq@gmail.com>; richard nerviglaw.com <richard@nerviglaw.com>; Lema Mousilli <lema@lloydmousilli.com>; Sophia Parra <ParraS@adr.org>
**Subject:** Re: Friendly Reminder: Payment Past Due -- Benjamin M. David v. Yax Ecommerce LLC, DBA Wealth Assistants LLC -- 01-23-0004-9691

**\*\*\* External E-Mail – Use Caution \*\*\***

Hello,

As I've stated before on many occasions, I vehemently object to this absurd and unconscionable invoice.

The latest update to this absurd case is that AAA has now added $3,275 to the original $7,000+ invoice. The new line item is very misleading; it is called "arbitrator compensation incurred beyond deposits billed covering preliminary materials" and lists the "transaction date" as "June 24, 2024." The reality is that the line item is for hours that the arbitrator *for the on-the-papers hearing, and* case *before* the "update" to his compensation arrangement.

The invoice does not show the hourly rate applied  **Is AAA applying the "updated" $500 per hour rate by applying a false date -- June 24, 2024 -- to a line item that is for work that the arbitrator in fact performed** *before* **the compensation update was implemented?** If so, that's fraudulent.

If the AAA is not applying the $500 rate, it's still completely unreasonable to bill us for the work the arbitrator performed for the on-the-papers hearing because AAA and the arbitrator refused to make a decision on that hearing after it was closed. Also, it's unreasonable to bill the claimant $3,275 -- about four times the amount of the deposit -- for a small desk arbitration.

Let me recap some of the other highlights of the administration of this case:

The parties and the arbitrator agreed at the outset of this case that it would be an expedited desk arbitration. But after the case was fully briefed, the arbitrator asked us to have a conference before he issued his final decision. At the conference -- which, again, was after the briefs had already been submitted and the case was required to be closed pursuant to AAA rules -- he announced that he'd determined that the case should proceed under the with-a-hearing rules instead of the on-the-papers rules.

At the hearing, the administrator was clearly uncomfortable with the arbitrator's absurd decision. So AAA removed that administrator from the case and replaced her with the current administrator.

AAA then put the case back in the initiation phase and announced that because of the arbitrator's decision to have a hearing, the arbitrator's compensation would "change," and the new administrator then sent me an invoice for over $7,000.

AAA said I could send the administrator objections to the new compensation arrangement, and the AAA would decide my objections. So, I sent the administrator an email with some very candid and harsh objections to the arbitrator's decision to make this case have a hearing after we'd already briefed it (and to the unconscionable invoice that resulted).

The administrator responded to my email by stating that she had *forwarded my objections about the arbitrator's compensation to the arbitrator* (even though her letter expressly said the AAA and not the arbitrator would decide my objections). I insisted that, of course, the arbitrator must removed from the case since he had been sent a highly prejudicial email, and that another arbitrator decide the already-closed case on the already-submitted briefs. The administrator refused to take any action. I emailed her supervisor ("vice president"), who also refused to do anything. I later got a one-sentence letter from AAA saying that they had considered the matter and decided the case should proceed with the hearing and the unconscionably expensive invoice and the prejudiced arbitrator. I asked them to explain, which they refused to do.

To make matters worse, AAA knows full well that this case belongs under the consumer rules, where Claimant would be required to pay a small flat fee instead of this absurd $11,000+ fee. When Claimant filed his $25,000 investment-fraud arbitration case, AAA incorrectly began administering it under the commercial rules. But I later filed a mass arbitration with different clients but identical facts, and AAA then acknowledged that this set of facts constitutes a consumer case that must be administered under the consumer rules. But when I tried to have this case transferred to the mass arbitration or at least changed to the consumer rules, AAA refused.

I wish I were surprised. Unfortunately, I'm getting numb to the AAA's awful anti-consumer practices.

Regards,

Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Wed, Jul 10, 2024 at 10:49 AM Consumer/Self-Represented Finance Team <consumerfinances@adr.org> wrote:

> Dear Mr. Banks,
>
> As of this date, and as requested in our previous correspondences, we have not received payment for the Final Fee and Arbitrator's Deposits which are now past due.  To avoid possible suspension of this matter, please forward payment by **July 24, 2024**.   An invoice with payment instructions is attached for your convenience.
>
> Kind Regards,
>
> Tamara
>
> Finance Team



**Consumer/Self-Represented Finance Team**

American Arbitration Association

E: consumerfinances@adr.org

13727 Noel Road, Suite 1025, Dallas, TX 75240

adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**4 attachments**

- 2024-04-24 Schooler Notice of Compensation Arrangements 9691.pdf
  195K
- 2024-05-01 AAA Arbitrator Notice of Compensation.pdf
  103K
- 2024-04-25 Procedural Order No. 2 Concerning Change of Schedule Etc.pdf
  124K
- Schooler Resume.pdf
  5014K