# EXHIBIT 4

AMERICAN ARBITRATION ASSOCIATION
CASE NO.: 01-23-0004-9691

| | |
|---|---|
| **BENJAMIN DAVID**<br><br>    Claimant,<br><br>v.<br><br>**YAX ECOMMERCE LLC**<br>**D/B/A WEALTH ASSISTANTS LLC**<br><br>    Respondent. | **ARBITRATOR**<br>**LIONELL M. SCHOOLER** |

**YAX ECOMMERCE LLC D/B/A WEALTH ASSISTANTS' MOTION TO STAY ARBITRATION**

COMES NOW, RESPONDENT, YAX ECOMMERCE LLC D/B/A WEALTH ASSISTANTS LLC (**"Respondent"** or **"Wealth Assistants"**), in the above-styled matter, by and through its undersigned attorney, hereby files this *Respondent Wealth Assistants' Motion to Stay Arbitration* (**"Motion"**). In support thereof, Wealth Assistants respectfully shows the following:

## I.    INTRODUCTION

1.    On November 1, 2023, the Claimant notified Respondent of arbitration proceedings.

2.    On April 15, 2024, the Central District of California Court issued an order freezing the bank accounts of Respondent as part of *Hough, et al v. Carroll, et al*; Case No. 2:24-cv-02886-WLH.

3.    The frozen accounts have significantly impaired the Respondent's ability to fulfill financial obligations related to the arbitration, including but not limited to, payment of arbitration fees, costs of representation, and other related expenses. For these reasons, Respondent respectfully requests the Arbitrator stay this proceeding.

## II. ARGUMENTS AND AUTHORITIES

4. Federal courts possess the inherent authority to stay arbitration proceedings when exceptional circumstances warrant such action. While the Federal Arbitration Act governs much of the arbitration process, it does not explicitly address stays of arbitration. 9 U.S.C.S. §§ 1-16; *see Tai Ping Ins. Co. v. M/V Warschau*, 731 F.2d 1141, 1144 (5th Cir. 1984). In general, however, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The exercise of this power requires a careful assessment of competing interests to maintain an even balance. *Id*.

5. Within the Eleventh Circuit, courts are guided by the need to consider both the specific facts of the case and the broader public interest. *See AXA Equitable Life Ins. Co. v. Infinity Financial Group, LLC*, No. 08-80611-CV, 2012 WL 602809 at *2 (S.D. Fla. Feb 23, 2012). Although stays of arbitration are not frequently addressed within the Eleventh Circuit courts, other courts have recognized that arbitration may be stayed under "appropriate circumstances." *See Poolre Ins. Corp. v. Organizational Strategies, Inc.*, No. H-13-1857, 2013 U.S. Dist. LEXIS 105536 at *27 (S.D. Tex. 2013). The current situation, wherein Respondent's bank accounts have been judicially frozen, constitutes such an "appropriate circumstance."

6. Continuing the arbitration while Respondent's bank accounts remain frozen would significantly prejudice Respondent by depriving them of the financial resources necessary to adequately participate in the arbitration process. This financial constraint would likely lead to an inequitable outcome in the arbitration, as Respondent would be unable to effectively present their case or engage in necessary arbitration activities.

7. The hardship imposed on Respondent due to their inability to access essential funds for the arbitration far outweighs any potential inconvenience to Plaintiffs resulting from a stay. Furthermore, the requested stay is temporary and will not unduly delay the arbitration process, as it will remain in effect only until the issue of the frozen accounts is resolved. This ensures that the arbitration can proceed fairly and without undue hindrance once Respondent regains access to their financial accounts.

8. Staying the arbitration proceedings aligns with the interests of justice by ensuring that Respondent can fully participate and defend themselves in the arbitration. It also helps to avoid potential inefficiencies and complications that may arise from conducting the arbitration under financially constrained circumstances. By granting the stay, the court will uphold the integrity of the arbitration process and ensure a fair and just resolution for all parties involved.

### III.   PRAYER

WHEREFORE, Respondent respectfully requests that the Arbitrator grant a stay of the arbitration proceedings in the above matter pending resolution of the court-ordered freeze on bank accounts, and also grant Respondent such other and further relief as deemed just and proper.

DATED: July 30, 2024

Respectfully submitted,

**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road,
Suite 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (281) 783-8565

*/s/ Lema Mousilli*
LEMA MOUSILLI
State Bar No. 24056016
litigation@lloydmousilli.com

**ATTORNEYS FOR RESPONDENT WEALTH ASSISTANTS**