UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH; *et al.*,<br><br>                Plaintiff,<br><br>    v.<br><br>RYAN CARROLL; *et al.*,<br><br>                Defendant. | Case No. 2:24-cv-02886-WLH-SK<br><br>**[PROPOSED] ORDER DENYING JURISDICTIONAL DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

On July 4, 2024, Jurisdictional Defendants[1] filed a motion to compel Plaintiffs to arbitrate all claims brought in this action.

The Court has considered Jurisdictional Defendants' motion and Plaintiffs' opposition. The Court finds that no Jurisdictional Defendants other than Yax Ecommerce LLC are parties to any arbitration agreement with Plaintiffs, and Jurisdictional

---

[1] "Jurisdictional Defendants" refers to Defendants Ryan Carroll, Max K. Day, Max O. Day, Michael Day, Yax Ecommerce LLC; Precision Trading Group, LLC; and WA Distribution LLC.

Defendants did not explain—or alone present any evidence regarding—how other Jurisdictional Defendants could invoke Plaintiffs' arbitration agreement with Yax Ecommerce LLC.

Furthermore, Yax Ecommerce LLC repeatedly waived its right to compel arbitration against its former clients, including by (1) failing to pay timely pay arbitration costs after receiving an invoice for arbitrations brought by Plaintiffs Isabel Ramos and Michael Nibarger, forcing them to instead bring their claims in Court (Pls.' Opp., Banks Declaration, ¶ 2-17), and (2) filing a motion to stay an arbitration brought by another one of its similarly situated former clients—on the grounds that the arbitration was prohibitively expensive— shortly after filing its motion to compel arbitration in this matter (Pls.' Opp., Exhibit 4).

Finally, even if Yax Ecommerce LLC had not already waived its right to compel arbitration, the Court would find that the arbitration clauses at issue are unenforceable because they are unconscionable. Plaintiffs demonstrated that arbitration costs associated with litigating individual claims would prohibit them from vindicating their rights, particularly because Jurisdictional Defendants' expected recovery in this case is small.

//

//

//

For those reasons, the Court DENIES Jurisdictional Defendants' motion to compel arbitration.

**IT IS SO ORDERED.**

Dated:

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE