**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Michael S. Lowe (SBN 173664)
michael.lowe@troutman.com
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.928.9800

David M. Gettings (admitted *pro hac vice*)
dave.gettings@troutman.com
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757.687.7500

Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: 415.477.5700

Nicholas J. Schuchert (SBN 307249)
nicholas.schuchert@troutman.com
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: 949.622.2700

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| DAVID HOUGH; et al., | Case No. 2:24-cv-02886-WLH-SK |
| Plaintiffs, | **DISCOVERY MATTER** |
| vs. | **DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO MOTION TO COMPEL** |
| RYAN CARROLL; et al., | Date:     August 28, 2024 |
| Defendants. | Time:     10:00 a.m. |
| | Place:    Courtroom 540, 5th Floor |
| | Judge:    Hon. Steve Kim |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO MOTION TO COMPEL

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF RELEVANT FACTS ........................................... 2

III.  THE ONGOING AND INCOMPLETE MEET AND CONFER PROCESS ............................................................................................ 4

IV.   ARGUMENT ..................................................................................... 6

    A.    Plaintiffs' Motion is Procedurally Defective ......................... 6

    B.    Plaintiffs Failed to Complete the Meet and Confer Process ............... 9

    C.    The Court Should Also Deny the Motion for Substantive Reasons .................................................................................... 10

        1.    Plaintiffs Cannot Use a Third-Party Subpoena to Circumvent the Rules of Party Discovery ................. 10

        2.    The Modified Subpoena Does Not Describe the Requested Documents with Reasonable Particularity .............................. 11

        3.    The Modified Subpoena Seeks Documents Outside of the Court's May 1, 2024 Order ...................................... 12

V.    CONCLUSION .................................................................................. 13

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Christison v. Pac. Gas & Elec. Co*.,
    2017 U.S. Dist. LEXIS 235120 (C.D. Cal. Oct. 27, 2017) ............................... 13

*Fisher v. Felker*,
    2011 WL 39124 (E.D. Cal. Jan. 5, 2011) .......................................................... 11

*Long Nguyen v. Lotus by Johnny Dung, Inc*.,
    2019 U.S. Dist. LEXIS 167132 (C.D. Cal. Mar. 21, 2019) ............................... 8

*Palmer v. Cognizant Tech. Solutions Corp*.,
    2021 U.S. Dist. LEXIS 219193 (C.D. Cal. Nov. 2, 2021) .................................. 7

*Perez v. Orange Cnty. Sherriffs Dep't*,
    2023 U.S. Dist. LEXIS 215736 (C.D. Cal. Jun. 26, 2023) ................................. 7

*Peyton v. Burdick*,
    2008 U.S. Dist. LEXIS 106910 (E.D. Cal. Mar. 31, 2008) .............................. 10

*Reinsdorf v. Skechers U.S.A., Inc*.,
    296 F.R.D. 604 (C.D. Cal. 2013)....................................................................... 11

*Smith v. Frank*,
    923 F.2d 139 (9th Cir. 1991) ............................................................................. 13

*U.S. Bank Nat. Ass'n v. Friedrichs*,
    2013 WL 371987 (S.D. Cal. Jan. 17, 2013) ...................................................... 11

*Warren v. Las Vegas Metropolitan Police Dep't*,
    2023 WL 6785815 (D. Nev. Oct. 12, 2023)...................................................... 11

**Other Authorities**

Fed. R. Civ. P. 26(d) ................................................................................................. 3

Fed. R. Civ. P. 26(f).................................................................................................. 10

Fed. R. Civ. P. 26(g).................................................................................................. 8

Fed. R. Civ. P. 34............................................................................................. 3, 10, 11

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

Fed. R. Civ. P. 34(b)(2)(A) ................................................................................. 10

Fed. R. Civ. P. 45 ............................................................................... 1, 3, 10, 11

L.R. 11-6.1 ....................................................................................................... 14

L.R. 37 ............................................................................................................... 6

L.R. 37-1 ................................................................................................... 7, 8, 9

L.R. 37-2 ...................................................................................................... 7, 8

L.R. 37-2.2 ........................................................................................................ 7

L.R. 37-2.4 ........................................................................................................ 7

L.R. 37-4 ......................................................................................................... 13

L.R. 45-1 ............................................................................................................ 6

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

300772512

# I.    INTRODUCTION

Plaintiffs' Motion to Compel (the "Motion") is a vast overreach—broadly seeking documents outside the scope of the Court's prior orders permitting Plaintiffs to serve limited subpoenas on certain non-party financial institutions.    Moreover, Plaintiffs filed the Motion in contravention of multiple Local Rules and the Court's chambers rules.    For example, Plaintiffs filed the Motion before the parties completed the required meet and confer process.    Indeed, Wells Fargo was quite surprised Plaintiffs filed the Motion given that the parties were still actively discussing the scope of the subpoena; and given the suggestion in the parties' joint stipulation that they would continue those discussions for 10 more days.    Plaintiffs also blatantly disregarded the rules for filing discovery motions.    For example, Plaintiffs ignored the critical requirement to negotiate a joint stipulation regarding discovery disputes. Had Plaintiffs complied with these requirements, they would have realized that the meet and confer process was incomplete and that the Motion may not be necessary. As the Local Rules make clear, the Court should refuse to consider the Motion due to Plaintiffs' failures.

In addition to these fatal defects, the Motion is also substantively meritless. The Rule 45 subpoena at issue was improperly directed to Wells Fargo, a *party* to the lawsuit, in contravention of the rules in the Federal Rules of Civil Procedure for obtaining discovery from *parties*.    And even if the subpoena had been properly issued to a third party, the subpoena fails to describe the documents it seeks with particularity, is vague and ambiguous, and exceeds the scope of documents the Court permitted Plaintiffs to seek from third-party financial institutions.

Nonetheless, in an effort to avoid a discovery dispute, prior to Plaintiffs' Motion, Wells Fargo had already agreed to produce many of the documents Plaintiffs requested—agreeing to produce account statements and to gather wire transfer information and, if the volume was reasonable, produce that wire information. Plaintiffs do not even bother to explain why the information Wells Fargo agreed to

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

- 1 -
DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

produce is insufficient for purposes of identifying the Jurisdictional Defendants' assets, which was the purpose of this early discovery. Nor do Plaintiffs explain why they filed this Motion in the middle of the meet and confer process at a time when Wells Fargo was already collecting the responsive documents it agreed to produce.

Although Plaintiffs claim that time is of the essence, filing this baseless Motion has accomplished nothing but a delay in the very production of documents they are seeking. Wells Fargo respectfully requests that the Court deny the Motion.

## II.    STATEMENT OF RELEVANT FACTS

On April 9, 2024, Plaintiffs filed their Complaint against Ryan Carroll and several other defendants. (Dkt. No. 1). Wells Fargo was not named as a defendant in the original Complaint. (*Id.*) On April 25, 2024, Plaintiffs filed a motion for limited discovery—specifically requesting leave to issue subpoenas to third-party financial institutions requiring those institutions "disclose account statements dating back to May of 2021" for certain accounts related to the Jurisdictional Defendants. (Dkt. No. 25). On May 1, 2024, the Court issued an Order permitting Plaintiffs to conduct limited third-party discovery. (Dkt. No. 42). Consistent with Plaintiffs' motion, the Court permitted Plaintiffs "to issue subpoenas to third-party financial institutions, requiring those institutions to produce **account statements**…." (*Id.* at 6) (emphasis added).

On May 18, 2024, Plaintiffs purportedly served a subpoena dated May 16, 2024 (the "Original Subpoena") on Wells Fargo via U.S. mail. On May 24, 2024, Wells Fargo received the Original Subpoena, and on May 29, 2024, Wells Fargo served objections to the Original Subpoena. (Declaration of David Gettings ("Gettings Decl."), ¶ 3). Although the Original Subpoena was served at a time when Wells Fargo was only a third party, within days of serving that subpoena, and before Wells Fargo had even received it, Plaintiffs added Wells Fargo as a party to this case.

Specifically, two days after mailing the Original Subpoena, on May 20, 2024, Plaintiffs filed their First Amended Complaint, which among other things, added

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

Wells Fargo as a defendant.  (Dkt. No. 56).  On May 29, 2024 (*i.e.,* the same day Wells Fargo served objections to the Original Subpoena), Plaintiffs issued another Subpoena for Production of Documents (the "Modified Subpoena").  (Gettings Decl. ¶ 3; Dkt. 95-2).  The Modified Subpoena demanded Wells Fargo—now a party to the case—produce documents by June 17, 2024.  (Dkt. 95-2).  The Modified Subpoena contained one request for production seeking:

> [a]ll documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A.  'Documents' includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents.

(*Id.*)

On June 12, 2024, Wells Fargo's former counsel pertaining to the subpoenas, McGuireWoods LLP, served objections to the Modified Subpoena.  (*Id.*, Ex. 1).  Among other objections, Wells Fargo objected to the requests in the Modified Subpoena on the ground that "it is a named defendant and party to this action; thus, Plaintiffs' Modified Subpoena under Fed. R. Civ. P. 45 is invalid and premature for failure to adhere to the procedures set forth in Fed. R. Civ. P. 34 and Fed. R. Civ. P. 26(d)."  (*Id.*)

On June 14, 2024, the Jurisdictional Defendants filed a Motion to Quash Plaintiffs' Nonparty Subpoenas (the "Motion to Quash").  (Dkt. No. 66).  Among the subpoenas the Jurisdictional Defendants asked the Court to quash was the Modified Subpoena.  (*Id.*)  Wells Fargo is not a "Jurisdictional Defendant" and was not a party to the Motion to Quash.  (*Id.*)  On July 1, 2024, the Court granted in part and denied in part the Motion to Quash.  (Dkt. No. 81).  The Court denied the Motion to Quash as to sixteen financial institutions, including the Modified Subpoena to Wells Fargo.  (*Id.*)  However, the Court granted the Motion to Quash as to a subpoena issued to Stripe, Inc. ("Stripe") because Plaintiffs "never explain[ed]…how HubSpot, Intuit,

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

Stripe, and Total Apps might hold relevant and proportional financial information meeting those conditions." (*Id*.)

## III.    THE ONGOING AND INCOMPLETE MEET AND CONFER PROCESS

On June 7, 2024, Wells Fargo retained Troutman Pepper to represent it in this case. (Gettings Decl. ¶ 4). Within a week, the firm began meeting and conferring with Plaintiffs' counsel regarding Wells Fargo's objections to the Modified Subpoena. In those discussions, Wells Fargo agreed to produce many of the documents Plaintiffs requested in the Modified Subpoena. In fact, in an effort to avoid a discovery dispute, Wells Fargo agreed to produce *more documents* than the Court's May 1, 2024 discovery Order described. But Plaintiffs continued to move the goalposts at each turn before eventually filing their Motion in the middle of the parties' meet and confer discussions.

Specifically, on June 17, 2024, counsel for Wells Fargo met and conferred with Plaintiffs' counsel regarding the Modified Subpoena. (*Id*., ¶ 6). During that meeting, Wells Fargo explained that the Modified Subpoena was invalid because Wells Fargo was a defendant, not a third-party. (*Id*.) Nonetheless, Wells Fargo noted that it was willing to consider producing the account statements responsive to the Modified Subpoena, (*Id*.), which was consistent with the Court's May 1, 2024 Order. (*See* Dkt. No. 42, at 6) (permitting Plaintiffs to issue "subpoenas to third-party financial institutions, requiring those institutions to produce account statements…."). In a subsequent June 26, 2024 call, Wells Fargo's counsel confirmed that Wells Fargo was willing to produce the requested account statements. (Gettings Decl. ¶ 7).

In that same June 26, 2024 call, Plaintiffs' counsel explained that Plaintiffs wanted Wells Fargo to produce more than account statements, despite the limitation in the Court's Order. Now Plaintiffs were requesting wire transfer receipts and cancelled checks, in addition to account statements. (*Id*.) Then, on June 30, 2024, Plaintiffs' counsel added a new category of documents they would need in response

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

- 4 -

to the subpoena—"relevant transaction data for any third-party agents." (Gettings Decl. Ex. 2).

On July 2, 2024, Wells Fargo informed Plaintiffs that it was willing to provide the wire documentation Plaintiffs requested, however, Wells Fargo explained that it was "still gathering the statements and do[es] not know the full volume yet." (*Id*.) Wells Fargo noted that it would have no problem producing the statements and wire documentation "if the volume is reasonable." (*Id*.) Accordingly, Wells Fargo explained that "if the volume turns out to be very large," the parties would need to discuss whether there was a reasonable limitation that could be reached. (*Id*.) Nonetheless, Wells Fargo concluded by stating that it was "willing to provide both the statements and the wire information in concept" and that this "agreement should obviate the need for a motion." (*Id*.) At the same time, Wells Fargo was working to collect and produce the account statements and wire documentation.

On July 3, 2024, Plaintiffs responded with a renewed demand that Wells Fargo produce "relevant transaction information for the third-party agents (such as payment processors, like Stripe) that Wells Fargo supervises." (*Id*., Ex. 3). Not only were these documents far afield from the "account statements" on which the Court allowed discovery in its May 1 2024 Order, (Dkt. 42), but the Modified Subpoena did not even request these third-party transaction records.

On July 7, 2024, in parallel with the meet and confer discussions, Plaintiffs also informed Wells Fargo that they intended to file another amended complaint. (Gettings Decl. ¶ 10, Ex. 4). To streamline the pleadings, Plaintiffs proposed a stay of Wells Fargo's responsive pleading deadline until after the forthcoming amended complaint. (*Id*.) Wells Fargo agreed and the parties negotiated a stipulation to that effect (the "Stipulation"). The Stipulation also addressed the status of the parties' meet and confer discussions. In the Stipulation, the parties jointly acknowledged that "[i]f Plaintiffs are unable to reach agreements on subpoenas they issued, Plaintiffs anticipate filing motions to compel discovery from Wells Fargo…no later than July

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614

- 5 -

26, 2024." (Dkt. No. 94, at 2:10-15). At no time during the Stipulation discussions did Plaintiffs inform Wells Fargo that they were going to file a motion to compel that day. (Gettings Decl. ¶ 11). Yet that is exactly what they did.

In the morning of July 16, 2024, Plaintiff filed the Stipulation. (Dkt. No. 94.) Again, the agreed stipulation stated that Plaintiffs were negotiating with Wells Fargo regarding the Modified Subpoena and, if they could not reach an agreement, they envisioned filing a motion to compel "no later than July 26, 2024." *Id.* Thus, not only had Wells Fargo been negotiating with Plaintiffs in good faith, but based on prior discussions with Plaintiffs' counsel and as reflected in the Stipulation, Wells Fargo anticipated continuing to meet and confer with Plaintiffs' counsel regarding the Modified Subpoena for at least 10 more days, if necessary. Despite these negotiations, just a few hours later, Plaintiffs filed the Motion. (Dkt. 95).

As discussed below, Plaintiffs filed the Motion in violation of the Local Rules and this Court's chambers rules. As the Court can imagine, Wells Fargo was surprised to receive Plaintiffs' Motion given the parties' negotiations, the representation in the Stipulation, and Plaintiffs' failure to complete the meet and confer and joint stipulation process. Conspicuously absent from the Motion—and contrary to the Local Rules— is any assertion that Plaintiffs notified Wells Fargo that they were going to file the Motion when they did or that negotiations ceased and the Motion was necessary.

## IV.  ARGUMENT

### A.  Plaintiffs' Motion is Procedurally Defective

Plaintiffs' Motion fails to comply with the Central District's Local Rules and this Court's chambers rules for discovery motions. The Court should deny the Motion on these bases alone.

Local Rule 45-1 provides that Local Rule 37 "applies to all motions relating to discovery subpoenas served on (a) parties and (b) non-parties represented by counsel." L.R. 45-1. Similarly, Judge Kim's individual procedures provide that

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

"[u]nless otherwise ordered, parties must file discovery motions in accordance with Local Rules 37-1 to 37-3."

Local Rule 37-2 requires that all discovery motions be filed in the form a joint stipulation "in one document signed by counsel" containing "all issues in dispute and, as to each such issue, the contentions and points and authorities of each party." L.R. 37-2. Critically, Local Rule 37-2.4 warns litigants that "[t]he Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner under L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added." L.R. 37-2.4. Plaintiffs never sent Wells Fargo any proposed joint stipulation (and indeed, never told Wells Fargo that they were intending to file this motion when they did or even discussed a joint stipulation). (Gettings Decl. ¶ 11.) Instead, Plaintiffs elected to file a noticed motion in contravention of the Local Rules, while they were in the middle of negotiating with Wells Fargo regarding the production of responsive documents. They also filed the Motion on the same day they filed the Stipulation, which suggested they would continue to negotiate the discovery responses for 10 more days.

None of the limited exceptions permitting the moving party to file a discovery motion that is not in the form of a joint stipulation apply. The declaration Plaintiffs' counsel filed does not state that Wells Fargo failed to meet and confer in a timely manner, failed to provide Wells Fargo's portion of the joint stipulation, or refused to sign and return a final joint stipulation. Nor could Plaintiffs' counsel make any of those representations. Courts in this district have consistently refused to consider motions to compel further responses to subpoenas that are not filed in the form of the required joint stipulation. *See Palmer v. Cognizant Tech. Solutions Corp.*, 2021 U.S. Dist. LEXIS 219193, at *4-5 (C.D. Cal. Nov. 2, 2021) (Hon. Paul L. Abrams); *Perez*

1  *v. Orange Cnty. Sherriffs Dep't*, 2023 U.S. Dist. LEXIS 215736, at \*5-10 (C.D. Cal.

2  Jun. 26, 2023) (Hon. John D. Early); *Long Nguyen v. Lotus by Johnny Dung, Inc.*,

3  2019 U.S. Dist. LEXIS 167132, at \*5-6 (C.D. Cal. Mar. 21, 2019) (Hon. John D.

4  Early) (denying motion to compel compliance with subpoena because "the motion is

5  not supported by a joint stipulation" and the moving party did "not assert that counsel

6  for the [nonparty] failed to confer in a timely manner in accordance with Local Rule

7  37-1, failed to provide his clients' portion of a proposed joint stipulation, or refused

8  to sign and return the final joint stipulation.").  Because Local Rule 37-2 explicitly

9  states that the Court will not consider any discovery motion in the absence of a joint

10  stipulation or a declaration from counsel for the moving party establishing one of the

11  limited exceptions applies, the Court should deny the Motion because it fails to

12  comply with Local Rule 37-2.

13      This Court also has its own "Modified and Supplemental Requirements for Pre-

14  Filing Conference of Counsel Under Local Rule 37-1."  As set forth in Section 3 of

15  those requirements, the notice of motion for any motion to compel "must certify,

16  consistent with Rule 26(g), that:

17      a.  Counsel of record for the parties held their pre-filing conference of

18          counsel as required by Local Rule 37-1[in person/by video/via telephone

19          (because videoconference was technologically feasible)] on [date(s)] for

20          [time] hour(s).

21      b.  To eliminate or narrow the disputed discovery issues, counsel of record

22          for the parties discussed not only the merits of their dispute(s) but also

23          addressed compliance with the discovery procedures explained in Judge

24          Kim's Modified and Supplemental Local Rule 37-1 Requirements.

25      c.  Counsel of record for the parties agree that the remaining disputed

26          discovery issues cannot be eliminated or narrowed either by further

27          discussion of their merits or by ensuring compliance with the discovery

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

- 8 -

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

1         procedures explained in Judge Kim's Modified and Supplemental Local

2         Rule 37-1 Requirements."

3       The Court warns litigants that "[f]ailure to certify all three statements" above

4   "in the notice of any motion to compel may lead to the striking of that motion without

5   further notice."  Here, Plaintiffs did not even file any Notice of Motion with their

6   Motion, so Plaintiffs failed to comply with this requirement.  Had Plaintiffs complied

7   with this requirement, the parties could have agreed on the "remaining disputed

8   discovery issues" that could not "be eliminated or narrowed by further discussion"

9   between the parties.  Instead, Plaintiffs hastily filed their Motion while Wells Fargo

10  was searching for and collecting the responsive account statements and wire

11  documentation it believed should resolve this dispute.  Since Plaintiffs' Motion fails

12  to comply with the Local Rules and this Court's procedural requirements in several

13  key aspects, the Court should deny it outright.

14        **B.**     **Plaintiffs Failed to Complete the Meet and Confer Process**

15      As noted above, the Stipulation between Plaintiffs and Wells Fargo noted that

16  "**if** Plaintiffs are unable to reach agreements on subpoenas they issued, Plaintiffs

17  **anticipate** filing motions to compel discovery from Wells Fargo…**no later than July**

18  **26, 2024**."  (Dkt. No. 94 (emphasis added).)  The Stipulation clearly acknowledged

19  that the meet and confer process was ongoing and would continue unless the parties

20  were unable to reach an agreement.  Yet a few hours after filing the Stipulation,

21  Plaintiffs filed this Motion without any further meet and confer regarding the issues

22  in this Motion.  Notably, the Stipulation did not say that Plaintiffs and Wells Fargo

23  were unable to reach an agreement and that Plaintiffs had decided to file a motion to

24  compel.  Instead, it clearly spelled out to the Court that the parties were in ongoing

25  meet and confer discussions that could result in a motion being filed if the parties

26  were unable to reach an agreement.  Plaintiffs do not explain what changed in the few

27  hours between the filing of the Stipulation and the Motion that resulted in them

28  unilaterally ending the required meet and confer process.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

- 9 -
DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

**C.    The Court Should Also Deny the Motion for Substantive Reasons**

Even if Plaintiffs had followed the procedural requirements, the Motion still fails on the merits. The Modified Subpoena improperly seeks documents from a party to the action. It is also vague, ambiguous, and fails to specify the documents it seeks with reasonable particularly. Finally, the Modified Subpoena seeks documents beyond the scope of documents the Court previously ordered that Plaintiffs could seek from third-party financial institutions.

### 1.    Plaintiffs Cannot Use a Third-Party Subpoena to Circumvent the Rules of Party Discovery

First, Plaintiffs improperly issued the Modified Subpoena to Wells Fargo, a party to the action, in contravention of the rules regarding the timing of party discovery in federal court. Indeed, "[a] majority of courts hold that the use of a FRCP 45 subpoena constitutes discovery, thus a party employing a FRCP 45 subpoena to obtain discovery from a party to an action must also comply with the time constraints and other requirements applicable to other methods of formal discovery." *Peyton v. Burdick*, 2008 U.S. Dist. LEXIS 106910, at *1 (E.D. Cal. Mar. 31, 2008). Federal Rule of Civil Procedure 34 provides parties 30 days to respond to any document requests served by another party. Fed. R. Civ. P. 34(b)(2)(A). Here, the Modified Subpoena improperly demanded that Wells Fargo produce responsive documents within 19 days. For that reason alone, the Modified Subpoena is invalid because Plaintiffs failed to comply with the time constraints applicable to other methods of formal discovery for parties like Wells Fargo.

Federal Rule of Civil Procedure 34(b)(2)(A) also provides that document requests to parties cannot come due until 30 days after the parties' first Rule 26(f) conference. However, no such conference has occurred in this case, which is required before Plaintiffs can serve a Rule 34 request on Wells Fargo. Thus, Plaintiffs improperly served the Modified Subpoena pursuant to Rule 45 to circumvent Rule 34, which many courts have found to be an inappropriate way to seek discovery from a

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

- 10 -

party. *See U.S. Bank Nat. Ass'n v. Friedrichs*, 2013 WL 371987, at *4 n.2 (S.D. Cal. Jan. 17, 2013) ("When a party to the action is simply seeking production of documents from another party, the requesting party should proceed under Rule 34, not with a subpoena pursuant to Rule 45"); *Warren v. Las Vegas Metropolitan Police Dep't*, 2023 WL 6785815, at *8 (D. Nev. Oct. 12, 2023) (holding that plaintiff's subpoena duces tecum was improperly issued under Rule 45 because Defendant is a party to the action).

Once Plaintiffs named Wells Fargo as a party, they needed to follow Rule 34's requirements to obtain document discovery from a party, not the requirements for serving a third-party subpoena under Rule 45. The Court should not countenance Plaintiffs attempt to circumvent the rules governing party discovery.

### 2. The Modified Subpoena Does Not Describe the Requested Documents with Reasonable Particularity

Second, the Modified Subpoena fails to describe the documents it seeks with reasonable particularity. The Modified Subpoena seeks "all documents reflecting action upon assets or accounts." It is unclear what this statement means or what Plaintiffs are seeking when they demand Wells Fargo produce "all documents reflecting action upon assets or accounts." Courts regularly sustain objections to similar requests. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 616 (C.D. Cal. 2013) (finding that a request must describe the items to be produced with "reasonable particularity," such that a party is on "reasonable notice of what is called for and what is not."); *Fisher v. Felker*, 2011 WL 39124, at *5 (E.D. Cal. Jan. 5, 2011) (upholding a vagueness objection where it is unclear what documents are being requested due to the use of ambiguous phrases in the request). Here, Wells Fargo properly objected to the Modified Subpoena on the ground that it is vague, ambiguous, and fails to specify the documents it seeks with reasonable particularity.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL
300772512

### 3. The Modified Subpoena Seeks Documents Outside of the Court's May 1, 2024 Order

Third, the Modified Subpoena seeks documents that are beyond the scope of the Court's Order permitting Plaintiffs to serve limited subpoenas on third party financial institutions. The Modified Subpoena's request that Wells Fargo produce "all documents reflecting action upon assets or accounts," including, but not limited to, "account statements, wire transfer records, checks, correspondence, and account opening documents." (Dkt. No. 95-2). This remarkably broad discovery request stands in contrast to the Court's narrow May 1, 2024 Order setting the boundaries of early discovery.

In the Court's Order, it allowed Plaintiffs to seek "account statements dating back to May of 2022" from certain financial institutions. (Dkt. No. 42, at 6). The Court's Order was a targeted effort to allow Plaintiffs to discover assets related to the Jurisdictional Defendants, without opening the gates of full-fledged discovery at an early stage in the case. Plaintiffs' Modified Subpoena flouts the Court's measured approach. The request for all documents reflecting "action upon assets or accounts" has no reasonable bearing to the Court's reasonable "account statement" limitation in its May 1, 2024 Order.

Nonetheless, in an effort to avoid a discovery dispute, Wells Fargo offered to produce the account statements Plaintiffs requested. In addition, Wells Fargo offered to gather wire information for the accounts at issue, despite the fact that the Court's discovery Order did not reference wire information. Plaintiffs have never explained how Wells Fargo's offer is insufficient or otherwise fails to comply with the scope of discovery the Court outlined in its May 1st Order. Nor do Plaintiffs explain how all "checks, correspondence, and account opening documents" are necessary to identify and locate the assets of the Jurisdictional Defendants.

Plainly, Wells Fargo offer was consistent (and exceeded) the Court's Order regarding discovery. Plaintiffs, however, are continually trying to overreach. And

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

1    when Wells Fargo agreed to produced documents, Plaintiffs continued to move the

2    goalpost a little further each time.

3    **V.    CONCLUSION**

4         In light of Plaintiffs' violations of numerous local rules, chambers' rules, and

5    their failure to complete the meet and confer process, sanctions against Plaintiffs'

6    counsel would be appropriate.  *See* L.R. 37-4; *Smith v. Frank*, 923 F.2d 139, 142 (9th

7    Cir. 1991) ("For violations of the local rules, sanctions may be imposed…");

8    *Christison v. Pac. Gas & Elec. Co.*, 2017 U.S. Dist. LEXIS 235120, at *8-9 (C.D.

9    Cal. Oct. 27, 2017) (awarding defendant's reasonable expenses incurred in opposing

10   a discovery motion that was not filed in the form of a joint stipulation).  Wells Fargo,

11   however, has not requested sanctions here based on a desire to continue working

12   amicably with Plaintiffs' counsel.

13        For all of the foregoing reasons, Wells Fargo respectfully requests that the

14   Court deny the Motion.

15

16   Dated:  August 7, 2024                  Respectfully Submitted,

17                                           TROUTMAN PEPPER HAMILTON
18                                           SANDERS LLP

19
                                              */s/* Michael S. Lowe
20                                           Michael S. Lowe
21                                           David M. Gettings
22                                           Elizabeth Holt Andrews
                                             Nicholas J. Schuchert
23
                                             Attorneys for Defendant
24                                           WELLS FARGO BANK, N.A.

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

300772512

## <u>CERTIFICATION OF COMPLIANCE WITH L.R. 11.6.1</u>

The undersigned, counsel of record for Defendant Wells Fargo Bank, N.A., certifies that this brief contains 4,079 words, which complies with the word limit of L.R. 11-6.1.

Dated:  August 7, 2024

Respectfully Submitted,

TROUTMAN PEPPER HAMILTON
SANDERS LLP

*/s/* Michael S. Lowe

Michael S. Lowe
David M. Gettings
Elizabeth Holt Andrews
Nicholas J. Schuchert

Attorneys for Defendant
WELLS FARGO BANK, N.A.

DEFENDANT WELLS FARGO BANK. N.A.'S OPPOSITION TO MOTION TO COMPEL

300772512