**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Michael S. Lowe (SBN 173664)
michael.lowe@troutman.com
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.928.9800

David M. Gettings (admitted *pro hac vice*)
dave.gettings@troutman.com
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757.687.7500

Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: 415.477.5700

Nicholas J. Schuchert (SBN 307249)
nicholas.schuchert@troutman.com
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: 949.622.2700

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| DAVID HOUGH; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN CARROLL; et al.,<br><br>Defendants. | Case No. 2:24-cv-02886-WLH-SK<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF DAVID GETTINGS IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO MOTION TO COMPEL**<br><br>Date: August 28, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 540, 5th Floor<br>Judge: Hon. Steve Kim |

I, David Gettings, declare as follows:

1. I am an attorney with the law firm of Troutman Pepper Hamilton Sanders LLP, counsel of record for Wells Fargo Bank, N.A ("Wells Fargo") in this action. I have personal knowledge of the matters in this declaration. If called to testify as a witness, I could and would do so. I make this declaration in support of Wells Fargo's Opposition to Plaintiffs' Motion to Compel (the "Motion").

2. I have been one of the lawyers responsible for meeting and conferring with Plaintiffs' counsel on Wells Fargo's behalf regarding the subpoena at issue in the Motion.

3. I understand that, before Wells Fargo retained our firm, on May 24, 2024, Wells Fargo received a subpoena from Plaintiffs (the "Original Subpoena"). I also understand that, on May 29, 2024, Wells Fargo served objections to the Original Subpoena, and, on our about the same day, Plaintiffs issued another subpoena to Wells Fargo (the "Modified Subpoena").

4. On June 7, 2024, Wells Fargo retained Troutman Pepper to represent it in this case.

5. On June 12, 2024, Wells Fargo's former counsel pertaining to the subpoenas, McGuireWoods LLP, served objections to the Modified Subpoena. Attached as Exhibit 1 is a true and correct copy of Wells Fargo's objections to the Modified Subpoena.

6. On June 17, 2024, I had a telephone call with Plaintiffs' counsel Nico Banks regarding the Modified Subpoena. During that meeting, I explained that the Modified Subpoena was invalid because Wells Fargo was a defendant, not a third-party. However, I also explained that Wells Fargo was willing to consider producing the account statements responsive to the Modified Subpoena.

7. On June 26, 2024, I had another telephone call with Plaintiffs' counsel. During that phone call, I confirmed that Wells Fargo was willing to produce the account statements requested in the Modified Subpoena. However, in response,

- 2 -
DECLARATION OF DAVID GETTINGS IN SUPPORT OF DEFENDANT
WELLS FARGO BANK, N.A.'S OPPOSITION TO MOTION TO COMPEL

Plaintiffs requested that Wells Fargo also agree to produce wire transfer receipts and cancelled checks, in addition to account statements.

8. On June 30, 2024, I received an email from Plaintiffs' counsel regarding the Modified Subpoena. In the email, Mr. Banks requested that Wells Fargo also agree to produce "relevant transaction data for any third-party agents." On July 2, 2024, I responded to Mr. Banks' June 30 email and stated that Wells Fargo was willing to provide the wire documentation Plaintiffs requested, provided the volume was reasonable. Attached as Exhibit 2 is a true and correct copy of the email correspondence described above.

9. On July 3, 2024, I received an email from Plaintiffs' counsel also requesting that Wells Fargo produce "relevant transaction information for the third-party agents (such as payment processors, like Stripe) that Wells Fargo supervises." Attached as Exhibit 3 is a true and correct copy of Mr. Banks' July 3, 2024 email.

10. On July 7, 2024, Plaintiffs' counsel informed me that Plaintiffs intended to file another amended complaint. Plaintiffs' counsel proposed a stay of Wells Fargo's responsive pleading deadline until after the forthcoming amended complaint was filed. I agreed with Plaintiffs' counsel's proposal and the parties negotiated a stipulation to that effect. At no time during my discussions with Mr. Banks regarding the stipulation did he inform me that Plaintiffs were going to file a motion to compel the same day the stipulation was filed. Attached as Exhibit 4 is a true and correct copy of the email exchanges regarding the stipulation.

11. On July 16, 2024, Plaintiffs filed the Motion. Plaintiffs never sent me a Joint Stipulation regarding the issues raised in the Motion. Plaintiffs also never told me they were intending to file the Motion that day or even discussed a Joint Stipulation regarding a discovery dispute with me.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614

- 3 -
DECLARATION OF DAVID GETTINGS IN SUPPORT OF DEFENDANT
WELLS FARGO BANK, N.A.'S OPPOSITION TO MOTION TO COMPEL

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 7, 2024 at Virginia Beach, Virginia.

_____
David Gettings