# EXHIBIT 1

1

**MCGUIREWOODS LLP**
Anthony Q. Le (SBN 300660)

2

Alexandra L. Hider (SBN 340660)

3

1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501

4

Telephone:  310.315.8200
Facsimile:  310.315.8210

5

ale@mcguirewoods.com
ahider@mcguirewoods.com

6

7

Jarrod D. Shaw (*pro hac vice forthcoming*)
Tower Two-Sixty, Suite 1800

8

Pittsburgh, PA 15222-3142
Telephone:  412.667.6000

9

Facsimile:  412.667.6050
jshaw@mcguirewoods.com

10

11

Attorneys for Defendant Wells Fargo Bank, N.A.

12

UNITED STATES DISTRICT COURT

13

CENTRAL DISTRICT OF CALIFORNIA

14

15

16

| | |
|---|---|
| DAVID HOUGH, et al., | CASE NO. 2:24-cv-02886-WLH-SK |
| Plaintiffs, | Hon. Wesley L. Hsu |
| vs. | **DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS TO PLAINTIFFS' MAY 29, 2024 SUBPOENA** |
| RYAN CARROLL, et al., | |
| Defendants. | |

17

18

19

20

21

        Pursuant to Federal Rule of Civil Procedure 45, Defendant Wells Fargo Bank, N.A.

22

("Wells Fargo") serves its responses to Plaintiffs David Hough, Amund Thompson, Isabel

23

Ramos, Anthony Ramos, and Michael Nibarger's ("Plaintiffs") Subpoena for Production of

24

Documents dated May 29, 2024 (the "Modified Subpoena")[1], as follows:

25

26

---

27

[1] On or about May 18, 2024, Plaintiffs purportedly served a subpoena dated May 16, 2024 (the "Original Subpoena") on Wells Fargo via U.S. mail. On May 24, 2024, Wells Fargo received the Original Subpoena, and on May 29, 2024 Wells Fargo served objections to the Original Subpoena.

28

DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS TO PLAINTIFFS' MAY 29, 2024 SUBPOENA
Case No. 2:24-cv-02886-WLH-SK

1

<u>OBJECTIONS AND RESPONSES TO DOCUMENTS REQUESTED</u>

2

<u>REQUEST FOR PRODUCTION NO. 1:</u>

3
4
5
6

      All documents reflecting action upon assets or accounts held for the benefit of or controlled by, in whole or in part, any individuals or entities listed in Attachment A. "Documents" includes without limitation: account statements, wire transfer records, checks, correspondence, and account opening documents.

7

<u>RESPONSE:</u>

8
9
10
11
12
13
14
15
16
17
18
19
20

      Wells Fargo objects to this Request on the basis that it is a named defendant and party to this action; thus, Plaintiffs' Modified Subpoena under Fed. R. Civ. P. 45 is invalid and premature for failure to adhere to the procedures set forth in Fed. R. Civ. P. 34 and Fed. R. Civ. P. 26(d). *U.S. Bank Nat. Ass'n v. Friedrichs*, No. 12cv2373–GPC(KSC), 2013 WL 371987, at *4 n.2 (S.D. Cal. Jan. 17, 2013) ("When a party to the action is simply seeking production of documents from another party, the requesting party should proceed under Rule 34, not with a subpoena pursuant to Rule 45"); *Warren v. las Vegas Metropolitan Police Dep't.*, No. 2:23-cv-00065-GMN-DJA, 2023 WL 6785815, at *8 (D. Nev. Oct. 12, 2023) (holding that plaintiff's subpoena duces tectum was improperly issued under Rule 45 because Defendant is a party to this action); *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) (emphasizing that "it is apparent . . . that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45." (internal citations and quotation omitted)). Plaintiffs' Rule 45 Modified Subpoena is defective and void for at least three reasons.

21
22
23
24
25

      First, Plaintiffs' Modified Subpoena under Rule 45, including their request for documents, is improper because Rule 34 governs discovery requests to named parties. *Infra* at 2 (citing several cases for the proposition that a subpoena issued under Rule 45 to a party in an action is improper). On May 20, 2024, Plaintiffs filed a First Amended Complaint ("FAC")

26
27
28

On May 29, 2024, counsel for Wells Fargo accepted electronic service of the Modified Subpoena. On May 31, 2024, Plaintiffs' counsel agreed and confirmed that the Original Subpoena is not active and moot with the Modified Subpoena being the only active subpoena to Wells Fargo.

identifying Wells Fargo as a named defendant. ECF No. 56. On May 29, 2024, after Plaintiffs' filing of the FAC, counsel for Wells Fargo accepted electronic service of the Modified Subpoena. As a named defendant, Plaintiffs must adhere to Rule 34 if they seek to serve requests for documents from a named party.

Second, Plaintiffs cannot use a subpoena to avoid the discovery rules for parties, including for example, Wells Fargo's right to respond to the Modified Subpoena within 30 days. *Walters v. City of San Diego*, No.: 12-CV-589-CAB-DHB, 2016 WL 8458373, at *1 n.1 (S.D. Cal. Oct. 25, 2016) ("Rule 45 subpoenas should not be used as an end-run around the Federal Rules' requirements for discovery from parties."). Plaintiffs served the Modified Subpoena on May 29, 2024 and seeks production of documents less than 30 days later on June 17, 2024.

Third, any request for documents under Rule 34 is premature based on Rule 26(d)'s requirements. Fed. R. Civ. P 26(d)(2) (requiring that early Rule 34 requests may only be served more than 21 days after the summons and complaint are served on a party); *U.S. Bank Nat. Ass'n*, 2013 WL 371987, at *2. On May 23, 2024, Wells Fargo executed a waiver of service of the Summons and FAC. ECF No. 60. Plaintiffs failed to allow 21 days to elapse (June 13, 2024) from the date Wells Fargo waived service of the Summons and FAC before serving any discovery. Moreover, the Court permitted Plaintiffs to conduct limited discovery of the jurisdictional defendants and to issue "subpoenas to ***third-party*** financial institutions"—Wells Fargo is neither. ECF No. 42. As Wells Fargo is now a party to this litigation, the Modified Subpoena is improper.

Wells Fargo objects to the Request on the basis that the phrase, "all documents reflecting action upon assets or accounts," is vague, ambiguous, and not described with reasonable particularity. Wells Fargo cannot determine the scope of documents potentially responsive to "action upon assets or accounts." *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 616 (C.D. Cal. 2013) (finding that a request must describe the items to be produced with "reasonable particularity," such that a party is on "reasonable notice of what is called for and what is not."); *Fisher v. Felker*, No. 2:07–cv–02271–PMP–GWF, 2011 WL 39124, at *5 (E.D. Cal. Jan. 5, 2011) (upholding a vagueness objection where it is unclear what documents are being requested

1  due to the use of ambiguous phrases in the request).

2  Wells Fargo objects to the Request on the basis that it is an overbroad, unduly

3  burdensome, and not narrowly tailored or proportional to the needs of the case. The Request

4  seeks "All documents" reflecting action upon assets or accounts "held for the benefit of or

5  controlled by, in whole or in part," *48* different individuals and entities. Notably, not all of these

6  individuals and entities are parties to this action, or are even owned by parties to this action, and

7  it is unclear how documents related to these entities are relevant in this action. Attachment A to

8  Plaintiffs' Modified Subpoena provides a list of specific bank accounts showing that only 4

9  entities (and no individuals) banked at Wells Fargo—Wealth Assistants LLCs, Business

10  Financial Solutions Advisory, Pithy Productions Inc dba Fulfillable, and Precision Trading

11  Group. It is unduly burdensome and disproportionate to require Wells Fargo to search for, and

12  produce, responsive documents to an ambiguous request, over a two-year time period, for at least

13  for 48 different individuals and entities, within 2.5 weeks.

14  Wells Fargo further objects to this Request to the extent it requests information,

15  communications, or material that is protected by the attorney work-product doctrine or attorney-

16  client privilege, Bank Examiner Privilege or by agency regulation, including the prohibition by

17  the Federal Reserve Bank of the disclosure of confidential supervisory information set forth at

18  12 C.F.R. § 261.20, the prohibition by the OCC of the disclosure of non-public OCC information

19  set forth at 12 C.F.R. §§ 4.31 *et seq.*, and the prohibition of the CFPB of the disclosure of

20  confidential information set forth at 12 C.F.R. §§ 1070.40 *et seq.* This concern is further

21  heightened as Attachment A to the Modified Subpoena references, and appears to seek,

22  information and documents belonging to non-party individuals.

23  Wells Fargo further objects to the extent that this Request seeks production of

24  confidential, business proprietary, or other non-public protected information of third parties and,

25  thus, creates confidentiality concerns under federal and state statutes, including the Gramm-

26  Leach-Bliley Act, 15 U.S.C. § 6801-6809 and the regulations promulgated thereunder, 16 C.F.R.

27  Part 313 and California's Financial Information Privacy Act of 2005.

28  Wells Fargo further objects to the extent Plaintiffs are seeking discovery to investigate

Wells Fargo or otherwise build a case against it as an improper use of discovery. *Rivera v. NIBCO, Inc*, 364 F.3d 1057, 1072 (9th Cir. 2004) (finding that district courts "need not condone the use of discovery to engage in fishing expeditions.") (internal quotations and citation omitted); *Price v. County of Orange*, No. SACV 20-00832JVS(KESx), 2020 WL 5092915, at *5 (C.D. Cal. June 25, 2020) (denying motion to compel plaintiff's request for production of documents during the pleading phase) (citing to *Riley v. Modesto Irrigation Dist.*, No. 1:10-CV-02281-AWI-GS, 2011 WL 5828195, at *3 (E.D. Cal. Nov. 18, 2011) ("[L]itigants are not permitted to 'unlock the doors of discovery . . . armed with nothing more than conclusions.").

Wells Fargo will not produce the materials requested on the basis of its objections, but will consider a narrowed, and clarified request by Plaintiffs at the appropriate time and as permitted under the Federal Rules of Civil Procedure.

DATED: June 12, 2024                    MCGUIREWOODS LLP

By:   */e/ Anthony Q. Le*
        Anthony Q. Le (SBN 300660)
        Alexandra L. Hider (SBN 340660)
        1800 Century Park East
        8th Floor
        Los Angeles, CA  90067-1501
        Telephone:  310.315.8200
        Facsimile:  310.315.8210
        ale@mcguirewoods.com
        ahider@mcguirewoods.com

        Jarrod D. Shaw (*pro hac vice forthcoming*)
        Tower Two-Sixty, Suite 1800
        Pittsburgh, PA 15222-3142
        Telephone:  412.667.6000
        Facsimile:  412.667.6050
        jshaw@mcguirewoods.com

        Attorneys for Defendant Wells Fargo Bank, N.A.

1

## <u>PROOF OF SERVICE</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of
4
eighteen years and not a party to the within action; my business address is McGuireWoods, LLC, Wells Fargo Center, South Tower, 355 S. Grand Ave., Suite 4200, Los Angeles, CA 90071-3103.

5

      On June 12, 2024, I served the following document(s) described as **DEFENDANT**
6
**WELLS FARGO BANK, N.A.'S OBJECTIONS TO PLAINTIFFS' MAY 29, 2024**
**SUBPOENA** on the interested parties in this action by placing true copies thereof enclosed in
7
sealed envelopes addressed as follows:

8

    Nico Banks, Esq.                   Richard A. Nervig, Esq.
9
    Banks Law Office              Richard Nervig Law Offices, PC
    712 H. St. NE, Unit #8571       501 West Broadway, Suite 800
10
    Washington, DC  20002          San Diego, CA 92101
    971-678-0036                  760-390-2181
11
    Email:  Nico@bankslawoffice.com   Email:  richard@nerviglaw.com
    *Attorneys for Plaintiffs*           *Attorneys for Plaintiffs*

12

13

☐    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing
14
       correspondence for mailing with the United States Postal Service.  Under that practice, it
       would be deposited with the United States Postal Service that same day in the ordinary
15
       course of business.  Such envelope(s) were placed for collection and mailing with postage
       thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business
16
       practices.  (C.C.P. § 1013 (a) and 1013a(3))

17

☒    **BY E-MAIL:**  By electronic mail transmission pursuant to an agreement between parties,
18
       from csulkerhall@mcguirewoods.com, by transmitting a PDF format copy of such
       document(s) to the email address listed above.

19

☐    **BY EXPRESS MAIL:**  I deposited such document(s) in a box or other facility regularly
20
       maintained by the United States Postal Service, in an envelope or package designated by
       the United States Postal Service with delivery fees paid or provided for, addressed to the
21
       person(s) served hereunder.  (C.C.P. § 1013(d)(e))

22

      I declare under penalty of perjury under the laws of the State of California that the
23
foregoing is true and correct.

24

      Executed on June 12, 2024, at Los Angeles, CA.

25

26

                     *Connie Sulker-Hall*
27
                     Connie Sulker-Hall

28

# EXHIBIT 2

| | |
|---|---|
| **From:** | Gettings, Dave |
| **Sent:** | Tuesday, July 2, 2024 4:26 PM |
| **To:** | Nico Banks; Lowe, Michael S.; Lynch, John C. |
| **Cc:** | richard nerviglaw.com |
| **Subject:** | RE: Fwd: |

Nico,

I spoke with my client this week.  My client is willing to provide the wire documentation you requested in our meet and confers.  The only caveat is that they are still gathering the statements and do not know the full volume yet.  If the volume is reasonable, then we will not have any issues producing the statements and the wire documentation.  If the volume turns out to be very large, then you and I will have to discuss whether there is a reasonable limitation we can reach.  But we are willing to provide both the statements and the wire information in concept.  I think the agreement should obviate the need for a motion, but please advise.

We are starting to receive the statements, so I expect we can start a rolling production soon.  The holiday week may slow it down slightly on the client's end.

Thanks,
Dave


**Dave Gettings**
**Partner**
**troutman** **pepper**
Direct: 757.687.7747 | Mobile: 845.893.0182 | Internal: 17-7747
dave.gettings@troutman.com

---

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Tuesday, July 2, 2024 10:27 AM
**To:** Gettings, Dave <Dave.Gettings@troutman.com>; Lowe, Michael S. <Michael.Lowe@troutman.com>; Lynch, John C. <john.lynch@troutman.com>
**Cc:** richard nerviglaw.com <richard@nerviglaw.com>
**Subject:** Fwd:

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

This email constitutes service of the attached Order denying the motion to quash as it relates to Wells Fargo.

I understand your position that you are still consulting with your client about the subpoena, but respectfully, it is not reasonable for Wells Fargo to take a month and a half to decide what account documents it can produce in response to this urgent subpoena for routinely produced account documents. Accordingly, I intend to file a motion to compel by the end of the day tomorrow. I know I've said that a couple of times before, and each time, I've postponed filing the motion when Wells Fargo has reassured me that it is still working on making a reasonable proposal for producing documents. I can't put it off again; we always want to resolve discovery disputes without motion practice if we can, but Wells Fargo's delay is unreasonable and highly prejudicial to my clients.

Best,


Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002


Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.


---------- Forwarded message ---------
From: **Nico Banks** <nico@bankslawoffice.com>
Date: Mon, Jul 1, 2024 at 10:48 PM
Subject:
To: Nico Banks <nico@bankslawoffice.com>


https://ecf.cacd.uscourts.gov/doc1/031142743551

# EXHIBIT 3

| | |
|---|---|
| **From:** | Nico Banks <nico@bankslawoffice.com> |
| **Sent:** | Wednesday, July 3, 2024 6:16 AM |
| **To:** | Gettings, Dave |
| **Cc:** | Lowe, Michael S.; Lynch, John C.; richard nerviglaw.com |
| **Subject:** | Re: Fwd: |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

We'd also talked about records for checks (those are also records that other banks seems to be able to produce easily as part of a streamlined account-documents-production process). Please let me know Wells Fargo's position on the checks too.

Thanks,


Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002


Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.


On Wed, Jul 3, 2024 at 9:13 AM Nico Banks <nico@bankslawoffice.com> wrote:
>  Thanks.

1

This is the first I've heard that gathering and producing account statements or wire transfers could be a burdensome process for Wells Fargo. Other banks have been able to produce those documents quickly and easily, even for many accounts; it seems like banks have streamlined that process because account statements and wire transfer documents are requested so frequently. Can you help me understand why the subpoena is (or could be) burdensome for Wells Fargo?

Also, please let me know your position on producing relevant transaction information for the third-party agents (such as payment processors, like Stripe) that Wells Fargo supervises.

So long as Wells Fargo can provide a reasonable explanation for why producing account statements and wire transfer documents is burdensome in this case and could therefore require a rolling production -- and so long as Wells Fargo is willing to produce the third-party-agent documents -- we don't need to file a motion to compel.

Thanks,


Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002


Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.


On Tue, Jul 2, 2024 at 7:26 PM Gettings, Dave <Dave.Gettings@troutman.com> wrote:

> Nico,
>
>
> I spoke with my client this week.  My client is willing to provide the wire documentation you requested in our meet and confers.  The only caveat is that they are still gathering the statements and do not know the full volume yet.  If the volume is reasonable, then we will not have any issues producing the statements and the wire documentation.  If the

volume turns out to be very large, then you and I will have to discuss whether there is a reasonable limitation we can reach.  But we are willing to provide both the statements and the wire information in concept.  I think the agreement should obviate the need for a motion, but please advise.

We are starting to receive the statements, so I expect we can start a rolling production soon.  The holiday week may slow it down slightly on the client's end.

Thanks,
Dave

**Dave Gettings**
**Partner**
**troutman** **pepper**
Direct: 757.687.7747 | Mobile: 845.893.0182 | Internal: 17-7747
dave.gettings@troutman.com

---

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Tuesday, July 2, 2024 10:27 AM
**To:** Gettings, Dave <Dave.Gettings@troutman.com>; Lowe, Michael S. <Michael.Lowe@troutman.com>; Lynch, John C. <john.lynch@troutman.com>
**Cc:** richard nerviglaw.com <richard@nerviglaw.com>
**Subject:** Fwd:

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

This email constitutes service of the attached Order denying the motion to quash as it relates to Wells Fargo.

I understand your position that you are still consulting with your client about the subpoena, but respectfully, it is not reasonable for Wells Fargo to take a month and a half to decide what account documents it can produce

3

in response to this urgent subpoena for routinely produced account documents. Accordingly, I intend to file a
motion to compel by the end of the day tomorrow. I know I've said that a couple of times before, and each
time, I've postponed filing the motion when Wells Fargo has reassured me that it is still working on making a
reasonable proposal for producing documents. I can't put it off again; we always want to resolve discovery
disputes without motion practice if we can, but Wells Fargo's delay is unreasonable and highly prejudicial to
my clients.

Best,

Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential
or legally privileged information. If you are not an intended recipient or an authorized agent of an intended
recipient, you are hereby notified that any dissemination, distribution or copying of the information contained
in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in
error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments,
and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any
purpose, nor disclose all or any part of the contents to any other person. Thank you.

---------- Forwarded message ---------
From: **Nico Banks** <nico@bankslawoffice.com>
Date: Mon, Jul 1, 2024 at 10:48 PM
Subject:
To: Nico Banks <nico@bankslawoffice.com>

https://ecf.cacd.uscourts.gov/doc1/031142743551

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Nico Banks <nico@bankslawoffice.com> |
| **Sent:** | Tuesday, July 16, 2024 8:18 AM |
| **To:** | Gettings, Dave |
| **Cc:** | Lowe, Michael S.; Lynch, John C.; richard nerviglaw.com |
| **Subject:** | Re: Wealth Assistants | Intent to amend complaint |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Dave,

Thank you. I filed it.

Best,


Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002


Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.


On Mon, Jul 15, 2024 at 6:33 PM Gettings, Dave <Dave.Gettings@troutman.com> wrote:

1

Thanks Nico. Here are minor proposed redlines. You have our consent to file.



Thanks,

Dave



**Dave Gettings**
**Partner**
**troutman pepper**
Direct: 757.687.7747 | Mobile: 845.893.0182 | Internal: 17-7747
dave.gettings@troutman.com

---

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Monday, July 15, 2024 2:22 PM
**To:** Gettings, Dave <Dave.Gettings@troutman.com>
**Cc:** Lowe, Michael S. <Michael.Lowe@troutman.com>; Lynch, John C. <john.lynch@troutman.com>; richard
nerviglaw.com <richard@nerviglaw.com>
**Subject:** Re: Wealth Assistants | Intent to amend complaint



CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.



Thanks. Here's the proposed stipulation and proposed order.



Best,



Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Thu, Jul 11, 2024 at 6:11 PM Gettings, Dave <Dave.Gettings@troutman.com> wrote:

> Nico,
>
> We will agree to the proposed stipulation staying Wells Fargo's responsive pleading deadline pending your forthcoming Amended Complaint.  Would you like to send it over for our review?
>
> Thanks,
> Dave
>
> **Dave Gettings**
> **Partner**
> **troutman pepper**
> Direct: 757.687.7747 | Mobile: 845.893.0182 | Internal: 17-7747
> dave.gettings@troutman.com

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Tuesday, July 9, 2024 9:42 AM
**To:** Gettings, Dave <Dave.Gettings@troutman.com>
**Cc:** Lowe, Michael S. <Michael.Lowe@troutman.com>; Lynch, John C. <john.lynch@troutman.com>; richard nerviglaw.com <richard@nerviglaw.com>
**Subject:** Re: Wealth Assistants | Intent to amend complaint

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Yes, that's the stipulation I'm proposing.

Thanks,

Nico Banks, Esq.
Banks Law Office, P.C.
Pronouns: he/him
Tel.: 971-678-0036
712 H St NE,
Unit #8571,
Washington, DC 20002

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

On Sun, Jul 7, 2024 at 8:45 PM Gettings, Dave <Dave.Gettings@troutman.com> wrote:

Nico,

Thanks.  So is your proposed stipulation a stay on the responsive pleading deadline until some time after you amend the complaint, along with a proposed deadline for you to file an amended complaint?  I understand you may need some flexibility based on the data you are gathering.

Thanks,

Dave

**Dave Gettings**
**Partner**
**troutman** **pepper**
Direct: 757.687.7747 | Mobile: 845.893.0182 | Internal: 17-7747
dave.gettings@troutman.com

---

**From:** Nico Banks <nico@bankslawoffice.com>
**Sent:** Sunday, July 7, 2024 12:57 PM
**To:** Gettings, Dave <Dave.Gettings@troutman.com>; Lowe, Michael S. <Michael.Lowe@troutman.com>; Lynch, John C. <john.lynch@troutman.com>
**Cc:** richard nerviglaw.com <richard@nerviglaw.com>
**Subject:** Wealth Assistants | Intent to amend complaint

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Hi all,

I wanted to give you a heads up that, based on some third-party documents we've received, we intend to amend our complaint again. The amended complaint will add both new defendants, and new allegations about the existing defendants. Accordingly, I think it would be most efficient to wait to file a responsive pleading until after we've amended the complaint. We'd be happy to stipulate to an extension.

We're still investigating some of the entities and individuals that we plan to add as defendants, so we'll wait to amend the complaint for another six weeks or so.

The additional defendants will include Mercury, the payment processor. The additional allegations will also include more details about Wealth Assistants' alleged payment processing scheme that we've learned from third-party discovery. For example, the transactions make it clear that there weren't clear distinctions between many of the defendants. Wire transfers to an account purportedly owned by the entity defendant "Precision Trading" are sometimes recorded as wire transfers to the individual defendant Max Day, for example.

Since the transactional data is illuminating, I think it also makes sense for us to wait to finalize the amended complaint until we've received at least the low-hanging-fruit discovery (the account statements, wire transfers, and third-party-agent/payment-processor transaction data) from Thread Bank, Wells Fargo, Bank of America, and JP Morgan (four of the banks with the largest accounts controlled by defendants). That shouldn't take more than six weeks or so.

Thanks,


Nico Banks, Esq.

Banks Law Office, P.C.

Pronouns: he/him

Tel.: 971-678-0036

712 H St NE,

Unit #8571,

Washington, DC 20002


Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.