**PARKER IBRAHIM & BERG LLP**
JOHN M. SORICH (CA Bar No. 125223)
john.sorich@piblaw.com
MARIEL GERLT-FERRARO (CA Bar No. 251119)
mariel.gerlt-ferraro@piblaw.com
695 Town Center Drive, 16th Floor
Costa Mesa, California 92626
Telephone: 714.361.9550
Facsimile: 714.784.4190

Attorneys for Non-Party JPMORGAN CHASE & CO.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH; *et al.*<br><br>Plaintiff,<br><br>v.<br><br>RYAN CARROLL; *et al,*<br><br>Defendants. | CASE NO: 2:24-cv-02886-WLH-SK<br><br>**OPPOSITION TO MOTION TO COMPEL WELLS FARGO BANK, N.A., AND HOLD IN CONTEMPT HSBC BANK USA AND JPMORGAN CHASE & CO. [DISCOVERY DOCUMENT: REFERRED TO JUDGE STEVE KIM] BY NON-PARTY JPMORGAN CHASE & CO.**<br><br>**[Declaration of Tamika A. Hull filed Concurrently]**<br><br>Hearing: August 28, 2024<br>Time: Not identified |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

# **TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT – THE MOTION SHOULD BE
     DENIED ON BOTH PROCEDURAL AND SUBSTANTIVE
     GROUNDS .................................................................................................... 1

II.  RELEVANT FACTS ...................................................................................... 2

III. ARGUMENT ................................................................................................. 4

     a.   Plaintiffs' Parent-Subsidy Argument Does Not Support
          Compelling Production ......................................................................... 4

     b.   Plaintiffs Fail to Establish Any Legal Grounds for Contempt or the
          Sanctions Requested ............................................................................ 7

          i.   Plaintiffs Seek An Order of Contempt Without Meeting
               Their Initial Obligations to Avoid Undue Burden, Provide
               Notice, and to Establish a Violation by Clear and
               Convincing Evidence .................................................................... 7

          ii.  There Are No Grounds for the Requested Sanctions ................. 8

          c.   Plaintiffs Failed to Comply with Local Rules .......................... 11

IV.  CONCLUSION ............................................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*7-UP Bottling Co. v. Archer Daniels Midland Co. (In re Citric Acid Litig.),*
  191 F.3d 1090, 1107 (9th Cir. 1999) ...................................................................6

*Broussard v. Lemons,*
  186 F.R.D. 396, 397 (W.D. La. 1999) ...............................................................7

*Cedric Kushner Promotions, Ltd. v. King,*
  533 U.S. 158, 163 (2001) ...................................................................................5

*DeSmeth v. Samsung Am., Inc.,*
  No. 92 Civ. 3710 (LBS) (RLE), 1998 U.S. Dist. LEXIS 1907, 1998 WL 74297, at
  *9 (S.D.N.Y. Feb. 20, 1998) .............................................................................6

*Dole Food Co. v. Patrickson,*
  538 U.S. 468, 475 (2003) ...................................................................................5

*Erickson v. Builder Advisor Grp. LLC,*
  No. 22-mc-80094-TSH, 2022 U.S. Dist. LEXIS 77386, at *7-8 (N.D. Cal. Apr. 28,
  2022) ..............................................................................................................10, 11

*Goldwater Bank, N.A. v. Elizarov,*
  No. 5:21-cv-00616-JWH (SPx), 2023 U.S. Dist. LEXIS 116269, at *9 (C.D. Cal.
  May 10, 2023) ....................................................................................................3

*Gordy v. Granlund,*
  2019 U.S. Dist. LEXIS 133804, 2019 WL 3753184, at *2 (N.D. Cal. Aug. 8, 2019)
  ...........................................................................................................................11

*In re Fourworld Event Opportunities Fund, L.P.,* No. 22-MC-330 (JPO), 2023 U.S.
  Dist. LEXIS 83209, at *5-6 (S.D.N.Y. May 11, 2023) .......................................7

*In re Mun,*
  No. 22MC163, 2022 U.S. Dist. LEXIS 226248, 2022 WL 17718815, at *3
  (S.D.N.Y. Dec. 15, 2022) ...................................................................................7

*In re Plise,*
  506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) .........................................................11

*In re The Exxon Valdez,*
  142 F.R.D. 380, 384 (D.C. Cir. 1992) ...............................................................8

*In re Vivendi Universal, S.A. Sec. Litig.,*
  No. 02 Civ. 5571 (RJH) (HBP), 2009 U.S. Dist. LEXIS 131833, 2009 WL
  8588405, at *3 (S.D.N.Y. July 10, 2009) ...........................................................6

*Int'l Union of Petro. Indus. Wkrs.,*
  870 F.2d at 1452 ...............................................................................................6

*Kleiman v. Wright (In re Subpoena to Vaugenperling),*
  No. 2:19-mc-00083-CAS(Ex), 2019 U.S. Dist. LEXIS 228062, at *10
  (C.D. Cal. Dec. 2, 2019) ...................................................................................9

*Knupfer v. Lindblade (In re Dyer),*
 322 F.3d 1178, 1190-91 (9th Cir. 2003) ................................................8

*Miranda v. Hokinson,*
 No. 2:07-cv-0609-JIIN-RC, 2008 U.S. Dist. LEXIS 126170, 2008 WL 11337227, at
 *2 (C.D. Cal. Dec. 12, 2008) ................................................9

*Nguyen v. Golden (In re Pham),*
 No. CC-17-1000-LSTa, 2017 Bankr. LEXIS 3844, at *18 (B.A.P. 9th Cir. Nov. 6,
 2017)................................................8

*Norman v. Young,*
 422 F.2d 470, 472-73 (10th Cir.1970)……………………………………………6

*Pennwalt Corp. v. Durand-Wayland, Inc.,*
 708 F.2d 492, 494 (9th Cir. 1983)................................................8

*Pennwalt Corp. v. Durand-Wayland, Inc.,*
 708 F.2d 492, 494 n.5 (9th Cir. 1983)................................................5

*Poturich v. Allstate Ins. Co.,* 2015 U.S. Dist. LEXIS 187149, 2015 WL 12766048,
 at *2 (C.D. Cal. Aug. 11, 2015) ................................................11

*Stream Sicav v. Wang,*
 2014 U.S. Dist. LEXIS 81098, at *10-11 (S.D.N.Y. June 12, 2014) ................5

*Tessera, Inc. v. Micron Tech., Inc.,*
 No. C-06-80024-MISC JW (PVT), 2006 LEXIS 25114 at *17 (N.D. Cal. Mar. 22,
 2006)................................................6

*U.S. v. Int'l Union of Petro. Indus. Wkrs.,*
 870 F.2d 1450, 1452 (9th Cir. 1989) ................................................4

**Rules**

FRCP. Rule 45 (c)(2)(B)................................................7

FRCP, Rule 45(d)(2)(B) ................................................2

FRCP, Rule 45(d)(2-3) ................................................7

FRCP, Rule (e)................................................7

FRCP, Rule 45(g) ................................................10

**Treatises**

1 Moore's Answer Guide: Federal Discovery Practice § 14.14 (2024)................2

1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 31, at 514 (rev. ed.
 1999)................................................5

Non-party JPMorgan Chase & Co. ("**JPM&C**") hereby submits the following points and authorities in opposition to the motion by plaintiffs David Hough, et al., ("**Plaintiffs**") seeking an order to hold JPM&C, among others, in contempt (the "**Motion**").

## MEMORANDUM

## I.    SUMMARY OF ARGUMENT – THE MOTION SHOULD BE DENIED ON BOTH PROCEDURAL AND SUBSTANTIVE GROUNDS

By their Motion, Plaintiffs seek to compel production from Wells Fargo Bank, N.A. and seek to impose contempt sanctions against JPM&C and HSBC Bank USA in the amount of $1,000 per day. Plaintiffs do not request an order to compel compliance from JPM&C in the Motion or proposed order thereon and have not obtained an order for compliance from this Court. As such, the Motion must be denied.

Even if Plaintiffs specifically sought to compel compliance with the subpoena issued to JPM&C, which they have not, there is no just cause to compel production to the subpoena issued by Plaintiffs, seeking records of subsidiary entities of JPM&C, when Plaintiffs have failed to even establish by a cursory showing the requirement of possession, custody, and/or control needed to compel any such production.

Furthermore, Plaintiffs have failed to demonstrate any basis for contempt sanctions. This is particularly true because before seeking a contempt order against a non-party, one must first seek and obtain an order for compliance. JPM&C is not a party to this action and Plaintiffs have not sought to compel its compliance. Thus, the request for contempt sanctions must be denied.

Moreover, despite an obligation to do so, Plaintiffs have not taken reasonable steps to avoid imposing an undue burden on JPM&C as required under Federal Rules of Civil Procedure ("**FRCP**"), Rule 45; and, Plaintiffs did not comply with the procedural requirements under Local Rules 7-1, 37-1 to 37-2 and/or 45-1 before presenting the instant Motion.

1  For these reasons, as discussed more fully below, the Motion should be denied.

2  **II.    RELEVANT FACTS**

3   As set forth in the Motion, Plaintiffs issued the subject subpoena on May 29,

4  2024 (as amended), setting a proposed response date of June 17, 2024. *See* Motion at

5  6. At least by June 5, 2024, JPM&C advised Plaintiffs' counsel that it was not the

6  appropriate entity to address the subpoena based upon the requested scope. *See*

7  Declaration of Plaintiffs' counsel Banks, ¶ 18.

8  Notwithstanding counsel's statement that he does "not know which of JP

9  Morgan Chase & Co.'s subsidiaries custodies the documents requested in the

10  subpoena" (*id.*, ¶ 22), counsel attests to the fact that as of June 5, 2024, JPM&C

11  informed Plaintiffs' counsel of the appropriate entities to which the subpoena should

12  be directed. *See id.,* ¶ 18. Plaintiffs also acknowledge that JPM&C sent written

13  correspondence advising that the subpoena request was improper on this basis and

14  would be closed – effecting a timely objection to the subpoena.[1] *See* Motion at 10.

15  Yet, Plaintiffs declined to issue subpoenas to the appropriate entities. *See*

16  Motion

17  The "Jurisdictional Defendants"[2] in this action filed a motion to quash on June

18  14, 2024. Motion at 10. Once the motion to quash was pending, even if JPM&C had

19  not already advised Plaintiffs of its objection to the subpoena – which it had – it

20  would have been inappropriate for JPM&C to respond. *See, e.g., Goldwater Bank,*

[1] FRCP Rule 45 does not require objections to be made in a specific format and merely states it must be a "written objection". *See* FRCP, Rule 45(d)(2)(B). Plaintiffs acknowledge receipt of written correspondence from JPM&C as of June 6, 2024 advising them of the impropriety of the subpoena and that response would not be made. *See* Banks' Declaration, ¶ 20. Thus, even if the format was not in a traditional 'objection' format, there can be no doubt that Plaintiffs were aware that JPM&C would not respond and the specific reasons therefor. *See, e.g.,* 1 Moore's Answer Guide: Federal Discovery Practice § 14.14 (2024) (Rule 45 does not require than an objection be specific).

[2] As defined in the Motion.

1  *N.A. v. Elizarov,* No. 5:21-cv-00616-JWH (SPx), 2023 U.S. Dist. LEXIS 116269, at

2  \*9 (C.D. Cal. May 10, 2023) (party to whom subpoenaed records pertain can halt a

3  response by the subpoenaed party by bringing a motion to quash).

4      The motion to quash was pending until this Court issued its conditional order on

5  July 1, 2024. *See* Motion at 11. In the Court's July 1, 2024 order, Plaintiffs' counsel

6  was required to serve the subpoenaed parties with a copy of the order. *See* Order

7  (Docket No. 81).

8      In the Motion, Plaintiffs do not attest to serving the subject Order. *See* Motion.

9  And, while JPM&C received a copy of the Order, it was received through its agent for

10  service of process, which did not receive such correspondence until July 12, 2024 – a

11  mere 4 days before Plaintiffs filed the instant Motion. *See* Declaration of Tamika A.

12  Hull ("**Hull Declaration**"), ¶ 4. In response thereto, and because JPM&C is a holding

13  company and does not have possession, custody or control of account/bank

14  documents, the July 12, 2024 correspondence was routed to JPMorgan Chase Bank,

15  N.A.'s ("**Chase Bank**") National Subpoena Processing ("**NSP**") group *Id.*, ¶ 5. NSP

16  received the July 12, 2024 correspondence on July 15, 2024. *Id.*

17      On July 16, 2024, NSP left a message for Plaintiffs' counsel to advise that the

18  incorrect entity was identified the subpoena. *Id.*, ¶ 6. NSP then issued a letter dated

19  July 17, 2024 responding to the July 12, 2024 correspondence. *Id.*, ¶ 7, <u>Exhibit A.</u>  In

20  the July 17, 2024 letter, NSP explained that JPM&C is not the appropriate entity to

21  subpoena based upon the scope of the subpoena requests. NSP then identified

22  JPMorgan Chase Bank, N.A. as the appropriate entity for credit card, depository,

23  checking, savings, mortgage, and loan records; and, identified J.P. Morgan Securities

24  LLC as the appropriate entity for securities and investment records. NSP requested

25  that counsel serve a properly issued subpoena addressed to the correct entity/entities in

26  order for the materials to be produced. *Id.*, ¶ 8.

27      Of note, on July 18, 2024, NSP contacted attorney Banks again and requested

28  an extension to August 16, 2024. *Id.*, ¶ 9.

Plaintiffs filed the instant Motion on July 16, 2024; however, NSP's records do not reflect that Plaintiffs' counsel disclosed the Motion to it when discussing the subpoena on July 18, 2024. *See* Hull Declaration, ¶ 10.

Further, while Plaintiffs assert that JPM&C "did not respond" to the July 2, 2024 letter, what Plaintiffs fail to state is that they did not effect service in a manner that would ensure delivery of the letter and July 1, 2024 order in a reasonable time – particularly given the July 4th holiday. Instead, JPM&C did not receive the letter for 10 days. *See* Hull Declaration, ¶¶ 4-9.

JPM&C's agent for service of process did not receive the Motion until July 23, 2024. *Id.*, ¶ 12. In response thereto, again because JPM&C is a holding company and does not have possession, custody or control of account/bank documents, the July 23, 2024 package enclosing the Motion was routed to Chase Bank's NSP group. NSP received the July 23, 2024 Package on July 29, 2024. *Id.*, ¶ 13.

At no time did JPM&C or Chase Bank state to Plaintiffs' counsel that documents would not be produced if an appropriate subpoena was received. Instead, as noted, NSP advised that subpoenas would need to be issued to the appropriate entities in order for such production to be made. *Id.*, ¶ 14.

## III.    ARGUMENT

### a.  Plaintiffs' Parent-Subsidy Argument Does Not Support Compelling Production

Plaintiffs' entire argument with regard to JPM&C is that JPM&C is "the parent company" and therefore "has control over the documents maintained by its subsidiaries", making it an appropriate entity to which the subpoena should be directed. *See* Motion at 20 (citing *U.S. v. Int'l Union of Petro. Indus. Wkrs.*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Plaintiffs provide no evidentiary support for their argument; and, instead, the only evidence presented – by way of counsel's declaration – demonstrates the inaccuracy of Plaintiffs' argument. Indeed, Plaintiffs' limited argument in this regard is faulty for several reasons.

First, as initially noted, Plaintiffs have not moved for compliance with the subpoena. *See* Motion; *see also* proposed order. Because JPM&C sent Plaintiffs its written response on or about June 6, 2024, making a written response/objection to the subpoena, Plaintiffs are required to move to compel compliance as a first step. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983). Plaintiffs have failed to do so, and, therefore, the Motion should be denied.

Even if Plaintiffs could seek compliance by the Motion, despite their failure to request such relief, the Motion should be denied. Initially, a party to whom a subpoena for records is issued must produce only those records which are in its "possession, custody or control." FRCP, Rule 34(a). Here, Plaintiffs have been advised of the entities to which subpoenas should be directed, but refuse to do so because JPM&C is the "parent". Plaintiffs' position is unreasonable, they fail to consider the facts that have been presented to them, and they fail to consider relevant authority.

A basic tenet of American corporate law is that a parent corporation is distinct from a separately incorporated subsidiary. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). ("A holding corporation does not own the subsidiary's property.") (quoting 1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 31, at 514 (rev. ed. 1999)). Each corporation is a "distinct legal entity, with legal rights, obligations, powers, and privileges different from those of the natural [or legal] individuals who created it, who own it, or whom it employs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001).

Because parent and subsidiary are legally distinct, a document held by a subsidiary is not within the control of the parent, and therefore a parent cannot be legally obligated at the threat of sanction to produce it, unless "the intracorporate relationship establishes some legal right, authority or ability [of the parent] to obtain requested documents on demand." *See Stream Sicav v. Wang*, 2014 U.S. Dist. LEXIS 81098, at *10-11 (S.D.N.Y. June 12, 2014) (quoting *DeSmeth v. Samsung Am., Inc.*, No. 92 Civ. 3710 (LBS) (RLE), 1998 U.S. Dist. LEXIS 1907, 1998 WL 74297, at *9

1  (S.D.N.Y. Feb. 20, 1998)); *see also In re Vivendi Universal, S.A. Sec. Litig.*, No. 02
2  Civ. 5571 (RJH) (HBP), 2009 U.S. Dist. LEXIS 131833, 2009 WL 8588405, at *3
3  (S.D.N.Y. July 10, 2009).

4       Critically relevant here, and as stated plainly <u>*in the only case cited by Plaintiffs*</u>:
5  the "party seeking production of documents bears the burden of proving that the
6  opposing party has such control." *See Int'l Union of Petro. Indus. Wkrs.*, 870 F.2d at
7  1452 (citing *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir.1970)); *see also In re*
8  *Vivendi*, 2009 U.S. Dist. LEXIS 131833, at *3 (same).

9       Indeed, in the *Int'l Union of Petro. Indus. Wkrs.* case, cited by Plaintiffs, the
10 Court had to assess whether the union had control over documents held by a local
11 chapter, analyzing the union's constitution and examining the specific facts regarding
12 whether actual control existed. *See Int'l Union of Petro. Indus. Wkrs.*, 870 F.2d at
13 1453-55. In that case, the required control was lacking and the order denying
14 enforcement of the subpoena was upheld. *Id.; see also 7-UP Bottling Co. v. Archer*
15 *Daniels Midland Co. (In re Citric Acid Litig.),* 191 F.3d 1090, 1107 (9th Cir. 1999).

16      In the *7-UP* case, the Ninth Circuit affirmed the district court's denial of a
17 motion to compel records between a parent and subsidiary, noting the two entities
18 were "separate entities under the law," and there was "no contract giving C&L-US the
19 right to compel C&L-Switzerland to furnish it with documents in C&L-Switzerland's
20 possession." *Id*.

21      Indeed, even when there is significant evidence of common ownership,
22 overlapping management, connected sales and marketing networks and joint
23 commercial efforts, courts in the Ninth Circuit find a lack of requisite "control" where
24 "there is no specific showing that [the party corporation] has the legal right to obtain
25 any documents set forth in the document requests upon demand." *Tessera, Inc. v.*
26 *Micron Tech., Inc.*, No. C-06-80024-MISC JW (PVT), 2006 LEXIS 25114 at *17
27 (N.D. Cal. Mar. 22, 2006).

28      Other federal courts are in accord. *See In re Fourworld Event Opportunities*

*Fund, L.P.,* No. 22-MC-330 (JPO), 2023 U.S. Dist. LEXIS 83209, at *5-6 (S.D.N.Y. May 11, 2023) (same). In the *Fourworld* case, the New York District Court concluded that JPMorgan Chase & Co. was not obligated to produce records from its subsidiary, noting that "the facts did not permit a conclusion that the discovery sought was in J.P. Morgan Chase's possession, custody, or control" *See id.* (citing *In re Mun*, No. 22MC163, 2022 U.S. Dist. LEXIS 226248, 2022 WL 17718815, at *3 (S.D.N.Y. Dec. 15, 2022)) for the same reasoning and result).

Applying these principals here, it is clear that Plaintiffs have failed to carry their burden to demonstrate the requisite control to subject JPM&C to comply with the subpoena that should have been issued to its subsidiaries. *See* Motion; *see also* Hull Declaration, ¶¶ 4-13.

### b. Plaintiffs Fail to Establish Any Legal Grounds for Contempt or the Sanctions Requested

#### i. Plaintiffs Seek An Order of Contempt Without Meeting Their Initial Obligations to Avoid Undue Burden, Provide Notice, and to Establish a Violation by Clear and Convincing Evidence

Under Rule 45(d), a party issuing a subpoena has an obligation to "avoid imposing undue burden or expense on a person subject to the subpoena". *See* FRCP, Rule 45(d)(1). As discussed, Plaintiffs have made no such effort here in the basic issuance of the subpoena to JPM&C and not the appropriate entities (without even mentioning the voluminous and broad materials requested therein).

Furthermore, under Rule 45(d), responses to a subpoena may be made by a response, objection or motion to quash. *See* Rule 45(d)(2-3), (e). As set forth in the Motion, JPM&C responded to Plaintiffs' counsel by phone and written correspondence by June 6, 2024, stating its objection[3] to the subpoena and advising

---

[3] No contempt is available where a subpoenaed person has timely objected to a document subpoena. *Broussard v. Lemons*, 186 F.R.D. 396, 397 (W.D. La. 1999) (citing F.R.C.P. 45 (c)(2)(B); *In re The Exxon Valdez*, 142 F.R.D. 380, 384 (D.C. Cir.

that it would not comply until Plaintiffs issued the subpoena to the appropriate entities (identifying those entities)[4]. *See* Motion at 10; *see* Banks' Declaration, ¶¶ 18-20.

After the Court ruled on the Jurisdictional Defendants' motion to quash, Plaintiffs did not move to compel compliance from JPM&C nor did Plaintiffs issue subpoenas to the appropriate entities; and, as noted, Plaintiffs did not even notify JPM&C of the issuance of the order in a reasonable timeframe for compliance. *See* Discussion, *supra.* Plaintiffs also failed to comply with Local Rules before submitting the subject Motion. *See* Discussion, *infra.* And, in the Motion, Plaintiffs do not seek compliance from JPM&C, but instead, seek only an order for contempt with daily sanctions. The request for contempt and sanctions must be denied as there are no grounds for such a sanctions award before an order for compliance has issued and the party thereafter fails to comply.

Under Rule 45(g), in a contempt proceeding, the nonparty witness is entitled to the "basic requirements of due process — adequate notice and proper hearing . . . ." *Nguyen v. Golden (In re Pham),* No. CC-17-1000-LSTa, 2017 Bankr. LEXIS 3844, at *18 (B.A.P. 9th Cir. Nov. 6, 2017) (internal citation omitted). And "the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Id.* (quoting *Knupfer v. Lindblade (In re Dyer),* 322 F.3d 1178, 1190-91 (9th Cir. 2003) (citation omitted)). Plaintiffs fail to make such a showing here and fail to seek a compliance order. As such, the Motion as to JPM&C should be denied.

### ii.  There Are No Grounds for the Requested Sanctions

As a further consideration, even if the Court construed the instant Motion as one for compliance, the contempt and sanctions request should be denied. That is,

---

1992), *citing Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983)).

[4] Plaintiffs' assertion that they do not know which entities to address the subpoenas (Motion at 20) is disingenuous.

8

other than a generalized statutory reference, Plaintiffs fail to identify any support for the requested contempt sanction of $1,000 per day – a wholly unreasonable and punitive request. *See* Motion at 20.

While a Court may grant a motion to compel compliance with a Rule 45 subpoena, contempt and sanctions are not appropriate even where the nonparty has not formally objected but has communicated with the subpoenaing party that it will not respond absent certain requirements. *See, e.g., Miranda v. Hokinson*, No. 2:07-cv-0609-JIIN-RC, 2008 U.S. Dist. LEXIS 126170, 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008) (granting motion to compel compliance with Rule 45 subpoena because "[a]lthough defendants have not shown Kaiser objected to the subpoenas, and plaintiff has not brought a motion to quash the subpoenas, . . . the Court infers that Kaiser will not comply with defendants' subpoenas without a Court order" but finding sanctions not warranted.); *see also Kleiman v. Wright (In re Subpoena to Vaugenperling),* No. 2:19-mc-00083-CAS(Ex), 2019 U.S. Dist. LEXIS 228062, at *10 (C.D. Cal. Dec. 2, 2019). Thus, to the extent the June 6, 2024 response by JPM&C may be construed as a response other than a "formal" objection, it was still sufficient to advise Plaintiffs of JPM&C's position and objection to compliance such that sanctions are not warranted.

Additionally, after the motion to quash order was issued, Plaintiffs mailed the order in a manner that did not result in reasonable time to respond and filed the subject Motion a mere 4 days after JPM&C's agent for service of process received the package.  As noted, NSP received the correspondence on July 15, 2024. *See* Hull Declaration, ¶ 5. One day later, it left a message for Plaintiffs' counsel to advise that the incorrect entity was identified the subpoena. *Id.*, ¶ 6. NSP then issued a letter dated July 17, 2024 responding to the July 12, 2024 correspondence. *Id.*, ¶ 7, <u>Exhibit A.</u>

In the July 17, 2024 letter, NSP explained that JPM&C is not the appropriate entity to subpoena based upon the scope of the subpoena requests. NSP then identified JPMorgan Chase Bank, N.A. as the appropriate entity for credit card, depository,

9

checking, savings, mortgage, and loan records; and, identified J.P. Morgan Securities LLC as the appropriate entity for securities and investment records. NSP requested that counsel serve a properly issued subpoena addressed to the correct entity/entities in order for the materials to be produced. *Id.*, ¶ 8.

Also, on July 18, 2024, NSP contacted attorney Banks again and requested an extension to August 16, 2024. *Id.*, ¶ 9. Plaintiffs filed the instant Motion on July 16, 2024; however, NSP's records do not reflect that Plaintiffs' counsel disclosed the Motion to it when discussing the subpoena on July 18, 2024. *See* Hull Declaration, ¶ 10. And, at no time did JPM&C or Chase Bank state to Plaintiffs' counsel that documents would not be produced if an appropriate subpoena was received. Instead, as noted, NSP advised that subpoenas would need to be issued to the appropriate entities in order for such production to be made. *Id.*, ¶ 14.

These factors demonstrate adequate cause exists for the non-issuance of production responsive to the subpoena. And, notably, "[a]dequate cause" for a failure to obey a subpoena remains undefined and the relevant statutory notes make clear that "because the command of the subpoena is not in fact one uttered by a judicial officer, contempt should be very sparingly applied". *See* Rule 45(g) (Notes of Advisory Committee). There is no basis to apply contempt or the sanctions sought in this instance because JPM&C has provided adequate cause for not producing responsive documents – it is not the proper entity to which the subpoena should be addressed.

Finally, as the Advisory Committee notes make clear, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command." *See* Rule 45(g) (Notes of Advisory Committee); *see also Erickson v. Builder Advisor Grp. LLC,* No. 22-mc-80094-TSH, 2022 U.S. Dist. LEXIS 77386, at *7-8 (N.D. Cal. Apr. 28, 2022) (same).

Indeed, in denying a sanctions request (actually premised upon fees incurred and not a wildly punitive and unsupported request as Plaintiffs have made here) the Court in *Erickson* reasoned:

> "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena.'" *Gordy v. Granlund*, 2019 U.S. Dist. LEXIS 133804, 2019 WL 3753184, at *2 (N.D. Cal. Aug. 8, 2019) (quoting Advisory Comm. Note to 2013 Amendment to Rule 45(g)). Thus, "many [c]ourts have noted . . . that [b]efore sanctions can be imposed under [the Rule], there must be a court order compelling discovery." *Poturich v. Allstate Ins. Co.,* 2015 U.S. Dist. LEXIS 187149, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015) ((internal citations and quotation marks omitted; alternations in the original); *see also In re Plise,* 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded."). No such order has issued here. Thus, even if Erickson brought his request under Rule 45, the Court finds it would be premature to find Builder Advisor Group in contempt. *See Poturich*, 2015 U.S. Dist. LEXIS 187149, 2015 WL 12766048, at *3 (finding Rule 37 is inapplicable to non-parties and declining to award sanctions under Rule 45's contempt authority where there was no court order compelling discovery in place); *Gordy*, 2019 U.S. Dist. LEXIS 133804, 2019 WL 3753184, at *2 (declining to hold non-party in contempt under Rule 45 where no order compelling non-party's compliance with subpoena had issued)
> *Erickson,* 2022 U.S. Dist. LEXIS 77386, at *7-8.

The same rationale should be applied here because it would indeed be premature to issue sanctions, particularly here where Plaintiffs provide no evidentiary support for the requested sum, when there has been no motion to compel compliance, and no issuance of an order to comply. For these reasons, the requested sanctions should be denied.

### c.  Plaintiffs Failed to Comply with Local Rules

Central District Local Rule 45-1 states that "[e]xcept with respect to motions transferred to this district pursuant to F.R.Civ.P., 45(f), L.R. 37 applies to all motions

11

relating to discovery subpoenas served on (a) parties and (b) non-parties represented by counsel. Further, Local Rule 37-1 to 37-2 requires a prefiling conference of counsel and joint stipulation to be submitted. Plaintiffs did not attempt to meet these requirements.

Moreover, under Local Rule 7-3, to the extent Plaintiffs contend they were incapable of proceeding by the required joint stipulation, Plaintiffs were obligated to attest to a pre-filing conference – but failed to do so.

Notably, Plaintiffs' Motion fails to even include a notice of motion or identify the hearing time or location. *See* Motion.

Plaintiffs' failure to adhere to these requirements is sufficient for denial of the Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.

DATED:  August 7, 2024              **PARKER IBRAHIM & BERG LLP**

By:  */s/ Mariel Gerlt-Ferraro*
    JOHN M. SORICH
    MARIEL GERLT-FERRARO
    Attorneys for Non-Party
    JPMorgan Chase & Co.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

*David Hough, et al v. Ryan Carroll, et al*

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My address is 695 Town Center Drive, 16th Fl., Costa Mesa, CA 92626.

On August 7, 2024, I served the foregoing document **OPPOSITION TO MOTION TO COMPEL WELLS FARGO BANK, N.A., AND HOLD IN CONTEMPT HSBC BANK USA AND JPMORGAN CHASE & CO. [DISCOVERY DOCUMENT: REFERRED TO JUDGE STEVE KIM] BY NON-PARTY JPMORGAN CHASE & CO.** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☐ **BY REGULAR MAIL:** I deposited the sealed envelope with the United States Postal Service with the Postage fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** With the envelope deposited with FedEx and delivery fees thereon fully prepaid.

☒ **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email address(es) listed on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 7, 2024, at Costa Mesa, California.

_/s/ Rhonda K. Viers_
Rhonda K. Viers

1

**PROOF OF SERVICE**

5459320.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SERVICE LIST

*David Hough, et al v. Ryan Carroll, et al*

Richard A. Nervig                          ***Attorneys for Plaintiff, David Hough***
Richard Nervig Law Offices, PC
501 West Broadway, Suite 800               T:  760.390.2181
San Diego, CA 92101                        E:  richard@gnerviglaw.com


Nico Banks                                 ***Attorneys for Plaintiff, David Hough***
BANKS LAW OFFICE
712H St NE, Unit #8571                      T:  971.678.0036
Washington, DC 20002                       E:  nico@bankslawoffice.com


William H. Shibley                         ***Attorneys for Defendants, Ryan Carroll,***
LLOYD AND MOUSILLI PLLC                     ***Max K. Day, Max O. Day, Michael Day,***
11807 Westheimer Road, Suite 550           ***Yax Ecommerce LLC, Precision Trading***
PMB 944                                    ***Group, LLC, WA Distribution LLC,***
Houston, TX 77077                          ***Providence Oak Properties, LLC, WA***
                                           ***Amazon Seller LLC, MKD Investment***
                                           ***Advisor, LLC, MKD Family Beneficiary,***
                                           ***LLC, MKD Family Private Management***
                                           ***Company, LLC, Max Day Consulting,***
                                           ***LLC, HouTex Farm Equity Partners***
                                           ***LLC, Business Financial Solutions***
                                           ***Advisory LLC, Evo Maxx LLC, Yax IP***
                                           ***Management Inc dba Fulfillable,***
                                           ***WWKB LLC, and Dreams To Reality***
                                           ***LLC***

                                           T:  512.609.0059
                                           E:  william@lloydmousilli.com

2
**PROOF OF SERVICE**

5459320.1

1

2    Steven H. Bergman                    ***Attorneys for Defendant, Travis Marker***
     RICHARDS BRANDT MILLER
3    NELSON                               T:  801.531.2000
     111 East Broadway, Suite 400        E:  steven-bergman@rbmn.com
4    Salt Lake City, UT 84111                 info@bergmanesq.com
                                              debra-findlay@rbmn.com
5                                             mariah-letts@rbmn.com

6
     David M. Gettings                    ***Attorneys for Defendant, Wells Fargo***
7    TROUTMAN PEPPER HAMILTON             ***Bank, N.A.***
     SANDERS LLP
8    222 Central Park Avenue, Suite 2000  T:  757.687.7747
9    Virginia Beach, VA 23462             E:  dave.gettings@troutman.com

10
     Elizabeth Holt Andrews              ***Attorneys for Defendant, Wells Fargo***
11   TROUTMAN PEPPER HAMILTON            ***Bank, N.A.***
     SANDERS LLP
12   Three Embarcadero Center, Suite 800  T:  415.477.5700
13   San Francisco, CA 94111             E:  elizabeth.andrews@troutman.com
                                             litigationdocketrequests@troutman.com
14                                           felisa.lybarger@troutman.com

15
16   Michael S. Lowe                     ***Attorneys for Defendant, Wells Fargo***
     TROUTMAN PEPPER HAMILTON            ***Bank, N.A.***
17   SANDERS LLP
18   350 South Grand Avenue, Suite 3400  T:  213.928.9827
     Los Angeles, CA 90071               E:  michael.lowe@troutman.com
19                                           kimberly.boring@troutman.com

20
     Nicholas Joseph Schuchert           ***Attorneys for Defendant, Wells Fargo***
21   TROUTMAN PEPPER HAMILTON            ***Bank, N.A.***
     SANDERS LLP
22   5 Park Plaza, Suite 1400            T:  949.622.2700
23   Irvine, CA 92614                    E:  nicholas.schuchert@troutman.com
                                             felisa.lybarger@troutman.com
24

25

26

27

28