WILLIAM H. SHIBLEY
California State Bar No. 56093
**LLOYD & MOUSILLI, PLLC**
11807 Westheimer Road
Suite 550 PMB 944
Houston, TX 77077
Tel: (512) 609-0059
Fax: (281) 783-8565
*litigation@lloydmousilli.com*

**ATTORNEYS FOR DEFENDANTS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DISTRICT

| | |
|---|---|
| **DAVID HOUGH; et al**<br><br>*Plaintiffs,*<br><br><br>v.<br><br><br>**RYAN CARROLL; et al**<br><br>*Defendants.* | Case No.: 2:24-cv-02886<br><br>Assigned for all purposes to:<br>JUDGE WESLEY L. HSU<br><br>**JURISDICTIONAL DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; AND WA DISTRIBUTION LLC'S REPLY IN SUPPORT OF AMENDED MOTION TO COMPEL ARBITRATION AND MOTION TO STAY**<br><br>Hearing: August 23, 2024 1:30 PM PT<br><br>Action Filed: April 9, 2024<br>Trial Date: N/A |

Defendants' Reply in Support of Amended Motion to Compel Arbitration and Motion to Stay

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES......................................... - 4 -

I.  STATEMENT OF FACTS........................................................... - 4 -

II.  ARGUMENT................................................................................ - 5 -

A.  The Federal Arbitration Act preempts Sections 1281.97 and 1281.98 of the California Code of Civil Procedure, making them inapplicable to the present case - 5 -

B.  Sections 1281.97 and 1281.98 of the California Code of Civil Procedure do not apply to the instant action because those sections only apply to "consumer" transactions and the transaction before the court was an agreement to establish a profit-generating,commercial enterprise............................................................ - 6 -

C.  Jurisdictional Defendants Have Not Waived Their Right to Arbitration because they made reasonable, timely, good-faith efforts to pay the arbitration fees but Plaintiffs dismissed the arbitration claims before the fees could be paid .. - 6 -

D.  Jurisdictional Defendants have preserved their right to arbitration because they have acted consistent with their right to arbitrate ..................................... - 7 -

E.  The arbitration clause is not unconscionable because the Plaintiffs were business investors, not consumers, the arbitration clause was conspicuous, and the Plaintiff are collectively able to afford the costs of arbitration ................... - 9 -

III.  CONCLUSION AND PRAYER ...................................................... - 14 -

CERTIFICATE OF COMPLIANCE.................................................................. - 15 -

CERTIFICATE OF CONFERENCE ................................................................ - 15 -

CERTIFICATE OF SERVICE .......................................................................... - 15 -

# TABLE OF AUTHORITIES

**Cases**

*Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638 (2004) ..................... - 11 -

*Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 795-97 (2012)........... - 8 -, - 9 -

*Alvarez v. Altamed Health Servs. Corp.*, 60 Cal. App. 5th 572 (2021), *as modified*, (Mar 04, 2021)................................................................................................... - 9 -

*Armendariz*, 24 Cal. 4th at 117-18................................................................. - 10 -

*Basith v. Lithia Motors, Inc.*, 90 Cal. App. 5th 951 (2023); *Gostev*, 88 Cal. App. 5th at 1054 ......................................................................................................... - 10 -

*Baxter v. Genworth N. Am. Corp.*, 16 Cal. App. 5th 713 (2017) ........................... - 10 -

*Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745 (N.D. Cal. 2022) ........................... - 4 -

*Bielski v. Coinbase, Inc.*, 97 F.4th 1003 (9th Cir. 2023) ............................... - 9 -, - 10 -

*Cook v. U. of S. California*, 321 Cal. Rptr. 3d 336 (Cal. App. 2d Dist. 2024), *reh'g denied* (June 13, 2024) ..........................................................-9-, - 10 -, - 11 -

*Domestic Linen Supply Co., Inc. v. L J T Flowers, Inc.*, 58 Cal. App. 5th 180, (2020).- 9 -

*Dougherty v. Roseville Heritage Ptrs.*, 47 Cal. App. 5th 93 (2020) ....................... - 8 -

*Fuentes v. Empire Nissan, Inc.*, 90 Cal. App. 5th 919 (2023)....................... - 8 -, - 10 -

*Gostev*, 88 Cal. App. 5th at 1054; *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064 (2003) ................................................................................................ -8-, - 9 -

*Gutierrez v. Autowest, Inc.*, 114 Cal.App.4th 77 (Cal. Ct. App. 2003).................. - 11 -

*Iskanian v. CLS Transportation Los Angeles, LLC*, 327 P.3d 129 (Cal. 2014) ....... - 6 -

*Lange v. Monster Energy Co.*, 46 Cal. App. 5th 436 (2020).................- 8 -, - 9 -, - 10 -

*Lima v. Gateway, Inc.*, 886 F. Supp. 2d 1170 (C.D. Cal. 2012)............................. - 10 -

Little v. Auto Stiegler, Inc. (2003) 29 Cal.4th 1064 Cal.Rptr.2d 892, 63 P.3d 979 - 9 -

*OTO, L.L.C. v. Kho*, 8 Cal. 5th 111 (2019) ............................................................ - 8 -

*Parada v. Superior Court* (Monex Deposit Co.), 176 Cal.App.4th 1554 (Cal. Ct. App. 2009)......................................................................................... -10-, - 12 -

*Player v. Geo. M. Brewster & Son, Inc.*, 18 Cal.App.3d 526 Cal.Rptr. 149 (1971) - 10 -

*Pokorny v. Quixtar, Inc.*, 601 F. 3d 987 (9th Cir. 2010) ....................................... - 10 -

*Quach v. California Com. Club, Inc.*, No. S275121, 2024 WL 3530266 (Cal. July 25, 2024)............................................................................................................. - 6 -

*Ramirez v. Charter Comm's, Inc.*, 75 Cal. App. 5th 365 (2022) ...........- 9 -, -10-, - 11 -

*Spracher v. Paul M. Zagaris, Inc.*, 252 Cal. Rptr. 3d 417 (Cal. App. 1st Dist. 2019), *as modified* (Sept. 17, 2019)........................................................................ - 7 -

*Torrecillas v. Fitness International, LLC*, 52 Cal. App. 5th 485 (2020) ...... - 9 -, - 10 -

*Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022) ................................. - 6 -

*Weiler v. Millichap Real Estate Inv. Servs., Inc.*, 22 Cal. App. 5th 970 (2018)..... - 11 -

*Windsor Mills, Inc. v. Collins & Aikman Corp.*, 101 Cal. Rptr. 347 (Cal. App. 2d Dist. 1972) ................................................................................................ - 10 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

1.    In regard to *Individual Claimants v. Yax Ecommerce LLC d/b/a Wealth Assistants LLC*; American Arbitration Association (**"AAA"**) Case No. 1-24-0003-2735 (**"Mass Arbitration"**), Jurisdictional Defendant's Counsel initiated the payment of the arbitration fees as required under the agreement on May 10, 2024 at 6:58 a.m. PT. *See* Declaration of A. Gluski; Exhibit A Mass Arbitration Payment Receipt dated May 10, 2024.

2.    After payment was initiated, the bank stopped the transaction due to questions regarding the signing authority of the individual(s) responsible for authorizing the payment. *See* **Declaration of A. Gluski**.

3.    Upon learning of the issue, Defense Counsel immediately took steps to resolve the matter and correct the signing authority issue. Declaration of A. Gluski

4.    Before the corrections could be fully implemented, Plaintiffs chose to dismiss their arbitration claims. *See* **Exhibit B Correspondence between Nico Banks and American Arbitration Association ("AAA")**. Despite Jurisdictional Defendants' good-faith efforts, the payment was not processed before this dismissal. Declaration of A. Gluski

5.    In regard to *Benjamin David v. Yax Ecommerce LLC d/b/a Wealth Assistants LLC;* AAA Case No. 01-23-0004-9691 (the **"David case"**), Nico Banks accused Yax Ecommerce LLC d/b/a Wealth Assistants LLC (**"Wealth Assistants"**) of failing to

pay for the arbitration. However, Wealth Assistants made payment on February 6, 2024. *See* **Exhibit C David Case Arbitration Receipt dated February 6, 2024.**

## II.    ARGUMENT

**A.    The Federal Arbitration Act preempts Sections 1281.97 and 1281.98 of the California Code of Civil Procedure, making them inapplicable to the present case**

6.    CCP § 1281.97 is preempted by the Federal Arbitration Act. *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745, 756-57 (N.D. Cal. 2022). The *Belyea* Court recognized that other California courts had made contrary holdings, but the analysis in those opinions sidestepped the patently adverse consequence at the very heart of those sections—the invalidation of the arbitration provision.

> *CCP § 1281.97 is a stick*—failure to pay within 30-days constitutes material breach of the arbitration agreement and waiver of the right to enforce the contract—not a carrot to incentivize arbitration. *While there is a benefit for paying on time, that benefit is simply not being hit by the stick*—i.e., losing a contractually binding right to arbitrate disputes. *CCP § 1281.97 only aids arbitration because failure to comply makes the arbitration agreement unenforceable.* That is exactly what 9 U.S.C. § 2 prohibits unless all contracts would be unenforceable under the same circumstances.

*Belyea*, 637 F. Supp. 3d at 757.

7.    Opposing Counsel struggles mightily to undermine the intuitive sense that *Belyea* makes. The simple truth is loss of a bargained for right to arbitrate represents a penalty specific to arbitration contracts. That, in the words of the court, "is exactly what 9 U.S.C. § 2 prohibits."

**B.    Sections 1281.97 and 1281.98 of the California Code of Civil
Procedure do not apply to the instant action because those sections
only apply to "consumer" transactions and the transaction before the
court was an agreement to establish a profit-generating, commercial
enterprise.**

8.    Sections 1281.97 and 1281.98 of the California Code of Civil Procedure apply
to arbitration clauses that arise in the context of "employment or consumer" actions.
The definitions for that chapter of the code state: "'Consumer' means an individual
who seeks, uses, or acquires, by purchase or lease, any goods or services *for personal,
family, or household purposes*." CAL. CIV. PROC. CODE ANN. § 1280 (West).

9.    This is not a consumer case. The transaction that is the subject of the Plaintiffs'
claims was not for personal, family, or household purposes. It was to establish a profit-
generating commercial enterprise. The Plaintiffs were not going to use the businesses
established pursuant to the contract in their homes, for their families, or on their
person in any sense. This was an investment transaction. Consequently, Sections
1281.97 and 1281.98 are inapplicable to the present case.

**C.    Jurisdictional Defendants Have Not Waived Their Right to
Arbitration because they made reasonable, timely, good-faith efforts
to pay the arbitration fees but Plaintiffs dismissed the arbitration
claims before the fees could be paid**

10.    Even assuming Sections 1281.97 and 1281.98 of the California Code of Civil
Procedure apply, the Jurisdictional Defendants have not waived their right to
arbitration. Sections 1281.97 and 1281.98 do state that a party that does not pay
arbitration fees is in breach of the arbitration agreement; however, the Jurisdictional
Defendants made reasonable, timely, good-faith efforts to pay those fees.

- 6 -

11.    Payment was initiated by Defense Counsel, but stopped by the bank when questions regarding signing authority arose. Declaration of A. Gluski; Ex. A, B, C. Defense Counsel made reasonable, timely, good-faith efforts to correct the problem, but *before those corrections could be implemented*, Plaintiffs dismissed their arbitration claims. Declaration of A. Gluski; Ex. A, B, C. The only reason that the arbitration ended was because Plaintiffs dismissed their claims before the Jurisdictional Defendants could complete payment.

12.    The Jurisdictional Defendants did not knowingly or willfully fail to pay; they had the ability to pay the fees and would have except for unforeseeable transaction problems. Consequently, the Jurisdictional Defendants have not waived their right to arbitration.

**D.    Jurisdictional Defendants have preserved their right to arbitration because they have acted consistent with their right to arbitrate**

13.    Because California policy heavily favors of arbitration, "waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." *Iskanian v. CLS Transportation Los Angeles, LLC*, 327 P.3d 129, 143 (Cal. 2014)(internal quotes omitted), *overruled by Quach v. California Com. Club, Inc.*, No. S275121, 2024 WL 3530266 (Cal. July 25, 2024), *abrogated by Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022). "[A]ny doubts regarding a waiver allegation should be resolved in favor of arbitration." *Quach*, 2024 WL 3530266, at *4.

14.    The analysis of if a party has waived their right to arbitrate is more detailed than the explanation provided by Opposing Counsel. The California Supreme Court has identified the following factors as relevant for consideration:

> (1) whether the party's actions are inconsistent with the right to arbitrate;
> (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate;
> (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay;
> (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;
> (5) whether important intervening steps have taken place, e.g., taking advantage of judicial discovery procedures not available in arbitration; and
> (6) whether the delay 'affected, misled, or prejudiced' the opposing party.

*Spracher v. Paul M. Zagaris, Inc.*, 252 Cal. Rptr. 3d 417, 419 (Cal. App. 1st Dist. 2019), *as modified* (Sept. 17, 2019)

15.    The Jurisdictional Defendants' actions were consistent with the right to arbitrate in that they made reasonable, timely, good-faith efforts to pay those fees. Declaration of A. Gluski; Ex. A, B, C. The only reason that the arbitration ended was because Plaintiffs dismissed their claims before the Jurisdictional Defendants could complete payment.

16.    Claims were first asserted in arbitration and voluntarily dismissed by Plaintiffs; as a result, the Jurisdictional Defendants did not invoke the machinery of litigation prior to filing suit. Plaintiffs' hasty move to federal court despite the Jurisdictional Defendants good-faith efforts is a form of forum shopping that must be discouraged to preserve California's strong policy favoring arbitration.

17.    The Jurisdictional Defendants did not wait until close to the trial date to ask for arbitration and asked for a stay early on in this case. The Jurisdictional Defendants sought to compel arbitration prior to the conduct of any substantial discovery. No counterclaims have been filed. The Plaintiffs have not been misled or prejudiced because the Jurisdictional Defendants have made no secret that this case belongs in arbitration from the beginning.

**E.    The arbitration clause is not unconscionable because the Plaintiffs were business investors, not consumers, the arbitration clause was conspicuous, and the Plaintiff are collectively able to afford the costs of arbitration**

18.    The court may only refuse to compel arbitration if the party opposing arbitration satisfies its burden of proving that the arbitration provision is both procedurally unconscionable and substantively unconscionable. *Fuentes v. Empire Nissan, Inc.*, 90 Cal. App. 5th 919 (2023); *Gostev v. Skillz Platform, Inc.*, 88 Cal. App. 5th 1035, 1056-1061 (2023); *Dougherty v. Roseville Heritage Ptrs.*, 47 Cal. App. 5th 93, 102 (2020); *Lange v. Monster Energy Co.*, 46 Cal. App. 5th 436, 445 (2020); *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 124 (2019); *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 795-97 (2012).

19.    The court weighs the relative degree of procedural and substantive unconscionability. Where the arbitration has a low degree of procedural unconscionability, the court must enforce it unless the court finds a high degree of substantive unconscionability. See *Cook v. Univ. of S. Cal.*, 2024 WL

2495500, at *4 (Cal. App. 2d May 24, 2024); *Ramirez v. Charter Comm's, Inc.*, 75 Cal. App. 5th 365, 372 (2022).)

20.    In determining whether an agreement is procedurally unconscionable, the court assesses how the parties made the agreement and determines whether the parties have unequal bargaining power that oppressed the weaker party, hid terms from the weaker party, or stripped the weaker party of the ability to make an informed choice. See *Bielski v. Coinbase, Inc.*, 97 F.4th 1003 (9th Cir. 2023) (applying California law); *Ramirez v. Charter Comms., Inc.*, 2024 WL 3405593 at *3 (Cal. July 15, 2024); *Gostev*, 88 Cal. App. 5th at 1054; *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1071 (2003); *Domestic Linen Supply Co., Inc. v. L J T Flowers, Inc.*, 58 Cal. App. 5th 180, 182 (2020) (affirming denial of petition to compel arbitration because the arbitration clause in the parties' contract was "as inconspicuous as a frog in a thicket of water lilies"); *Torrecillas v. Fitness International, LLC*, 52 Cal. App. 5th 485, 493 (2020); *Lange*, 46 Cal. App. 5th at 452; *Ajamian*, 203 Cal. App. 4th at 796.) The language providing for arbitration and waiving the right to a jury trial must be apparent but does not need to be highlighted with a large font or bold typeface (see *Alvarez v. Altamed Health Servs. Corp.*, 60 Cal. App. 5th 572, 583 (2021), *as modified*, (Mar 04, 2021)).

21.    "The procedural element of an unconscionable contract generally takes the form of a contract of adhesion." *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071, 130 Cal.Rptr.2d 892, 63 P.3d 979 (*Little*).) An adhesive contract is defined as " 'a

standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' [Citation.]" *Cook v. U. of S. California*, 321 Cal. Rptr. 3d 336, 342–43 (Cal. App. 2d Dist. 2024), *reh'g denied* (June 13, 2024). Even the choice-of-law provisions contained in contracts of adhesion are usually respected. *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 101 Cal. Rptr. 347, 353 (Cal. App. 2d Dist. 1972); Restatement 2d, Conflict of Laws, s 187, Comment b; *Player v. Geo. M. Brewster & Son, Inc.*, 18 Cal.App.3d 526, 533, 96 Cal.Rptr. 149 (1971).

22.    In determining whether an agreement is substantively unconscionable, the court considers the fairness of the agreement's terms. See *Ramirez*, 2024 WL 3405593 at *4; *Bielski*, 97 F.4th 1003 (9th Cir. 2023) (applying California law); *Fuentes*, 90 Cal. App. 5th at 919 (2023); *Basith v. Lithia Motors, Inc.*, 90 Cal. App. 5th 951 (2023); *Gostev*, 88 Cal. App. 5th at 1054; *Torrecillas*, 52 Cal. App. 5th at 496-97; *Lange*, 46 Cal. App. 5th at 451-52; *Lima v. Gateway, Inc.*, 886 F. Supp. 2d 1170, 1181-82 (C.D. Cal. 2012); *Armendariz*, 24 Cal. 4th at 117-18). Mutuality is the most important factor (*Baxter v. Genworth N. Am. Corp.*, 16 Cal. App. 5th 713, 736 (2017); *Pokorny v. Quixtar, Inc.*, 601 F. 3d 987, 997-98 (9th Cir. 2010)). Generally, "unconscionability is determined as of the time the contract was entered into, not in light of subsequent events." *Parada v. Super. Ct.*, 98 Cal. Rptr. 3d 743, 767 (Cal. App. 4th Dist. 2009). Courts only find unconscionability on the basis of cost when the financial burden of arbitrating is so onerous that it effectively deprives the party of a

forum for justice. See *Cook*, 2024 WL 2495500, at *5-6; *Ramirez*, 75 Cal. App. 5th at 373-76; *Weiler v. Millichap Real Estate Inv. Servs., Inc.*, 22 Cal. App. 5th 970, 978-79 (2018); *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 657 (2004); *Gutierrez v. Autowest, Inc.*, 114 Cal.App.4th 77, 98 (Cal. Ct. App. 2003). Court also considers the amount of the remedies sought relevant to the substantive unconscionability determination. *Gutierrez*, 114 Cal.App.4th at 98.

23.    Turning to the facts at hand, Plaintiffs have not shown that the arbitration agreement was procedurally or substantively unconscionable. The Plaintiffs are sophisticated investors, willing and able to pay $55,000 each for the chance to start an online business through Amazon.com. They were not the "weaker party" in any sense that would shock the conscience.

24.    The terms of the arbitration agreement were in all caps in an addendum to the contract, even though the law does not require such emphasis. No one hid the contract terms from Plaintiffs; they had plenty of time to consider the proposal before they decided to invest.

25.    The Plaintiffs were not consumers, but rather commercial investors seeking to create a profit-producing enterprise, and with substantial liquid resources to put toward the endeavor. Consequently, assertions that the contract was one of adhesion are misplaced. An adhesion analysis is improper for such arms-length negotiations between business people.

26.    The arbitration agreement was also substantively valid in light of its mutuality, and the fact that the Plaintiffs have all the same claims, defenses, and remedies available to them as do the Jurisdictional Defendants.

27.    With respect to the costs of arbitration, the arbitration agreement is substantively valid for two reasons: 1) the Plaintiffs massively overstate the costs of arbitration, and 2) the costs of arbitration are within the means of the Plaintiffs collectively in light of their ability to invest large sums of money and the amount of damages they seek.

28.    The Plaintiffs collectively appear to be able to afford the fees needed to initiate the arbitration. Each plaintiff, at the time the arbitration clause was agreed to, had sufficient funds to invest $55,000. Collectively, that should put the costs of arbitration well within reach. Moreover, the extreme amount of damages the Plaintiffs collectively seek ($57,000,000) is one tenth of even the generous cost estimate offered by Opposing Counsel, and puts those costs in perspective.

29.    The *Gutierrez* case, cited by Plaintiffs *Gutierrez*, is prime example of how the damages sought have to be considered when evaluating the costs of arbitration. 114 Cal.App.4th at 98. In Gutierrez, the plaintiffs showed that to arbitrate their claims, they would have to pay at least $20,800. *Id.* The court declined to compel the plaintiffs to arbitrate their claims, holding that such arbitration costs "were prohibitive *for losses ranging from $44,000 to $130,000.*" *Parada v. Superior Court* (Monex Deposit Co.), 176 Cal.App.4th 1554, 1581 (Cal. Ct. App. 2009).

### III.   CONCLUSION AND PRAYER

30.    Based on the foregoing and for good cause shown, the Jurisdictional Defendants respectfully request that this Court grant their Amended Motion to Compel Arbitration and Motion to Stay and enter an order (1) compelling all of Plaintiffs' claims herein to binding arbitration; and (2) staying this proceeding until the final resolution of the arbitration. The Jurisdictional Defendants pray for such other and further relief to which the Jurisdictional Defendants may show themselves to be justly entitled.

Dated: August 9, 2024.                    Respectfully submitted,

                                          By: */s/ William H. Shibley*
                                          William H. Shibley
                                          Attorney-in-Charge

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this Motion contains 2,630 words, which complies with the word limit of L.R. 11-6.1

*/s/ William H. Shibley*
William H. Shibley


## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Plaintiffs, via telephone conference on June 27, 2024, regarding the substance of the foregoing motion. Plaintiffs are opposed to this Motion.

*/s/ William H. Shibley*
William H. Shibley


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service in this court on this ***August 9, 2024***, via email as follows:

*/s/ William H. Shibley*
William H. Shibley

DEFENDANTS' REPLY IN SUPPORT OF AMENDED MOTION TO COMPEL ARBITRATION AND MOTION TO STAY