1  Nico Banks (CA SBN:344705)
   **BANKS LAW OFFICE**
2  712 H St NE, Unit #8571
   Washington, DC 20002
3  Tel.: 971-678-0036
4  Email: nico@bankslawoffice.com

5
   Richard A. Nervig (CA SBN:226449)
6  **RICHARD A. NERVIG, P.C.**
7  501 West Broadway, Suite 800
   San Diego, CA 92101
8  Phone: 760-451-2300
9  Email: richard@nerviglaw.com

10 *Attorneys for Plaintiffs*

11

12            **UNITED STATES DISTRICT COURT**
13            **CENTRAL DISTRICT OF CALIFORNIA**

14 DAVID HOUGH; *et al.*                ) Case No.: 2:24-cv-02886-WLH
15                                       )
                        Plaintiffs,      ) **DISCOVERY DOCUMENT**
16                                       )
        vs.                             ) **PLAINTIFFS' REPLY**
17                                       ) **SUPPORTING MOTION TO**
18 RYAN CARROLL; *et al.*                ) **COMPEL WELLS  FARGO**
                                         )
                        Defendants.      ) Hearing: August 28, 2024, 10:00 a.m.
19                                       )
20                                       ) Presiding Judge: Hon. Steve Kim
21                                       )
                                         ) Hearing Location: Roybal Federal
22                                       ) Building and United States Courthouse,
                                         ) 255 E. Temple Street, Courtroom 540,
23                                       ) 5th Floor, Los Angeles, California
                                         ) 90012
24 ─────────────────────────────        )
                                         ) Trial Date: N/A
25                                       )
26        **PLAINTIFFS' REPLY SUPPORTING MOTION TO COMPEL WELLS**
                              **FARGO**
27

28
                                   - 1 -

Plaintiffs submit this Reply supporting their motion to compel Wells Fargo Bank, N.A. ("Wells Fargo").

## SUMMARY

Wells Fargo has maintained its technical objections to the subpoena, but they merit little discussion because they have already been rejected by the Court in the prior orders denying the motion to quash the subpoena issue or the order granting Plaintiffs leave to serve the subpoena at issue. Notably, Wells Fargo still has not explained why complying with the subpoena for routine account documents imposes any burden on it.

Furthermore, Wells Fargo's argument that the parties were engaged in an "ongoing and incomplete meet and confer process" when Plaintiffs filed their motion to compel is nonsense. Plaintiffs did not file the instant motion until Wells Fargo stopped responding to Plaintiffs' conferral efforts entirely.

Until that time, Plaintiffs had given Wells Fargo chance after chance to state what it would and would not produce in response to the subpoena, and repeatedly reminded Wells Fargo that the subpoena was urgent. But Wells Fargo rebuffed Plaintiffs' requests for it to state what it would and would not produce. It is therefore absurd for Wells Fargo to now complain that *Plaintiffs* obstructed the meet and confer process by not filing a joint stipulation about the discovery dispute; it is Wells Fargo that refused (and still refuses) to finalize its position about what it would produce in response to a single-request subpoena.

# ARGUMENT

## I.    A Joint Stipulation Was Not Required Because Wells Fargo Failed To Timely Meet And Confer With Plaintiffs

Wells Fargo insists that Plaintiffs' motion should be denied because Local Rule 37-2 states that all discovery motions should be preceded by a joint stipulation that contains all issues in dispute and, as to each such issue, the contentions and points and authorities of each party. However, Wells Fargo also acknowledges that parties are excused from complying with Rule 37-2 if an affidavit accompanying the motion to compel establishes that opposing counsel "failed to confer in a timely manner under L.R. 37-1." Rule 37-1, in turn, states "the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference."

Here, a joint stipulation was not required because Plaintiffs' affidavit established that Wells Fargo failed to confer with counsel for Plaintiffs within a timely manner as required by Rule 37-1. As described in Plaintiffs' motion, Plaintiffs sent a letter asking Wells Fargo to confer on June 12, 2024. (Motion at 7-9). Therefore, pursuant to Rule 37-1, Wells Fargo was required to confer with Plaintiffs about the subpoena no later than June 22, 2024. Wells Fargo failed to do so.

To be sure, Wells Fargo did communicate with Plaintiffs—before and after June 22, 2024—by continually re-assuring them that it would eventually finalize its

position about what it could produce.[1] (Motion at 7-9). But as Plaintiffs repeatedly told Wells Fargo, the subpoena was urgent, and Wells Fargo's assurances that it would eventually tell Plaintiffs what it could and could not produce were insufficient. (Motion at 7-9).

Nonetheless, for many weeks after June 22—the deadline for Wells Fargo to confer about the subpoena—Plaintiffs gave Wells Fargo chance after chance to finalize its position about what it would produce. (See Motion at 7-9 and accompanying exhibits, detailing many of those communications). It was not until Wells Fargo *entirely stopped responding* to Plaintiffs' meet-and-confer efforts—many weeks after Wells Fargo's deadline to confer with Plaintiffs about the subpoena—that Plaintiffs filed their motion to compel. (See Motion at 4-7).

## II.    The Parties' Stipulation Did Not Evince "Ongoing And Incomplete" Meet And Confer Discussions

Even though Wells Fargo had stopped responding to Plaintiffs' meet-and-confer efforts (which is a fact that Wells Fargo ignores in its brief), Wells Fargo asserts that meet-and-confer discussions were "ongoing and incomplete" when Plaintiffs filed their motion. (See Motion at 4-6). In support of that assertion, Wells

---

[1] Wells Fargo implies that on the parties' initial meet-and-confer call, the only documents that the parties discussed Wells Fargo producing were account statements, and that Plaintiffs suddenly decided to ask Wells Fargo to produce wire transfer receipts and cancelled checks on the June 26 call. But in fact, Plaintiffs requested that Wells Fargo produce wire transfer receipts and cancelled checks—in addition to account statements— from the outset. Wells Fargo eventually committed to producing account statements, but it continues to refuse to take a position about whether it will produce the other documents.

Fargo points to an innocuous clause that it added to a stipulation that Plaintiffs drafted to extend Wells Fargo's time to file a responsive pleading.

When Plaintiffs drafted that stipulation, it stated "Plaintiffs anticipate filing motions to compel discovery from Wells Fargo as well as third party banks . . . including compelling discovery of account statements, wire transfers, and third-party-agent/payment-processor transaction data—no later than July 26, 2024." (Exhibit B). The draft stipulation reflected Plaintiffs' understanding that Wells Fargo had (improperly) ceased meeting and conferring with Plaintiffs about discovery, and that the motion to compel was therefore necessary.

In the final edits to the stipulation, Wells Fargo modified it to state that Plaintiffs anticipate filing motions to compel "if Plaintiffs are unable to reach agreements on the subpoenas they issued." (Exhibit B). In the email transmitting those revisions, Wells Fargo referred to them as "minor proposed redlines" and stated "you have our consent to file" (signaling, correctly, that the edits were non-substantive and did not merit discussion). (Exhibit A). Plaintiffs certainly did not understand Wells Fargo's minor revision to mean that Wells Fargo wanted to continue the meet-and-confer discussions that it had ceased engaging in, and Wells Fargo did not otherwise communicate that message to Plaintiffs.

Moreover, Wells Fargo's revision to the stipulation did not affect the substance of the stipulation, which had the sole purpose of extending Wells Fargo's time to file a responsive pleading. In particular, contrary to Wells Fargo's argument in its brief,

the stipulation did not obligate Plaintiffs to wait until July 26, 2024 to file the motion to compel. Nor did the stipulation state that Wells Fargo and Plaintiffs were still actively engaging in meet-and-confer discussions (which would have been a false representation that Plaintiffs would not have signed). Because Wells Fargo's revision to the stipulation was innocuous, Plaintiffs filed the stipulation.

Given that history, it is clearly disingenuous for Wells Fargo to repeatedly assert in its brief that it was "surprised" by Plaintiffs' motion because it had been relying on "the representation" in the stipulation that the parties "were still actively discussing the scope of the subpoena" and that "they would continue those discussions for 10 more days." (Motion at 1-2; *see also* Motion at 9). "The representation" that Wells Fargo refers to is a statement that Wells Fargo wrote itself. Plaintiffs' own draft of the stipulation expressly conveyed Plaintiffs' understanding that the meet and confer discussions were over. Wells Fargo could not genuinely believe that Plaintiffs' understanding of the status of the meet-and-confer discussions changed merely because it added an innocuous clause to that stipulation, particularly when Wells Fargo had stopped responding to Plaintiffs' meet-and-confer communications and not offered to resume those discussions.

### III.    Wells Fargo's Substantive Objections Are Not Meritorious

Wells Fargo's substantive objections to the subpoena have no merit. First, Wells Fargo argues that the "Rule 45 subpoena at issue was improperly directed to Wells Fargo, a *party* to the lawsuit, in contravention of the rules in the Federal Rules

of Civil Procedure for obtaining discovery from *parties*." (Opposition at 1). Wells

Fargo cites no authority supporting that argument and ignores that—as the motion

explains—the Court already rejected that argument. (Motion at 11-12, citing ECF

81). Relatedly, Wells Fargo argues that subpoenas issued to parties—unlike

subpoenas issued to non-parties—must obey the requirements of Rule 34 document

requests by providing the party 30 days to respond to the subpoena. (Motion at 10).

Wells Fargo, however, received the subpoena more than 30 days before the deadline

to respond to it;[2] it was only the minor modification to the subpoena that was served

19 days before the deadline to respond. Moreover, although Wells Fargo cites one

case generally stating that a Rule 45 subpoena "constitutes discovery" and therefore

must comply with time constraints that are generally applicable to all discovery (such

as discovery cutoffs), Wells Fargo cites no cases holding that a subpoena to a party

must comply with all the specific requirements of Rule 34 document requests.

(Motion at 10, citing *Peyton v. Burdick*, 2008 U.S. Dist. LEXIS 106910, at *1 (E.D.

Cal. Mar. 31, 2008)).

    Furthermore, Wells Fargo makes a frivolous argument that the subpoena is

improper because it was issued before the Rule 26(f) conference. (Opposition at 10-

11). The argument is frivolous because the Court expressly gave Plaintiffs leave to

---

[2] Wells Fargo also states that it had not yet received the subpoena when Plaintiffs added Wells Fargo as a defendant to the case. That is not true. Although Wells Fargo declined to accept electronic service of the subpoena, Plaintiffs emailed Wells Fargo a courtesy copy of it as soon as Plaintiffs issued the subpoena (which was before Wells Fargo was added as a defendant to the case). (*See* Banks Declaration, ¶ 4)

1    issue the subpoenas before the Rule 26(f) conference upon Plaintiffs' motion. (ECF
2    42).

3        Second, Wells Fargo's renews its objection that the phrase "all documents
4    reflecting action upon assets or accounts" is vague. (Opposition at 11). But the
5    argument is conclusory; Wells Fargo only supports that argument by stating that
6    "courts regularly sustain objections to similar requests," and citing cases that sustain
7    vagueness objections but have no other relation to the case at issue. (*Id.*). While some
8    vagueness objections may be valid in other cases, Plaintiffs already explained in their
9    Motion why the request in the subpoena at issue is not vague, and Wells Fargo does
10   not respond to those arguments. (Motion at 14).

11       Third, Wells Fargo argues that "the Modified Subpoena seeks documents that
12   are beyond the scope of the Court's Order permitting Plaintiffs to serve limited
13   subpoenas on third party financial institutions." (Opposition at 12). More specifically,
14   Wells Fargo alleges that the Court only permitted Plaintiffs "to issue subpoenas to
15   third-party financial institutions, requiring those institutions to produce account
16   statements. . . ." (Opposition at 2). However, Wells Fargo omits the fact that the
17   Court later expanded the Order beyond account statements from third parties, and that
18   the Court specifically rejected the argument that the subpoena to Wells Fargo was
19   beyond the scope of the Court's order. (ECF 81, stating "the scope of the permitted
20   nonparty subpoenas encompasses documents that would identify or locate (or that
21   would lead to the identification or location of) assets that have been under the

REPLY SUPPORTING MOTION TO COMPEL WELLS FARGO

Jurisdictional Defendants' control (in whole or in part, directly or indirectly) since May 2022, consistent with the district court's orders—both its May 1 written order and its May 13 oral instructions").

Fourth, Wells Fargo reiterates that it already offered to "produce the account statements," and Wells Fargo states that its "offer was consistent [*sic*] (and exceeded) the Court's Order regarding discovery." That is nonsense. As noted above, the Court expressly stated that the subpoenas may go beyond account statements. Moreover, the documents that Plaintiffs requested that Wells Fargo has *not* agreed to produce—none of which exceed any of the Court's Orders—are critical. In particular, without the records of checks, the wire transfer receipts, and the third-party transaction records (such as transaction records regarding payments processed by Wells Fargo's agent Stripe), Plaintiffs will not be able to discern where Jurisdictional Defendants sent their assets in their attempts to hide them.

Notably, while Wells Fargo maintains its numerous technical objections to the subpoena, it has steadfastly refused to explain as to why complying with the subpoena imposes any burden on it.

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court compel Wells Fargo to produce documents responsive to the subpoena at issue.

Dated: August 14, 2024

Case 2:24-cv-02886-WLH-SK    Document 118    Filed 08/14/24    Page 10 of 11    Page ID
#:2043

_____/S/ Nico Banks_____

Nico Banks (CA SBN:344705)
**BANKS LAW OFFICE**
712 H St NE, Unit #8571
Washington, DC 20002
Tel.: 971-678-0036
Email: nico@bankslawoffice.com

Richard A. Nervig (CA SBN:226449)
**RICHARD A. NERVIG, P.C.**
501 West Broadway, Suite 800
San Diego, CA 92101
Phone: 760-451-2300
Email: richard@nerviglaw.com

***Attorneys for Plaintiffs***

REPLY SUPPORTING MOTION TO COMPEL WELLS FARGO

## WORD COUNT COMPLIANCE CERTIFICATION

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains fewer than 7,000 words, which complies with the word limit of L.R. 11-6.1

/s/Nico Banks
Nico Banks
Dated: August 14, 2024

## CERTIFICATE OF SERVICE

I will serve this motion and accompanying papers via overnight mail to the parties listed below with addresses below their names, and via email to the parties with email addresses below their names:

MATTHEW CROUCH;
Via email to his attorney Levi Y. Silver at lsilver@swsslaw.com

REYHAN PASINLI & TOTAL-APPS, INC.
Via email to their attorney Geoffrey Brethen at gbrethen@wattslawyers.com

TROY MARCHAND & QUANTUM ECOMMERCE
Via email to their attorney Marc Reich at mgr@reichradcliffe.com

BONNIE NICHOLS & WHOLESALE UNIVERSE;
Via email to their attorney Brad Geyer at bradford.geyer@formerfedsgroup.com

J.P. MORGAN CHASE BANK, N.A.
c/o John Sorich and Mariel Gerlt-Ferraro
john.sorich@piblaw.com
mariel.gerlt-ferraro@piblaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing statements in this Certificate of Service are true and correct.

/s/Nico Banks
Nico Banks
Dated: August 14, 2024