UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH; *et al.*,<br><br>               Plaintiffs,<br><br>      v.<br><br>RYAN CARROLL; *et al.*,<br><br>               Defendants. | Case No. 2:24-cv-02886-WLH-SK<br><br>**[PROPOSED] ORDER DENYING JURISDICTIONAL DEFENDANTS' MOTION FOR LEAVE TO RELEASE FUNDS** |

On November 11, 2024 Jurisdictional Defendants[1] filed a motion for leave to release funds. The Court, having considered Jurisdictional Defendants' motion, Plaintiffs' opposition, and any other briefing and oral argument, hereby GRANTS IN PART AND DENIES IN PART Jurisdictional Defendants' Motion and ORDERS as follows:

---

[1] The specific movants, who collectively refer to themselves as "Jurisdictional Defendants," are Ryan Carroll; Max O. Day; Max K. Day; Michael Day; Yax Ecommerce LLC; Precision Trading Group, LLC; and WA Distribution LLC.

-1-

1. The Court revokes its previous order that Jurisdictional Defendants can only make payments for attorneys' fees from the amounts previously deposited in the Lloyd & Mousilli IOLTA, since that fund has now been exhausted.

2. All individual cases and arbitrations brought by members of the putative class in this case this case are hereby stayed. The definition of the putative class is all individuals who (1) purchased services relating to the setup or management of an online store from the Wealth Assistants Entity Defendants between June of 2021 and November of 2023; (2) did not make a profit on their purchase of that business opportunity; and (3) have never been owners, employees, legal representatives, or successors of the Wealth Assistants Entity Defendants.

3. The Court finds that Proficient Supply LLC is under Jurisdictional Defendants' control and, as such, is subject to the asset-freeze order and asset-disclosure order.

4. Jurisdictional Defendants may not make any additional expenditures—including personal expenditures or expenditures on attorneys' fees—until Jurisdictional Defendants file a declaration stating that they have paid Plaintiffs' attorneys' fees that they were previously ordered to pay and disclosed Proficient Supply LLC's assets. Once Jurisdictional Defendants have filed that declaration, they may continue making personal expenditures and expenditures on attorneys' fees consistent with the Court's Order.

5. The Court hereby confirms that Jurisdictional Defendants cannot spend more than $10,000 per month collectively on attorneys' fees. Any amount previously paid from the Lloyd & Mousilli IOLTA bank account in excess of $10,000 per month may be retained by the attorneys who received those payments, but no funds controlled by Jurisdictional Defendants may be used to pay their attorneys' currently outstanding accounts receivable.

6. Jurisdictional Defendants must identify the bank accounts from which they will make payments for attorneys' fees in a filing with the Court. The funds must be spent from the human Jurisdictional Defendants' bank accounts, not any bank accounts controlled by entity Jurisdictional Defendants.

**IT IS SO ORDERED.**

Dated:

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE