1  WILLIAM H. SHIBLEY
2  California State Bar No. 56093
   **LLOYD & MOUSILLI, PLLC**
3  11807 Westheimer Road
4  Suite 550 PMB 944
   Houston, TX 77077
5  Tel: (512) 609-0059
6  Fax: (281) 783-8565
   disputes@lloydmousilli.com
7
   **ATTORNEYS FOR JURISDICTIONAL**
8  **DEFENDANTS**

9
             UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION
11

12 |                                | Case No.: 2:24-cv-02886
13 | DAVID HOUGH; ET AL             |
                                    | Assigned for all purposes to:
14 |         *Plaintiffs*,           | JUDGE WESLEY L. HSU
15 |                                |
                                    | **JURISDICTIONAL DEFENDANTS**
16 | v.                             | **RYAN CARROLL; MAX K. DAY;**
17 |                                | **MAX O. DAY; MICHAEL DAY;**
                                    | **YAX ECOMMERCE LLC;**
18 |                                | **PRECISION TRADING GROUP,**
19 |                                | **LLC; AND WA DISTRIBUTION**
                                    | **LLC'S REPLY IN SUPPORT OF**
20 |                                | **MOTION FOR LEAVE TO**
21 | RYAN CARROLL; ET AL            | **RELEASE FUNDS**
22 |         *Defendants*.           | Hearing: 12/13/24, 1:30 PM PT
23 |                                |
                                    | Action Filed: April 9, 2024
24 |                                | Trial Date: N/A
25

26
27
28
                              - 1 -
JURISDICTIONAL DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO RELEASE FUNDS

COME NOW **SPECIALLY APPEARING JURISDICTIONAL DEFENDANTS RYAN CARROLL; MAX K. DAY; MAX O. DAY; MICHAEL DAY; YAX ECOMMERCE LLC; PRECISION TRADING GROUP, LLC; and WA DISTRIBUTION LLC**, and hereby files *Jurisdictional Defendants' Reply in Support of Motion for Leave to Release Funds* (**"Motion"**) and respectfully shows the Court as follows:

### MEMORANDUM AND POINTS OF AUTHORITIES

1.  Plaintiffs' *Response* amounts to twenty-four (24) pages of unsubstantiated and conclusory allegations, along with a fair amount of hearsay. The only "evidence" put forward in the *Response* is the declaration of Nico Banks (**"Mr. Banks"**). *See* Dkt. 158-1, Declaration of Nico Banks Supporting Plaintiffs' Opposition to Jurisdictional Defendants' Motion for Leave to Release Funds (**"Declaration"**). Most of the information contained in Mr. Banks' Declaration is inadmissible under the Federal Rules of Evidence. The Declaration is composed largely of 1) information that is not within the personal knowledge of Mr. Banks and, 2) hearsay that he presents to show the truth of the matter asserted. FED. R. EVID. 801(C). Paragraphs 1-5 each contain assertions of which Mr. Banks has no personal knowledge. Paragraphs 6 and 7 exhibit screenshots of emails highlighted by Mr. Banks to show the truth of the matter(s) asserted. Paragraphs 8-14 all contain assertions of which Mr. Banks has no

personal knowledge. Paragraph 18 references hearsay emails with Tacy Zysk that are offered to show the truth of the matter(s) asserted.

2. Accordingly, Jurisdictional Defendants ask that the court strike and/or disregard paragraphs 1-14 and 18 of Mr. Banks' Declaration as inadmissible under the Federal Rules of Evidence.

3. The precedent cited by Plaintiffs relies heavily on litigation involving the Federal Trade Commission (**"FTC"**) and the Securities Exchange Commission (**"SEC"**), both federal agencies. Each of these cases is distinguishable. Plaintiffs have raised none of the claims upon which these decisions are based. *See S.E.C. v. Quinn*, 997 F.2d 287 (7th Cir. 1993) (Claims based on international securities fraud); *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766 (9th Cir. 1995) (Claims based on 7 U.S.C.S. § 6); *F.T.C. v. World Wide Factors, Ltd.*, 882 F.2d 344 (9th Cir. 1989) (15 U.S.C.S. § 45); *Fed. Trade Comm'n v. Noland*, 475 F. Supp. 3d 992 (D. Ariz. 2020) (Allegation of an illegal pyramid scheme, which are generally prosecuted under the Federal Trade Commission Act); *F.T.C. v. Ideal Fin. Sols., Inc.*, No. 2:13-CV-00143-JAD-GW, 2014 WL 4541191 (D. Nev. Sept. 9, 2014) (Allegations that defendants taken money from consumers' bank accounts or billed consumers' credit cards without knowledge, consent or notice); *Fed. Trade Comm'n v. Automators LLC*, No. 23-CV-1444-BAS-LSC, 2023 WL 6373069 (S.D. Cal. Aug. 11, 2023) (Violations of the Federal Trade Commission Act and the Consumer Review Fairness Act).

4. Plaintiffs further cite filings in multiple cases, each of which also appear to involve claims brought by the FTC under the Federal Trade Commission Act and are therefore also distinguishable from the case at hand. *See FTC v. Automators, LLC*, Case No. 3:23-cv-01444 (S.D. Cal. 2023); *FTC v. THEFBAMACHINE, Inc.,* Case No. 24-cv-06635 (D.N.J. 2024); *FTC v. Ascend Capventures Inc.,* Case No. 24-cv-07660 (C.D. Cal. 2024); *FTC v. AWS,* Case No. 18-cv-00442 (D. Nev. 2018).

5. Plaintiffs inexplicably argue that Jurisdictional Defendants have not proved their case, yet formal discovery has not yet opened in this matter. The Court allowed for expedited discovery on May 1, 2024. Dkt. 42. The Court's order was limited to allowing Plaintiffs to conduct expedited discovery; therefore, Jurisdictional Defendants must wait until the formal discovery period opens. So, Plaintiffs arguments as to Jurisdictional Defendants not having proved their defense appears based upon a deep procedural misconception.

6. Plaintiffs also appear confused by the fact that defendants may fully participate in litigation to defend against claims raised, even after a preliminary injunction has been entered. Due Process requires that the Jurisdictional Defendants be permitted the ability to defend themselves and pay corresponding defense costs. In this matter, the Preliminary Injunction itself contemplates that Jurisdictional Defendants will have costs and attorney fees associated with this matter. Dkt. 49, pp. 9, 11.

7. Plaintiffs further spend an entire page discussing communications between counsel. Statements and communications of counsel do not constitute evidence and

the attempt to reference those communications to show the truth of the matter is violative of the Federal Rules of Evidence. FED. R. EVID. 801(C).

8. Puzzlingly, Plaintiffs go on to argue that Jurisdictional Defendants' lack of funds to pay Mr. Banks' attorney fees somehow weighs against the release of funds to pay legal costs associated with this litigation. Plaintiffs actively oppose any funds being released to cover costs of arbitrations that predate this action and costs to sustain this action yet argue that Mr. Banks' bills should be paid. The entire point of this *Motion to Release Funds* is to allow Jurisdictional Defendants to meet their obligations associated with the costs of litigating these matters.

9. At hearing, the Court indicated that it would allow Plaintiffs to obtain reasonable fees and costs; however, Plaintiffs did not bother to move the Court to award fees and costs. FED.R.CIV.PROC. 37(a)(5)(A). Rather than make a showing before the Court and obtain an order, Plaintiffs' counsel "sent Jurisdictional Defendants an invoice." *Response to Motion to Release Funds*, p. 17. Further, because Mr. Banks failed to submit his invoice to the Court to obtain a ruling, Jurisdictional Defendants had no opportunity to contest the reasonableness, appropriateness, and/or necessity of the charges. Clearly, such an opportunity was required since Mr. Banks' Declaration attaches a bill including over five-thousand eight-hundred dollars ($5,800.00) of Mr. Banks' and Richard Nervig's personal expenses (including a stay at the luxury Omni Hotel). While it may be common for attorneys to contract with their clients to pay the attorney for travel time and

expenses, those charges cannot be described as attorney fees or court costs. Plaintiffs may well have agreed to pay Mr. Banks and Mr. Nervig for the over five hours it took to fly various places; however, flight time cannot be described as reasonable or necessary attorney fees.

10. Plaintiffs argue that Jurisdictional Defendants should have agreed to Plaintiffs' proposed motion to stay all other proceedings. Almost every action that Plaintiffs propose to stay predates the instant case. Only one arbitration demand was made the month after Plaintiffs filed this action.

11. *Brett and Jennifer Sanner v. Yax Ecommerce LLC d/b/a Wealth Assistants LLC* was initiated in December of 2023. *Tyler Davidson v. Yax Ecommerce LLC d/b/a Wealth Assistants LLC; and Ryan Carroll* was initiated in Miami Dade County Circuit Court in January of 2024. *Trevor Red v. Yax Ecommerce LLC d/b/a Wealth Assistants LLC; and Ryan Carroll* was initiated in Miami Dade County Circuit Court in December of 2023, although arbitration has not yet been initiated. *Stacy Rico and Ben Brown v. Ryan Carroll* was initiated in Miami Dade County Circuit Court in December of 2023. *Robert Harris v. Yax Ecommerce LLC d/b/a Wealth Assistants LLC, and Ryan Carroll* was initiated by arbitration demand in May of 2024.

12. While it is common for parties to care only about their own causes of action at the expense of others, staying the claims of those other claimants after the time and expense they have invested in their cases would work an injustice to them.

13. Plaintiffs argue that Jurisdictional Defendants have a duty to explain their desires to obtain separate counsel as though the concept of attorney-client privilege is entirely foreign to them.

14. Plaintiffs next argue that the Court intended that the $10,000 monthly spending cap was to be applied to the Jurisdictional Defendants collectively. The sentence quoted, but incorrectly cited, by Plaintiffs is clearly meant to address individual defendants: "The Court is providing ample protection for the Jurisdictional Defendants in allowing them to (1) pay reasonable attorney's fees, up to $10,000 a month, (2) pay personal and household expenses up to $9,000 a month, and (3) seek leave of court for other reasonable expenses." Dkt. 49, p. 9. It is evident that the Court intended for each individual to pay monthly personal expenses of $9,000 per party. The Court used the same language in allowing them to pay reasonable attorney fees up to $10,000 per month; therefore, the most reasonable interpretation is that this language also applies to each individual Jurisdictional Defendant. Just as the multiple individual defendants could not be expected to live collectively on $9,000 per month, Jurisdictional Defendants could not reasonably be expected to defend themselves collectively on $10,000 per month.

15. Even if the Court's language is vague, which Jurisdictional Defendants do not believe it to be, the Court was clear at the preliminary injunction hearing that the $10,000 was intended to be per party:

MR. SHIBLEY: As to the funds that are already held by the Texas firm in their attorney-client trust account --

THE COURT: Yes.

MR. SHIBLEY: -- are those subject to the $10,000 limit?

THE COURT: No.

MR. SHIBLEY: Okay.

THE COURT: As long as they're being used for, you know, litigation expenses.

**Dkt. 158-7**, May 13, 2024 Hearing Transcript Tr.11:3-11

## CONCLUSION

Based on the foregoing and for good cause shown, Jurisdictional Defendants respectfully request that this Court 1) strike and/or disregard paragraphs 1-14 and 18 of the Declaration of Nico Banks and, 2) grant Jurisdictional Defendants' Motion for Leave to Release Funds for the listed Arbitrations, for the defense of this case, and for such other and further relief to which the Defendants may show themselves to be justly entitled.

Dated: November 26, 2024.

Respectfully submitted,

By: */s/ William H. Shibley*
William H. Shibley

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this Motion contains 1575 words, which complies with the word limit of L.R. 11-6.1

*/s/ William H. Shibley*
William H. Shibley

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service in this court on this ***November 26, 2024***, via email as follows:

*/s/ William H. Shibley*
William H. Shibley