Robert E. Barnes
Barnes Law LLP
CA Bar #325919
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
P:(310) 510-6211; F:(310) 510-6225
Robertbarnes#barneslawllp.com

Bradford L. Geyer (PHV pending)
NJ 022751991; PA 62998
Attorney at Law, PHV
Suite 141 Route 130 S.  303
Cinnaminson, NJ 08077
P:(856) 607-5708
Brad@FormerFedsGroup.Com

*Specially Appearing Attorneys for Wholesale Universe and Bonnie Nichols, Pro Hac Vice*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID HOUGH; *et al*

                Plaintiffs,

v.

RYAN CARROLL; *et al.*

                Defendants.

**Case No.: 2:24-cv-02886-WLH-SK**

Presiding Judge: Hon. Wesley L. Hsu
Hearing Date:
Hearing Time:
Courtroom 9B
Hearing Location: 350 W, 1st Street, 9th Floor
Los Angeles, California 90012

Trial Date: TBD

===============================================================

**[PROPOSED] ORDER DISMISSING SECOND AMENDED COMPLAINT AS AGAINST DEFENDANTS WHOLESALE UNIVERSE AND BONNIE NICHOLS ON GROUNDS OF LACK OF *IN PERSONAM* JURISDICTION IN CALIFORNIA**

Whereas, Defendants Bonnie Nichols and Wholesale Universe, residents of the State of

Texas, enter their special appearance and contest the *in personam* jurisdiction of the Court against them in this case, as stated in the now operative Second Amended Complaint, and

Whereas, on consideration of the Second Amended Complaint, the Defendants' motion to dismiss, the submissions of the parties, consideration of the precedents cited, and the arguments of counsel,

Whereas, the factual allegations of the Second Amended Complaint (and earlier versions of the Complaint) do not appear to cross the very delicate, sensitive line between purposeful availment of California as a forum on the Defendants' initiative as opposed to the Plaintiffs' initiative in responding to a general invitation not limited to any State, particularly where Wholesale Universe and its owner and leader Bonnie Nichols dealt with Wealth Assistants directly rather than with Wealth Assistants' individual clients separately according to the allegations of the Second Amendment Complaint, and

Whereas, the exercise of personal jurisdiction is constitutionally permissible only if the defendant has sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, (1945) 326 U.S. 310, 316, and

Whereas, specific jurisdiction "depends on the quality and nature of the defendant's forum contacts in relation to the particular cause of action alleged." *HealthMarkets, Inc. v. Superior Court*, 171 Cal. App. 4th 1160, 1167 (2009).

A nonresident defendant is subject to specific jurisdiction only if

"(1) the defendant purposefully availed itself of the benefits of

conducting activities in the forum state;

(2) the controversy arises out of or is related to the defendant's

forum contacts; and

(3) the exercise of jurisdiction would be fair and reasonable."

*Id.* (Citing *Burger King Corp. v. Rudzewicz*, (1985) 471 U.S. 462, 472, 475-478).

Whereas, the Court in analyzing this understands that there is no impediment to suit in a jurisdiction where these Defendants are located, specifically Texas, and

the Court hereby enters the following Order.

NOW THEREFORE, the Court decides, adjudges, and orders that the Second Amended Complaint does not state sufficient factual grounds for personal jurisdiction of California over Wholesale Universe and Bonnie Nichols in Texas without prejudice to the Plaintiffs bringing suit in another jurisdiction, and

THE COURT FURTHER ORDERS that pursuant to the precedents cited by these Defendants and in a companion motion by other individual Defendants the Plaintiffs have a right in this case in this Court to attempt to substantiate the jurisdictional allegations by affidavits or other competent proof, though not merely repeating allegations in the complaint.

ENTERED this _____ day of December, 2024

_____
Hon. Wesley L. Hsu,
District Court Judge