**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Michael S. Lowe (SBN 173664)
michael.lowe@troutman.com
350 South Grand Avenue, Suite 3400
Los Angeles, California 90071-2799
Telephone: 213.928.9827

David M. Gettings (admitted *pro hac vice*)
dave.gettings@troutman.com
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757.687.7747

Elizabeth Holt Andrews (SBN 263206)
elizabeth.andrews@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, California 94111-4057
Telephone: 415.477.5700

Nicholas J. Schuchert (SBN 307249)
nicholas.schuchert@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, California 92618-4984
Telephone: 949.622.2700

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| DAVID HOUGH, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN CARROLL, et al.,<br><br>Defendants. | Case No. 2:24-cv-02886-WLH-SK<br>Honorable Wesley L. Hsu<br><br>**DECLARATION OF NICHOLAS J. SCHUCHERT IN SUPPORT OF PLAINTIFFS' AND DEFENDANT WELLS FARGO BANK, N.A.'S STIPULATION TO CONTINUE RESPONSE DEADLINE TO SECOND AMENDED COMPLAINT**<br><br>SAC Served: 12.04.24<br>Current Response Deadline: 01.03.25<br>Proposed New Deadline: 01.17.25 |

I, Nicholas J. Schuchert, declare as follows:

1. I am an attorney with the law firm of Troutman Pepper Hamilton Sanders LLP, and am counsel of record for Wells Fargo Bank, N.A. ("Wells Fargo") in this action. I have personal knowledge of the matters in this declaration. If called to testify as a witness, I could and would do so. I make this Declaration pursuant to the Court's Standing Order for Newly Assigned Civil Cases, ¶ H.3.

2. As set forth in the accompanying stipulation, Plaintiffs David Hough, et al., filed their initial complaint in this Court on April 9, 2024. ECF No. 1. They filed a first amended complaint ("FAC") on May 20, 2024. ECF No. 56. The FAC named Wells Fargo as a defendant for the first time.

3. On July 22, 2024, the Court approved a stipulation between Plaintiffs and Wells Fargo that stayed Wells Fargo's response deadline to the FAC and set Wells Fargo's response deadline to Plaintiffs' anticipated Second Amended Complaint ("SAC") for 30 days after the date of the SAC's filing. ECF No. 98 ("SAC Stipulation").

4. On November 27, 2024, this Court granted Plaintiffs' motion for leave to file the SAC. ECF No. 167.

5. On December 4, 2024, Plaintiffs filed their SAC. ECF No. 173.

6. Pursuant to L.R. 15-3, the deadline to respond to an amended pleading ordinarily begins running on the date that the Court grants the motion for leave to file the pleading—which in this case, would be November 27, 2024. Plaintiffs' counsel has advised that Plaintiffs believe that L.R. 15-3 governs Wells Fargo's response deadline to the SAC. Under this interpretation, Wells Fargo's response deadline to the SAC would fall on December 27, 2024.

7. In Wells Fargo's view, however, the Court-ordered deadline in the SAC Stipulation superseded L.R. 15-3, by setting Wells Fargo's 30-day response deadline to start running on the date the SAC was actually filed. Under this

304954801v1

interpretation, Wells Fargo's response deadline to the SAC would fall on January 3, 2025.

8. Regardless of whose interpretation is correct, both of these deadlines—December 27 and January 3—are equally difficult to satisfy from the perspective of me and my colleagues at my law firm, as well as in-house attorneys employed by my client, due to leave and/or time off, pre-planned vacations, children's school closures around the holiday season, and similar complications. Although we have been working diligently since receipt of the SAC to prepare a response, it is unavoidable that numerous individuals, both at Wells Fargo and at my law firm, would experience significant hardship without a brief continuance of these deadlines.

9. Plaintiffs' counsel and Wells Fargo have therefore stipulated that Wells Fargo's deadline to respond to the SAC should be continued to January 17, 2025.

10. Other than the SAC Stipulation as set forth above, which the Court approved, Wells Fargo has not requested any other continuances in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 11, 2024 at Irvine, California.

/s/ Nicholas J. Schuchert
Nicholas J. Schuchert

304954801v1