JOSEPH R. ASHBY (SBN 248579)
joseph.ashby@offitkurman.com
OFFIT KURMAN, P.C.
445 S. Figueroa Street, 18th Floor
Los Angeles, California 90071
Telephone: 213.629.5700
Facsimile: 213.624.9441

*Attorneys for Defendants,*
*Business Financial Solutions Advisory LLC, Ryan Carroll, Max K. Day, Max O. Day, Michael Day, Dreams To Reality LLC, Evo Maxx LLC, HouTex Farm Equity Partners LLC, MKD Family Beneficiary, LLC, MKD Family Private Management Company, LLC, MKD Investment Advisor, LLC, Max Day Consulting, LLC, Precision Trading Group, LLC, Providence Oak Properties, LLC, WA Amazon Seller LLC, WA Distribution LLC, WWKB LLC, Yax Ecommerce LLC, Yax IP and Management Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID HOUGH; et al., <br><br> Plaintiff, <br><br> vs. <br><br> RYAN CARROLL; et al., <br><br> Defendant. | Case No.: 2:24-cv-02886-WLH <br><br> **DECLARATION OF MICHAEL DAY IN SUPPORT OF SUPPLEMENTAL SUBMISSION FOR RELEASE OF FUNDS FOR COUNSEL** <br><br> Judge: Hon. Wesley L. Hsu |

1

Case No. 2:24-cv-02886-WLH

**DECLARATION OF MICHAEL DAY**

I, Michael Day, declare as follows:

1. I am one of the defendants in the above-entitled action.

2. I have personal knowledge of the facts stated herein, and if called to testify, I could and would do so competently.

3. I make this declaration in support of the Supplemental Submission for Release of Funds for Counsel on behalf of myself the other defendants listed in paragraph 4 below.

4. I along with Max O. Day, Jared Day, Max K. Day, WWKB LLC, Business Financial Solutions Advisory LLC, HouTex Farm Equity Partners LLC, MKD Family Beneficiary, LLC, MKD Family Private Management Company, LLC, MKD Investment Advisor, LLC, Max Day Consulting, LLC, Precision Trading Group, LLC, Providence Oak Properties LLC, and Evomaxx LLC (the "Day Defendants") desire to hire new counsel to replace our existing counsel at Lloyd & Mousilli, PLLC and Offit Kurman, P.C.

5. Susan Anhalt, Esq., a corporate lawyer with a law practice in Los Angeles County, assisted me in identifying and interviewing alternate litigation counsel in Los Angeles to represent the Day Defendants in this litigation.

6. Ms. Anhalt reported to me that, of the six firms with whom she discussed the case, none were willing to accept representation of the Day Defendants without a change to the Order Discharging Order to Show Cause re Preliminary Injunction and Granting Preliminary Injunction Freezing Assets, dated May 13, 2024 (the "May 13 Order"). Specifically, all of the law firms advised that the May 13 Order would need to be modified to allow for the payment by the Day Defendants to such law firms of their ongoing legal fees and costs as they become due as well as a substantial retainer at the initiation of the firm's representation.

DECLARATION OF MICHAEL DAY IN SUPPORT OF SUPPLEMENTAL
SUBMISSION FOR RELEASE OF FUNDS FOR COUNSEL

7. With the assistance of Ms. Anhalt, I interviewed prospective counsel and they informed me that in order for them to agree to substitute in as counsel of record for myself and the Day Defendants, there would need to be a modification to the preliminary injunction and the May 13 Order that would make it clear that I and the other Day Defendants would have a reasonable ability to pay attorneys' fees and costs for our defense on an ongoing basis as their invoices become due without requiring that we seek Court approval for each payment.

8. Amounts to be paid to attorneys I engage to assist in my defense or in the defense of any of the Day Defendants will be paid from a combination of funds from accounts or assets I have disclosed previously in this lawsuit, including bank accounts in my name or over which I have control, as well as funds that become available from personal loans from banks or friends and family, lines of credit that I may need to obtain to pay for attorneys, and funds from ongoing business and potential employment activities.

9. Specifically, and if permitted by the Court, the amounts I would use to pay to retain new counsel and the fees owing to Offit Kurman, P.C. are in accounts held by DayCo Interest LLC, a limited liability company I own. DayCo Interest LLC is not a defendant in this litigation or any other litigation, but its accounts have been frozen by the bank due to a threatening letter sent to the bank by plaintiff's counsel, Nico Banks, which contained numerous egregious false allegations about the Day Defendants.

10. Nico Banks sent the same false and misleading letter to numerous institutions not only misrepresenting facts but also disclosing account numbers, social security numbers, and home addresses of defendants and non-defendants in a mass-mailing type of communication without regard to whether individuals in fact had accounts at the targeted institutions.

11. Numerous institutions have frozen accounts held by defendants as well as individuals and companies who are not defendants, including my wife's retirement accounts which contain funds she earned prior to our recent marriage, a checking account with nominal funds owned by my granddaughter, who is in college, and the DayCo Interest LLC accounts identified above.

12. Institutions where I have accounts and where non-defendants have accounts have refused to release funds – even amounts under the $9,000 monthly allowance for personal expenses provided in the May 13 Order – because they have indicated they need an Order from this Court permitting such distributions.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this January 8, 2025 at Caty, Texas.

*Michael Day*
MICHAEL DAY

4920-5982-3630, v. 2