UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-02886-WLH-SKx | Date | January 10, 2025 |
|---|---|---|---|
| Title | Hough et al. v. Carroll et al. | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE WHOLESALE UNIVERSE AND BONNIE NICHOLS' MOTION TO DISMISS [170]**

The Court is in receipt of specially appearing Defendants Wholesale Universe and Bonnie Nichols' Motion to Dismiss. (Docket No. 170). The Court published a tentative order on January 9, 2025 and the parties submitted to the tentative. For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** Defendant Bonnie Nichols and Defendant Wholesale Universe for lack of personal jurisdiction.

## I. BACKGROUND

This is a putative class action for fraud conspiracy, aiding and abetting fraud, fraudulent transfers of assets and aiding and abetting a breach of fiduciary duty. (*See generally* Second Amended Complaint ("SAC"), Docket No. 173). The Court has previously detailed the main of the facts of this case (*see, e.g.*, Order re Pls.' *Ex Parte* Mot. for TRO and Order to Show Cause re: Prelim. Inj., Docket No. 17; Order re Plaintiffs' Mot. for Leave to Conduct Expedited Discovery, Docket No. 42) and supplements those facts only to the extent necessary to resolve the present motion.

Plaintiffs bought ecommerce stores from Defendant Yax Ecommerce (formerly known as "Wealth Assistants") for a buy-in of up to $125,000. (SAC ¶ 17). Wealth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Assistants promised to buy back any ecommerce stores that failed to generate enough income to cover client's initial investments. (*Id.* ¶ 80). Plaintiffs allege that Wealth Assistants never intended to honor this buyback guarantee. (*Id.* ¶ 81).

Wholesale Universe "came onboard" with Wealth Assistants around July of 2023 to purportedly support with supply-chain and inventory issues. (SAC ¶ 130). From July 27, 2023, to September 28, 2023, Wealth Assistants allegedly transferred $1 Million to Wholesale Universe. (*Id.* ¶ 136). Plaintiffs allege that Wealth Assistants did not receive anything of comparable value for these transfers. (*Id.*).

On October 23, 2023, Wealth Assistants announced to its clients it was going out of business and could not honor its buyback guarantee. (*Id.* ¶ 109). In the announcement, Wealth Assistants offered clients the opportunity to transition their store to management by another e-commerce firm, including Wholesale Universe.[1] (*Id.* ¶ 133).

After Wealth Assistants shut down, former clients began receiving unsolicited emails from Wholesale Universe. (*Id.* ¶¶ 134, 139). One email stated, "prior to going out of business, Wealth Assistants purchased an inventory package for you valued at $35,000." (*Id.* ¶ 134). Plaintiffs allege that this representation was false. (*Id.* ¶ 135). In another email, Wholesale Universe demanded that prior Wealth Assistant clients grant Wholesale Universe user access to their e-commerce stores or face $500 monthly fees. (*Id.* ¶ 139). The former clients, in turn, asked Wholesale Universe to pay them the value of the inventory packages; Wholesale Universe "refused to make those payments to the vast majority of former Wealth Assistants clients." (*Id.* ¶ 140-141).

---

[1] The Complaint alleges that Wholesale Universe acted in partnership with Defendant Quantum Ecommerce. (Complaint ¶ 126-28). Because Quantum Ecommerce is not a party to the present motion, the Court refers to the actions of Wholesale Universe, rather than the alleged "Quantum-Wholesale Partnership."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Based on these factual allegations, Plaintiffs assert that Defendant Wholesale Universe and Defendant Bonnie Nichols, the owner of Wholesale Universe (*Id.* ¶ 127), conspired with Wealth Assistants and other Defendants to defraud plaintiffs and hide assets, aided and abetted a fraud and fraudulently transferred assets.  (*See generally Id.*).  On December 3, 2024, specially appearing Defendants Bonnie Nichols and Wholesale Universe filed the present Motion to Dismiss for lack of personal jurisdiction.  (Docket No. 170).[2]  Plaintiff timely an opposition brief.  (Opp'n, Docket No. 193).

## II. DISCUSSION

### A. <u>Legal Standard</u>

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).  Courts "take as true all uncontroverted allegations in the complaint and resolve all genuine factual disputes in the plaintiff's favor."  *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020).

"Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process."  *Id.*  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).  Here, Plaintiffs contend that the

---

[2] Defendants filed the Motion one day before Plaintiffs filed the Second Amended Complaint.  (Docket No. 173).  Defendants had access to the Second Amended Complaint because Plaintiffs had filed it with a previous Motion for Leave to Amend.  (Docket No. 148-2).  The Court ordered Plaintiffs to sign and file the Second Amended Complaint on November 27, 2024.  (Docket No. 167).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Court may exercise specific jurisdiction over specially appearing Defendants Bonnie Nichols and Wholesale Universe. (*See* Opp'n at 4 (discussing test for specific jurisdiction)). Courts use the following three part-test to analyze whether a party's "minimum contacts" with a state meet the due process standard for the exercise of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741-42 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

In intentional torts cases, like the present case, courts in the Ninth Circuit analyze whether a non-resident purposefully directed their activities under the "effects" test. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783). The "effects" test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 1111. The burden to establish that a Defendant "expressly aimed at the forum state" is relatively low—factual allegations of "wrongful conduct individually targeting a known forum resident" suffice to establish that a defendant expressly aimed their actions at a forum state. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), *holding modified on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

B. <u>Analysis</u>

The key issue in this case is the second prong of the "effects" test: whether specially appearing Defendants "expressly aimed" their allegedly tortious acts at California. Because Plaintiffs have not met their burden of demonstrating that Defendants expressly aimed their actions at California, the Court DISMISSES the claims against Wholesale Universe and Bonnie Nichols for lack of jurisdiction.

While Plaintiffs allege that Plaintiffs and putative class members *experienced* harm in California (SAC ¶¶ 5, 8), Plaintiff alleges no facts that indicate that Wholesale Universe or Bonnie Nichols directed or "expressly aimed" their alleged tortious acts at California. (*See generally Id.*). Plaintiffs make no showing that Bonnie Nichols or Wholesale Universe intentionally targeted California residents with their allegedly tortious actions. (*Id.*) Instead, the SAC alleges a scheme that targeted any former Wealth Assistant client, with no regard to their residency. (*Id.*)[3]

The present case is distinguishable from authority cited by Plaintiff because in each of those cases, the defendant knew that the plaintiff was a resident of a forum state or that the plaintiff would experience the harm in the forum state. *Yahoo!*, 433 F.3d at 1209 (9th Cir. 2006) (finding defendant expressly aimed at California when defendants and sought obtained orders from a French court directing plaintiff to take actions in California); *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259-60 (9th

---

[3] In support of Plaintiffs' Opposition to the present Motion, Plaintiffs filed five affidavits from former Wealth Assistant clients. (Docket No. 193-1 through 193-5). Plaintiffs do not establish that the Court can consider these affidavits. Plaintiffs point to authority that instructs court to resolve conflicts between statements in affidavits in a plaintiff's favor. (Opp'n at 3-4 (citing *LNS Enters. v. Cont'l Motors, Inc.,* 22 F.4th 852, 858 (9th Cir. 2022). In this case, however, there are no conflicting statements, and Defendants did not file any affidavit. Considering the Plaintiff's submitted affidavits would not change the outcome of this Order—the affidavits contain no allegations that the present specially appear Defendants expressly aimed their allegedly tortious conduct at California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Cir. 1989) (finding that Vice President of a Canadian university intentionally directed alleged defamation towards Arizona when he communicated with administrators at the University of Arizona about a plaintiff who planned to live and work in Arizona); *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd sub nom. on other grounds Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998) ("[Plaintiff] alleged, and the district court found, that [defendant] willfully infringed copyrights owned by [plaintiff], which, as [defendant] knew, had its principal place of business in the Central District. This fact alone is sufficient to satisfy the 'purposeful availment' requirement."); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1112 (9th Cir. 2002) ("Because [defendant's] knew that [plaintiff's] principal place of business was in California, knew that the decisionmakers for [plaintiff] were located in California, and communicated directly with those California decisionmakers, we conclude that their actions were 'expressly aimed' at the forum state."). Here, by contrast, Plaintiffs make no allegations that Defendants Nichols or Wholesale Universe knew that former Wealth Assistant clients were residents of California. (*See generally* SAC).

In their opposition brief, Plaintiffs ask the Court to allow the Plaintiffs to conduct Jurisdictional Discovery. (Opp'n at 13). Plaintiffs fail to identify how discovery would show that Defendants Nichols and Wholesale Universe expressly aimed or targeted their allegedly tortious acts towards California. (*See Id.*). Because this request appears to be "based on little more than a hunch that it might yield jurisdictionally relevant facts," the Court denies the request. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

**C. CONCLUSION**

Due process considerations limit the Court's jurisdiction over potential parties. Plaintiffs fail to allege that Defendant Bonnie Nichols and Defendant Wholesale

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Universe directed their allegedly tortious actions to California. The Plaintiffs, therefore, have failed to meet their burden to demonstrate that the Court can exercise personal jurisdiction over the Defendants. The Court **GRANTS** Defendants' Motion and **DISMISSES** the action as to Defendant Bonnie Nichols and Defendant Wholesale Universe.

**IT IS SO ORDERED.**