# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYAN CARROLL, et al., <br><br> Defendants. | Case No.: 2:24-cv-02886-WLH-SKx <br><br> **ORDER ON MOTION TO RELEASE FUNDS [153]** |

Before the Court is Defendant Ryan Carroll, Max K. Day, Max. O Day, Yax Ecommerce LLC[1], Precision Trading Group, LLC and WA Distribution LLC's[2] (Current Jurisdictional Defendants)' Motion to Release Funds.  (Docket No. 153). On December 13, 2024, the Court heard oral argument on the Motion and ordered

---

[1] The action is currently stayed as to Defendant Yax Ecommerce LLC, doing business as "Wealth Assistants," given that the entity filed for bankruptcy.  (Docket No. 216).

[2] In a prior order, the Court found that there was not enough evidence to establish personal jurisdiction over Precision Trading Group, LLC and WA Distribution LLC.  (Preliminary Injunction Order, Docket No. 49 at 5).  The Court views Precision Trading Group, LLC and WA Distribution LLC's participation in the Motion to Compel Arbitration (Docket No. 153) and in the present Motion as consent to personal jurisdiction.

ORDER

Jurisdictional Defendants to file supplemental information. (Docket No. 188). The Defendants filed, and the Court reviewed, six additional declarations. (Docket Nos. 212-15, 218-19). The Court heard additional oral argument on the matter on January 10, 2025. (*See* Docket No. 188 (noting hearing on January 10, 2025)). Based on the listed briefings and proceedings, as well as Plaintiffs' Opposition to the Motion (Opp'n, Docket No. 158), the Court **GRANTS** in part Defendants' Motion to Release Funds.

I. BACKGROUND

Defendants' Motion to Release Funds seeks to modify the Court's Preliminary Injunction which froze the Current Jurisdictional Defendants' assets, subject to narrow exceptions. The Preliminary Injunction allowed each human Defendant to spend "what is necessary for ordinary personal or household expenditures, which expenditures may not exceed $9,000 per month without leave of the Court." (Preliminary Injunction Order, Docket No. 49 at 10-11). At the time the Court issued the Preliminary Injunction, "Jurisdictional Defendants ha[d] given their attorneys a substantial retainer," so the Court "prohibited [them] from making further payments for legal costs and fees without leave of the Court." (*Id.*).

Current Jurisdictional Defendants seek leave of the Court, and an accompanying modification of the preliminary injunction, because they have exhausted their retainer (Weiss Decl., Docket No. 215; Ashby Decl., Docket No. 218), accrued additional accounts receivable (Weiss Decl.; Ashby Decl.) and desire to secure new and separate counsel given conflicts of interest. (Mot. at 6-7). The Defendants have submitted declarations demonstrating that they will be unable to retain counsel absent a modification to the Preliminary Injunction. (Anhalt Decl., Docket No. 219 (summarizing conversations with six prospective law firms)). Current Jurisdictional Defendants have further submitted evidence that banks and financial institutions have fully frozen some of the Defendants' accounts, such that

Defendants are unable to access funds, even for use authorized by the Court. (Max K. Day Decl., Docket No. 214; Michael Day Decl., Docket No. 213).

## II.  ANALYSIS

Plaintiffs initially asked the Court to deny the present Motion in its entirety. (Opp'n at 22). In oral argument, Plaintiffs instead asked the Court to limit the amount Defendants can spend on legal fees so that sufficient funds are preserved for potential victims.

Plaintiffs have not convinced the Court that the Court has the authority to limit Defendants' expenditure of reasonable legal fees. *See Thrailkill v. Gordon*, No. 10-CV-5441 GW (SHX), 2010 WL 11552964, at *4 (C.D. Cal. July 27, 2010) (discussing limitations on asset freezes); *see also Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (finding asset freeze reasonable, in part, because it did not extend to normal living expenses and legal fees). Plaintiffs cite cases, each brought by the Federal Trade Commission or the Commodity Futures Trading Commission, where courts have denied the release of funds, even for legal fees. (Opp'n at 5-8). Beyond the obvious distinction that the present case was brought by private plaintiffs, many of the cases cited are distinguishable because wrongdoing was already established, *Fed. Trade Comm'n v. World Wide Factors, Ltd.*, 882 F.2d 344, 346 (9th Cir. 1989), or because defendants in the cases failed to establish good cause to release funds for legal fees. *F.T.C. v. Ideal Fin. Sols., Inc.*, No. 2:13-CV-00143-JAD-GW, 2014 WL 4541191, at *2 (D. Nev. Sept. 9, 2014) (finding defendants failed to establish good cause to release funds); *Fed. Trade Comm'n v. Noland*, 475 F. Supp. 3d 992, 999 (D. Ariz. 2020) (noting that denying release of funds would not cause appreciable harm to defendants). Here, no wrongdoing has been established (likelihood of success on the merits does not establish success on the merits) and Defendants have shown need for the Court to release funds so that Defendants can continue to defend themselves.

Even if the Court has the discretion to limit the amount which Defendants spend on legal fees, it must balance the need for potential victims to be able to recover with the need for Defendants to mount a defense when exercising that discretion. *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995) ("Discretion [to limit payment of attorney fees] must be exercised by the district court in light of the fact that wrongdoing is not yet proved when the application for attorney fees is made."). The Court concludes that the below modification to the preliminary injunction—which allows Defendants to pay for legal fees but requires thorough disclosures—better balances the needs of Plaintiffs and Defendants than a firm cap on legal fee spending.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part Defendants' Motion to Release Funds.

The text at Page 10, Line 14, of the Court's Preliminary Injunction Order, Docket No. 49, starting at the phrase "The preliminary injunction request" continuing through page 11, line 21, is replaced with the following:

The preliminary injunction request is **DENIED** without prejudice as to Entity Defendants; Providence Oak Properties, LLC; WA Amazon Seller LLC; MKD Investment Advisor, LLC; MKD Family Beneficiary, LLC; MKD Family Private Management Company, LLC; Max Day Consulting, LLC; Houtex Farm Equity Partners, LLC; Business Financial Solutions Advisory LLC; Evo Maxx LLC; Yax IP and Management Inc. (D.B.A."Fulfillable"); WWKB LLC; and Dreams to Reality LLC.

The preliminary injunction request  is **GRANTED** as to Ryan Carroll, Max K. Day, Max O. Day, Michael Day, Yax Ecommerce LLC,  Precision Trading Group, LLC and WA Distribution LLC's  ("Current Jurisdictional Defendants")The Current Jurisdictional Defendants are hereby enjoined from withdrawing, transferring, spending, or otherwise disposing of any assets held by or for the benefit of

Jurisdictional Defendants without leave of the Court; except that (1) each human Defendant may spend what is necessary for ordinary personal or household expenditures, which expenditures may not exceed $9,000 per month without leave of the Court, and (2) each Defendant may pay reasonable fees, costs and litigation-related expenses to attorneys and their firms in order to defend themselves in this and related actions.  For purposes of clarification, the legal fees authorized above and required tax payments shall not be considered "personal and household expenditures" subject to the $9,000 per month limitation.

Because Defendants are apparently unclear on what "assets" means—going so far as to argue that frozen accounts are not within the dominion or control of Jurisdictional Defendants by virtue of being frozen (see Defs. Response to OSC Re Sanctions, Docket No. 48 at 5–6)—the Court further clarifies that "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located. For the avoidance of doubt, this injunction binds "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in [A or B]," so long as they have actual notice of the injunction. Fed. R. Civ. P. 65 (d)(2). This includes nonparties that are in "privity" with the Jurisdictional Defendants, such as their successors. See *Consumer Fin. Prot. Bureau v. Howard L., P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016).

Defendants' banks accounts are **ORDERED** unfrozen so that Defendants can expend the permitted personal or household expenditures and legal fees.  Nothing in this Order, as modified, shall be construed, used, or understood to effect a freeze or

hold on the accounts or funds any defendant, their spouses, family members, or any affiliated business absent subsequent express order of this Court.

To aid the Court in ensuring that the Current Jurisdictional Defendants have disclosed all assets to Plaintiffs and continue to abide by the spending restrictions ordered in this Preliminary Injunction, law firms providing services to Defendants will be expected to account for (a) the amount of legal fees charged, and (b) the sources from which fees are paid on a regular basis. For purposes of clarification, this requirement is a requirement for disclosure, not pre-approval.

The Current Jurisdictional Defendants should expect to account for the sources from which Defendants pay for personal and household expenditures. In particular, Defendants should expect to account for any spending from a spouse's account, so that the Court can later determine if the funds are community property. Should Defendants accrue assets not previously reported to Plaintiffs, Defendants are **ORDERED** to disclose those assets to Plaintiffs. Finally, Current Jurisdictional Defendants are **ORDERED** to file a status report to the Court once their collective available funds fall below $150,000.

**IT IS SO ORDERED.**

Date: 1/24/2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE