Douglas A. Thompson, (Cal. Bar No. 155619)
dathompson@swlaw.com
SNELL & WILMER L.L.P.
350 South Grand Avenue, Suite 3100
Los Angeles, California 90071
Telephone:  213.929.2542
Facsimile:   213.929.2525

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOUGH, et al., | Case No. 2:24-cv-02886-WLH-SK |
| Plaintiff, | Judge: Hon. Wesley L. Hsu |
| v. | |
| RYAN CARROLL, et al., | **BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES** |
| Defendants. | |
| | Complaint Filed:  Sept. 30, 2024 |
| | Hearing Date: March 28, 2025 |
| | Hearing Time: 1:30 PM |
| | Courtroom: 9B |
| | Judge: Hon. Wesley L. Hsu |
| | Trial Date: None Set |

*Snell & Wilmer*
L.L.P.
LAW OFFICES
CITY NATIONAL 2C AL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on March 28, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9B of the above-captioned Court located at First Street U.S. Courthouse, 350 West 1st St., Los Angeles, CA 90012, Defendant Bank of America, N.A. ("BANA")[1] will and hereby does move this Court for an order dismissing the claims against it filed by Plaintiffs.

BANA makes this motion pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) on the grounds that Plaintiffs' Second Amended Complaint (1) fails to meet the pleading standards of Rule 9(b); and (2) fails to state a claim on which relief can be granted for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, all pleadings, files and records in this action, and all other matters of which the Court may take judicial notice.

This Motion is made following the conference counsel pursuant to L.R. 7-3 which took place on January 30, 2025.

Dated: February 7, 2025                SNELL & WILMER L.L.P.

_____*/s/ Douglas A. Thompson*_____
Douglas A. Thompson

*Attorneys for Defendant*
BANK OF AMERICA, N.A.

---

[1] Bank of America, N.A. was erroneously identified in Plaintiffs' Complaints as Bank of America.

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ......................................................................................... 1

II.   FACTUAL BACKGROUND ........................................................................ 3

    A.    Plaintiffs Allege Wealth Assistants Perpetrated the Fraudulent
         Wealth Assistants Scheme. .................................................................. 3

    B.    Plaintiffs' Allegations As to BANA. ................................................... 4

III.  LEGAL STANDARD ................................................................................... 5

IV.  ARGUMENT ............................................................................................... 6

    A.    Plaintiffs' Claims Fails to Satisfy Rule 9(b). ...................................... 6

        1.    Plaintiffs Fail to Allege Its Claims with Particularity. ............... 6

                a.    Plaintiffs fail to allege fraud conspiracy with
                      particularity. .............................................................. 7

                b.    Plaintiffs fail to allege aiding and abetting fraud
                      with particularity. ....................................................... 7

                c.    Plaintiffs fail to allege aiding and abetting breach of
                      fiduciary duty with particularity........................................ 8

        2.    Plaintiffs Fail to Allege BANA's Mental State with
            Particularity................................................................................ 8

    B.    The Second Amended Complaint Fails to State Any Claim
         Against BANA. ................................................................................ 10

        1.    Plaintiffs' Fraud Conspiracy Claim Fails. ............................... 10

        2.    Plaintiffs' Two Aiding and Abetting Claims Fail. ................... 12

                a.    Plaintiffs fail to allege actual knowledge of the
                      purported fraud. ........................................................ 13

                b.    Plaintiffs fail to allege BANA provided substantial
                      assistance in furtherance of the purported fraud. ........... 14

        3.    Plaintiffs Fail to Allege Aiding and Abetting Breach of
            Fiduciary Duty. ....................................................................... 15

                a.    Plaintiffs fail to allege actual knowledge of the
                      purported breach of fiduciary duty.................................. 16

         b.     Plaintiffs fail to allege BANA provided substantial assistance in furtherance of the of the purported breach of fiduciary duty. .................................................. 17

C.     Leave to Amend Would Be Futile and Should be Denied.................. 17

V.     CONCLUSION ............................................................ 18

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ajzenman v. Off. of Comm'r of Baseball*,
  487 F. Supp. 3d 861 (C.D. Cal. 2020)........................................................... 10, 11

*AmSouth Bank v. Dale*,
  386 F.3d 763 (6th Cir. 2004) ........................................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................... 5, 12

*Benson v. JPMorgan Chase Bank, N.A.*,
  Nos. C–09–5272 and –5560, 2010 WL 1526394 (N.D. Ca. April
  15, 2010) ........................................................................................................ 11

*Berman v. Morgan Keegan*,
  455 Fed. App'x 92 (2d Cir. 2012) .................................................................... 9

*Bradshaw v. SLM Corp.*,
  652 F. App'x 593 (9th Cir. 2016) .................................................................... 16

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) ............................................................................. 5

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010) ........................................................................... 17

*Casey v. U.S. Bank National Assn.*,
  127 Cal. App. 4th 1138 (2005) .................................................................*passim*

*Chang v. Wells Fargo Bank, N.A.*,
  2020 WL 1694360 (N.D. Cal. Apr. 7, 2020)................................................... 13

*Davis v. Powell*,
  901 F. Supp. 2d 1196 (S.D. Cal. 2012) ........................................................... 17

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

*Diaz v. Intuit, Inc.*,
    No. 15-cv-1778-EJD, 2018 WL 2215790 (N.D. Cal. May 15, 2018)............... 14

*Drake v. Toyota Motor Corp.*,
    2020 WL 7040125 (C.D. Cal. Nov. 23, 2020) ................................................. 6, 7

*Facebook, Inc. v. MaxBounty, Inc.*,
    274 F.R.D. 279 (N.D. Cal. 2011) ....................................................................... 13

*Fiol v. Doellstedt*,
    50 Cal. App. 4th 1318 (1996)........................................................................ 10, 14

*Gerard v. Ross*,
    204 Cal. App. 3d 968, 251 Cal.Rptr. 604 (1988) .............................................. 12

*Gonzales v. Lloyds TSB Bank, PLC*,
    532 F. Supp. 2d 1200 (C.D. Cal. 2006)............................................................... 6

*Howard v. Superior Court*,
    2 Cal. App. 4th 745, 3 Cal.Rptr.2d 575 (1992) ................................................ 12

*In re First Alliance Mortg. Co.*,
    471 F.3d 977 (9th Cir. 2006) ............................................................................. 12

*In re Mortgage Fund '08 LLC*,
    527 B.R. 351 (N.D. Cal. 2015)........................................................................... 13

*In re Sharp Intern. Corp.*,
    281 B.R. 506 (Bankr. E.D.N.Y. 2002) ............................................................... 15

*James v. Heritage Valley Fed. Credit Union*,
    197 Fed. App'x 102 (3d Cir. 2006) ...................................................................... 9

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .......................................................................... 5, 6

*Kenney v. Deloitte, Haskins & Sells*,
    No. C 91-0590 BAC, 1992 WL 551108 (N.D. Cal. Sept. 2, 1992) ..................... 9

*Kidron v. Movie Acquisition Corp.*,
    40 Cal. App. 4th 1571 (1995)....................................................................... 10, 11

*Knapp v. Hogan*,
    738 F.3d 1106 (9th Cir. 2013) ........................................................................... 18

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

- vi -

*McCraner v. Wells Fargo & Co.*,
   No. 21-CV-1246-LAB-WVG, 2023 WL 2728719 (S.D. Cal. Mar.
   30, 2023) ........................................................................................................ 13

*Meza v. Wells Fargo Bank, N.A.*,
   No. LACV2007174JAKSKX, 2021 WL 1570835 (C.D. Cal. Mar.
   12, 2021) ........................................................................................................ 10

*Mostowfi v. i2 Telecom Int'l, Inc.*,
   269 F. App'x 621 (9th Cir. 2008) ......................................................... 6, 7, 8

*Nasrawi v. Buck Consultants LLC*,
   231 Cal. App. 4th 328, 179 Cal. Rptr. 3d 813 (2014) ................................ 15

*Neilson v. Union Bank of Cal., N.A.*,
   290 F.Supp.2d 1101 (C.D. Cal. 2003) ................................................ 12, 13

*O'Dell v. Berkshire Bank*,
   No. 5:24-CV-652, 2024 WL 4635262 (S.D.N.Y. Oct. 31, 2024) .................. 9

*Otsuka v. Polo Ralph Lauren Corp.*,
   No. C 07-02780 SI, 2007 WL 3342721 (N.D. Cal. Nov. 9, 2007) ................. 6

*Paskenta Band of Nomlaki Indians v. Umpqua Bank*,
   846 F. App'x 589 (9th Cir. 2021) ............................................................... 14

*Reg'l Produce Coon. Corp. v. TP Bank. N.A.*,
   No. CV 19-1883, 2020 WL 1444888 (E.D. Pa. Mar. 24, 2020) .................... 9

*Resolution Trust Corp. v. Rowe*,
   No. 90-20114 BAC, 1993 WL 183512 (N.D. Cal. Feb. 8, 1993) ................. 12

*Saul v. United States*,
   928 F.2d 829 (9th Cir. 1991) ...................................................................... 17

*Shaterian v. Wells Fargo Bank, N.A.*,
   829 F. Supp. 2d 873 (N.D. Cal. 2011) .................................................. 6, 12

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ........................................................................ 5

*Su v. Henry Global Consulting Grp.*,
   2:20-cv-02235-ODW, 2022 WL 19392 (C.D. Cal. Jan. 3, 2022) ........... 17, 18

- vii -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ................................................................. 6

*Travelers Cas. and Sur. Co. of America v. Desert Gold Ventures, LLC,*
    No. CV 09-4224 PSG, 2010 WL 546376 (C.D. Cal. Feb. 10, 2010)................ 10

*Venture Gen. Agency. LLC v. Wells Fargo Bank. N.A.,*
    No. 19-cy-02778- TSH, 2019 WL 3503109 (N.D. Cal. Aug. 1,
    2019) ...................................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ............................................................... 6

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ......................................................................... 1, 5

Fed. R. Civ. P. 23 ....................................................................................... 1

SNELL & WILMER
——— L.L.P. ———
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant Bank of America, N.A. ("BANA") moves this Court to dismiss the Second Amended Complaint ("SAC") filed by Plaintiffs on December 4, 2024, because Plaintiffs fail to satisfy the pleading standards of Rule 9(b) and fail to state a claim against BANA upon which relief can be granted.

BANA hereby files this Memorandum of Points and Authorities in support of BANA's Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion").[2]

## I.    INTRODUCTION

Plaintiffs allege that between June 2021 and November 2023, Wealth Assistants defrauded more than 600 individuals (including Plaintiffs) of more than $50 million dollars in an elaborate pyramid scheme perpetrated by Wealth Assistants, its principals, and affiliates, and their alter ego entities (collectively, "Wealth Assistants" and the alleged pyramid scheme, the "Wealth Assistants Scheme" or the "Scheme").

BANA's purported involvement in the Scheme is limited to the approximately four months during which Wealth Assistants conducted business utilizing BANA accounts, which, unbeknownst to BANA, was the fraudulent Wealth Assistants Scheme. After BANA froze one of the Wealth Assistants accounts in November 2022, Wealth Assistants grew frustrated and took its business elsewhere. Importantly, Plaintiffs never allege that BANA has retained any of Plaintiffs' purported investments or losses from the Scheme. Nor do Plaintiffs allege that any BANA employee was a promoter of the Scheme.

---

[2] For clarity, BANA denies Plaintiffs' allegations, denies that Plaintiffs or any putative class can prove any liability against BANA, denies that Plaintiffs or any putative class are entitled to recover damages or any other relief from BANA, and denies that any putative class can be certified here, in light of the rigorous requirements of Federal Rule of Civil Procedure 23 and related caselaw. BANA expressly reserves any and all rights, claims, privileges and defenses in the matter.

Based on these facts <u>alone</u>, Plaintiffs allege that BANA conspired with and aided and abetted Wealth Assistants in operating the Wealth Assistants Scheme and breached Wealth Assistants' fiduciary duties to Plaintiffs. Notably, Plaintiffs do not allege <u>any</u> specific involvement by BANA or its employees in knowingly assisting in the Scheme. Nor do Plaintiffs allege any actual knowledge by BANA of the purpose or even existence of the Wealth Assistants Scheme. Plaintiffs' claims are based on nothing more than the fact that Wealth Assistants used certain BANA accounts to send and receive the proceeds of the Wealth Assistants Scheme for approximately four months in 2022.

As its conclusory, meager, and misguided allegations reveal, Plaintiffs have no basis for any claims against BANA, all of which are governed by Rule 9(b)'s heightened pleading standard. Plaintiffs' claims against BANA should be dismissed because each claim fails.

First, Plaintiffs' fraud conspiracy claim fails because Plaintiffs fail to allege, and cannot allege, that BANA had actual knowledge of the Wealth Assistants Scheme, much less formed an agreement with Wealth Assistants to join in the Scheme.

Second, Plaintiffs' aiding and abetting fraud claim fails because Plaintiffs fail to allege, and cannot allege, that BANA had actual knowledge of the Wealth Assistants Scheme, much less provided Wealth Assistants substantial assistance or encouragement in perpetuating the Scheme.

Third, Plaintiffs' aiding and abetting breach of fiduciary duty claim fails because Plaintiffs fail to allege, and cannot allege, that BANA had actual knowledge that Wealth Assistants was breaching its fiduciary duties to its investors, much less provided Wealth Assistants substantial assistance or encouragement in breaching its fiduciary duties to its investors.

Plaintiffs cannot plead facts to support any of its claims against BANA, much less with the specificity Rule 9(b) demands. In addition, granting Plaintiffs leave to

- 2 -

amend their pleadings a third time would be futile, because underlying facts to support their claims against BANA simply do not exist. Accordingly, the Court should dismiss all claims against BANA with prejudice.

## II.    FACTUAL BACKGROUND

### A.    Plaintiffs Allege Wealth Assistants Perpetrated the Fraudulent Wealth Assistants Scheme.[3]

This is a putative class action for fraud conspiracy, aiding and abetting fraud, fraudulent transfers of assets, and aiding and abetting a breach of fiduciary duty. (*See generally* Second Amended Complaint ("SAC"), Docket No. 173).

Plaintiffs allege that they purchased ecommerce business opportunities from Defendant Yax Ecommerce (formerly known as Wealth Assistants LLC) in 2022 and 2023. (SAC ¶¶ 88-108). Wealth Assistants LLC is owned by Defendants Ryan Carroll, Max K. Day, and Michael Day ("Individual Defendants"). (SAC ¶ 54). Plaintiffs allege the Individual Defendants own or control a number of named defendant LLCs acting as the Individual Defendants' alter egos ("Alter Ego Defendants," collectively "Wealth Assistants").[4] (SAC ¶¶ 50-54). Plaintiffs allege that Wealth Assistants made certain promises related to the ecommerce business opportunities which it never intended to follow through on, effectively perpetuating a pyramid scheme, the Wealth Assistants Scheme. (SAC ¶¶ 20, 79, 81).

Plaintiffs allege that Wealth Assistants LLC and Ryan Carroll opened and maintained bank accounts at Bank of America, N.A. ("BANA"), as well as at other defendant banks (together, the "Bank Defendants") to conceal the proceeds of the Wealth Assistants Scheme and avoid money-laundering detection. (SAC ¶¶ 30-31). Thus, Plaintiffs allege that Wealth Assistants defrauded Plaintiffs and that BANA

---

[3] The Court is well aware of the facts of this case as summarized in its various Orders. Accordingly, the Factual Background is limited to relevant facts for the purposes of this Motion.

[4] Plaintiffs name a number of other defendants in the action who are not material for the purposes of this Motion.

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

conspired with and aided and abetted the Wealth Assistants Scheme and Wealth Assistants' breach of fiduciary duty owed to its investors, Plaintiffs.

**B.    Plaintiffs' Allegations As to BANA.**

Plaintiffs allege that Defendant Ryan Carroll opened over a dozen BANA accounts in the names of Wealth Assistants LLC, Alter Ego Defendant Dreams to Reality and other entities in Carroll's control in July and September 2022 (the "BANA Accounts"). (SAC ¶¶ 168, 176, 177). These accounts were opened at BANA branches in various cities in California and Florida on different dates with the assistance of different BANA associates. *Id.*

Plaintiffs allege that an account in the name of Wealth Assistants, ending 4905 ("Account 4905"), accepted "millions of dollars in wire transfers from Wealth Assistants LLC's customers." (SAC ¶ 168). In addition to including portions of Account 4905 statements from June to August 2022 (SAC ¶¶ 175, 178), Plaintiffs identify various transfers among and between the BANA Accounts and other accounts. (SAC ¶¶ 174-180, 184, 185).

Plaintiffs allege that on or around November 17, 2022, Defendant Ryan Carroll "lost access to and control over at least one of the Wealth Assistants' accounts," but fail to specify the account number(s) or whether the frozen account(s) were the same as those opened by Defendant Carroll as described in ¶¶ 168, 176, 177, 184 and 185 of the SAC. (SAC ¶ 181). Plaintiffs allege that Defendant Carroll called BANA "to discuss the freezing of the account" and was told that "Wealth Assistants' Bank of America accounts would officially be closed on November 22, 2022, and that Carroll would receive a cashier's check for the outstanding balances." (SAC ¶ 181).

Plaintiffs allege that "[o]n January 26, 2023, Bank of America wrote a cashier's check 'to the order of Wealth Assistants LLC' for $3,784.191.12," which was cashed at Wells Fargo Bank on January 31, 2023. (SAC ¶¶ 186, 187).

Plaintiffs further allege that, after being served with this Court's April 15, 2024 asset-freeze order on April 16, 2024, "Wealth Assistants' principals used Bank of

- 4 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

America accounts to continue transferring and concealing thousands of dollars," but Plaintiffs provide no information about the dates, account numbers or amounts purportedly transferred after the freeze order. (SAC ¶ 190). Plaintiffs allege that "upon information and belief," BANA "is continuing to operate bank accounts that it knows are subject to the Court's asset freeze order," but again provide no specific details or information in support. (SAC ¶ 193).

Based <u>entirely</u> on these conclusory allegations, Plaintiffs assert claims for fraud conspiracy, aiding and abetting fraud, and aiding and abetting breach of fiduciary duty against BANA. None of the claims can withstand a Rule 9(b) or Rule 12(b)(6) challenge.

### III.    LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts require "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Courts may properly dismiss if the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Dismissal should be with prejudice where amendment would be futile. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

Where the complaint alleges claims based in fraud, Rule 9(b) requires plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). All "averments of fraud" must be specifically pled "irrespective of whether the substantive law at issue is state or federal," and even where "fraud is not an essential element of a claim." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (quotations and citation omitted). Accordingly, such claims "must be accompanied by the who, what, when, where, and how of the misconduct charged."

- 5 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## IV.   ARGUMENT

### A.   <u>Plaintiffs' Claims Fails to Satisfy Rule 9(b).</u>

#### 1.   **Plaintiffs Fail to Allege Its Claims with Particularity.**

Because Plaintiffs ground their conspiracy and aiding abetting claims against BANA in the alleged fraudulent Scheme, "the pleading … as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns*, 567 F.3d at 1125. Rule 9(b)'s heightened standard thus applies to each of Plaintiff's claims against BANA. *Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI, 2007 WL 3342721, at *4 (N.D. Cal. Nov. 9, 2007) (conspiracy to commit fraud); *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 884-85 (N.D. Cal. 2011) (aiding and abetting fraud); *Gonzales v. Lloyds TSB Bank, PLC*, 532 F. Supp. 2d 1200, 1207 (C.D. Cal. 2006) (aiding and abetting breach of fiduciary duty).

Averments under Rule 9(b) "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Mostowfi v. i2 Telecom Int'l, Inc.*, 269 F. App'x 621, 624 (9th Cir. 2008) (quoting *Vess*, 317 F.3d at 1106). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007). Here, Plaintiffs' causes of action fail to include any specificity as to BANA. Instead, Plaintiffs' allegations against BANA are improperly "lumped together" with allegations against Wealth Assistants and the other Defendant Banks.

Plaintiffs' allegations as to BANA come nowhere close to the particularity Rule 9(b) demands. Their "sweeping and conclusory allegations of a conspiracy … fail to meet Rule 9(b)," *Drake v. Toyota Motor Corp.*, 2020 WL 7040125, at *10-11 (C.D. Cal. Nov. 23, 2020), and do not "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at

- 6 -

764-65. This abject failure to satisfy Rule 9(b) warrants prompt dismissal of all Plaintiffs' claims against BANA. *Drake*, 2020 WL 7040125, at *11 (dismissing where complaint had "no particularized allegations of misconduct underlying the six fraud-based claims that allow Defendants to defend against the claims and not just deny that they have done anything wrong").

### a.  Plaintiffs fail to allege fraud conspiracy with particularity.

Plaintiffs make sweeping generalizations that "all Defendants" (1) conspired to conceal assets (SAC ¶ 287); (2) "agreed with each other to make the transfers" (SAC ¶ 288); (3) "when they knew the Wealth Assistants Entity Defendants had debts beyond their ability to pay as they became due" (SAC ¶ 289). Nowhere in these allegations do Plaintiffs attribute any specific wrongful acts to BANA.

Moreover, nowhere in the SAC do Plaintiffs allege specific facts in support of BANA's purported (1) conspiring with Wealth Assistants, (2) agreeing to make transfers for Wealth Assistants, or (3) having any knowledge of any wrongful actions by Wealth Assistants, including having unpayable debts. Plaintiffs fail to allege the "the who, what, when, where, and how of the misconduct charged." *Mostowfi,* 269 F. App'x at 624. Plaintiffs' fraud conspiracy should be dismissed.

### b.  Plaintiffs fail to allege aiding and abetting fraud with particularity.

Plaintiffs broadly allege that all Defendants (1) "had knowledge that the Wealth Assistants Defendants were engaged in the fraudulent scheme," and (2) "substantially assisted in that fraudulent scheme … by … assisting in the concealment of assets." (SAC ¶¶ 294, 295). Instead of identifying any specific facts or actions by BANA to support this theory, Plaintiffs generically reiterate the elements of aiding and abetting fraud.

Plaintiffs' only allegation that BANA had any knowledge of the Wealth Assistant Scheme is in Paragraph 30 of the SAC, where Plaintiffs allege that: "Bank of America quickly realized that Defendant Ryan Carroll was using those bank

- 7 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

accounts to perpetrate a fraud because of blatant red flags, and in November of 2022, Bank of America froze some of those bank accounts." (SAC ¶ 30). However, Plaintiffs fail to identify <u>who</u> at BANA purportedly made this realization about Carroll, <u>what</u> facts demonstrate the purported realization about Carroll, <u>when</u> the realization purportedly was made, <u>where</u> or <u>how</u> BANA purportedly made this realization, and if it had any relation to the certain accounts being frozen. *Mostowfi,* 269 F. App'x at 624.

Plaintiffs also fail to identify <u>how</u> BANA "assisted in the concealment of assets." (SAC ¶ 295). Beyond merely identifying several transactions using the BANA Accounts (SAC ¶¶ 168-169, 174, 175, 178-181), Plaintiffs fail to allege any specific fraudulent activity or concealment of assets using the BANA Accounts. Plaintiffs' aiding and abetting fraud claim fails.

c. <u>Plaintiffs fail to allege aiding and abetting breach of fiduciary duty with particularity.</u>

Plaintiffs allege generally that BANA "knowingly helped Wealth Assistants breach its fiduciary duty to Plaintiffs by helping Wealth Assistants transfer Plaintiffs' investments to Wealth Assistants' principals." (SAC ¶ 306). However, there are no facts in the SAC to support this purported knowledge or assistance by BANA. Mere conclusions do not suffice.

Plaintiffs fail to allege that BANA had actual knowledge of the existence of Wealth Assistants' duty to Plaintiffs. Plaintiffs fail to allege BANA had actual knowledge of Wealth Assistants' breach of such a duty. Plaintiffs fail to allege what specific substantial assistance or encouragement of the purported breach that BANA provided. Plaintiffs fails to allege how BANA substantially assisted or encouraged Plaintiffs' loss. Plaintiffs' aiding and abetting breach of fiduciary duty is also fatally flawed under Rule 9(b).

**2. Plaintiffs Fail to Allege BANA's Mental State with Particularity.**

Plaintiffs' claims against BANA also fail under Rule 9(b) for another,

- 8 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

independent reason. Rule 9(b) states that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." However, "while Rule 9(b) does not require particularity in pleading mental state, the complaint still must afford a basis for believing that plaintiffs could prove scienter." *Kenney v. Deloitte, Haskins & Sells*, No. C 91-0590 BAC, 1992 WL 551108, at *7 (N.D. Cal. Sept. 2, 1992) (internal quotation marks omitted); *see also O'Dell v. Berkshire Bank*, No. 5:24-CV-652, 2024 WL 4635262, at *3–4 (S.D.N.Y. Oct. 31, 2024) (dismissing claim against bank for aiding and abetting fraud under Rule 9(b), because "the fact that Marshall engaged in fraudulent activity does not, by itself, amount to Berkshire possessing knowledge of the fraud" and "a bank employee's provision of services, its opening accounts and approving transfers, or a bank's failure to investigate red flags do not constitute substantial assistance").[5]

Here, Plaintiffs simply cannot prove scienter. The SAC alleges only general and speculative allegations regarding BANA's actual knowledge of the alleged Scheme. Moreover, Plaintiffs' apparent suggestion that BANA's freezing an account of Wealth Assistants demonstrates that BANA possessed actual knowledge of the

---

[5] The Second Circuit has held that KYC and BSA/AML obligations and activities alone do not support any inference of actual knowledge of a fraud. *See, e.g., Berman v. Morgan Keegan,* 455 Fed. App'x 92, 95 (2d Cir. 2012) ( "Morgan Keegan's understanding as to how Derivium marketed and sold the 90% Loan Program to its customers has no direct bearing on whether Morgan Keegan knew that scheme was fraudulent"; "Morgan Keegan's "Know Your Customer" obligations are, standing alone, far from sufficient to support a strong inference that it had actual knowledge of Derivium's fraud."). Several other circuits and district courts concur. *See also James v. Heritage Valley Fed. Credit Union*, 197 Fed. App'x 102, 106 (3d Cir. 2006) (noting that the Bank Secrecy Act does not authorize a cause of action against the financial institution or its employees); *AmSouth Bank v. Dale,* 386 F.3d 763, 777 (6th Cir. 2004) ("[T]he Bank Secrecy Act does not create a private right of action."); *Reg'l Produce Coon. Corp. v. TP Bank. N.A.,* No. CV 19-1883, 2020 WL 1444888, at *11 (E.D. Pa. Mar. 24, 2020) ("It is undisputed that there is no private right of action under the Bank Secrecy Act."); *Venture Gen. Agency. LLC v. Wells Fargo Bank. N.A.,* No. 19-cy-02778- TSH, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) (collecting cases in holding no private right of action).

- 9 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

purported fraud is entirely unsupported. *See Casey v. U.S. Bank National Assn.*, 127 Cal. App. 4th 1138, 1147-1149 (2005) (allegations that defendant knew "something fishy was going on" insufficient to establish actual knowledge because "suspicion and surmise do not constitute actual knowledge"); *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1996) ("Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting.").

**B.    The Second Amended Complaint Fails to State Any Claim Against BANA.**

Each of Plaintiffs' three claims against BANA fails and must be dismissed.

**1.    Plaintiffs' Fraud Conspiracy Claim Fails.**

In order to state a claim for conspiracy to commit fraud, the complaint must allege sufficient facts to state a claim for both fraud and civil conspiracy. *Meza v. Wells Fargo Bank, N.A.,* No. LACV2007174JAKSKX, 2021 WL 1570835, at *4 (C.D. Cal. Mar. 12, 2021) (quoting *Travelers Cas. and Sur. Co. of America v. Desert Gold Ventures, LLC,* No. CV 09-4224 PSG (AJWx), 2010 WL 546376, at *3 (C.D. Cal. Feb. 10, 2010)). To state a cause of action for civil conspiracy, a plaintiff must allege (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. *Id.* (citing *Ajzenman v. Off. of Comm'r of Baseball*, 487 F. Supp. 3d 861, 867 (C.D. Cal. 2020) (citation omitted)). In order to establish the first element, a plaintiff must show (i) knowledge of wrongful activity, (ii) agreement to join in the wrongful activity, and (iii) intent to aid in the wrongful activity. *Id*. (citation omitted).

To state a plausible claim for civil conspiracy, a plaintiff must allege sufficient facts to support an inference of "two or more persons who have agreed to a common plan or design to commit a tortious act." *See Kidron v. Movie Acquisition Corp.,* 40 Cal. App. 4th 1571, 1582 (1995). To be liable, an alleged conspirator must have knowledge of the planned tort and intent to aid in its commission. *Id.* "Mere association does not make a conspiracy. There must be evidence of some participation or interest in the commission of the offense." *Id*.

- 10 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

Here, Plaintiffs' civil conspiracy claim fails because, *inter alia*, they fail to satisfy even the first element of civil conspiracy: that BANA in any way formed or operated the purported conspiracy to defraud Plaintiffs. *Ajzenman,* 487 F. Supp. 3d at 868-69. Instead, Plaintiffs makes a string of unsupported and unrelated allegations as to all defendants together: (1) "[A]ll Defendants conspired to conceal the assets" "in part, by transferring assets between different bank accounts held by the [Wealth Assistants] to the others…." (SAC ¶ 287); (2) "Defendants agreed with each other to make the transfers" (SAC ¶ 288); and (3) "When making that agreement to transfer assets, Defendants knew that the Wealth Assistants Entity Defendants had debts beyond their ability to pay as they became due." (SAC ¶ 289). Even if these allegations were true (which they are not), they simply fail to demonstrate that BANA formed or operated the purported conspiracy.

Plaintiffs' allegations as to BANA are limited to the following: that Wealth Assistants operated certain accounts at BANA for approximately four months (SAC ¶¶ 174-178), that BANA froze one of those accounts (SAC ¶ 182), and that Wealth Assistants promptly took its business elsewhere (SAC ¶ 186-187). These allegations fall well short of any notice pleading standard. Plaintiffs fail to allege that BANA had "knowledge of the planned tort must be combined with intent to aid in its commission." *Kidron,* 40 Cal. App. 4th at 1582. Plaintiffs fail to present any specific fact allegation of "some participation or interest in the commission of the offense." *Id.* Plaintiffs never allege that BANA had any financial incentive to conspire with Wealth Assistants. *See Benson v. JPMorgan Chase Bank, N.A.,* Nos. C–09–5272 and –5560, 2010 WL 1526394, *6 (N.D. Ca. April 15, 2010) (finding that even if the banks had financial incentive to aid and abet the conspirators, there was no obvious incentive to enter a conspiracy agreement).

The SAC simply lacks factual allegations showing any agreement between BANA and Wealth Assistants or the other Defendant Banks to defraud Plaintiffs. Plaintiffs' conspiracy claim fails because Plaintiffs provide only a bare, conclusory

- 11 -

allegation of an agreement, which is insufficient under *Twombly*.

## 2. Plaintiffs' Two Aiding and Abetting Claims Fail.

To state a claim for aiding and abetting, Plaintiffs must show the alleged aider and abettor "(1) had actual knowledge of the underlying wrongful conduct, and (2) gave substantial assistance or encouragement to another to so act." *Shaterian v. Wells Fargo Bank, N.A.*, 829 F.Supp.2d 873, 885 (N.D. Cal. 2011) (citing to *Casey*, 127 Cal. App. 4th at 1144. "[A]iding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted … and acted with the intent of facilitating commission of that tort." *Casey*, 127 Cal. App. 4th at 1145-46.

To be liable, an alleged aider and abettor must have actual knowledge of the primary violation. *See Howard v. Superior Court*, 2 Cal. App. 4th 745, 749, 3 Cal.Rptr.2d 575 (1992) ("while aiding and abetting may not require a defendant to agree to join the wrongful conduct, it necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act"); *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1119 (C.D. Cal. 2003) (plaintiff must plead actual knowledge of the primary violation); *Gerard v. Ross*, 204 Cal. App. 3d 968, 983, 251 Cal.Rptr. 604 (1988) ("A defendant can be held liable as a co-tortfeasor on the basis of acting in concert only if he or she knew that a tort had been, or was to be, committed, and acted with the intent of facilitating the commission of that tort"); *Resolution Trust Corp. v. Rowe*, No. 90-20114 BAC, 1993 WL 183512, at *6 (N.D. Cal. Feb. 8, 1993) (actual knowledge and intent are required to impose aiding and abetting liability). General, unspecified or conclusory allegations of actual knowledge are not sufficient. *In re First Alliance Mortg. Co.,* 471 F.3d 977, 993 n.4 (9th Cir. 2006) ("[T]he actual knowledge standard does require more than a vague suspicion of wrongdoing.").

"Substantial assistance," in turn, "requires a significant and active, as well as a knowing participation in the wrong, and a plaintiff must [also] allege that the

- 12 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

defendant's conduct was a substantial factor in bringing about the injury allegedly suffered by the plaintiff." *Chang v. Wells Fargo Bank, N.A.*, 2020 WL 1694360, at *6 (N.D. Cal. Apr. 7, 2020) (quoting *In re Mortgage Fund '08 LLC*, 527 B.R. 351, 365 (N.D. Cal. 2015)); *see also Facebook, Inc. v. MaxBounty, Inc.,* 274 F.R.D. 279, 285 (N.D. Cal. 2011) ("Substantial assistance requires that the defendant's actions be a 'substantial factor' in causing the plaintiff's injury.") (internal citation omitted); *Neilson v. Union Bank of Cal., N.A*, 290 F. Supp. 2d 1101, 1132 (C.D. Cal. 2003) (allegations of substantial assistance must also "be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.") (citations omitted).

Evidence of a bank's substantial assistance in aiding and abetting can take various forms, including bank associates who help disguise transactions to avoid detection, banks that use atypical banking procedures to accommodate fraudulent acts, and bank/associate incentives that encourage fraudulent acts. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1120 (C.D. Cal. 2003) (finding that a bank using atypical banking procedures to service accounts raises an inference that the bank knew of the fraudulent scheme and sought to accommodate it by altering its normal ways of conducting business); *McCraner v. Wells Fargo & Co.,* No. 21-CV-1246-LAB-WVG, 2023 WL 2728719, at *4–6 (S.D. Cal. Mar. 30, 2023) (allowing principals to cycle through shell companies and bank accounts with straw owners, implementing policies to encourage associates to open more accounts, coaching tortfeasors to avoid detection, providing reference letters for shell companies). No such detailed facts are alleged here. Nor can Plaintiffs supply any in a subsequent amended pleading.

     a.    <u>Plaintiffs fail to allege actual knowledge of the purported fraud.</u>

Plaintiffs' aiding and abetting fraud claim is deficient because they fail to provide any specific allegations detailing when or how BANA became aware of the

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

- 13 -

alleged fraud or otherwise had actual knowledge of the fraud. For instance, Plaintiffs fail to allege that any BANA employees were aware of or participated in the fraudulent scheme (let alone that they were managerial employees whose knowledge is attributed to BANA).

Plaintiffs' apparent suggestion that by freezing a Wealth Assistants account, BANA possessed actual knowledge of the purported fraud is unfounded. *See Paskenta Band of Nomlaki Indians v. Umpqua Bank*, 846 F. App'x 589, 590 (9th Cir. 2021) (holding allegations the defendant bank knew of "various irregularities" were insufficient to establish actual knowledge); *Diaz v. Intuit, Inc.,* No. 15-cv-1778-EJD, 2018 WL 2215790, at *6 (N.D. Cal. May 15, 2018) ("Although Plaintiffs' allegations may support an inference that Intuit was suspicious of potential fraud or knew that there was a risk of fraud, the allegations are insufficient to show that Intuit had 'actual knowledge' of fraud.").

At most, the account freezing may have given BANA reason to suspect fraud or breach of fiduciary duty, but suspicion alone is insufficient to sustain an aiding and abetting claim. *See Casey*, 127 Cal. App. 4th at 1147-1149 (allegations that defendant knew "something fishy was going on" insufficient to establish actual knowledge because "suspicion and surmise do not constitute actual knowledge"); *Fiol*, 50 Cal. App. 4th at 1326 ("Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting."). Plaintiffs do not and cannot allege any BANA employee actually knew of the Wealth Assistants Scheme, its purpose, or its operations.

        b.    <u>Plaintiffs fail to allege BANA provided substantial assistance in furtherance of the purported fraud.</u>

Second, Plaintiffs make only the general unsupported allegation that BANA "substantially assisted in that fraudulent scheme … by … assisting in the concealment of assets." (SAC ¶ 295). The SAC is utterly devoid of any factual allegations as to BANA's purported assistance in the concealment of assets, other

- 14 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

than a vague allegation that, by <u>not</u> "shutting down" other accounts at BANA purportedly controlled by Carroll or his Alter Ego Entity Dreams to Reality, BANA "allowed Ryan Carroll to continue concealing the proceeds of Wealth Assistants' fraudulent scheme." (SAC ¶ 188).

Plaintiffs fail to include any specific allegations that BANA permitted the use of its accounts to conduct what appeared to be ordinary transactions "with the intent of facilitating the commission of" the Wealth Assistants Scheme. *Casey*, 127 Cal. App. 4th at 1146. Plaintiffs similarly fail to allege that that Wealth Assistants continued to operate the Wealth Assistants Scheme at BANA following the closure of its BANA account. Indeed, Plaintiffs allege that Wealth Assistants promptly deposited the balance of the closed BANA account at Wells Fargo Bank to operate its fraudulent scheme elsewhere. (SAC ¶¶ 186-187). Because Plaintiffs fail to allege how BANA's actions substantially assisted the purported fraud, the aiding and abetting claim must be dismissed.

### 3. Plaintiffs Fail to Allege Aiding and Abetting Breach of Fiduciary Duty.

The elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff. *Nasrawi v. Buck Consultants LLC,* 231 Cal. App. 4th 328, 343, 179 Cal. Rptr. 3d 813, 824–25 (2014) (citing Judicial Council of Cal. Civ. Jury Instns. (CACI) (2014) No. 3610). In analyzing the sufficiency of an aiding and abetting breach of a fiduciary duty claim, in addition to alleging actual knowledge of the breach of fiduciary duty, "it is necessary to identify precisely the breach of fiduciary duty for which [the plaintiff] seeks to hold [the defendant] liable." *In re Sharp Intern. Corp.,* 281 B.R. 506, 513 (Bankr. E.D.N.Y. 2002).

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

a.  <u>Plaintiffs fail to allege actual knowledge of the purported breach of fiduciary duty.</u>

The sufficiency of pleading actual knowledge under aiding and abetting breach of fiduciary duty claim was analyzed in depth in *Casey.* In that case, the court held that because the asserted breach of fiduciary duty stemmed from the alleged misappropriation of corporate funds from the debtor corporation, the trustee was required to allege that the defendant banks knew of the source of the funds deposited into the alter-ego accounts. *Casey*, 127 Cal. App. 4th at 1149. Because the trustee had failed to allege that the banks knew of the source of the funds, the banks could not have known that allowing the directors and officers to withdraw funds from the accounts was assisting a diversion of corporate funds. *See id*. at 1152. In short, the bank's knowledge of a critical fact was not alleged.

Similarly, here, Plaintiffs allege that the Bank Defendants, including BANA, "knowingly helped Wealth Assistants breach its fiduciary duty to Plaintiffs by helping Wealth Assistants transfer Plaintiffs' investments to Wealth Assistants' principals." (SAC ¶ 306). Plaintiffs, however, never allege that BANA had actual knowledge (1) of any fiduciary duty owed to Plaintiffs, or (2) that Wealth Assistants breached this duty by transferring funds to and from its BANA Accounts. Without allegations that BANA had any knowledge of the purported fiduciary duty or breach there, Plaintiffs' claim for aiding and abetting breach of fiduciary duty cannot lie. *See Bradshaw v. SLM Corp.*, 652 F. App'x 593, 594 (9th Cir. 2016) ("General allegations that [defendant 1] knew that [defendant 2] engaged 'in a criminal and wrongful enterprise' are 'too generic to satisfy the requirements of actual knowledge of a specific primary violation' under California law, nor do conclusory allegations of 'actual knowledge' suffice."); *see also Casey*, 127 Cal. App. 4th at 1153 (conclusory allegations that each defendant "acted with knowledge of the primary wrongdoing" insufficient to satisfy the pleading requirements for actual knowledge of an aiding and abetting breach of fiduciary duty claim).

- 16 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

b.   Plaintiffs fail to allege BANA provided substantial assistance in furtherance of the of the purported breach of fiduciary duty.

Plaintiffs allege that the BANA assisted in the breach of Wealth Assistants' fiduciary duty by "helping Wealth Assistants transfer Plaintiffs' investments to Wealth Assistants' principals." (SAC ¶ 306). However, Plaintiffs never allege that BANA provided any assistance in making such transfers, or was aware that certain transfers from the BANA Accounts were made to Wealth Assistants' principals. At most, Plaintiffs allege that Wealth Assistants transferred funds from its BANA Account to "unknown accounts." (SAC ¶ 180). Plaintiffs present no fact allegations of any "help" BANA specifically provided – the transactions alleged are regular banking service transactions subject to the BANA Account agreements. Again, Plaintiffs offer no specific allegation – nor could they – about who at BANA allegedly knew the purpose of the transactions or that any recipient was part of the Wealth Assistants Scheme. The allegations are insufficient to sustain Plaintiffs' aiding and abetting breach of fiduciary duty claim as to BANA.

**C.**   **Leave to Amend Would Be Futile and Should be Denied.**

A district court can deny leave "where the amendment would be futile … or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Davis v. Powell*, 901 F. Supp. 2d 1196, 1210 (S.D. Cal. 2012) ("But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate."). Here, the allegations in the SAC reveal no possibility that Plaintiffs could cure the defects identified above.

In addition, "a district court may deny leave to amend when a litigant repeatedly fails to cure deficiencies by amendments previously allowed." *Su v. Henry Global Consulting Grp.*, 2:20-cv-02235-ODW, 2022 WL 19392, at *6 (C.D. Cal. Jan. 3, 2022) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)). Plaintiffs have now amended their pleadings on two occasions, in May 2024 (ECF No. 56) and December 2024 (ECF No. 173). In denying leave to amend

- 17 -

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420

on a similar attempt to drag in additional defendants through conclusory theories, the *Su v. Henry* Court explained: "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Id*. (quoting *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013)).

After two attempts, and with explicit notice from the prior motions to dismiss, Plaintiffs still can advance only conclusory pleadings. No underlying facts exist to support Plaintiffs' claims as to BANA. Plaintiffs' futile attempt to target BANA in this action and to shift liability for the Wealth Assistants Scheme must not be countenanced. Leave to amend should be denied.

## V.    CONCLUSION

For the above reasons, BANA respectfully requests that this Court dismiss all of Plaintiffs' claims against BANA with prejudice.


Dated:  February 7, 2025              SNELL & WILMER L.L.P.

                                      _/s/ Douglas A. Thompson_
                                      Douglas A. Thompson

                                      *Attorneys for Defendant*
                                      Bank of America, N.A.


## LOCAL RULE 11-6.2 CERTIFICATION

The undersigned, counsel of record for Defendant Bank of America, N.A., certifies that this brief contains 6,183 words, which complies with the word limit of L.R. 11-6.1.


Dated:  February 7, 2025              */s/ Douglas A. Thompson*
                                      Douglas A. Thompson

SNELL & WILMER
L.L.P.
LAW OFFICES
CITY NATIONAL 2CAL
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071-3420